# <u>EXHIBIT 5</u>

  

*All KPM Analytics companies*

**Non-Competition, Non-Solicitation and Confidentiality Agreement** between Process Sensors Corporation hereinafter

called the "**Company**" and _PHILIP OSSOWSKI_ hereinafter called the "**Employee**".

In consideration for his/her employment by the Company, the Employee agrees as follows:

1. The Employee recognizes and acknowledges that the Company's customer lists, price lists, methods of operation, technology, needs of various customers, trade secrets, and all of its records are valuable, special, and unique assets of the Company's business. The Employee will not, during or after his/her term of employment, disclose any or any part of the information herein before referred to, to anyone for any reason or purpose whatsoever.

2. The Employee agrees during his/her employment to keep the Company, or upon the request of the Company, its patent attorneys, informed of all inventions, discoveries, improvements, trade secrets and secret processes made by him/her, in whole or in part, or conceived by him/her alone or with others, that (a) relate to the business of the Company or any customer of or supplier to the Company or any of the products or services being researched, developed, manufactured or sold by the Company or which may be used with such products or services; or (b) result from tasks assigned to me by the Company; or (c) result from the use of premises or personal property (whether tangible or intangible) owned, leased or contracted for by the Company, and to assign to the Company all rights of ownership he may have in any or such items should the Company so request.

3. In view of Employee's anticipated access to knowledge of the customers, trade secrets, technology and other proprietary information relating to the business of the Company, the Employee agrees that in the event of his/her voluntary separation with the Company, he/she will not directly or indirectly own, manage, operate, join, control or participate in the ownership, management, operation or control of, nor be connected as director, officer, employee, partner, agent, consultant or otherwise with any business organization which directly competes with the business of the Company at any time during the period of his/her employment with the Company and for a period of one (1) year thereafter if Employee is not terminated by the company.

4. In the event that the above sections 1, 2, and 3 shall be determined by any court of competent jurisdiction to be unenforceable by reason of their being extended for too great a period of time or too large a geographic area or over too great a range of activities, they should be interpreted to extend only over the maximum period of time, geographic area, or range of activities as to which they may be enforceable.

5. The Company may terminate the employment of the Employee at any time, with or without cause, provided that in the event of such termination without cause, the Employee shall be entitled to severance pay in the form of a continuation of his/her salary of not less than two (2) weeks.

6. The Employee warrants and represents that his performance of the terms and provisions of this Agreement does not and will not breach any agreement or contract to which he/she is a part or by which he is bound, and he further warrants and represents that his entering into this Agreement is not inconsistent with action heretofore taken by him/her.

7. This Agreement shall be construed and enforced in accordance with and governed by the laws of the Commonwealth of Massachusetts. Neither this Agreement nor any term hereof may be changed, waive, discharged, or terminated orally, but only by an instrument in writing signed by the party against which enforcement of such change, waiver, discharge or termination is sought. This Agreement embodies the entire agreement and the understanding among the parties, superseding all prior agreements and understandings relating to the subject matter thereof. This Agreement may be executed simultaneously in several counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.

**IN WITNESS WHEREOF**, the parties have executed this Agreement as of the day and year written

| _(signature)_ | 26- MARCH-2019 | _(signature)_ | 4/10/19. |
|---|---|---|---|
| **Employee** | Date | **KPM Analytics North America Corp.** | Date |

