**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**
**(Eastern Division)**

KPM ANALYTICS NORTH AMERICA
CORPORATION,

           Plaintiff,

v.

BLUE SUN SCIENTIFIC, LLC, *et al.*

           Defendants.

Case No. 4:21-cv-10572-TSH

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF BLUE SUN**
**SCIENTIFIC, LLC AND THE INNOVATIVE TECHNOLOGIES GROUP & CO., LTD'S**
**MOTION TO DISMISS PURSUANT TO 12(b)(2) & 12(b)(6)**

Defendants, Blue Sun Scientific, LLC ("Blue Sun") and The Innovative Technologies

Group & Co., LTD ("ITGC" or collectively, the "Entity Defendants"), respectfully submit this

Memorandum of Points and Authorities in Support of its Motion to Dismiss the Verified

Complaint of Plaintiff, KPM Analytics North America Corporation ("KPM" or "Plaintiff"), and

states as follows:

**INTRODUCTION**

Plaintiff has filed this suit against two Maryland-based companies, Blue Sun and ITGC,

and seven other individual Defendants.  In its lengthy ten count Verified Complaint, Plaintiff

generally asserts that Defendants have misappropriated Plaintiff's trade secrets and have stolen

its business.  This Court should dismiss the Complaint with prejudice under Fed. R. Civ. P.

12(b)(2) because the Court lacks personal jurisdiction over the Entity Defendants under both the

Massachusetts' long-arm statute and constitutional principles.  Neither Blue Sun nor ITGC are

incorporated or headquartered in Massachusetts and Blue Sun has had no contact with the

1

Commonwealth.  While ITGC has, in previous years conducted some business in Massachusetts, this conduct is not related to Plaintiff's current claims and is too attenuated to afford basis for personal jurisdiction under Massachusetts's long-arm statute.  As the Entity Defendants are not at home in Massachusetts, they are also not subject to general personal jurisdiction.  Finally, Plaintiff is unable to demonstrate that this Court has specific personal jurisdiction as Plaintiff cannot show that its claims arise out of or relate to the Entity Defendants' forum-state activities, or that the Entity Defendants purposefully availed themselves of the forum-state, and that an exercise of jurisdiction is ultimately reasonable.  The Entity Defendant's links to Massachusetts are simply too attenuated to justify exercising personal jurisdiction.

This Court should also dismiss Plaintiff's Verified Complaint pursuant to Fed. R. Civ. P. 12(b)(6), as it fails to state a claim upon which relief can be granted against the Entity Defendants.  Despite the length of its initial pleading, Plaintiff either fails to allege the required elements or relies instead on threadbare recitations of elements.  First, Plaintiff's federal and state trade secret counts (Count I & II) fail because the disclosed information is not a "trade secret," Plaintiff fails to allege sufficiently reasonable measures to keep its trade secrets confidential and secret, and Plaintiff fails to allege that either Blue Sun or ITGC owed it a duty of confidentiality.  Plaintiff's claims for tortious interference (Count VII) are insufficient to state a plausible claim, as Plaintiff's only support are mere conclusory statements.  For the same reason, Plaintiff's claim for conversion (Count VIII) fails.  Additionally, Plaintiff does not plead that Blue Sun or ITGC's conversion involved tangible chattels, a requirement under Massachusetts law.  Plaintiff's unjust enrichment (Count IX) claim also fails, as Plaintiff does not sufficiently claim that it conferred a benefit upon the Entity Defendants and as an equitable claim, the claim cannot stand when Plaintiff has a remedy at law.  Finally, this Court should

2

dismiss Plaintiff's final claim, a violation of M. G. L. c.93A, §11 (Count X), as Blue Sun and ITGC's alleged conduct did not occur in Massachusetts, a required element of the statute.

## FACTUAL BACKGROUND

On April 5, 2021, Plaintiff filed a Verified Complaint alleging ten counts against Blue Sun and ITGC, and seven "Individual Defendants."[1]  Compl. ¶¶ 4-12.  Of Plaintiff's claims, the Entity Defendants are named in: Count I – Defend Trade Secrets Act 18 U.S.C. § 1836(b)(1), Count II – Misappropriation of Trade Secrets, Count VII – Tortious Interference with Contractual Relations, Count VIII – Conversion, Count IX – Unjust Enrichment, and Count X – Violation of M. G. L. c.93A, §11.  *See generally* Compl.

According to the Verified Complaint, Plaintiff is a corporation formed under the laws of the State of Delaware with its principal place of business in Massachusetts.  Compl. ¶ 3.  Both Blue Sun and ITGC are Maryland-based companies.  Robert Wilt Affidavit at ¶ 2, attached[2] as Exhibit 1.  Plaintiff acknowledges this fact in its Complaint, stating that Blue Sun and ITGC were organized and incorporated, respectively, under the laws of Maryland, with their principle place of business in Maryland.  Compl. ¶¶ 4, 5.  Also Plaintiff states that ITGC "is the parent corporation and owner of Blue Sun."  Compl. ¶ 5.  The Individual Defendants reside in either Illinois, Colorado, Missouri, California, or North Carolina.  Compl. ¶¶ 6-12.

