UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| KPM ANALYTICS NORTH AMERICA CORPORATION,<br><br>    Plaintiff,<br><br>v.<br><br>BLUE SUN SCIENTIFIC, LLC; THE INNOVATIVE TECHNOLOGIES GROUP & CO., LTD; ARNOLD EILERT; MICHELLE GAJEWSKI; ROBERT GAJEWSKI; RACHAEL GLENISTER; GREGORY ISRAELSON; IRVIN LUCAS; and PHILIP OSSOWSKI,<br><br>    Defendants. | Civil Action No. 4:21-cv-10572-TSH |

## PHILIP OSSOWSKI'S MOTION TO DISMISS
## PLAINTIFF'S VERIFIED COMPLAINT

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Defendant Philip Ossowski requests that the Court dismiss the Complaint in its entirety with prejudice because Plaintiff's claims regarding trade secret misappropriation and use or disclosure of confidential information are not sufficiently supported by factual allegations. Only a single paragraph in the 40-page, 136-paragraph Complaint is directed to Mr. Ossowski's conduct, and Plaintiff does not identify what trade secrets he disclosed to Defendant Blue Sun Scientific, LLC ("Blue Sun"), how he misappropriated them, or when he misappropriated them. Nor does KPM allege any facts that Mr. Ossowski is engaged in any competitive activity.

KPM's claim that Mr. Ossowski breached his non-competition agreement by working for Blue Sun also should be dismissed because the agreement is invalid as a matter of law. Specifically, the agreement does not satisfy the "minimum requirements" under Massachusetts

law, including: that the agreement "expressly state that the employee has the right to consult with counsel prior to signing" and "be supported by a garden leave clause or other mutually-agreed upon consideration . . . provided that such consideration is specified in the noncompetition agreement."

Plaintiff inappropriately groups together all of the "Individual Defendants" in the hopes that general, but only conclusory allegations (really speculation) about what that group might have done will pass muster and sustain specific claims against each individual. KPM therefore fails to meet the requirement that that it state a claim against *each* defendant with a level of specificity that would make each claim plausible for each defendant.

WHEREFORE, for these reasons, and those set forth in the accompanying Memorandum of Law, Defendant Philip Ossowski prays that this Court dismiss the Complaint in its entirety against him with prejudice, and grant such other and further relief that the Court deems just and proper.

                    PHILIP OSSOWSKI,

                    */s/ William L. Prickett*
                    William L. Prickett (BBO #555341)
                    wprickett@seyfarth.com
                    Dallin R. Wilson (BBO #676662)
                    drwilson@seyfarth.com
                    Michael A. Kippins (BBO #688613)
                    mkippins@seyfarth.com
                    SEYFARTH SHAW LLP
                    Two Seaport Lane, Suite 300
                    Boston, MA 02210-2028
                    Tel: (617) 946-4800
                    Fax: (617) 946-4801

Dated: May 13, 2021

## REQUEST FOR ORAL ARGUMENT

Philip Ossowski hereby requests oral argument on his Motion to Dismiss the Complaint.

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1

Pursuant to Local Rule 7.1(a)(2), I hereby certify that on May 12, 2021, at 10:00 a.m., I participated in a meet and confer telephone conference with counsel for Plaintiff in a good faith attempt to resolve or narrow the issues presented in this motion.

>  */s/ Dallin R. Wilson*
> Dallin R. Wilson

## CERTIFICATE OF SERVICE

I hereby certify that, on May 13, 2021, this document was filed through the CM/ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing. Paper copies will be sent to those indicated as non-registered participants.

>  */s/ Dallin R. Wilson*
> Dallin R. Wilson