UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KPM ANALYTICS NORTH AMERICA CORPORATION, <br><br> Plaintiff, <br><br> v. <br><br> BLUE SUN SCIENTIFIC, LLC; THE INNOVATIVE TECHNOLOGIES GROUP & CO., LTD; ARNOLD EILERT; MICHELLE GAJEWSKI; ROBERT GAJEWSKI; RACHAEL GLENISTER; GREGORY ISRAELSON; IRVIN LUCAS; and PHILIP OSSOWSKI, <br><br> Defendants. | Civil Action No. 4:21-cv-10572-TSH |

### MEMORANDUM IN SUPPORT OF PHILIP OSSOWSKI'S MOTION TO DISMISS PLAINTIFF'S VERIFIED COMPLAINT

Only a single paragraph in the 40-page, 136-paragraph Complaint is directed to Defendant Philip Ossowski's conduct. It alleges only that Mr. Ossowski became an employee of KPM on March 26, 2019, that he entered into a non-competition agreement and had "access to" KPM trade secrets, that his last day at KPM was January 29, 2021, and KPM believes that he is now an employee of Blue Sun Scientific, LLC ("Blue Sun"), a competitor of KPM. Yet from this one paragraph, KPM asserts *eight claims* against Mr. Ossowski, including violation of the Defend Trade Secrets Act ("DTSA") (Count I), misappropriation of trade secrets in violation of M. G. L. c. 93, § 42 (Count II), breach of contract "by using or disclosing" KPM's confidential information (Count III), violation of the covenant of good faith and fair dealing "by using or disclosing" KPM's confidential information (Count IV), breach of the duty of loyalty "by using and disclosing KPM's confidential information to a competitor" (Count V), breach of his non-

competition agreement (Count VI), conversion of KPM's "property, trade secrets, and confidential information" (Count VIII), and unjust enrichment through his "misappropriation, use and disclosure of" KPM's confidential information.

KPM has not come even remotely close to alleging sufficient facts to state any claims based on Mr. Ossowski's purported use, disclosure, or misappropriation of KPM's alleged trade secrets, or a violation of a non-compete agreement. KPM does not identify what trade secrets he disclosed to Blue Sun, how he misappropriated them, or when he misappropriated them. Nor does KPM allege any facts that Mr. Ossowski is engaged in any competitive activity. Instead, KPM lumps Mr. Ossowski in with the so-called "Individual Defendants," a group of former KPM employees that now work for Blue Sun, some of whom KPM alleges misappropriated its trade secrets. Not only is KPM's attempt at guilt-by-association insufficient to state a claim under the Federal Rules of Civil Procedure, it is difficult to imagine that KPM's counsel satisfied their obligation to ensure that the claims asserted against Mr. Ossowski "are warranted by existing law" and "have evidentiary support." Each of the claims related to Mr. Ossowski's alleged use, disclosure, or misappropriation of KPM's trade secrets must therefore be dismissed.

Moreover, even if KPM had adequately alleged a breach of his non-competition agreement by working for Blue Sun, that claim must be dismissed because the agreement is invalid as a matter of law. In October 2018, Massachusetts passed the Massachusetts Noncompetition Agreement Act, M. G. L. c. 149, § 24L (the "Act"). The Act provides that non-competition agreements are only valid and enforceable if they satisfy certain "minimum requirements," including, among others, that the agreement "expressly state that the employee has the right to consult with counsel prior to signing" and "be supported by a garden leave clause or other mutually-agreed upon consideration . . . provided that such consideration is specified in

the noncompetition agreement."  Mr. Ossowski's non-competition agreement plainly does not satisfy these "minimum requirements" under the Act, and therefore the agreement is invalid and unenforceable.  Accordingly, Count VI should be dismissed with prejudice for this reason as well.

