UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KPM ANALYTICS NORTH AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> BLUE SUN SCIENTIFIC, LLC, THE INNOVATIVE TECHNOLOGIES GROUP & CO., LTD., ARNOLD EILERT, MICHELLE GAJEWSKI, ROBERT GAJEWSKI, RACHAEL GLENISTER, GREGORY ISRAELSON, IRVIN LUCAS, and PHILLIP OSSOWSKI, <br><br> Defendants. | CIVIL ACTION <br> NO. 21-10572-TSH |

**ORDER ON MOTION FOR EXPEDITED DISCOVERY (Docket No. 8) and CROSS MOTION TO STAY EXPEDITED DISCOVERY (Docket No. 38)**

**MAY 19, 2021**

**HILLMAN, D.J.,**

This is a trade secret theft, breach of contract, 93A, conversion, and unjust enrichment action brought by KPM Analytics North America ("KPM" or "Plaintiff") against its competitor Blue Sun Scientific, LLC ("Blue Sun") and seven of its former employees. KPM seeks a period of expedited discovery before the Court hears its motion for preliminary injunction. Defendants oppose the motion, arguing that the Court should not allow any discovery until the pending motions to dismiss are resolved.

After hearing, KPM's motion for expedited discovery (Docket No. 8) is ***granted in part*** and Defendants' cross motion to stay expedited discovery (Docket No. 38) ***is denied***.

**Discussion**

A party must show good cause to obtain expedited discovery before the Rule 26 conference. Fed. R. Civ. P. 26(b). The First Circuit has not articulated what constitutes good cause for expedited discovery, but multiple courts in this session have adopted the reasonableness standard from *Momenta Pharms.*, 765 F.Supp.2d 87, 88 (D. Mass. 2011). Under *Momenta Pharms.*, good cause for expedited discovery exists if the request is "reasonable . . . in light of all the circumstances," when considering "the purpose for the discovery, the ability of the discovery to preclude demonstrated irreparable harm, the plaintiff's likelihood of success on the merits, the burden of discovery on the defendant, and the degree of prematurity." *Id.* at 89.

KPM has demonstrated a reasonable likelihood of success on the merits of its preliminary injunction action, and I find that expedited discovery would provide a more fulsome record to consider the preliminary injunction and—should KPM prevail and obtain a preliminary injunction— enable the Court to design an equitable remedy that will prevent irreparable harm while the case is litigated. However, I agree with Defendants that the scope of the requested expedited discovery is too broad. Under L.R. 26.1(c), a party may not take more than ten depositions or produce more than two sets of requests for production against the opposing side (or group of parties with a common interest). Allowing Plaintiffs to conduct nine depositions and issue ninety requests for production[1] before the 26(f) conference would impose an unfair burden on Defendants by frontloading the discovery process. It also goes beyond what is needed for Plaintiff to supplement its brief in support of preliminary injunction.

---

[1] On May 17, 2021, Plaintiff filed a supplemental motion which lists 10 requests for production it proposes to issue to each of the 9 Defendants, for a total of 90 requests for production. (Docket No. 39).

2

Accordingly, I have limited KPM's proposed discovery and adopt the following scheduling order for expedited discovery:

1. Each side may issue up to ten requests for production of documents in total. Identical requests issued to multiple defendants do not count as the same request.

2. Plaintiff may conduct three depositions: one Rule 30(b)(6) deposition of each of the corporate defendants and one deposition of Robert Gajewski. The Corporate Defendants may take one deposition, and the Individual Defendants may take one deposition. No deponent may sit for a deposition longer than is allowed under Fed. R. Civ. P. 30(d)(1).

3. Requests for production must be served on or before May 21, 2021. Responses are due on or before June 11, 2021.

4. Depositions must be completed on or before July 9, 2021.

5. The Court will hear the motion for preliminary injunction by Zoom on July 16, 2021 at 2:30 pm. My Courtroom Deputy Martin Castles (martin_castles@mad.uscourts.gov) will email the parties the necessary log-in information in advance of the hearing. Counsel may email Mr. Castles any exhibits they plan to show the Court using the Zoom Screen Share feature in advance of the hearing.

6. Supplemental briefs are due on or before July 23, 2021.

7. I appoint Attorney Robert White of the firm of Bourgeois White of Worcester, Massachusetts as Special Master to deal with any discovery issues that arise during this expedited discovery period only. His fees shall be paid equally by the Plaintiff and Corporate Defendants, unless otherwise ordered by this Court.


**SO ORDERED.**

*/s/ Timothy S. Hillman*
**TIMOTHY S. HILLMAN**
**DISTRICT JUDGE**