UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KPM ANALYTICS NORTH AMERICA CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>BLUE SUN SCIENTIFIC, LLC; THE INNOVATIVE TECHNOLOGIES GROUP & CO., LTD; ARNOLD EILERT; MICHELLE GAJEWSKI; ROBERT GAJEWSKI; RACHAEL GLENISTER; GREGORY ISRAELSON; IRVIN LUCAS; and PHILIP OSSOWSKI,<br><br>Defendants. | Civil Action No. 4:21-cv-10572-TSH |

**DEFENDANTS BLUE SUN SCIENTIFIC, LLC AND
THE INNOVATIVE TECHNOLOGIES GROUP & CO., LTD'S
REPLY IN FURTHER SUPPORT OF THEIR MOTIONS TO DISMISS**

Defendants Blue Sun Scientific, LLC and The Innovative Technologies Group & Co., Ltd (the "Entity Defendants"), by their undersigned counsel, file this reply brief in further support of the Entity Defendants' Motion to Dismiss.

**ARGUMENT**

Plaintiff concedes, as it must, that the "exercise of jurisdiction is only proper if it is consistent with one of the enumerated eight specific grounds on which a nonresident defendant may be subjected to personal jurisdiction by a court of the Commonwealth." *TargetSmart Holdings, LLC v. GHP Advisors, LLC*, 366 F. Supp. 3d 195, 207 (D. Mass. 2019). As the Entity Defendants demonstrated in their Motion to Dismiss, Plaintiff fails in its Complaint to allege that its claims against the Entity Defendants arise out of any of the eight enumerated grounds for

personal jurisdiction under Massachusetts' long arm statute (M.G.L. c. 223A §3 *et seq.*). *See* Doc. 21 at 6. In its Opposition, Plaintiff now asserts that M.G.L. c. 233A 3(c) provides the basis on which this Court may exercise jurisdiction over the Entity Defendants under Massachusetts' long arm statute: "[a] court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a cause of action in law or equity arising from the person's . . . . causing tortious injury by an act or omission in this commonwealth."

Tellingly, however, Plaintiff's recitation of its allegations supporting jurisdiction detail only the actions of the Individual Defendants, not what the Entity Defendants have done within the forum. *See* Doc. at 50 at 5 (alleging variously that Individual Messrs. Gajewski and Israelson had Blue Sun email addresses while working at KPM; that Mr. Israelson sent an email from his Blue Sun account to his KPM account a link for copying software; and that Mr. Gajewski provided to Blue Sun instances of Blue Sun using KPM's confidential data). Nowhere in Plaintiff's Opposition or Complaint is there a description of "an act or omission" in the Commonwealth by the Entity Defendants "causing tortious injury." The only specific factual allegation made by Plaintiff relating to the Entity Defendants' contact with Massachusetts is that Blue Sun[1] "regularly . . . communicat[ed]" with the Individual Defendants, who at one time were "employees of Plaintiff, a Massachusetts-based employer." Compl. ¶ 16. This allegation is insufficient for this Court's exercise of personal jurisdiction over the Entity Defendants.

The cases Plaintiff cites in its Opposition do not support Plaintiff's arguments to the contrary. In *Ealing Corp. v. Harrods Ltd.*, 790 F.2d 978, 982 (1st Cir. 1986), the out of state defendant sent an allegedly false statement to a Massachusetts plaintiff located in the

---

[1] Plaintiff does not specifically allege that ITGC communicated with Plaintiff's former employees, the Individual Defendants. Plaintiff hardly mentions ITGC at all, except in its recital of the elements of its various claims against the Entity Defendants.

Commonwealth, an act which the Court construed as making a false statement within the commonwealth.  The decision in *The Scuderi Group, LLC. v. LGD Tech., LLC*, 575 F. Supp. 2d 312 (D. Mass 2008) is unavailing for the same reason, as the court there reasoned that persistent false statements made by the out-of-state defendant to a plaintiff in Massachusetts constituted acts or omissions within the Commonwealth.  *Id.* 575 F. Supp. 319-320.  For similar reasons, Plaintiff misconstrues the trial court's decision in *Captivate, LLC v. Datalock Sys., Inc.*, 1984CV02429BLS2, 2019 WL 7707968 (Mass. Super. Dec. 10, 2019).  The *Captivate* court, adopting the rationale of *Ealing* and *The Scuderi Group*, held that allegations that allegations that the out-of-state defendants made false representations to plaintiff in the Commonwealth were sufficient to state a *prima facie* case of personal jurisdiction under M.G.L. c. 223A §3(c).  Unlike the allegations in these decisions, Plaintiff here makes no allegation that the Entity Defendants have made false representations to Plaintiff in the Commonwealth (or in any other federal district for that matter).  These decisions do not show "that KPM has made the required prima facie showing" for then exercise of personal jurisdiction, and this Court should accordingly dismiss the Entity Defendants due to lack of personal jurisdiction under Massachusetts' long arm statute.

