# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| KPM ANALYTICS NORTH AMERICA CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>BLUE SUN SCIENTIFIC, LLC; THE INNOVATIVE TECHNOLOGIES GROUP & CO., LTD; ARNOLD EILERT; MICHELLE GAJEWSKI; ROBERT GAJEWSKI; RACHAEL GLENISTER; GREGORY ISRAELSON; IRVIN LUCAS; and PHILIP OSSOWSKI,<br><br>Defendants. | Civil Action No. 4:21-cv-10572-TSH |
| ARNOLD EILERT and ROBERT GAJEWSKI,<br><br>Counterclaim Plaintiffs,<br><br>v.<br><br>KPM ANALYTICS NORTH AMERICA CORPORATION,<br><br>Counterclaim Defendant. | |

## INDIVIDUAL DEFENDANTS' ANSWER TO VERIFIED COMPLAINT AND ARNOLD EILERT AND ROBERT GAJEWSKI'S COUNTERCLAIM

Defendants Arnold Eilert, Robert Gajewski, Rachael Glenister, and Irvin Lucas (the "Individual Defendants")[1] respond to the Verified Complaint ("Complaint") of Plaintiff KPM Analytics North America Corporation ("KPM") as follows:

---

[1] Each of KPM's claims against Defendants Michelle Gajewski, Gregory Israelson, and Philip Ossowski were dismissed pursuant to the Court's July 15, 2021 Order and Memorandum on Defendants' Motions to Dismiss [ECF No. 64].

1.      The Individual Defendants deny the allegations contained in Paragraph 1 of the Complaint, except admit that KPM operates a business unit named Unity Scientific, which makes and markets instruments that analyze the composition of various substances found in many common products.

2.      The Individual Defendants deny the allegations of Paragraph 2 of the Complaint, except admit that Arnold Eilert, Michelle Gajewski, Robert Gajewski, Rachael Glenister, Gregory Israelson, Irvin Lucas, and Philip Ossowski are former employees of KPM.

**Parties**

3.      Admitted.

4.      Admitted.

5.      Admitted.

6.      Admitted.

7.      Admitted that Mrs. Gajewski resides in North Aurora, Illinois, denied that she is a defendant in this case.

8.      Admitted.

9.      Admitted.

10.      Denied.

11.      Admitted.

12.      Admitted that Mr. Ossowski resides in Midland, North Carolina, denied that he is a defendant in this case.

**Jurisdiction and Venue**

13.      Paragraph 13 of the Complaint asserts legal conclusions to which no response is required.  The extent one is required, the Individual Defendants deny the allegations of paragraph 13.

14.     The Individual Defendants deny the allegations of Paragraph 14 of the Complaint, except admit that the Plaintiff and Defendants are citizens of different states.

15.     Denied.

16.     Denied.

17.     Denied.

18.     The Individual Defendants deny the allegations of Paragraph 18 of the Complaint, except admit that KPM is in the business of manufacturing machines to perform spectrographic analyses and that that line of business is run through a business unit called Unity Scientific.

19.     The Individual Defendants lack sufficient information to admit or deny the allegations of Paragraph 19 of the Complaint, and therefore deny the same.

20.     The Individual Defendants lack sufficient information to admit or deny the allegations of Paragraph 20 of the Complaint, and therefore deny the same.

21.     Admitted.

22.     The Individual Defendants deny the allegations of Paragraph 22 of the Complaint, except admit that Unity Scientific introduced one or more of the models identified in Paragraph 22 of the Complaint.

23.     The Individual Defendants lack sufficient information to admit or deny the allegations of Paragraph 23 of the Complaint, and therefore deny the same.

24.     The Individual Defendants deny the allegations of Paragraph 24 of the Complaint, except admit that KPM's products need to integrate observed results with calibration data in order to perform specific analyses for specific constituents.

25.     Admitted.

26.     Denied.

27.     Denied.

3

28.     Denied.

29.     Denied.

30.     The Individual Defendants lack sufficient information to admit or deny the allegations of Paragraph 30 of the Complaint, and therefore deny the same.

31.     The Individual Defendants deny the allegations of Paragraph 31 of the Complaint, except admit that KPM's source code was stored using GitHub at the time they were KPM employees.

