## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS
### (Eastern Division)

| | |
|---|---|
| KPM ANALYTICS NORTH AMERICA CORP., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 4:21-cv-10572-TSH |
| | ) |
| BLUE SUN SCIENTIFIC, LLC, *et al.*, | ) |
| | ) |
| Defendants. | ) |
| | ) |

## DEFENDANTS BLUE SUN SCIENTIFIC, LLC AND
## THE INNOVATIVE TECHNOLOGIES GROUP & CO., LTD'S
## ANSWER TO VERIFIED COMPLAINT

Defendants Blue Sun Scientific, LLC ("Blue Sun") and The Innovative Technologies Group & Co., Ltd ("ITG," and collectively with Blue Sun, the "Entity Defendants"), by their undersigned counsel, hereby respond to Plaintiff KPM Analytics North America Corporation's ("KPM") Verified Complaint (the "Complaint").

1.     The Entity Defendants admit that KPM operates a business unit named Unity Scientific, which makes and markets instruments that analyze the composition of various substances found in many common products.   Otherwise, the Entity Defendants deny the remaining allegations contained in paragraph 1 of the Complaint.

2.     The Entity Defendants deny the allegations contained in paragraph 2.

### Parties

3.     The Entity Defendants admit the allegations contained in paragraph 3.

4.     The Entity Defendants admit the allegations contained in paragraph 4.

5.     The Entity Defendants admit the allegations contained in paragraph 5.

6.      The Entity Defendants admit the allegations contained in paragraph 6.

7.      By an Order and Memorandum dated July 15, 2021, this Court dismissed Mrs. Gajewski from this case, so the Entity Defendants need not respond.  To the extent a response is required, the Entity Defendants admit that Mrs. Gajewski resides in North Aurora, Illinois.

8.      The Entity Defendants admit the allegations contained in paragraph 8.

9.      The Entity Defendants admit the allegations contained in paragraph 9.

10.     The Entity Defendants admit the allegations contained in paragraph 10.

11.     The Entity Defendants admit the allegations contained in paragraph 11.

12.     By an Order and Memorandum dated July 15, 2021, this Court dismissed Mr. Ossowski from this case, so the Entity Defendants need not respond.  To the extent a response is required, the Entity Defendants admit that Mr. Ossowski resides in Midland, North Carolina.

## Jurisdiction and Venue

13.     Paragraph 13 asserts legal conclusions to which the Entity Defendants need not respond.  To the extent a response is required, the Entity Defendants deny the allegations contained in paragraph 13.

14.     The Entity Defendants deny the allegations contained in paragraph 14, except admit that Plaintiff and Defendants are citizens of different states.

15.     The Entity Defendants deny the allegations contained in paragraph 15.

16.     The Entity Defendants deny the allegations contained in paragraph 16.

17.     The Entity Defendants deny the allegations contained in paragraph 17.

## KPM Analytics' Business and Trade Secrets

18.     The Entity Defendants deny the allegations contained in paragraph 18, except admit that KPM is in the business of manufacturing machines to perform spectrographic analyses and that that line of business is run through a business unit called Unity Scientific.

19.     The Entity Defendants admit the allegations contained in paragraph 19.

20.     The Entity Defendants deny the allegations contained in paragraph 20.

21.     The Entity Defendants deny the allegations contained in paragraph 21.

22.     The Entity Defendants deny the allegations contained in paragraph 22, except admit that Unity Scientific introduced one or more of the models identified in paragraph 22.

23.     The Entity Defendants lack sufficient information to admit or deny the allegations contained in paragraph 23, and therefore deny the same.

24.     The Entity Defendants deny the allegations contained in paragraph 24, except admit that KPM's products need to integrate observed results with calibration data in order to perform specific analyses for specific constituents.

25.     The Entity Defendants deny the allegations contained in paragraph 25.

26.     The Entity Defendants deny the allegations contained in paragraph 26.

27.     The Entity Defendants deny the allegations contained in paragraph 27.

28.     The Entity Defendants deny the allegations contained in paragraph 28.

29.     The Entity Defendants deny the allegations contained in paragraph 29.

30.     The Entity Defendants lack sufficient information to admit or deny the allegations contained in paragraph 30, and therefore deny the same.

31.     The Entity Defendants lack sufficient information to admit or deny the allegations contained in paragraph 31, and therefore deny the same.

