UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| KPM ANALYTICS NORTH AMERICA CORPORATION, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| *Plaintiff,* | | |
| v. | | |
| BLUE SUN SCIENTIFIC, LLC, THE INNOVATIVE TECHNOLOGIES GROUP & CO., LTD., ARNOLD EILERT, MICHELLE GAJEWSKI, ROBERT GAJEWSKI, RACHAEL GLENISTER, GREGORY ISRAELSON, IRVIN LUCAS, AND PHILIP OSSOWSKI | | Civil Action No. 4:21-CV-10572-TSH |
| *Defendants.* | | |
| ARNOLD EILERT and ROBERT GAJEWSKI, | | |
| *Plaintiffs-in-Counterclaim* | | |
| v. | | |
| KPM ANALYTICS NORTH AMERICA CORPORATION. | | |
| *Defendant-in-Counterclaim* | | |

**DEFENDANT-IN-COUNTERCLAIM KPM ANALYTICS NORTH AMERICA COPORATION'S ANSWER TO ARNOLD EILERT AND <u>ROBERT GAJEWSKI'S COUNTERCLAIMS</u>**

Defendant-in-Counterclaim, KPM Analytics North America Corporation ("KPM"), replies to Defendants and Plaintiffs-in-Counterclaim, Arnold Eilert and Robert Gajewski's (collectively referred to as "Plaintiffs-in-Counterclaim") Counterclaim as follows:

1. KPM has insufficient knowledge or information to form a belief regarding the truth of the allegations of paragraph 1.

2. KPM has insufficient knowledge or information to form a belief regarding the truth of the allegations of paragraph 2.

3. Admit that KPM is a Delaware corporation. As of June 1, 2021, KPM's principal place of business is in Westborough, Massachusetts and therefore denies the second half of the first sentence in paragraph 3.

## JURISDICTION AND VENUE

4. The allegations set forth in Paragraph 4 state a conclusion of law to which no response is required.

## FACTS

5. The document referred to in paragraph 5 speaks for itself. To the extent that any allegation in this paragraph is inconsistent with the document, such allegations are denied. Admitted that Unity Scientific is now owned by KPM.

6. The document referred to in paragraph 6 speaks for itself. To the extent that any allegation in this paragraph is inconsistent with the document, such allegations are denied.

7. The document referred to in paragraph 7 speaks for itself. To the extent that any allegation in this paragraph is inconsistent with the document, such allegations are denied.

8. Admitted.

9. Denied.

10. Admitted that KPM did not make any severance payments to Eilert. The remaining allegations in this paragraph are denied.

11. The document referred to in paragraph 11 speaks for itself. To the extent that any allegation in this paragraph is inconsistent with the document, such allegations are denied.

12. The document referred to in paragraph 12 speaks for itself. To the extent that any allegation in this paragraph is inconsistent with the document, such allegations are denied.

13. The document referred to in paragraph 13 speaks for itself. To the extent that any allegation in this paragraph is inconsistent with the document, such allegations are denied.

14. Denied.

15. Denied.

16. Admitted that KPM did not make any severance payments to Gajewski. The remaining allegations in this paragraph are denied.

## CAUSES OF ACTION

### COUNT I
**(Breach of Contract – Eilert vs. KPM)**

17. KPM repeats and realleges its answers to paragraphs 1 through 16.

18. The allegations set forth in Paragraph 18 state a conclusion of law to which no response is required. To the extent one is required, KPM denies the allegations of paragraph 18.

19. Denied.

20. The allegations set forth in Paragraph 20 state a conclusion of law to which no response is required. To the extent one is required, KPM denies the allegations of paragraph 20.

21. The allegations set forth in Paragraph 21 state a conclusion of law to which no response is required. To the extent one is required, KPM denies the allegations of paragraph 21.

## COUNT II
### (Breach of Contract – Gajewski vs. KPM)

22. KPM repeats and realleges its answers to paragraphs 1 through 21.

23. The allegations set forth in Paragraph 23 state a conclusion of law to which no response is required. To the extent one is required, KPM denies the allegations of paragraph 23.

24. Denied.

25. The allegations set forth in Paragraph 25 state a conclusion of law to which no response is required. To the extend one is required, KPM denies the allegations of paragraph 25.

26. The allegations set forth in Paragraph 26 state a conclusion of law to which no response is required. To the extent one is required, KPM denies the allegations of paragraph 26.

No response is required with respect Plaintiffs-in-Counterclaims' prayers for relief.

## AFFIRMATIVE DEFENSES

*First Affirmative Defense*

Plaintiffs-in-Counterclaim have failed to state a claim upon which relief may be granted.

*Second Affirmative Defense*

Plaintiffs-in-Counterclaim have suffered no damage as a result of any conduct of KPM.

*Third Affirmative Defense*

Plaintiffs-in-Counterclaim cannot recover because they failed to mitigate damages, if any.

*Fourth Affirmative Defense*

Plaintiffs-in-Counterclaims' damages, if any, were caused by their own conduct or the conduct of a third party.

*Fifth Affirmative Defense*

Plaintiffs-in-Counterclaims' claims are waived by their conduct with respect to the parties' agreements.

*Sixth Affirmative Defense*

Plaintiffs-in-Counterclaims' claims are barred because of their failure to provide the agreed upon consideration and to comply with other applicable contractual terms and conditions.

*Seventh Affirmative Defense*

Plaintiffs-in-Counterclaims' claims are barred for lack of consideration.

*Eighth Affirmative Defense*

Plaintiffs-in-Counterclaim are barred from recovery by their own material breaches.

*Ninth Affirmative Defense*

Plaintiffs-in-Counterclaim cannot recover because they have unclean hands.

*Tenth Affirmative Defense*

Plaintiffs-in-Counterclaim are barred from recovery by the doctrine of laches, waiver, and estoppel.

*Eleventh Affirmative Defense*

Plaintiffs-in-Counterclaims' claims are barred by the doctrine of recoupment and setoff.

*Additional Affirmative Defense*

KPM intends to rely on such other and further affirmative defenses as may become available or apparent during pre-trial proceedings in this case and reserves its right to amend this Answer and assert such defenses.

WHEREFORE, KPM respectfully requests:

1. That Plaintiffs-in-Counterclaim take nothing by way of their Counterclaims;
2. That the Counterclaims be dismissed in their entirety with prejudice;
3. For entry of judgment in favor of KPM, and against Plaintiffs-in-Counterclaim, on all causes of action;

4. That KPM be awarded its costs of suit;

5. That KPM be awarded its attorneys' fees incurred in defending this suit, as determined by the Court; and

6. That KPM be awarded such other and further relief as the Court may deem just and proper.

## JURY DEMAND

KPM demands a trial by jury on all counts so triable.

KPM Analytics North America Corporation,

By its attorneys,

*/s/ John T. Gutkoski*
John T. Gutkoski (BBO No. 567182)
Cesari & McKenna LLP
One Liberty Square, Suite 310
Boston, MA 02109
Phone: (617) 951-2500
JTG@c-m.com

**AND**

Scott R. Magee (BBO No. 664067)
Paige Zacharakis (BBO No. 699108)
Morse, Barnes-Brown & Pendleton, P.C.
480 Totten Pond Road, 4th Floor
Waltham, MA 02451
Phone: (781) 622-5930
Fax: (781) 622-5933
smagee@morse.law
pzacharakis@morse.law

Date: August 19, 2021

## Certificate of Service

This hereby certifies that on August 19, 2021, this document, filed through the ECF system under seal, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

/s/ Scott R. Magee
Scott R. Magee