UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KPM ANALYTICS NORTH AMERICA CORPORATION,<br>　　　　　　Plaintiff,<br>v.<br><br>BLUE SUN SCIENTIFIC, LLC, THE INNOVATIVE TECHNOLOGIES GROUP & CO., LTD., ARNOLD EILERT, ROBERT GAJEWSKI, RACHEL GLENISTER, and IRVIN LUCAS<br>　　　　　　Defendants. | CIVIL ACTION<br>NO. 4:21-CV-10572-TSH |

## PRELIMINARY INJUNCTION ORDER

**August 23, 2021**

This matter comes before the Court upon consideration of Plaintiff KPM Analytics North America Corporation's ("KPM" or the "Plaintiff") Motion for Preliminary Injunction ("Motion") pursuant to Rule 65 of the Federal Rules of Civil Procedure.

Based upon the Verified Complaint, the Motion for Preliminary Injunction, the Memoranda of Law in Support of the Plaintiff KPM Analytics North America Corporation's Motion for Preliminary Injunction, and all of the supporting materials, records, files, and proceedings, and good cause appearing, therefore, the Court enters the following Order:

### Findings

1. All conditions precedent to the entry of this relief having been satisfied, valid grounds for a Preliminary Injunction have been established.

2. KPM has a reasonable likelihood of success on the merits of its claims that the Corporate Defendants, Blue Sun Scientific, LLC ("Blue Sun") and The Innovative Technologies Group & Co., Ltd. ("ITG"), have misappropriated the Plaintiff's trade secrets in violation of federal law 18 U.S.C. § 1836 and state law M.G.L. c. 93, §§ 42-42G, interfered with the Plaintiff's contractual relations, and violated M.G.L. c. 93A.

3. KPM has a reasonable likelihood of success on the merits of its claims that the Individual Defendants Arnold Eilert, Robert Gajewski, Rachael Glenister, and Irvin Lucas, have misappropriated the Plaintiff's trade secrets in violation of federal law 18 U.S.C. § 1836 and state law M.G.L. c. 93, §§ 42-42G, breached and are continuing to breach their employment agreements with KPM (the "NDAs"), breached the covenant of good faith and fair dealing, breached their duties of loyalty to the Plaintiff, and interfered with the Plaintiff's contractual relations.

4. Absent the relief provided herein, KPM will continue to suffer irreparable harm and injury, for which it has no adequate remedy at law. Upon consideration of these factors, the harm Defendants may suffer if injunctive relief is granted, the public interest and all of the legally required considerations, the Court determines that this Order should be entered, and this equitable relief should be granted.

Order

It is hereby ORDERED and ADJUDGED, that:

1. KPM's Motion for Preliminary Injunction is **GRANTED** in part;

2. Defendants and their agents, officers, employees and anyone acting on their behalf are prohibited from using, divulging, disclosing, furnishing, or making available for their own benefit or anyone else's benefit any of the Plaintiff's "Confidential Information" and trade secrets.

Confidential Information shall include Plaintiff's confidential and non-public information; documents and data concerning research and development activities; data sets and calibration data; source code; all copies of UCAL, USCAN or other software; technical specifications; show-how and know-how; marketing plans and strategies; pricing and costing policies; customer lists and information and accounts and nonpublic financial information.

3. If they have not already done so, Defendants must account for and return the information and materials they are in possession of and which belong to the Plaintiff, including any and all Confidential Information and trade secrets. This includes, but is not limited to, any and all USB or other computer drives and any copies of the contents thereof containing KPM Confidential Information in the possession of Robert Gajewski, or any other Defendant, and any and all KPM/Unity Near Infra-Red instruments, materials, equipment, supplies, components, parts, calibrations, electronic files, or physical files in the possession of Arnold Eilert;

4. Defendants Arnold Eilert, Robert Gajewski, Rachael Glenister, and Irvin Lucas are required to comply with all of the terms of their non-disclosure agreements with KPM and are prohibited from using, for their own and anyone else's benefit, or disclosing to anyone, any of KPM's trade secrets and Confidential Information.

5. The Individual Defendants and Blue Sun are prohibited for the duration of this Action from offering to provide or providing or offering to sell or selling to any party any services or products, including but not limited to any maintenance, hardware, software or data, related to any Near Infra-Red analyzer manufactured or sold by KPM or its predecessors in interest, including but not limited to analyzers manufactured or sold by Unity Scientific or Process Sensors Corporation.

6. Defendants are prohibited for the duration of this Action from offering to sell or selling any Phoenix Near-Infrared analyzer product to any party for which any Defendant has previously

offered to provide or provided or offered to sell or sold any services or products related to any Near Infra-Red analyzer manufactured or sold by KPM or its predecessors in interest, including but not limited to analyzers manufactured or sold by Unity Scientific or Process Sensors Corporation from July 2, 2018 to the present.

7. KPM shall post a $70,000 bond or other security as a condition of the present Order.

This Order shall be binding upon the Defendants and all persons and/or entities who act in concert or participate with them who receive actual notice of this Order.

The above Order shall continue to be effective until the resolution of this case or such time as this Court issues a subsequent order revising or ending the above Order.

It is SO ORDERED.

ISSUED AT: 9:00 am.

Date:  August 23, 2021

                                                  ***Timothy S. Hillman***  
                                                  Timothy S. Hillman  
                                                  United States District Judge