Plaintiff alleges that this Court "has personal jurisdiction over each of the Defendants by virtue of the Massachusetts long arm statute, Mass. Gen. L. c. 223A, § 3[,]" because the conduct that "caused and continues to cause damage to Plaintiff" is "within the Commonwealth of

---

[1] Arnold Eilert, Michelle Gajewski, Robert Gajewski, Rachael Glenister, Gregory Israelson, Irvin Lucas, and Philip Ossowski (collectively the "Individual Defendants").

[2] Attached to this Motion, Robert Wilt's ("Mr. Wilt") Affidavit in Support of Defendants' Motion to Dismiss.  Mr. Wilt is the "co-founder and sole owner of Defendant [ITGC]" and "Chairman and Director of Defendant [Blue Sun.]"  Ex. 1 at ¶ 2.

Massachusetts."  Compl. ¶ 16.  Plaintiff's only forum specific allegation is that Blue Sun[3] wrongfully communicated "with employees of Plaintiff, a Massachusetts-based employer." Compl. ¶ 16.

Blue Sun has never conducted business or sales in Massachusetts.  Ex. 1 at ¶ 8.  ITGC has conducted a small amount of business in Massachusetts in previous years, which is unconnected with any conduct alleged in this suit.  *Id.* at ¶ 6-7.  However, ITGC's limited business in Massachusetts has no connection to Plaintiff or its claims in this suit.  *Id.*  Neither Blue Sun nor ITGC have employees or agents that live or work in Massachusetts.  *Id.* at ¶ 6-8. Similarly, neither of the Entity Defendants own property, maintain offices, hold bank accounts, nor pay taxes in Massachusetts.  *Id.*  While both entities have websites, the sites do not take purchase orders.  *Id.*

In Count I and II of its Verified Complaint, Plaintiff asserts trade secret claims under 18 U.S.C. § 1836 and M. G. L. c. 93, §42.  Compl. ¶¶ 87-101.  Plaintiff claims that Defendants misappropriated its "trade secrets and that "[a]t all relevant times, Plaintiff took reasonable measures to keep its trade secrets confidential and secret."  Compl. ¶ 90-91.  Plaintiff also alleges three common law claims, tortious interference with contractual relationship (Count VII), conversion (Count VIII), and unjust enrichment (Count IX).  Finally in Count X, Plaintiff alleges that the Entity Defendants' actions "willful and knowing violations of M. G. L. c. 93A, § 11, and they have occurred primarily and substantially within Massachusetts."  Compl. 134.

## LEGAL STANDARDS

### I.    Federal Rule of Civil Procedure 12(b)(2).

When a defendant challenges the assertion of personal jurisdiction under Fed. R. Civ. P.

---

[3] Plaintiff does not specifically allege that ITGC communicated with its former employees.

12(b)(2), "[t]he plaintiff has the burden of establishing that jurisdiction over the defendant lies in the forum state." *Baskin-Robbins Franchising LLC v. Alpenrose Dairy, Inc.*, 825 F. 3d 28, 34 (1st Cir. 2016). Under the *prima facie* standard, the plaintiff may not "rely on unsupported allegations in [its] pleadings." *A Corp. v. All Am. Plumbing, Inc.*, 812 F. 3d 54, 58 (1st Cir. 2016) (quotations omitted). Instead, plaintiffs "must put forward evidence of specific facts to demonstrate that jurisdiction exists." *Id.* (quotations omitted). While the court accepts plaintiff's "properly documented evidentiary proffers as true and construe[s] them in the light most favorable to" plaintiff, the court must "also consider facts offered by [the defendant], to the extent that they are not disputed." *Id.*

## II. Federal Rule of Civil Procedure 12(b)(6).

To survive a Rule 12(b)(6) motion, a complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); Fed. R. Civ. P. 12(b)(6). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Although the court assumes all well-pled facts as true, it "must separate the complaint's factual allegations (which must be accepted as true) from its conclusory legal allegations (which need not be credited)." *A.G. ex rel. Maddox v. Elsevier*, 732 F. 3d 77, 80 (1st Cir. 2013) (quotations omitted). Additionally, "the court must determine whether the remaining factual content allows a reasonable inference that the defendant is liable for the misconduct alleged." *Id.* A complaint should be dismissed where, as here, plaintiff's pleaded facts do not "possess enough heft to show that plaintiff is entitled to relief." *Ruiz Rivera v. Pfizer Pharms., LLC*, 521 F. 3d 76, 84 (1st Cir.

2008).