## THE SCANT FACTS ALLEGED AS TO MR. OSSOWSKI

KPM operates a business unit named Unity Scientific, which makes and markets near infrared ("NIR") instruments that analyze the composition of various substances found in many common products, including pet and human food products.  (Compl., ¶¶ 1, 18.)[1]  KPM (and Unity Scientific) has received and maintained a calibration database, which contains tens-of-thousands of samples collected from KPM's (and Unity Scientific's) customers over the course of 20 years.  (*Id.*, ¶¶ 26-27.)  KPM has also developed software called UCAL.  (*Id.*, ¶ 30.)  KPM claims that it safeguards its trade secrets and confidential data by limiting its disclosure to only specific employees, storing them on protected computer servers, and requiring its employees to sign non-disclosure and confidentiality agreements.  (*Id.*, ¶ 31.)

Paragraph 36, the only paragraph in the Complaint purporting to allege substantive allegations related to Mr. Ossowski, states:

> Philip Ossowski became an employee of [KPM] on or about March 26, 2019.  Mr. Ossowski executed a Non-Competition, Non-Solicitation and Confidentiality Agreement (the "Ossowski Agreement") in which he agreed to maintain as secret [KPM's] trade secrets and other confidential information . . . .  As an employee of KPM, Mr. Ossowski had access to KPM's trade secrets and confidential information, including its valuable datasets and/or customer files.  Mr. Ossowski's final days as an employee of KPM was January 29, 2021.  On information and belief, Mr. Ossowski is now an employee of Blue Sun.  As Blue Sun is a direct competitor of KPM Analytics, his joining Blue Sun also violated the non-competition provisions of the Ossowski Agreement.

---

[1] KPM acquired Unity Scientific several years ago, after Unity Scientific had hired most of the Individual Defendants.  (*Id.*, ¶ 20.)

(Compl., ¶ 36.)

Although not mentioning Mr. Ossowski any further in the Complaint, KPM generally alleges that in February 2021, it "became" suspicious that "a number of its former employees and consultants had been hired by Blue Sun and may have provided KPM's trade secrets to Blue Sun[.]" (*Id.*, ¶ 41.) The former employees, defined in the Complaint as the "Individual Defendants," include Arnold Eilert, Michelle Gajewski, Robert Gajewski, Rachael Glenister, Gregory Israelson, Irvin Lucas, and Mr. Ossowski. KPM alleges that "certain employees" were violating their non-disclosure agreements with KPM and that "some of the Individual Defendants seemed to have acted on behalf of Blue Sun while still employed by KPM Analytics." (*Id.*, ¶ 41.)

However, Mr. Ossowski is not identified as one of the "certain employees" that KPM speculates violated a non-disclosure agreement, nor is he alleged to be one of the Individual Defendants that "seemed" to have acted on behalf of Blue Sun while still employed by KPM. Instead, KPM recites a series of email communications between certain Individual Defendants (none that include Mr. Ossowski) and KPM customers, that KPM alleges demonstrate that certain Individual Defendants (again, not Mr. Ossowski), were simultaneously working for KPM and Blue Sun. (*Id.*, ¶¶ 42-52.) In short, KPM makes no factual allegations about how, when or where Mr. Ossowski disclosed information, confidential or otherwise, to Blue Sun, much less showing why such information was a "trade secret." Nor does KPM connect Mr. Ossowski in any way to the application notes published for a time on Blue Sun's website. (*Id.*, ¶¶ 54-81.) Finally, although KPM alleges that it has lost certain customers and business opportunities as a result of "Defendants'" unlawful conduct, it does not allege a single fact attributing any of this to Mr. Ossowski. (*Id.*, ¶¶ 82-86.)

## ARGUMENT

### I. KPM Has Failed to Allege Any Facts that Mr. Ossowski Used, Disclosed, or Misappropriated any KPM Trade Secrets or Confidential Information.