Plaintiff's attempt to bring the Entity Defendants within the jurisdiction of this Court under the Due Process Clause of the Fourteenth Amendment fares no better.  First, Plaintiff concedes, as it must, that this Court does not have general jurisdiction over the Entity Defendants as these defendants do not have the requisite "continuous and systematic" contacts with the Commonwealth "to render it essentially home."  *Daimler AG v. Bauman*, 571 U.S. 117, 126 (2014); *see* Doc. 50 at 5 (omitting an analysis of general jurisdiction).

A court may assert specific jurisdiction over a nonresident defendant only if a plaintiff demonstrates that "(1)[their] claim directly arises out of or relates to the defendant's forum-state

3

activities; (2) the defendant's contacts with the forum state represent a purposeful availment of the privilege of conducting activities in that state, thus invoking the benefits and protections of that state's laws and rendering the defendant's involuntary presence in that state's courts foreseeable; and (3) the exercise of jurisdiction is ultimately reasonable." *Scottsdale Capital Advisors Corp. v. The Deal, LLC*, 887 F. 3d 17, 20 (1st Cir. 2018). "Failure to make any one of these showings dooms any effort to establish specific personal jurisdiction." *Id.*

Plaintiff relies on *Astro-Med, Inc. v. Nihon Kohden America, Inc.*, 591 F.3d 1 (1st Cir. 2008) to argue that specific jurisdiction exists over the Entity Defendants, but a close reading of *Astro-Med* reveals the fatal deficiencies in Plaintiff's allegations. In *Astro-Med*, the First Circuit court found that a sufficient nexus existed between the out-of-state defendant's specific forum state activities and plaintiff's claims to satisfy the relatedness prong of the specific jurisdiction prong::

> Before Nihon Kohden hired Plant, it knew that Astro–Med was located in Rhode Island, that Plant had entered into the Employee Agreement in Rhode Island, that the contract specified it would be governed by Rhode Island law, that the contract contained non-competition and non-disclosure provisions, and that by virtue of the contract, Plant had consented to the exclusive jurisdiction of the courts of Rhode Island over any disputes related to the contract. Further, Nihon Kohden had sought and obtained legal advice that by hiring Plant, it was exposing itself to some legal risk. Thus, Nihon Kohden knew that by employing Plant, it was running the risk that Plant would thereby have breached his Rhode Island contract with a Rhode Island company and any ensuing suit would be initiated in Rhode Island and interpreted under Rhode Island law.

Plaintiff here makes none of the very specific allegations Plaintiff in *Astro-Med* made. With respect to the employment agreements of the Individual Defendants, Plaintiff makes one conclusory allegation in ¶121 of its Complaint, in its Tortious Interference with Contract Count (Count VII) that the Entity Defendants "were aware" of the Individual Defendants' employment contracts. Doc. 1 at ¶121. Plaintiff's Complaint otherwise contains no other allegation similar to those alleged in *Astro*-Med. The Entity Defendants have already demonstrated in their Motion to

4

Dismiss that Plaintiff's threadbare recitals of the elements of a tortious interference with contract claim are insufficient to state a claim under Rule 12(b)(6) in this circuit. *See* Doc. 21 at 16; *Ocasio-Hernandez c. Fortuno-Burset*, 640 F. 3d 1, 12 (1st Cir. 2011) ("A plaintiff is not entitled to 'proceed perforce' by virtue of allegations that merely parrot the elements of the cause of action."). Plaintiff's lone, conclusory allegation that the Entity Defendants were aware of the employment agreements of the Individual Defendants is likewise insufficient to establish specific jurisdiction under the *Astro-Med*.

| | |
|---|---|
| Date: June 17, 2021 | BLUE SUN SCIENTIFIC, LLC, and THE INNOVATIVE TECHNOLOGIES GROUP & CO., LTD, |

Christopher R. O'Hara (BBO #548611)
cohara@toddweld.com
Maria T. Davis (BBO# 675447)
mdavis@toddweld.com
TODD & WELD LLP
One Federal Street, 27th Floor
Boston, MA 02110
Tel: (617) 720-2626
Fax: (617) 227-5777


*/s/ George F. Ritchie*
George F. Ritchie (*pro hac vice*)
gritchie@gfrlaw.com
Royal Craig (*pro hac vice)*
rcraig@gfrlaw.com
James D. Handley (*pro hac vice*)
jhandley@gfrlaw.com

GORDON FEINBLATT LLC
1001 Fleet Street, Suite 700
Baltimore, MD 2102
Tel: (410) 576-4000

## **CERTIFICATE OF SERVICE**

I hereby certify that, on June 17, 2021, this document was filed through the CM/ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.  Paper copies will be sent to those indicated as non-registered participants.

                                    */s/  George F. Ritchie*
                                    George F. Ritchie

8886488.1 58144/146507 06/08/2021