32.     The Individual Defendants deny the allegations of Paragraph 32 of the Complaint, except admit that Mr. Eilert became an employee of Unity on or about January 2, 2003, that he had access to certain customer information which was not otherwise known to him from years of working with such customers at a variety of emplyers, that his last day of employment with KPM was December 31, 2020, and that he is now an employee of Blue Sun.  The Individual Defendants deny KPM's characterization of the documents attached as Exhibits to the Complaint, which speak for themselves.

33.     The Individual Defendants deny the allegations of Paragraph 33 of the Complaint, except admit that Ms. Glenister became an employee of Unity on or about August 24, 2015, that she executed the Glenister Agreement, that she had access to KPM's certain customer information, much of which she already knew from her prior employment at Perten Instruments where she worked with many of the same customers she worked with at KPM, that her final day as an employee of KPM was July 10, 2020, and that she is now an employee of Blue Sun.  The Individual Defendants deny KPM's characterization of the documents attached as Exhibits to the Complaint, which speak for themselves.

34.     Mr. Israelson has been dismissed from this case, so the Individual Defendants do not need to respond to Paragraph 34 of the Complaint, and therefore deny the same.

35.     The Individual Defendants deny the allegations of Paragraph 35 of the Complaint, except admit that Mr. Lucas began his employment with Unity on January 5, 2015, that he signed the Lucas Agreement, that he had access to KPM's certain customer information which was not otherwise known to him from years of working with such customers, and that he is now Blue Sun's President.  The Individual Defendants deny KPM's characterization of the documents attached as Exhibits to the Complaint, which speak for themselves.

36.     Mr. Ossowski has been dismissed from this case, so the Individual Defendants do not need to respond to Paragraph 36 of the Complaint, and therefore deny the same.

37.     The Individual Defendants deny the allegations of Paragraph 37 of the Complaint, except admit that Mr. Gajewski became an employee of Unity in 2003 and was employed until February 1, 2019, that he signed the Robert Gajewski Agreement, that he stopped being an employee on January 31, 2019, that he subsequently became an independent contractor with KPM (and others) from February 1, 2019 until May 13, 2019, that he resumed employment with KPM on May 13, 2019, that he had access to KPM's datasets, source code, and certain customer information which was not otherwise known to him from years of working with such customers at prior employers, and that KPM terminated his employment on or about April 5, 2021.  The Individual Defendants deny KPM's characterization of the documents attached as Exhibits to the Complaint, which speak for themselves.

38.     Mrs. Gajewski has been dismissed from this case, so the Individual Defendants do not need to respond to Paragraph 38 of the Complaint, and therefore deny the same.

39.     Denied.

40.    The Individual Defendants deny the allegations of Paragraph 40 of the Complaint, except admit that Blue Sun is selling its Phoenix NIR Analyzer.

41.    Denied.

42.    The Individual Defendants deny the allegations of Paragraph 42 of the Complaint, except admit that Mr. Eilert sent the referenced January 11 Email.  The Individual Defendants deny KPM's characterization of the documents attached as Exhibits to the Complaint, which speak for themselves.

43.    The Individual Defendants deny the allegations of Paragraph 43 of the Complaint, except admit that Mr. Israelson received the referenced July 9 Email and that the greg@bluesunscientific.com email address was used by Mr. Israelson.  The Individual Defendants deny KPM's characterization of the documents attached as Exhibits to the Complaint, which speak for themselves.

44.    Admitted.

45.    The Individual Defendants deny the allegations of Paragraph 45 of the Complaint, except admit that Lamb Weston sent the referenced August 14 Email to Mr. Gajewski and Mrs. Gajewski and that Mr. Gajewski was employed by KPM on August 14, 2019.

46.    The Individual Defendants deny the allegations of Paragraph 46 of the Complaint, except admit that UPS sent an email to Mrs. Gajewski advising her (and Mr. Gajewski) that a package had been delivered to Blue Sun.

47.    The Individual Defendants deny the allegations of Paragraph 47 of the Complaint, except admit that UPS sent Mrs. Gajewski an email updating her (and Mr. Gajewski) on the status of a package sent to Post Foods.