**The Individual Defendants Were Obligated to Maintain Plaintiff's Trade Secrets as Confidential and Many Agreed Not To Compete with KPM Analytics**

32.   The Entity Defendants deny the allegations contained in paragraph 32, except admit that Mr. Eilert became an employee of Unity on or about January 2, 2003, that he had access to certain customer information which was not otherwise known to him from years of working with such customers at a variety of employers, that his last day of employment with KPM was December 31, 2020, and that he is now an employee of Blue Sun.  The Entity Defendants also state that Exhibit 1 speaks for itself.

33.   The Entity Defendants deny the allegations contained in paragraph 33, except admit that Ms. Glenister became an employee of Unity on or about August 24, 2015, that she had access to KPM's certain customer information, much of which she already knew from her prior employment, that her final day as an employee of KPM was July 10, 2020, and that she is now an employee of Blue Sun.  The Entity Defendants also state that Exhibit 2 speaks for itself.

34.   By an Order and Memorandum dated July 15, 2021, this Court dismissed Mr. Israelson from this case, so the Entity Defendants need not respond to paragraph 34, and therefore deny the same.

35.   The Entity Defendants deny the allegations contained in paragraph 35, except admit that Mr. Lucas began his employment with Unity on January 5, 2015, that he had access to KPM's certain customer information which was not otherwise known to him from years of working with such customers, and that he is now Blue Sun's President.  The Entity Defendants also state that Exhibit 4 speaks for itself.

36.   By an Order and Memorandum dated July 15, 2021, this Court dismissed Mr. Ossowski from this case, so the Entity Defendants need not respond to paragraph 36, and therefore deny the same.

4

37.     The Entity Defendants deny the allegations contained in paragraph 37, except admit that Mr. Gajewski became an employee of Unity in 2003 and was employed until February 1, 2019, that he stopped being an employee on January 31, 2019, that he subsequently became an independent contractor with KPM (and others) from February 1, 2019 until May 13, 2019, that he resumed employment with KPM on May 13, 2019, that he had access to KPM's datasets, source code, and certain customer information which was not otherwise known to him from years of working with such customers at prior employers, and that KPM terminated his employment on or about April 5, 2021.  The Entity Defendants also state that Exhibit 6 speaks for itself.

38.     By an Order and Memorandum dated July 15, 2021, this Court dismissed Mrs. Gajewski from this case, so the Entity Defendants need not respond to paragraph 38, and therefore deny the same.

39.     The Entity Defendants deny the allegations contained in paragraph 39.

**Plaintiff Discovers and Investigates Blue Sun's**
**Misappropriation of Trade Secrets**

40.     The Entity Defendants deny the allegations contained in paragraph 40, except admit that Blue Sun is selling its Phoenix NIR Analyzer.

41.     The Entity Defendants deny the allegations contained in paragraph 41.

42.     The Entity Defendants deny the allegations contained in paragraph 42, except admit that Mr. Eilert sent the referenced January 11 Email, which speaks for itself.

43.     The Entity Defendants deny the allegations contained in paragraph 43, except admit that Mr. Israelson received the referenced July 9 Email, which speaks for itself, and that the greg@bluesunscientific.com email address was used by Mr. Israelson.

44.     The Entity Defendants lack sufficient information to admit or deny the allegations contained in paragraph 44, and therefore deny the same.  The Entity Defendants also state that Exhibit 10 speaks for itself.

45.     The Entity Defendants deny the allegations contained in paragraph 45, except admit that Lamb Weston sent the referenced August 14 Email, which speaks for itself, to Mr. Gajewski and Mrs. Gajewski and that Mr. Gajewski was employed by KPM on August 14, 2019.

46.     The Entity Defendants deny the allegations contained in paragraph 46, except admit that UPS sent an email to Mrs. Gajewski advising her (and Mr. Gajewski) that a package had been delivered to Blue Sun.

47.     The Entity Defendants deny the allegations contained in paragraph 47, except admit that UPS sent Mrs. Gajewski an email updating her (and Mr. Gajewski) on the status of a package sent to Post Foods.

48.     The Entity Defendants deny the allegations contained in paragraph 48, except admit that Olam sent the referenced January 17 Email Chain, which speaks for itself, to Mr. Gajewski and Mr. Lucas.

49.     The Entity Defendants lack sufficient information to admit or deny the allegations contained in paragraph 49, and therefore deny the same.  The Entity Defendants also state that Exhibits 13 and 14 speak for themselves.