## ARGUMENT

I.     **This Court Lacks Personal Jurisdiction Over the Defendants.**

     A.     **Defendants are Not Subject to Massachusetts' Long-arm Statute.**

To establish personal jurisdiction over a defendant, Plaintiff "must meet the requirements of both the Massachusetts long-arm statute and the due process clause of the Fourteenth Amendment." *A Corp. v. All American Plumbing, Inc.*, 812 F. 3d 54, 58 (1st Cir. 2016). The requirements of the Massachusetts long-arm statute are similar to – although not necessarily the same as – those imposed by the Due Process Clause." *Cossart v. United Excel Corp.*, 804 F. 3d 13, 18 (1st Cir. 2015). The "exercise of jurisdiction is only proper if it is consistent with one of the enumerated eight specific grounds on which a nonresident defendant may be subjected to personal jurisdiction by a court of the Commonwealth." *TargetSmart Holdings, LLC v. GHP Advisors, LLC*, 366 F. Supp. 3d 195, 207 (D. Mass. 2019).

In its Verified Complaint, Plaintiff asserts that this Court has personal jurisdiction by virtue of Massachusetts' long-arm statute. Compl. ¶ 16. However, Plaintiff fails to allege that its claims arise out of any of the "enumerated eight specific grounds"[4] that would subject the Entity Defendants to personal jurisdiction by a court of the Commonwealth. *See* Compl. ¶ 16. The Entity Defendants do not regularly transact business (M. G. L. 223A §3(a)), contract services or things (M. G. L. 223A §3(b)), have an interest in real property (M. G. L. 223A §3(e)), or contract to insure any person, property, or risk (M. G. L. 223A §3(f)), in Massachusetts. *See* Ex. 1 ¶ 6-8. Since its creation in 2018, Blue Sun has made no sales in and does not market products to Massachusetts. Ex. 1 ¶¶ 5, 8. ITGC has, at times, conducted business in

---

[4] As this is not a family law matter M. G. L. 223A §3(g) and (h) are inapplicable.

Massachusetts.  Ex. 1 ¶¶ 6-7.  However, this small amount of business does not form a rational nexus to Plaintiff's claims justifying application of Massachusetts's long-arm statute.  Ex. 1 ¶¶ 6-7; *see MCL Associates, Inc. v. Heidelberg Web Systems, Inc.*, No. 1309, 2000 WL 777963, *1 (Mass. App. Ct., June 12, 2000) (holding that an out of state entity's occasional sales, unrelated to plaintiff's claims, were too attenuated to afford a basis for the exercise of personal jurisdiction under Massachusetts's long-arm statute).  Additionally, Plaintiff cannot demonstrate that the Entity Defendants caused tortious injury in the Commonwealth by actions within the forum (M. G. L. 223A §3(c)).  Nor can Plaintiff show that the Entity Defendants caused tortious injury in the Commonwealth by "an act or omission outside this commonwealth if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from good used or consumed or services rendered, in this commonwealth[,]"  (M. G. L. 223A §3(d)) because Blue Sun does no business or otherwise engages with Massachusetts and ITGC's contacts are limited and have no relation to this action.  Ex. 1 ¶¶ 6-8.

### B.     Defendants Are Not Subject to either General or Specific Personal Jurisdiction.

"The Due Process Clause of the Fourteenth Amendment requires that a defendant have certain minimum contacts with [the forum state] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice."  *Baskin-Robbins*, 825 F.3d at 35 (internal quotations omitted).  A defendant may be subject to general or specific jurisdiction.  *Daimler AG v. Bauman*, 571 U.S. 117, 126 (2014).  Plaintiff does not specify which form of personal jurisdiction the Entity Defendants are subject to in its Verified Complaint.  Compl. ¶ 16.

### 1.     Defendants Are Not Subject to General Jurisdiction.

General jurisdiction applies only when a defendant's contacts with the forum state are "so continuous and systematic as to render it essentially at home."  *Daimler*, 571 U.S. at 138.  "The

'paradigm' forums in which a corporate defendant is 'at home' . . . are the corporation's place of incorporation and its principal place of business." *BNSF Ry. Co. Tyrrell*, 137 S. Ct. 1549, 1558 (2017); *see also Daimler AG*, 571 U.S. at 139 n.19 (leaving open the possibility for an "exceptional case" where "a corporation's operations" outside its state of incorporation and principal place of business "may be so substantial" that the entity is "at home in that State").

Defendants are not subject to general jurisdiction in Massachusetts because neither entity is incorporated or maintains its principal place of business in the State. *See* Compl. ¶ 4,5; Ex. 1 ¶ 2. Further, Plaintiff cannot demonstrate that this dispute is an exceptional case where Defendants' contacts with Massachusetts are so extensive that they should be subjected to general jurisdiction. *See Griffiths v. Aviva London Assignment Corporation*, 187 F. Supp. 3d 342, 347 (D. Mass. 2016) (citing to *Daimler AG* and stating that general personal jurisdiction "over an entity that is neither incorporated, nor has a principle place of business, in the forum state exists only in exceptional cases").  ITGC's limited sales are nowhere near the contacts required for an exceptional case.  Ex. 1 ¶¶ 6-7; *see Ace American Insurance Co. v. Oyster Harbors Marine, Inc.*, 310 F. Supp. 3d 295, 303-04 (D. Mass. 2018) (holding that a Florida-based company that sent 84 shipments to and installed products in Massachusetts was not an exceptional case for a finding general jurisdiction).  As such, the Entity Defendants are not subject to general jurisdiction Massachusetts.