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), KPM must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This means that "[f]actual allegations must be enough to raise a right to relief above the speculative level." This dismissal standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court's first step is to "separate the complaint's factual allegations (which must be accepted as true) from its conclusory legal allegations (which need not be credited)," and the second step is to "determine whether the remaining factual content allows a reasonable inference that the defendant is liable for the misconduct alleged." *A.G. ex rel. Maddox v. Elsevier, Inc.*, 732 F.3d 77, 80-81 (1st Cir. 2013) (citations omitted) (internal quotation marks omitted). A complaint should be dismissed where, as here, plaintiff's pleaded facts do not "possess enough heft to show that plaintiff is entitled to relief." *Ruiz Rivera v. Pfizer Pharms., LLC*, 521 F.3d 76, 84 (1st Cir. 2008).

#### A. KPM Has Stated No Facts to Claim Mr. Ossowski Violated the DTSA or Misappropriated any KPM Trade Secrets.

"Massachusetts and the DTSA both require a plaintiff to demonstrate: (i) the existence of a trade secret; (ii) that the plaintiff 'took reasonable steps to protect' its confidentiality; and (iii) the defendant 'used improper means, in breach of a confidential relationship, to acquire and use the trade secret.'" *T.H. Glennon Co., Inc. v. Monday*, 2020 WL 1270970, at *13 (D. Mass. Mar. 17, 2020). Here, at minimum, KPM has failed to allege sufficient facts to establish the first and third elements, that the information was in fact a trade secret and that Mr. Ossowksi "used improper means, in breach of a confidential relationship, to acquire and use the trade secret." *Id.* Specifically, KPM only alleges that Mr. Ossowski: (1) signed the Ossowski Agreement, which

5

required him to maintain as secret KPM's confidential information; (2) "had access to KPM's trade secrets and confidential information, including its valuable datasets and/or customer files"; (3) left KPM on January 29, 2021; and, (4) on information and belief, he is now an employee of Blue Sun. *See* Compl., ¶¶ 36.

What is glaringly absent from KPM's Complaint are any allegations relating to when or how Mr. Ossowski *misappropriated* any trade secrets. In other words, KPM does not allege any facts pertaining to when or how Mr. Ossowski improperly acquired and used the alleged trade secret. KPM cannot rely solely on its conclusory assertion that Mr. Ossowski's employment at Blue Sun, in and of itself, resulted in a use or disclosure of KPM's confidential information. KPM's failure to allege sufficient facts with regard to the circumstances of the purported improper use or disclosure is fatal to its claims under Counts I (DTSA, 18 U.S.C. § 1836(b)(1)) and II (Misappropriation of Trade Secrets). *See Jet Spray Cooler, Inc. v. Crampton*, 377 Mass. 159, 168 (1979) (emphasis added) (plaintiff must show that the ***conduct*** of the defendant was wrongful, in the sense that the defendant has "***used*** the information without the permission of the plaintiff"); *Athenahealth, Inc. v. Cady*, 2013 WL 4008198, at *8 (Mass. Super. May 2, 2013) (internal quotation marks omitted) ("The essence of an action for the wrongful use of trade secrets is the breach of the duty not to disclose or to use without permission confidential information acquired from another."). *Cf. Comark Communications, LLC v. Anywave, LLC*, 2014 WL 2095379, at *2 (emphasis added) (concluding that plaintiff failed to show likelihood of success on claim for misappropriation of trade secrets where plaintiff "has not shown that Defendant acquired ***and used*** any of [plaintiff's] trade secrets").

In addition, KPM has also failed to identify *what* "trade secret" Mr. Ossowski has allegedly used at Blue Sun. There is no fact anywhere in the Complaint identifying what

6

information Mr. Ossowski used or disclosed, or how it was protected by KPM as a trade secret. For this reason as well, the trade secret claims in Counts I and II should be dismissed.