48.     The Individual Defendants deny the allegations of Paragraph 48 of the Complaint, except admit that Olam sent the referenced January 17 Email Chain to Mr. Gajewski and Mr. Lucas.

49.     The Individual Defendants deny the allegations of Paragraph 49 of the Complaint, except admit that Ron Piett of A&L Canada Laboratories forwarded the referenced January 14 Email Chain to Mr. Eilert and that Mr. Eilert forwarded the January 21 Email from his KPM email account to his personal email account.

50.     The Individual Defendants deny the allegations of Paragraph 50 of the Complaint, except admit that Mr. Gajewski and Mr. Lucas exchanged emails with ProAnalytics Pty Ltd., that ProAnalytics Pty Ltd. is an independent distributor of KPM's products in Australia, and that ProAnalytics Pty Ltd. purchased replacement parts from Blue Sun.

51.     The Individual Defendants deny the allegations of Paragraph 51 of the Complaint, except admit that the referenced March 26 Email was sent to Mr. Gajewski, that the purchase order attached to the email identifies the supplier as Blue Sun and references a quote given by Mr. Gajewski on March 23, 2020.

52.     The Individual Defendants deny the allegations of Paragraph 52 of the Complaint, except admit that Mrs. Gajewski received the referenced July 9, 2020 email from UPS.

53.     The Individual Defendants lack sufficient information to admit or deny the allegations of Paragraph 53 of the Complaint, and therefore deny the same.

54.     The Individual Defendants deny the allegations of Paragraph 54 of the Complaint, except admit that application notes created by Mr. Gajewski, for purposes of seeking to sell UCal licenses and UCal Runtime Licenses to Blue Sun to run on their Phoenix spectrometer devices lieu

of Alligator, were provided to Blue Sun and were published for a period of time on Blue Sun's website.

55.     Admitted.

56.     The Individual Defendants deny the allegations of Paragraph 56 of the Complaint, except admit that reference methods can vary depending on the product that is being analyzed.

57.     The Individual Defendants lack sufficient information to admit or deny the allegations of Paragraph 57 of the Complaint, and therefore deny the same.

58.     The Individual Defendants lack sufficient information to admit or deny the allegations of Paragraph 58 of the Complaint, and therefore deny the same.

59.     Denied.

60.     The Individual Defendants lack sufficient information to admit or deny the allegations of Paragraph 60 of the Complaint, and therefore deny the same.

61.     The Individual Defendants lack sufficient information to admit or deny the allegations of Paragraph 61 of the Complaint, and therefore deny the same.

62.     The Individual Defendants lack sufficient information to admit or deny the allegations of Paragraph 62 of the Complaint, and therefore deny the same.

63.     The Individual Defendants lack sufficient information to admit or deny the allegations of Paragraph 63 of the Complaint, and therefore deny the same.

64.     The Individual Defendants deny the allegations of Paragraph 64 of the Complaint, except admit that Blue Sun published the application notes as similar enough examples to ones which would be generated by a Phoenix analyzer, and that "Robga" refers to Mr. Gajewski as the creator of those notes.

65.     The Individual Defendants lack sufficient information to admit or deny the allegations of Paragraph 65 of the Complaint, and therefore deny the same.

66.     The Individual Defendants lack sufficient information to admit or deny the allegations of Paragraph 66 of the Complaint, and therefore deny the same.  Responding further, the Individual Defendants deny that the application notes published on Blue Sun's webpage contain results from spectroscopy performed on Blue Sun's Phoenix analyzer or that Blue Sun's Phoenix analyzer used KPM's datasets and other confidential information from Mr. Gajewski's computer.

67.     The Individual Defendants lack sufficient information to admit or deny the allegations of Paragraph 67 of the Complaint, and therefore deny the same.

68.     Admitted.

69.     Admitted.

70.     The Individual Defendants deny the allegations of Paragraph 70 of the Complaint, except admit that the author of the PDF is Mr. Gajewski.

71.     The Individual Defendants deny the allegations of Paragraph 71 of the Complaint, except admit the first sentence of Paragraph 71.

72.     The Individual Defendants lack sufficient information to admit or deny the allegations of Paragraph 72 of the Complaint, and therefore deny the same.