50.     The Entity Defendants deny the allegations contained in paragraph 50, except admit that Mr. Gajewski and Mr. Lucas exchanged emails with ProAnalytics Pty Ltd., and that ProAnalytics Pty Ltd. purchased replacement parts from Blue Sun.  The Entity Defendants also state that Exhibit 15 speaks for itself.

51.     The Entity Defendants deny the allegations contained in paragraph 51, except admit that the referenced March 26 Email, which speaks for itself, was sent to Mr. Gajewski and that the purchase order attached to the email identifies the supplier as Blue Sun and references a quote given by Mr. Gajewski on March 23, 2020.

52.     The Entity Defendants lack sufficient information to admit or deny the allegations contained in paragraph 52, and therefore deny the same.

53.     The Entity Defendants lack sufficient information to admit or deny the allegations contained in paragraph 53, and therefore deny the same.

**Blue Sun's Public Use of Plaintiff's Trade Secrets**

54.     The Entity Defendants deny the allegations contained in paragraph 54, except admit that as of March 29, 2021, Blue Sun has published application notes on its website.

55.     The Entity Defendants admit the allegations contained in paragraph 55.

56.     The Entity Defendants deny the allegations of paragraph 56, except admit that reference methods can vary depending on the product that is being analyzed.

57.     The Entity Defendants lack sufficient information to admit or deny the allegations contained in paragraph 57, and therefore deny the same.

58.     The Entity Defendants lack sufficient information to admit or deny the allegations contained in paragraph 58, and therefore deny the same.

59.     The Entity Defendants deny the allegations contained in paragraph 59.

60.     The Entity Defendants lack sufficient information to admit or deny the allegations contained in paragraph 60, and therefore deny the same.

61.     The Entity Defendants lack sufficient information to admit or deny the allegations contained in paragraph 61, and therefore deny the same.

62.     The Entity Defendants deny the allegations contained in paragraph 62.

63.     The Entity Defendants deny the allegations contained in paragraph 63.

64.     The Entity Defendants deny the allegations contained in paragraph 64, except admit that Blue Sun published application notes and that "Robga" refers to Mr. Gajewski.

65.     The Entity Defendants lack sufficient information to admit or deny the allegations contained in paragraph 65, and therefore deny the same.

66.     The Entity Defendants lack sufficient information to admit or deny the allegations contained in paragraph 66, and therefore deny the same.

67.     The Entity Defendants lack sufficient information to admit or deny the allegations contained in paragraph 67, and therefore deny the same.

68.     The Entity Defendants admit the allegations contained in paragraph 68 and state that the screenshot speaks for itself.

69.     The Entity Defendants admit the allegations contained in paragraph 69 and state that Exhibit 17 speaks for itself.

70.     The Entity Defendants deny the allegations contained in paragraph 70, except admit that the author of the PDF is Mr. Gajewski.

71.     The Entity Defendants deny the allegations contained in paragraph 71, except admit that the Blue Sun Application Note – Skim Milk Powder contains four graphs.

72.     The Entity Defendants lack sufficient information to admit or deny the allegations contained in paragraph 72, and therefore deny the same.

73.     The Entity Defendants lack sufficient information to admit or deny the allegations contained in paragraph 73, and therefore deny the same.

74.     The Entity Defendants lack sufficient information to admit or deny the allegations contained in paragraph 74, and therefore deny the same.

75.     The Entity Defendants lack sufficient information to admit or deny the allegations contained in paragraph 75, and therefore deny the same.

76.     The Entity Defendants lack sufficient information to admit or deny the allegations contained in paragraph 76, and therefore deny the same.

77.     The Entity Defendants lack sufficient information to admit or deny the allegations contained in paragraph 77, and therefore deny the same.

78.     The Entity Defendants lack sufficient information to admit or deny the allegations contained in paragraph 78, and therefore deny the same.

79.     The Entity Defendants lack sufficient information to admit or deny the allegations contained in paragraph 79, and therefore deny the same.

80.     The Entity Defendants lack sufficient information to admit or deny the allegations contained in paragraph 80, and therefore deny the same.

81.     The Entity Defendants lack sufficient information to admit or deny the allegations contained in paragraph 81, and therefore deny the same.

**Lost Customers, Opportunities and Ongoing Damages Suffered by KPM Analytics**

82.     The Entity Defendants deny the allegations contained in paragraph 82.

83.     The Entity Defendants deny the allegations contained in paragraph 83, except admit that Blue Sun received an order from Texas A&M AgriLife on April 20, 2020 and amended it on July 20, 2020.