### 2.    Defendants Are Not Subject to Specific Jurisdiction.

A court may assert specific jurisdiction over a nonresident defendant only if a plaintiff demonstrates that "(1)[their] claim directly arises out of or relates to the defendant's forum-state activities; (2) the defendant's contacts with the forum state represent a purposeful availment of the privilege of conducting activities in that state, thus invoking the benefits and protections of

that state's laws and rendering the defendant's involuntary presence in that state's courts foreseeable; and (3) the exercise of jurisdiction is ultimately reasonable." *Scottsdale Capital Advisors Corp. v. The Deal, LLC*, 887 F. 3d 17, 20 (1st Cir. 2018). "Failure to make any one of these showings dooms any effort to establish specific personal jurisdiction." *Id.* The Court's analysis "looks to the defendant's contacts with the forum State itself, not the defendant's contacts with persons who reside there." *Walden v. Fiore*, 571 U.S. 277, 284 (2014). And the claim must arise out of the defendant's in-forum contacts. *Scottsdale Capital*, 887 F. 3d at 20.

### a.    Plaintiff Fails to Make a Showing for Relatedness.

Plaintiff's claims do not "arise out of, or relate to" any activates of Blue Sun or ITGC in Massachusetts and are therefore insufficient to show relatedness. *See Britsol-Myers Squibb v. Superior Court*, 137 S. Ct. 1773, 1776 (2017) (explaining that there must be an activity or occurrence that takes place in the forum State and is therefore subject to the State's regulation). When analyzing the relatedness prong of specific jurisdiction, the First Circuit has held that:

> The evidence produced to support specific jurisdiction must show that the cause of action either arises directly out of, or is related to, the defendant's forum-based contacts. The relatedness requirement is not an open door; it is closely read, and it requires a showing of a material connection. This court steadfastly reject[s] the exercise of personal jurisdiction whenever the connection between the cause of action and the defendant's forum-state contacts seem attenuated and indirect. Instead, the defendant's in-state conduct must form an important, or [at least] material, element of proof in the plaintiff's case.

*Harlow v. Children's Hosp*. 432 F.3d 50, 60 (1st Cir. 2005) (internal citations, quotations, alternations, and brackets omitted).

Applying the First Circuit's test to our dispute, it is clear Plaintiff is unable to meet its burden of showing its claims are related to Blue Sun or ITGC's directed activity towards Massachusetts. Currently, the only specific factual allegation made by Plaintiff relating to the

Entity Defendants' contact with Massachusetts is that Blue Sun[5] "regularly . . . communicat[ed]" with the Individual Defendants, who at one time were "employees of Plaintiff, a Massachusetts-based employer."  Compl. ¶ 16.  The First Circuit has held that correspondence into the forum-state "does not suffice to show relatedness*." Platten v. HG Bermuda Exempted Ltd.*, 437 F. 3d 118, 138 (1st Cir. 2006) (quoting *Far W. Capital, Inc. V. Towne*, 46 F. 3d 1071, 1077 (10th Cir. 1995).  Plaintiff cannot even allege that Blue Sun or ITGC communicated with its former employees within Massachusetts, as none of the Individual Defendants resided or worked for Plaintiff in Massachusetts.  Compl. ¶¶ 6-12.

Outside of the Verified Complaint Plaintiff will fare no better in attempting to demonstrate the relatedness prong.  Blue Sun has never completed sales, performed work, and does not market products in Massachusetts.  Ex. 1 ¶ 8.  ITGC has conducted some business in Massachusetts in previous years, however, this has no relation to Plaintiff's current claims of acts in Massachusetts, which are that Blue Sun (not ITGC) contacted the Individual Defendants in Massachusetts.  Ex. 1 ¶¶ 6-7; Compl. ¶¶ 16.  Utilizing innuendo and recitals of the elements, Plaintiff generally asserts that Blue Sun's communication led to its claims.  Compl. ¶ 119-123.  Thus, the Entity Defendants' conduct is simply too attenuated and indirect to relate to Plaintiff's claim and therefore cannot be a basis for specific jurisdiction.