> **B.  KPM Has Failed to State a Claim for Breach of Contract, Breach of Duty of Loyalty, Conversion, and/or Unjust Enrichment Based on Use or Disclosure of Its Confidential Information.**

Count III (Breach of Contract), Count IV (Violation of Covenant of Good Faith and Fair Dealing), Count V (Breach of Duty of Loyalty), Count VIII (Conversion), and Count IX (Unjust Enrichment) are all based on KPM's allegation that Mr. Ossowski improperly used or disclosed KPM's confidential information. *See* Compl., ¶¶ 104, 108, 113, 125, and 128-129. Accordingly, these claims should all be dismissed for the same reason: KPM fails to allege facts to establish a plausibility on the face of the Complaint that Mr. Ossowski performed any act, *other than simply taking on employment at Blue Sun*, that would demonstrate improper use or disclosure of KPM's confidential information, *i.e.*, an act in breach of some obligation. Instead, KPM merely alleges that Mr. Ossowski is a former KPM employee who had access to confidential information, and is now a Blue Sun employee. However, even assuming, for purposes of this motion, that Mr. Ossowski had access to confidential information, KPM fails to allege when that use or disclosure occurred, and in what injurious manner that use or disclosure occurred. As stated above, Mr. Ossowski's mere employment at Blue Sun cannot, by itself, plausibly establish that he actually used or disclosed confidential information in an improper manner, or in any manner at all.

> **(i)  KPM Has Failed to State a Claim For Breach of Contract.**

To prevail on a claim for breach of contract, a plaintiff must demonstrate that there was an enforceable agreement between the parties; the agreement was supported by consideration; the plaintiff was ready, willing, and able to perform his or her part of the contract; the defendant committed a breach of the contract; and the plaintiff suffered harm as a result. *Bulwer v. Mount Auburn Hosp.*, 473 Mass. 672, 680 (2016). In addition:

> [A] claim for breach of contract must set forth basic information as to the nature and terms of the alleged contract *and the circumstances of the alleged breach*. Here, the allegations in the complaint as to the existence of a contract concerning . . . defendant's breach of that contract . . . are wholly inadequate to satisfy those requirements. The motion to dismiss will therefore be granted as to that claim.

*Madden v. Ascensus College Sav. Recordkeeping Servs., LLC*, 2021 WL 231298, at *6 (D. Mass. Jan. 22, 2021) (emphasis added). Here, KPM has failed to allege the circumstances surrounding the alleged breach, *e.g.*, when and how exactly Mr. Ossowski improperly used or disclosed KPM's confidential information. For that reason, KPM's claim for breach of contract should be dismissed. *Cf. Viken Detection Corp. v. Videray Tech. Inc.*, 384 F. Supp. 3d 168, 177 (D. Mass. 2019) (concluding that plaintiff failed to show likelihood of success on merits of breach of contract claim based on improper disclosure of confidential information; "Perhaps most telling is the statement of plaintiff's counsel at the hearing that [plaintiff] would need discovery to determine what proprietary or confidential features defendants misappropriated.").

### (ii) KPM Has Failed to State a Claim For Breach of the Implied Covenant of Good Faith and Fair Dealing.

"To establish a breach of the implied covenant, a plaintiff must prove that there existed an enforceable contract between the two parties *and that the defendant did something* that had the effect of destroying or injuring the right of [the plaintiff] to receive the fruits of the contract." *Madden*, 2021 WL 231298, at *6 (emphasis added) (internal quotation marks omitted). As with the other claims against Mr. Ossowski that are based on his alleged improper use and disclosure of confidential information, KPM fails here to provide any factual allegations as to the manner in which he actually used or disclosed KPM's confidential information in an improper manner. Accordingly, KPM does not meet the plausibility standard set forth in *Twombly*, 550 U.S. at 570, and *Iqbal*, 556 U.S. at 678, and its claim should be dismissed.