73.     The Individual Defendants lack sufficient information to admit or deny the allegations of Paragraph 73 of the Complaint, and therefore deny the same.

74.     The Individual Defendants lack sufficient information to admit or deny the allegations of Paragraph 74 of the Complain, and therefore deny the same.

75.     The Individual Defendants lack sufficient information to admit or deny the allegations of Paragraph 75 of the Complaint, and therefore deny the same.

76.     The Individual Defendants lack sufficient information to admit or deny the allegations of Paragraph 76 of the Complaint, and therefore deny the same.

77.     The Individual Defendants lack sufficient information to admit or deny the allegations of Paragraph 77 of the Complaint, and therefore deny the same.

78.     The Individual Defendants lack sufficient information to admit or deny the allegations of Paragraph 78 of the Complaint, and therefore deny the same.

79.     The Individual Defendants lack sufficient information to admit or deny the allegations of Paragraph 79 of the Complaint, and therefore deny the same.

80.     The Individual Defendants deny the allegations of Paragraph 80 of the Complaint, except admit that the application note referenced in the Complaint was created by Mr. Gajewski using his licensed version of UCAL and information stored on Mr. Gajewski's KPM computer, all for the sole purpose of seeking to persuade Blue Sun to buy UCal software for use on the Phoenix analyzers.

81.     The Individual Defendants lack sufficient information to admit or deny the allegations of Paragraph 81 of the Complaint, and therefore deny the same.

82.     Denied.

83.     The Individual Defendants deny the allegations of Paragraph 83 of the Complaint, except admit that Ms. Glenister did attempt to sell a device to Texas A&M Agrilife, but Texas A&M Agrilife ended the discussions when Ms. Glenister informed them that KPM could not meet the customer's requirements, and that Blue Sun received an order from Texas A&M Agrilife on or about April 20, 2020.

84.     Denied.

85.    Denied.

86.    Denied.

## Count I – Defend Trade Secrets Act 18 U.S.C. § 1836(b)(1)
## (Against All Defendants)

87.    Individual Defendants incorporate their responses to all foregoing paragraphs as if fully set forth herein.

88.    Denied.

89.    Denied.

90.    Denied.

91.    Denied.

92.    Denied.

93.    Denied.

94.    Denied.

95.    Denied.

96.    Denied.

97.    Denied.

## Count II – Misappropriation of Trade Secrets
## (Against All Defendants)

98.    Individual Defendants incorporate their responses to all foregoing paragraphs as if fully set forth herein.

99.    Denied.

100.    Denied.

101.    Denied.

## Count III – Breach of Contract
### (Against Individual Defendants)

102.     Individual Defendants incorporate their responses to all foregoing paragraphs as if fully set forth herein.

103.     Admitted.

104.     Denied.

105.     Denied.

## Count IV – Violation of Covenant of Good Faith and Fair Dealing
### (Against Individual Defendants)

106.     Individual Defendants incorporate their responses to all foregoing paragraphs as if fully set forth herein.

107.     Admitted.

108.     Denied.

109.     Denied.

## Count V – Breach of Duty of Loyalty
### (Against Individual Defendants)

110.     Individual Defendants incorporate their responses to all foregoing paragraphs as if fully set forth herein.

111.     Denied.

112.     Denied.

113.     Denied.

114.     Denied.

## Count VI – Breach of Contract
### (Against Individual Defendants Glenister, Israelson, Lucas and Ossowski)

115.     The Court has dismissed Count VI in its entirety and therefore the Individual Defendants are not required to respond to the allegations of this Paragraph.

116.    The Court has dismissed Count VI in its entirety and therefore the Individual Defendants are not required to respond to the allegations of this Paragraph.

117.    The Court has dismissed Count VI in its entirety and therefore the Individual Defendants are not required to respond to the allegations of this Paragraph.

118.    The Court has dismissed Count VI in its entirety and therefore the Individual Defendants are not required to respond to the allegations of this Paragraph.