84.     The Entity Defendants deny the allegations contained in paragraph 84.

85.     The Entity Defendants deny the allegations contained in paragraph 85.

86.     The Entity Defendants deny the allegations contained in paragraph 86.

## Count I – Defend Trade Secrets Act 18 U.S.C. § 1836(b)(1)
### (Against All Defendants)

87.     The Entity Defendants incorporate and adopt their responses to all foregoing paragraphs as if fully set forth herein.

88.     The Entity Defendants deny the allegations contained in paragraph 88.

89.     The Entity Defendants deny the allegations contained in paragraph 89.

90.     The Entity Defendants deny the allegations contained in paragraph 90.

91.     The Entity Defendants deny the allegations contained in paragraph 91.

92.     The Entity Defendants deny the allegations contained in paragraph 92.

93.     The Entity Defendants deny the allegations contained in paragraph 93.

94.     The Entity Defendants deny the allegations contained in paragraph 94.

95.     The Entity Defendants deny the allegations contained in paragraph 95.

96.     The Entity Defendants deny the allegations contained in paragraph 96.

97.     The Entity Defendants deny the allegations contained in paragraph 97.

## Count II – Misappropriation of Trade Secrets
### (Against All Defendants)

98.     The Entity Defendants incorporate and adopt their responses to all foregoing paragraphs as if fully set forth herein.

99.     The Entity Defendants deny the allegations contained in paragraph 99.

100.    The Entity Defendants deny the allegations contained in paragraph 100.

101.    The Entity Defendants deny the allegations contained in paragraph 101.

**Count III – Breach of Contract**
**(Against Individual Defendants)**

102.   The allegations of paragraph 102 do not pertain to Entity Defendants and therefore no response is required.

103.   The allegations of paragraph 103 do not pertain to Entity Defendants and therefore no response is required.

104.   The allegations of paragraph 104 do not pertain to Entity Defendants and therefore no response is required.

105.   The allegations of paragraph 105 do not pertain to Entity Defendants and therefore no response is required.

**Count IV – Violation of Covenant of Good Faith and Fair Dealing**
**(Against Individual Defendants)**

106.   The allegations of paragraph 106 do not pertain to Entity Defendants and therefore no response is required.

107.   The allegations of paragraph 107 do not pertain to Entity Defendants and therefore no response is required.

108.   The allegations of paragraph 108 do not pertain to Entity Defendants and therefore no response is required.

109.   The allegations of paragraph 109 do not pertain to Entity Defendants and therefore no response is required.

**Count V – Breach of Duty of Loyalty**
**(Against Individual Defendants)**

110.   The allegations of paragraph 110 do not pertain to Entity Defendants and therefore no response is required.

111.    The allegations of paragraph 111 do not pertain to Entity Defendants and therefore no response is required.

112.    The allegations of paragraph 112 do not pertain to Entity Defendants and therefore no response is required.

113.    The allegations of paragraph 113 do not pertain to Entity Defendants and therefore no response is required.

114.    The allegations of paragraph 114 do not pertain to Entity Defendants and therefore no response is required.

**Count VI – Breach of Contract**
**(Against Individual Defendants Glenister, Israelson, Lucas and Ossowski)**

115.    The allegations of paragraph 115 do not pertain to Entity Defendants and therefore no response is required.

116.    The allegations of paragraph 116 do not pertain to Entity Defendants and therefore no response is required.

117.    The allegations of paragraph 117 do not pertain to Entity Defendants and therefore no response is required.

118.    The allegations of paragraph 118 do not pertain to Entity Defendants and therefore no response is required.

**Count VII – Tortious Interference with Contractual Relations**
**(Against Blue Sun and ITG)**

119.    The Entity Defendants incorporate and adopt their responses to all foregoing paragraphs as if fully set forth herein.

120.    The Entity Defendants deny the allegations contained in paragraph 120.

121.    The Entity Defendants deny the allegations contained in paragraph 121.

122.    The Entity Defendants deny the allegations contained in paragraph 122.

123.    The Entity Defendants deny the allegations contained in paragraph 123.

## Count VIII – Conversion
### (Against All Defendants)

124.    The Entity Defendants incorporate and adopt their responses to all foregoing paragraphs as if fully set forth herein.