### b.   The Entity Defendants have not Purposefully Availed Themselves of the Forum.

Plaintiff cannot satisfy the purposeful availment prong, as its sole basis for the Entity Defendants' contact with Massachusetts is alleged communication between Blue Sun and its former employees which did not take place in the Commonwealth.  Blue Sun and ITGC's

---

[5] Plaintiff does not specifically allege that ITGC communicated with Plaintiff's former employees, the Individual Defendants.  Plaintiff hardly mentions ITGC at all, except in its recital of the elements of its various claims against the Entity Defendants.

contacts with Massachusetts with respect to Plaintiff's claims are entirely lacking.   The "purposeful availment requirement ensures that a defendant will not be haled into a jurisdiction solely as a result of random, fortuitous, or attenuated contact, or of the unilateral activity of another party or a third person." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985) (internal citations and quotations omitted).  Blue Sun's nonexistent contacts with Massachusetts do not justify being haled into this forum.  Blue Sun does not maintain an office, have a mailing address, and has never owned or rented property in the Commonwealth.  *See* Ex. 1 at ¶ 8.  Blue Sun does not market products, perform work or conduct business in, pay taxes to, or employee anyone in Massachusetts.  *Id.*  While Blue Sun does have an advertising website, it does not take purchase orders and has never made a sale in Massachusetts since its inception in 2018.  *Id.*  Blue Sun has not purposely availed itself of Massachusetts.

Plaintiff also fails to allege what actions ITGC took to that show create purposeful availment of the Commonwealth, other than it being the "parent corporation and owner of Blue Sun."  Compl. ¶ 5.  These allegations, without more, are insufficient to confer jurisdiction as there is a "presumption of corporate separateness" that must be overcome by clear evidence.  *See Platten*, 437 F. 3d 139 (The "mere fact that a subsidiary company does business within a state does not confer jurisdiction over its nonresident parent, even if the parent is sole owner of the subsidiary.").  While ITGC did complete some business in Massachusetts over the last decade, its recent sales are entirely unrelated to Plaintiff or Plaintiff's claims in this matter.  Ex. 1 at ¶ 6.  ITGC, similar to Blue Sun, does not maintain an office, have a mailing address, and has never owned or rented property in Massachusetts.  *Id.* ¶ 7.   ITGC does not market products in Massachusetts and does not advertise to resident of the Commonwealth.  *Id.* ¶ 7.  ITGC does have an advertising website but it does not take purchase orders.  *Id.* ¶ 7.

Plaintiff is unable to demonstrate that the Entity Defendants' purposefully availed the privilege of conducting activities in Massachusetts, thereby invoking the benefits and protections of the state's laws and making the Defendants' involuntary presence before the state's courts foreseeable.  "A purpose of the foreseeability requirement is that personal jurisdiction over nonresident . . . is a quid for a quo that consists of the state's extending protection or other services to the nonresident."  *Phillips v. Praire Eey Ctr.*, 530 F. 3d 22, 29 (1st Cir. 2008).  In *Phillips*, the First Circuit held that purposeful availment was not met and when a defendant's only contact with the forum-state was to mail "a contract with full terms to Massachusetts for signature and [to follow up] with three e-mails concerning the logistics of signing the contract[.]"  *Id.*  Even when assuming *arguendo* that Blue Sun communicated with Plaintiff's employees, who did not work or reside in Massachusetts, it is not foreseeable to either Blue Sun or ITGC that they would be rendering themselves liable to suit in merely by communicating with their employees who live outside of Massachusetts.

### c.   It is Unreasonable for this Court to Exercise Personal Jurisdiction over the Entity Defendants.

A court only considers the reasonable factors if the relatedness and purposeful availment prongs have been fulfilled.  *Sawtelle v. Farrell*, 70 F. 3d 1381, 1388-1389 (1st Cir. 1995).  Furthermore, "the weaker the plaintiffs showing on the first two prongs (relatedness and purposeful availment), the less a defendant need show in terms of unreasonableness to defeat jurisdiction."  *Ticketmaster-New York, Inc. v. Alioto*, 6 F. 3d 201, 201 (1st Cir. 1994).  As described above, since Plaintiff cannot make a showing for either of the first two prongs, it is not necessary to apply the reasonable prong.

Plaintiff also fails the reasonableness prong.  In determining reasonableness, the First Circuit has identified the following "Gestalt factors" to guide the reasonableness inquiry:

> (1) the defendant's burden of appearing, (2) the forum state's interest in
> adjudicating the dispute, (3) the plaintiff's interest in obtaining convenient and
> effective relief, (4) the judicial system's interest in obtaining the most effective
> resolution of the controversy, and (5) the common interests of all sovereigns in
> promoting substantive social policies.

*Collision Commc'ns, Inc. v. Nokia Sols. & Networks Oy*, 485 F. Supp. 3d 282, 296 (D. Mass. 2020).

Here, there would be a significant burden on Blue Sun and ITGC, Maryland-based entities, to defend themselves in Massachusetts.  As noted previously, Blue Sun has no contact with Massachusetts and ITGC has, at best, limited contacts with the forum that is unrelated to the allegations in the lawsuit.  Ex. 1 ¶ 6-8.  Accordingly, an exercise of jurisdiction over the Entity Defendants would not comport with the standards of "fair play and substantial justice" required under the reasonableness prong.  *See Phillips*, 530 F.3d 29 (finding that "the Gestalt factors weight strongly against the exercise of jurisdiction" when defendant's principal place of business is outside the forum and "it has no ongoing connection to Massachusetts.").  As the Entity Defendants have no employees, offices, or any other reasonable connections with Massachusetts, compelling them to travel to Massachusetts to adjudicate this matter would be highly burdensome and would prejudice their ability to defend themselves.  Ex. 1 ¶ 6-8.  Accordingly, Plaintiff's claims against Blue Sun and ITGC should be dismissed for lack of personal jurisdiction.