### (iii)    KPM Has Failed to State a Claim For Breach of the Duty of Loyalty.

KPM's claim for breach of the duty of loyalty stems from its allegation that it "required [Mr. Ossowski] to sign [a] non-disclosure agreement to protect [its] confidential information," and that Mr. Ossowski "breached [his] duty of loyalty to KPM by using and disclosing KPM's confidential information to a competitor." *See* Compl., ¶¶ 112-13.  As such, the claim fails for the same underlying reason that its claim for breach of contract fails – KPM fails to allege facts that would indicate what confidential information was improperly disclosed, when such disclosure occurred, and to whom it occurred.  The simple fact that Mr. Ossowski is a former KPM employee does not establish that he improperly used or disclosed confidential information to Blue Sun.  *See Augat, Inc. v. Aegis, Inc.*, 409 Mass. 165, 172 (1991) (citations omitted) ("An at-will employee may properly plan to go into competition with his employer and may take active steps to do so while still employed.  Such an employee has no general duty to disclose his plans to his employer, and generally he may secretly join other employees in the endeavor without violating any duty to his employer.  The general policy considerations are that at-will employees should be allowed to change employers freely and competition should be encouraged."); *SolmeteX, LLC v. Dube*, 2018 WL 3862732, at *3 (Mass. App. Ct. Aug. 15, 2018) (quoting *Jet Spray Cooler*, 361 Mass. at 840) ("[A]n employee may carry away and use general skill or knowledge acquired during the course of his employment.").

### (iv)    KPM Has Failed to State a Claim For Conversion.

KPM's conversion claim (Count VIII) rests on the same premise as its other claims against the individual defendants—that Mr. Ossowski improperly used and disclosed KPM's confidential information.

> To prevail on a claim for conversion, a plaintiff must show that: "(1) the defendant intentionally and wrongfully exercised control or dominion over the

9

> personal property; (2) the plaintiff had an ownership or possessory interest in the property at the time of the alleged conversion; (3) the plaintiff was damaged by the defendant's conduct; and (4) if the defendant legitimately acquired possession of the property under a good-faith claim of right, the plaintiff's demand for its return was refused."

*Spottiswoode v. Son*, 593 F. Supp. 2d 347, 351-52 (D. Mass. 2009) (quoting *Evergreen Marine Corp. v. Six Consignments of Frozen Scallops*, 4 F.3d 90, 95 (1st Cir. 1993)).

With respect to Count VIII, KPM makes only the following conclusory allegations:

125. Defendants wrongfully exercised dominion and control over Plaintiff's property, trade secrets, and confidential information and, by failing to return same, converted Plaintiff's property and confidential information without legal justification, authorization or privilege.

126. As a direct and proximate result of Defendants' conduct, Plaintiff has been and/or will be damaged.

*See* Compl., ¶¶ 125-126. First, as with its other claims, KPM improperly groups together all of the "Defendants" and does not make specific allegations as to how each of those Defendants, on an individual basis, participated in conduct that harmed KPM. KPM simply paints with a broad brush to encompass every Individual Defendant, despite the absence of individualized factual allegations that would substantiate that Mr. Ossowski "wrongfully exercised control or dominion" over something belonging to KPM. *See Spottiswoode*, 593 F. Supp. 2d at 351-52. In fact, KPM does not even allege what "property, trade secrets, and confidential information" Mr. Ossowski failed to return or converted. KPM also alleges no specific or individualized allegations that would establish that KPM "was damaged by [each individual] defendant's conduct," much less that of Mr. Ossowski. *Id.*

### (v) KPM Has Failed to State a Claim For Unjust Enrichment.

To prevail on a claim for unjust enrichment, KPM must show that: (1) each individual defendant "received a benefit," and (1) "the benefit was unjust, a quality that turns on the

reasonable expectation of the parties." *Van v. American Airlines, Inc.*, 370 F. Supp. 3d 218, 229 (D. Mass. 2019).

Here, KPM claims, in conclusory fashion, that "[t]hrough their misappropriation, use and disclosure of Plaintiff's confidential information, Defendants benefitted." *See* Compl., ¶ 128. As an initial matter, such conclusory allegations are insufficient. *See Elsevier*, 732 F.3d at 80-81. Here, KPM does not allege any kind of benefit Mr. Ossowski received and retained, or in what manner that receipt and retention were unjust. KPM once again improperly groups all of the "Defendants" together, without identifying *what* each Defendant received as a "benefit." *Van*, 370 F. Supp. 3d at 229. Either of these two reasons provides sufficient grounds on which to dismiss KPM's claim for unjust enrichment.