<u>**Count VII – Tortious Interference with Contractual Relations**</u>
<u>**(Against Blue Sun and ITG)**</u>

119.    The allegations of this Paragraph do not pertain to Individual Defendants and therefore no response is required.

120.    The allegations of this Paragraph do not pertain to Individual Defendants and therefore no response is required.

121.    The allegations of this Paragraph do not pertain to Individual Defendants and therefore no response is required.

122.    The allegations of this Paragraph do not pertain to Individual Defendants and therefore no response is required.

123.    The allegations of this Paragraph do not pertain to Individual Defendants and therefore no response is required.

<u>**Count VIII – Conversion**</u>
<u>**(Against All Defendants)**</u>

124.    Individual Defendants incorporate their responses to all foregoing paragraphs as if fully set forth herein.

125.    Denied.

126.    Denied.

## Count IX – Unjust Enrichment
### (Against All Defendants)

127.    The Court has dismissed Count IX in its entirety and therefore the Individual Defendants are not required to respond to the allegations of this Paragraph.

128.    The Court has dismissed Count IX in its entirety and therefore the Individual Defendants are not required to respond to the allegations of this Paragraph.

129.    The Court has dismissed Count IX in its entirety and therefore the Individual Defendants are not required to respond to the allegations of this Paragraph.

130.    The Court has dismissed Count IX in its entirety and therefore the Individual Defendants are not required to respond to the allegations of this Paragraph.

## Count X – Violation of M.G.L. c. 93A, § 11
### (Against Blue Sun and ITG)

131.    The allegations of this Paragraph do not pertain to Individual Defendants and therefore no response is required.

132.    The allegations of this Paragraph do not pertain to Individual Defendants and therefore no response is required.

133.    The allegations of this Paragraph do not pertain to Individual Defendants and therefore no response is required.

134.    The allegations of this Paragraph do not pertain to Individual Defendants and therefore no response is required.

135.    The allegations of this Paragraph do not pertain to Individual Defendants and therefore no response is required.

136.    The allegations of this Paragraph do not pertain to Individual Defendants and therefore no response is required.

## JURY DEMAND

Individual Defendants demand a trial by jury on all claims so triable.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Each of KPM's claims fail to state a claim upon which relief can be granted.

### Second Affirmative Defense

KPM's breach of contract claims are barred because KPM's material breach of the contract excused performance by the Individual Defendants.

### Third Affirmative Defense

KPM's claims are barred by the doctrine of waiver and/or laches.

### Fourth Affirmative Defense

If KPM suffered any damages as alleged in the Complaint, which the Individual Defendants deny, such damages must be reduced due to KPM's failure to avoid or mitigate them.

### Fifth Affirmative Defense

The Individual Defendants give notice that they intend to rely upon such other and further defenses as may become available during its continuing investigation of KPM's allegations.

## COUNTERCLAIM

Arnold Eilert and Robert Gajewski (the "Counterclaim Plaintiffs") state as their counterclaim against KPM Analytics North America Corporation ("KPM") as follows:

### Parties

1.      Counterclaim Plaintiff Arnold Eilert is an individual residing in Wauconda, Illinois.

2.      Counterclaim Plaintiff Robert Gajewski is an individual residing in North Aurora, Illinois.

15

3.　　　Counterclaim Defendant KPM is a Delaware corporation with a principal place of business in Milford, Massachusetts.

**Jurisdiction and Venue**

4.　　　This Court has supplemental subject matter jurisdiction over Counterclaim Plaintiffs' claims pursuant to 28 U.S.C. § 1367 and Rule 13(a) of the Federal Rules of Civil Procedure.

**Facts**

5.　　　On or about September 30, 2008, in connection with his employment with Unity Scientific ("Unity"), now a division of KPM, Mr. Eilert executed a Confidentiality and Non-Competition Agreement (the "Eilert Agreement").

6.　　　Among its terms, the Eilert Agreement included a non-competition restrictive covenant that sought to preclude Mr. Eilert from competing with KPM for a period of one year after the termination of his employment with KPM.

7.　　　Section 2.E. of the Eilert Agreement further provides that in exchange for his entering into the non-competition portion of the Eilert Agreement, KPM agrees to pay Mr. Eilert severance in an amount equal to four months of his base salary, to be paid over a period of one year in equal quarterly installments.  Section 2.E. is not conditioned on KPM's enforcement of the non-competition clause or whether the non-competition clause is ultimately held to be enforceable. The sole condition on KPM's obligation to pay severance is that Mr. Eilert agree to the provision and take on the risk of enforcement.