125.    The Entity Defendants deny the allegations contained in paragraph 125.

126.    The Entity Defendants deny the allegations contained in paragraph 126.

## Count IX – Unjust Enrichment
### (Against All Defendants)

127.    By an Order and Memorandum dated July 15, 2021, this Court dismissed Count IX in its entirety, so the Entity Defendants need not respond.

128.    By an Order and Memorandum dated July 15, 2021, this Court dismissed Count IX in its entirety, so the Entity Defendants need not respond.

129.    By an Order and Memorandum dated July 15, 2021, this Court dismissed Count IX in its entirety, so the Entity Defendants need not respond.

130.    By an Order and Memorandum dated July 15, 2021, this Court dismissed Count IX in its entirety, so the Entity Defendants need not respond.

## Count X – Violation of M. G. L. c. 93A, § 11
### (Against Blue Sun and ITG)

131.    The Entity Defendants incorporate and adopt their responses to all foregoing paragraphs as if fully set forth herein.

132.    Paragraph 132 contains a legal statement that requires no response.  To the extent paragraph 132 purports to characterize the law, Defendants deny that characterization.

133.    Paragraph 133 contains a legal statement that requires no response.  To the extent paragraph 133 purports to characterize the law, Defendants deny that characterization.

134.    The Entity Defendants deny the allegations contained in paragraph 134.

135.    The Entity Defendants deny the allegations contained in paragraph 135.

136.    The Entity Defendants deny the allegations contained in paragraph 136.

## JURY DEMAND

The Entity Defendants demand a trial by jury on all claims so triable.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Each of KPM's claims fail to state a claim upon which relief can be granted.

### Second Affirmative Defense

KPM's claim fail for lack of personal jurisdiction.

### Third Affirmative Defense

KPM's claims fail for improper venue.

### Fourth Affirmative Defense

KPM's claims are barred by the doctrine of waiver and/or laches.

### Fifth Affirmative Defense

KPM's claims are barred by the doctrine of estoppel.

### Sixth Affirmative Defense

If KPM suffered any damages as alleged in the Complaint, which the Entity Defendants deny, such damages must be reduced due to KPM's failure to avoid or mitigate them.

*Seventh Affirmative Defense*

The Entity Defendants give notice that they intend to rely upon such other and further defenses as may become available during their continuing investigation of KPM's allegations.

Respectfully submitted,

Date:  August 12, 2021

/s/  Maria T. Davis
Maria T. Davis (BBO# 675447)
Christopher R. O'Hara (BBO# 548611)
mdavis@toddweld.com
cohara@toddweld.com
TODD & WELD LLP
One Federal Street, 27th Floor
Boston, MS 02110
(617) 624-4721

/s/   Royal W. Craig
Royal W. Craig, Fed. Bar # 24546*
George F. Ritchie, Fed. Bar # 22408*
James D. Handley, Fed. Bar # 22408*
Gordon Feinblatt LLC
1001 Fleet Street, Suite 700
Baltimore, MD  21202
Tel. 410-576-4131
Fax. 410-576-4269
rcraig@gfrlaw.com
gritchie@gfrlaw.com
jhandley@gfrlaw.com

*\* pro hac vice*

*Attorneys for Defendants Blue Sun Scientific, LLC and The Innovative Technologies Group & Co., LTD*

## CERTIFICATE OF SERVICE

I hereby certify that, on August 12, 2021, a copy of the foregoing was served via the Court's ECF system upon all counsel of record.

/s/  Royal Craig
Royal Craig

15

John T. Gutkoski (BBO No. 567182)
Cesari & McKenna LLP
One Liberty Square, Suite 310
Boston, MA 02109
Phone: (617) 951-2500
JTG@c-m.com

and

Scott R. Magee (BBO No. 664067)
Paige Zacharakis (BBO No. 699108)
Morse, Barnes-Brown & Pendleton, P.C.
480 Totten Pond Road, 4th Floor
Waltham, MA 02451
Phone: (781) 622-5930
Fax: (781) 622-5933
smagee@morse.law
pzacharakis@morse.law

and

William L. Prickett (BBO #555341)
wprickett@seyfarth.com
Dallin R. Wilson (BBO #676662)
drwilson@seyfarth.com
Michael A. Kippins(BBO #688613)
mkippins@seyfarth.com
SEYFARTH SHAW LLP
Two Seaport Lane, Suite 300
Boston, MA 02210-2028
Tel: (617) 946-4800
Fax: (617) 946-4801