## II.     Plaintiff Fails to State a Claim Against Blue Sun and ITGC

### A.     Plaintiff Fails to State a Claim under the Defend Trade Secrets Act 18 U.S.C. § 1836(b)(1) (Count I) and Misappropriation of Trade Secrets (Count II).

"Massachusetts and the DTSA both require a plaintiff to demonstrate: (i) the existence of a trade secret; (ii) that the plaintiff 'took reasonable steps to protect' its confidentiality; and (iii) the defendant 'used improper means, in breach of a confidential relationship, to acquire and use

the trade secret.'" *T.H. Glennon Co., Inc. v. Monday*, No. 18-30120-WGY, 2020 WL 1270970, at \*13 (D. Mass. Mar. 17, 2020) (quoting *Data Gen. Corp. v. Grumman Sys. Support Corp.*, 825 F. Supp. 340, 357 (D. Mass. 1993); 18 U.S.C. 1839(3)(a) (requiring that "the owner [of a trade secret take] reasonable measures to keep such information secret").   Plaintiff's Verified Complaint fails to establish all three elements for either of its counts for misappropriation.

"The party asserting the claim must identify with adequate specificity the trade secret or proprietary information that was allegedly misappropriated by the defendant." *Ferring Pharm. Inc. v. Braintree Labs., Inc.*, 38 F. Supp. 3d 169, 175 (D. Mass. 2014) (citing *Sutra, Inc. v. Iceland Express*, No. 04-11360-DPW, 2008 WL 2705580, at \*3–4 (D. Mass. July 10, 2008) (dismissing a trade secret claim because plaintiff's "description of its alleged trade secret [was] overly broad and this lack of specificity [was] fatal to its claim"). When "an individual discloses his trade secret to others who are under no obligation to protect the confidentiality of the information, or otherwise publicly discloses the secret, his property right is extinguished." *Karter v. Pleasant View Gardens, Inc.*, 248 F. Supp. 3d 299, n. 12 (quoting *Ruchelshaus v. Monsanto Co.*, 467 U.S. 986, 1002 (1984)).

Here, Plaintiff has failed to sufficiently allege that the information at issue qualifies as a trade secret.  While spending a significant portion of its Verified Complaint describing its data sets and application notes, Plaintiff concedes that "[t]hese data sets are collected over long-time frames by partnering with KPM's customers."  Compl. ¶ 28.  As Plaintiff does not allege that the data sets it utilizes are its own data, but rather compilations of data from customer samples, Plaintiff has not alleged there was a trade secret.

Failure by "the owner of the alleged trade secret" to take "reasonable measures to keep such information secret" can lead to dismissal for failure to state a claim.   *Government*

*Employees Insurance Co. v. Nealey*, 262 F. Supp. 3d 153, 167-70 (E.D. Penn. 2017) (dismissing DTSA claim for failure to plead sufficient reasonable measures); *Karter*, 248 F. Supp. 3d at 312-13 (dismissing misappropriation claim when plaintiff failed to sufficiently plead that she took reasonable steps to maintain their secrecy).   While Plaintiff claims that it took several "reasonable measures" to safeguard its alleged trade secrets and confidential data, the fact that Plaintiff's data sets and application notes were sourced and retained from its customers, defeats any claim of reasonable steps to maintain secrecy.

In *Craft Beer Stellar, LLC*, plaintiff brought suit against defendant who "operates a website . . . where users can anonymously post comments about their employers." *Craft Beer Stellar, LLC v. Glassdoor, Inc.*, No. CV 18-10510-FDS, 2018 WL 5505247, at *1 (D. Mass. Oct. 17, 2018).   Plaintiff, upset with comments made on the website by its employees, brought suit against defendant alleging a violation of the DTSA and the Massachusetts trade secrets statute. *Id.* at *2.   The court noted that in order to succeed "in proving the third element [of a misappropriation claim], 'a plaintiff must show that [it] shared a confidential relationship with the defendant." *Id.*   (quoting to *Burten v. Milton Bradley Co*., 763 F. 2d 461, 462-63 (1st Cir. 1985)).   The Court dismissed plaintiff's complaint, as plaintiff had "not – and seemingly cannot – contend that it ever shared a confidential relationship with [defendant,] the complaint does not satisfy the third element of trade secret misappropriation under Massachusetts law[.]"   *Craft Beer Stellar, LLC*, 2018 WL 5505247, at *4.   Here, Plaintiff has not alleged a confidential relationship with either Blue Sun or ITGC.   Like in *Craft Beer Stellar, LLC*, Plaintiff has not and cannot claim that it has a confidential relationship with Blue Sun or ITGC.   Therefore Plaintiff's violation of the Massachusetts trade secrets statute should be dismissed.