## II.     The Ossowski Agreement is Invalid and Unenforceable Under Massachusetts Law.

Even if the non-compete claim against Mr. Ossowski were factually supported, it still fails under Massachusetts law. Count VI of the Complaint must be dismissed because the Ossowski Agreement is invalid and unenforceable on its face under the Massachusetts Noncompetition Agreement Act, M. G. L. c. 149, § 24L (the "Act").

The Act, which became effective October 1, 2018, sets forth the "minimum requirements" for an employee noncompetition agreement to be "valid and enforceable" in Massachusetts. M. G. L. c. 149, § 24L(b). Two of the minimum requirements are pertinent here. First, the Act requires that "[i]f the agreement is entered into in connection with the commencement of employment, it must . . . expressly state that the employee has the right to consult with counsel prior to signing." M. G. L. c. 149, § 24L(b)(i).[2] Second, the Act requires

---

[2] This same section of the Act also requires that the agreement must be provided to the employee by the earlier of a formal offer of employment or 10 business days before the commencement of the employee's employment. The Complaint does not allege when KPM provided the Ossowski Agreement to Mr. Ossowski. However, as noted below, KPM concedes that the Ossowski

11

that the "noncompetition agreement shall be supported by a garden leave clause or other mutually-agreed upon consideration . . . provided that such consideration is specified in the noncompetition agreement." M. G. L. c. 149, § 24L(b)(vii).

The Ossowski Agreement, which is attached as Exhibit 5 to the Complaint, fails to comply with the two minimum statutory requirements set forth above.[3]  The Ossowski Agreement was entered into in connection with the commencement of Mr. Ossowski's employment with KPM, evidenced by the fact that Mr. Ossowski signed the agreement on March 26, 2019, the same day KPM alleges that he became an employee of KPM.  *See* Compl., ¶ 36, Exhibit 5.  Therefore, the Act requires that the agreement "expressly state that [Mr. Ossowski] has the right to consult with counsel prior to signing." M. G. L. c. 149, § 24L(b)(i).  The Ossowski Agreement contains no such language.  Furthermore, the non-competition provision of the Ossowski Agreement is not supported by a garden leave clause or other mutually agreed-upon consideration that is specified in the agreement, as required by the Act.  *See* M. G. L. c. 149, § 24L(b)(vii).  Accordingly, the Ossowski Agreement is not valid and enforceable in Massachusetts and, for this additional reason, Count VI should be dismissed with prejudice.

## **CONCLUSION**

For the foregoing reasons, Philip Ossowski respectfully requests that this motion be granted and that all Counts (I-VI, VIII, and IX) be dismissed with prejudice.

---

Agreement was signed on Mr. Ossowski's first day of work on March 26, 2019 (Compl., ¶ 36 & Ex. 5), strongly inferring that Mr. Ossowski did not see the agreement until his first day on the job.

[3] On a motion to dismiss, the court may consider exhibits attached to the complaint without converting the motion into one for summary judgment. *Freeman v. Town of Hudson*, 714 F.3d 29, 35-35 (1st Cir. 2013).

PHILIP OSSOWSKI,

  /s/ William L. Prickett
William L. Prickett (BBO #555341)
wprickett@seyfarth.com
Dallin R. Wilson (BBO #676662)
drwilson@seyfarth.com
Michael A. Kippins (BBO #688613)
mkippins@seyfarth.com
SEYFARTH SHAW LLP
Two Seaport Lane, Suite 300
Boston, MA 02210-2028
Tel: (617) 946-4800
Fax: (617) 946-4801

Dated:  May 13, 2021

## CERTIFICATE OF SERVICE

I hereby certify that, on May 13, 2021, this document was filed through the CM/ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.  Paper copies will be sent to those indicated as non-registered participants.

  /s/ Dallin R. Wilson
Dallin R. Wilson