8.　　　Mr. Eilert's last day of employment with KPM was December 31, 2020.

9.　　　Pursuant to the terms of the Eilert Agreement, KPM was required to pay Mr. Eilert an amount equal to one month of his base salary on or about March 31, 2021 and June 30, 2021, respectively.

10.     KPM failed to make any severance payment to Mr. Eilert on March 31, 2021 or on June 30, 2021.

11.     On September 25, 2008, in connection with his employment with Unity, Mr. Gajewski executed a Confidentiality and Non-Competition Agreement (the "Gajewski Agreement").

12.     Among its terms, the Gajewski Agreement included a non-competition restrictive covenant that sought to preclude Mr. Gajewski from competing against KPM for a period of one year after the termination of his employment with KPM.

13.     Section 2.E. of the Gajewski Agreement further provides that in exchange for his entering into the non-competition portion of the Gajewski Agreement, KPM agrees to pay Mr. Gajewski severance in an amount equal to four months of his base salary, to be paid over a period of one year in equal quarterly installments.  Section 2.E. is not conditioned on KPM's enforcement of the non-competition clause or whether the non-competition clause is ultimately held to be enforceable.  The sole condition on KPM's obligation to pay severance is that Mr. Gajewski agree to the provision and take on the risk of enforcement.

14.     Mr. Gajewski's last day of employment with KPM (as it pertains to the Gajewski Agreement) was January 31, 2019.

15.     Pursuant to the terms of the Gajewski Agreement, KPM was required to pay Mr. Gajewski an amount equal to four months of his base salary over the course of the following calendar year.

16.     KPM has failed to make any severance payment to Mr. Gajewski as required under the Gajewski Agreement.

## COUNT I: Breach of Contract
## (Eilert vs. KPM)

17.     Counterclaim Plaintiffs reallege and incorporate all foregoing paragraphs as if fully set forth herein.

18.     The Eilert Agreement contains a clear, unambiguous and unconditional requirement that KPM pay severance to Mr. Eilert after his employment ends.

19.     Mr. Eilert performed his duties under the Eilert Agreement.

20.     KPM breached the Eilert Agreement by failing to make the quarterly severance payments required to date under the contract.

21.     As a direct and proximate result of KPM's breach, Mr. Eilert has been damaged.

## COUNT II: Breach of Contract
## (Gajewski vs. KPM)

22.     Counterclaim Plaintiffs reallege and incorporate all foregoing paragraphs as if fully set forth herein.

23.     The Gajewski Agreement contains a clear, unambiguous and unconditional requirement that KPM pay severance to Mr. Gajewski after his employment ended in 2019.

24.     Mr. Gajewski performed his duties under the Gajewski Agreement.

25.     KPM breached the Gajewski Agreement by failing to make the quarterly severance payments required under the contract.

26.     As a direct and proximate result of KPM's breach, Mr. Gajewski has been damaged.

WHEREFORE, Counterclaim Plaintiffs respectfully request this Court:

a.      Enter judgment in Counterclaim Plaintiffs' favor on both counts;

b.      Award damages to Counterclaim Plaintiffs on account of their actual losses; and

c.      Award such other relief as the Court deems just and proper.

## JURY DEMAND

Counterclaim Plaintiffs demand a trial by jury on all claims so triable.

Date: July 29, 2021

ARNOLD EILERT, ROBERT GAJEWSKI, RACHAEL GLENISTER, and IRVIN LUCAS,

 /s/ William L. Prickett
William L. Prickett (BBO #555341)
wprickett@seyfarth.com
Dallin R. Wilson (BBO #676662)
drwilson@seyfarth.com
Michael A. Kippins(BBO #688613)
mkippins@seyfarth.com
SEYFARTH SHAW LLP
Two Seaport Lane, Suite 300
Boston, MA 02210-2028
Tel: (617) 946-4800
Fax: (617) 946-4801

## CERTIFICATE OF SERVICE

I hereby certify that, on July 29, 2021, this document was filed through the CM/ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing. Paper copies will be sent to those indicated as non-registered participants.

 /s/ Dallin R. Wilson
Dallin R. Wilson