**B.**     **Plaintiff Fails to Sufficiently State a Claim for Tortious Interference with Contractual Relations (Count VII).**

To succeed on a claim for intentional interference with contractual relations, a plaintiff "must show that (1) [it] had a contract with a third party; (2) the defendant knowingly induced the third party to break that contract; (3) the defendant's interference, in addition to being intentional, was improper in motive or means; and (4) the plaintiff was harmed by the defendant's actions." *Lombard Med. Techs., Inc. v. Johannessen*, 729 F. Supp. 2d 432, 441 (D. Mass. 2010) (internal quotations omitted). The Appeals Court of Massachusetts has stated that evidence of improper purpose or improper means is necessary to establish a tortious interference claim:

> Tortious interference has become the "tort du jour" in the world of commercial litigation; that increases the importance of distinguishing truly inappropriate behavior for which there should be a remedy from normal competitive behavior permissible in the marketplace. The judgment usually turns on whether the plaintiff succeeds in demonstrating that the defendant has acted with an improper motive or in an improper manner[.]

*Pembroke Country Club, Inc. v. Regency Savings Bank, F.S.B*, 62 Mass. App. Ct. 34, 38 (Mass. App. Ct. 2004).

Plaintiff's claims for tortious interference against Blue Sun and ITGC are the sort of threadbare recitals of the elements of a cause of action which are insufficient to state a claim. *See Ocasio-Hernandez v. Fortuno-Burset*, 640 F. 3d 1, 12 (1st Cir. 2011) ("A plaintiff is not entitled to 'proceed perforce' by virtue of allegations that merely parrot the elements of the cause of action."). Plaintiff's allegation that "Blue Sun and ITG[C] intentionally and maliciously interfered with those contracts for the purpose of harming their competitor[,]" is a conclusory statement. Compl. ¶ 122. As noted above, the only specific wrongful acts Plaintiff alleges is that Blue Sun (and not ITGC) communicated with and then hired Plaintiff's former employees. This is insufficient to demonstrate improper motive or means. The "legitimate advancement of

16

one's own economic interest" is not an improper motive for "purpose of a tortious interference claim." *Pembroke Country Club, Inc.*, 62 Mass. App. Ct. at 39; s*ee Hamann v. Carpenter,* 937 F. 3d 86, 90 (1st Cir. 2019) (stating that "Massachusetts courts will find the improper motive element met when a defendant exhibits actual malice or a spiteful, malignant purpose, unrelated to [a] legitimate corporate interest."). Plaintiff fails to sufficiently allege any facts that Blue Sun or ITGC utilized improper motive or means to allegedly intentionally interfere with Plaintiff's contracts with the Individual Defendants.

### C.    Plaintiff Fails to State a Claim for Conversion (Count VIII).

The required elements of a conversion claim are "a showing that [1] one person exercised dominion over the personal property of another, [2] without right, and [3] thereby deprived the rightful owner of its use and enjoyment." *Blake v. Professional Coin Grading Service*, 898 F. Supp. 2d 365, 386 (D. Mass. 2012). Plaintiff's conversion claims lack any detail, instead relying on conclusory allegations that fail to specify what acts Blue Sun and ITGC committed. This alone is enough to dismiss this count.

In Massachusetts at "common law, a conversion claim is viable only in cases involving tangible chattels[,] . . . [and t]his Court has consistently held that a plaintiff is not entitled to recover for conversion of intangible property." *Id.* Plaintiff's conversion claim also fails because it does not plead that Blue Sun or ITGC's conversion involved tangible chattels. While Plaintiff alleges in its complaint that "Defendants wrongfully exercised dominion and control over Plaintiff's property, trade secrets and confidential information[,]" it does not plead with sufficient specificity that Blue Sun or ITGC are in possession of tangible chattels. Compl. ¶ 125; see *Blake*, 898 F. Supp. 2d at 386 (granting a motion to dismiss for conversion when the property at issue is "trade secrets, intellectual property, royalties, and sale proceeds").

### D.    Plaintiff Fails to State a Claim for Unjust Enrichment (Count IX).

In order to allege a claim for unjust enrichment, a plaintiff must sufficiently allege "(1) a benefit conferred upon the defendant by the plaintiff; (2) an appreciation or knowledge by the defendant of the benefit; and (3) acceptance or retention by the defendant of the benefit under the circumstances would be inequitable without payment for its value." *Tomasella v. Nestle USA*, *Inc.*, 364 F.Supp.3d 26, 37 (D. Mass.) *aff'd,* 962 F.3d 60, 84 (1st Cir. 2020) (quotation omitted).

Here, Plaintiff fails to state a claim for unjust enrichment for two reasons.   First, Plaintiff's unjust enrichment claim fails because "under Massachusetts law, a plaintiff who has an adequate remedy at law cannot maintain a parallel claim for unjust enrichment, even if that remedy is not viable." *Tomasella*, 364 F. Supp. 3d at 37 (concluding that the unjust enrichment claim was properly dismissed "because an adequate remedy at law was undoubtedly available to her through Chapter 93A" even where the 93A claim was also properly dismissed).  Indeed, "[i]t is the availability of a remedy at law, not the viability of that remedy, that prohibits a claim for unjust enrichment." *Tomasella*, 364 F. Supp. 3d at 37 (quoting *Shaulis v. Nordstrom, Inc.,* 865 F.3d 1, 16 (1st Cir. 2017).   Plaintiff's unjust enrichment claim is based solely on use and disclosure of Plaintiff's confidential information.  Compl. ¶¶ 127-130.  No other bases for this claim, beyond conclusory statements, are alleged.  Compl.  ¶¶ 127-130.  Plaintiff has asserted multiple claims, including MUTSA and DTSA claims, under which it could (theoretically) obtain remedies for the same harm alleged in the unjust enrichment claim.  *See, e.g.,* Compl. at ¶¶ 87-97 (Plaintiff's DTSA claims) and ¶¶ 131-136 (Plainitiff's MUTSA claims); *see also* M.G.L. 93 §§42A-42B (providing for injunctive relief and recovery of damages); 18 U.S.C. §§ 1836(b)(3)(A)-(B) (same).   In fact, both the MUTSA and the DTSA expressly provide for recovery of damages based on "unjust enrichment."  *See* M.G.L. 93 § 42B; 1836(b)(3)(B)(i)(II).

Plaintiff, therefore, cannot maintain a parallel claim for unjust enrichment, and Plaintiff's Count IX fails.

Second, Plaintiff failed to sufficiently allege that it conferred a benefit upon Blue Sun and ITGC.  Plaintiff does allege that "[t]hrough their misappropriation, use and disclosure of Plaintiff's confidential information, Defendants benefitted."  Compl. ¶ 128.  However, Plaintiff provides no additional factual details as to how it conferred any benefit upon the Entity Defendants, an essential element of an unjust enrichment claim.  This conclusory allegation is fatal to Plaintiff's claim.  *See In re Telefree Securities Litigation*, 389 F. Supp. 3d 101, 105-06 (D. Mass. 2019) (dismissing a claim for unjust enrichment made by Ponzi scheme victims against a bank when it was the perpetrator of the scheme, not plaintiffs who conferred the alleged benefit upon the banks); *Katz v. Pershing, LLC*, 806 F. Supp. 2d 452, 460 (D. Mass. 2011) (explaining that plaintiff's "claim fails for the simple reason that she has not alleged that she has conferred a specific benefit on [defendant]").  Thus, Plaintiff's unjust enrichment should be dismissed.

**E.      Plaintiff has Failed to State a Claim for Violation of M.G.L c. 93A § 11 (Count X).**

Plaintiff's final Count of its Verified Complaint is a violation of Ch. 93A.  Plaintiff fails to adequately allege that Defendants' conduct occurred "primarily and substantially within the commonwealth" as the statute requires.  Mass. Gen. L. c. 93A, §11.  In *Kuwaiti Danish Comp. Co. v. Digital Equip. Corp*, the SJC held that "[s]ection 11 suggests an approach in which judge should . . . determine whether the center of gravity of the circumstances that give rise to the claim is primarily and substantially within the Commonwealth."  438 Mass. 459, 473 (2003).

Here, as previously discussed, the Entity Defendants alleged acts in connection to this matter have no real connection to Massachusetts.  Plaintiff's only specific allegation connected

with Massachusetts is that Blue Sun, and not ITGC, communicated with the Individual Defendants, who were employed by a Massachusetts-based employer.  Compl. ¶ 16.  "When virtually all the conduct that can be said to be unfair or deception occurs outside the Commonwealth, there can be no Chapter 93A liability."  *See Evergreen Partnering Grp., Inc v. Pactiv Corp.*, No. 11-10807-RGS, 2014 WL 304070, at *5 (D. Mass. Jan. 28, 2014) (dismissing 93A claim even where plaintiff's corporate headquarters were located in Massachusetts).

## **CONCLUSION**

For the reasons set forth above, Defendants request that the Court dismiss Plaintiff's Verified Complaint in its entirety with prejudice.

Respectfully submitted,

Date:  May 13, 2021

*/s/* Maria T. Davis
Maria T. Davis (BBO# 675447)
Christopher R. O'Hara (BBO# )
mdavis@toddweld.com
cohara@toddweld.com
TODD & WELD LLP
One Federal Street, 27th Floor
Boston, MS 02110
(617) 624-4721


George F. Ritchie, Fed. Bar #22408*
Gordon Feinblatt LLC
1001 Fleet Street, Suite 700
Baltimore, MD  21202
Tel. 410-576-4131
Fax. 410-576-4269
gritchie@gfrlaw.com

*\* pro hac vice*

*Attorneys for Defendants Blue Sun Scientific, LLC and The Innovative Technologies Group & Co., LTD*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing pleading has been filed through the ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on May 13, 2021.

*/s/* Maria T. Davis
Maria T. Davis