UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KPM ANALYTICS NORTH AMERICA CORPORATION,<br><br>*Plaintiff,*<br><br>v.<br><br>BLUE SUN SCIENTIFIC, LLC, THE INNOVATIVE TECHNOLOGIES GROUP & CO., LTD., ARNOLD EILERT, MICHELLE GAJEWSKI, ROBERT GAJEWSKI, RACHAEL GLENISTER, GREGORY ISRAELSON, IRVIN LUCAS, AND PHILIP OSSOWSKI<br><br>*Defendants.* | Civil Action No. 4:21-CV-10572-LTS<br><br>Leave to file under seal<br><br>allowed July 8, 2022 (ECF No. 139) |

**PLAINTIFF KPM ANALYTICS NORTH AMERICA'S OPPOSITION TO ENTITY DEFENDANTS' MOTION TO COMPEL DISCOVERY AND EXTEND DISCOVERY SCHEDULE TO ALLOW COMPLETION OF FACT DISCOVERY REGARDING DAMAGES**

Fact discovery has closed in this case for a second time. It should not be reopened for defendants to ask questions that (1) they could have asked previously but chose not to ask, (2) concern information in defendants' possession that defendants produced designated as Attorney's Eyes Only and, therefore, is generally unknown to KPM Analytics North America Corporation's ("KPM") fact witnesses including its prepared corporate designee Mr. Eric Olson, and/or (3) concern monetary amounts contained in KPM's produced financial documents or opinions detailed in the Report of its damages expert. While defendants took their full compliment of depositions in this case, none lasted a full seven hours, with many less than half that, including Mr. Olson's.

The motion should be denied, and the parties should move forward with expert discovery on damages and then to a full trial on the merits.

1

**FACTUAL AND PROCEDURAL BACKGROUND**

I.  **DEFENDANTS' MISAPROPRIATION AND DIVERSION OF SPECIFIC CUSTOMERS LED THE COURT TO ISSUE ITS PRELIMINARY INJUCNTION, AND DEFENDANTS' TRANGRESSIONS WITH THOSE CUSTOMERS HAVE BEEN THE FOCUS OF BOTH PHASES OF FACT DISCOVERY CONDUCTED BY THE PARTIES OVER THE PAST YEAR.**

Defendants' most significant allegation is that 



. (*See* ECF 135 at 4; 135-2 at 4-5.)  Instead, Mr. Olson noted that

. (ECF 135-2 at 4-5.) Mr. Olson was being truthful. Most of that evidence lies in the emails, communications and other documents between defendants and those third-party customers that defendants have been forced to produce in this case, but which they have produced under Attorneys' Eyes Only designations. As a result, neither Mr. Olson nor anyone at KPM has access to them.

Those materials, however, and the customers they identify, are well known to counsel, to the defendants, and to a large degree to the Court. Those thousands of pages of documents have been the focus of the parties' discovery efforts, both during the expedited discovery leading to the Court's entry of the Preliminary Injunction in this case, and again during full fact discovery on the merits that recently concluded. It is pure sophistry for defendants to claim they are unaware of which customers they have attempted to, and in many cases succeeded in, confusing and moving from KPM to defendants.

Defendants The Innovative Technologies Group & Co. Ltd ("ITG") and its wholly owned subsidiary Blue Sun Scientific, LLC ("Blue Sun") (the "Entity Defendants") created Blue Sun and began its business by hiring away KPM employees Irvin Lucas, Robert Gajewski, Arnold Eilert, and Rachael Glenister (the remaining "Individual Defendants"). (Verified Compl., ECF No. 1 at ¶¶ 1-2; Order and Mem. on Plaintiff's Mot. for Prelim. Inj. ("PI Order"), ECF No. 93 at 3-9.) The

Individual Defendants then spent several months *while still employed at KPM* diverting many KPM customers to Blue Sun. (Verified Compl. ¶¶ 41, 44-45, 48-51; PI Order at 4-9.) When KPM learned of this treachery, it brought suit and alleged the details regarding three such customers that KPM had been able to identify from defendants' emails while still at KPM. (*See* ECF 135 at 6-7.)

KPM sought, and the Court granted, expedited discovery to learn in part how many more customers had been diverted by defendants. (ECF No. 44.) Over several months, defendants produced thousands of pages of emails and other communications with customers, almost all designated as Attorneys' Eyes Only, and KPM took hours of depositions focused on those communications, identifying ▮▮▮▮▮▮▮▮▮ by the time of its supplemental preliminary injunction briefing that it detailed in exhibits to the Declaration of Scott R. Magee at ECF No. 75 (all exhibit numbers referring to the exhibits to that declaration):



4887-7680-5672, v. 1

███████████)
████████████████████████████████████

The Court found that defendants' actions illustrated through this discovery constituted irreparable and ongoing harm to KPM, and preliminarily enjoined defendants from doing business with these customers or any others that had been customers of KPM prior to defendants' departures from KPM. ("Injunction", ECF No. 94.)

Following the entry of the Preliminary Injunction, the parties then engaged in full fact discovery on the merits. Again, much of that discovery involved documents and communications with customers produced by defendants as Attorney's Eyes Only materials, identifying further customers beyond the above-listed 27 companies. KPM's counsel spent hours of deposition time with defendants' witnesses focused on those customers and defendants' activities with them causing them to consider leaving, and in many cases actually to leave, KPM for Blue Sun, which KPM's counsel recently listed in supplemental interrogatory answers. (*See* Ex. A hereto, KPM's Supplemental Answer to Interrogatory No. 8 (at pp. 11-15), Answer to Interrogatory No. 14 (at pp. 21-22), Supplemental Answer to Interrogatory No. 14 (at pp. 22-23), Supplemental Answer to Interrogatory No. 15 (at pp. 23-25).)

Despite this intensive focus on defendants' actions with these specific customers throughout fact discovery, *defendants did not ask KPM's 30(b)(6) designee a single question about any of these customers*. This may have been because defendants know that most of their improper actions with these customers has been hidden from KPM and that KPM's representatives have not been able to review defendants' Attorney's Eyes Only documents and communications. Regardless of the reason, nothing prohibited defendants from asking KPM and Mr. Olson about any or all of these customers, KPM's current knowledge of them, current relationships with them,

last sale made to them, or service performed for them. Defendants had the names and the communications. They just chose not to ask.[1] Having so chosen, they have no right to do so now.

## II. DEFENDANTS' TWO GENERAL QUESTIONS ABOUT KPM'S DAMAGES THEORIES ARE UNKNOWN TO KPM ITSELF, ARE DETAILED IN KPM'S DAMAGES EXPERT'S REPORT, AND CAN BE ASKED OF ITS EXPERT.

Defendants establish no basis for an additional deposition by citing to two very general questions they did ask of Mr. Olson, but for which he did not know answers. Defendants asked him ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓. (ECF No. 135 at 4.) Mr. Olson was deposed on April 26, 2022. (ECF No. 135-2.) KPM's damages expert Mr. Neil Zoltowski did not complete and serve his damages expert report detailing KPM's damages until May 23, 2022 in accordance with the Court's schedule. (ECF No. 135-3.) Similarly, defendants asked Mr. Olson ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ (ECF No. 135 at 4.) KPM's counsel objected and instructed him not to answer because the time for that disclosure was not ripe. (*Id.*) Mr. Zoltowski has now included with his Report a complete list of documents and materials he considered. (*See* Ex. C attached hereto.)

Therefore, defendants now have all of the details of the damages KPM is seeking and all materials considered in developing Mr. Zoltowski's opinions on the calculation of those damages. To the extent defendants have further questions, they will have the opportunity shortly to depose Mr. Zoltowski. Moreover, not only did Mr. Olson (and all other personnel at KPM) not know those details back in April, he and they do not know those details today. Mr. Zoltowski considered and

---

[1] Defendants attach a portion of the parties' meet and confer correspondence to their motion, (ECF Nos. 135-4 and 135-5), but omit the response email from KPM's counsel noting defendant's failure to ask about any of these customers from all the other depositions in the case. (*See* Ex. B attached hereto.) Defendants provided no response or explanation before filing this motion.

reached his opinions based upon extensive information produced by defendants and marked Attorneys' Eyes Only. Counsel for KPM and Mr. Zoltowski are prohibited by the Court's Protective Order from sharing those details with Mr. Olson and KPM. Deposing Mr. Olson further on these questions would be fruitless.

### III. IF RELEVANT, KPM'S ANNUAL REVENUE FIGURES ARE CONTAINED IN DOCUMENTS KPM HAS PRODUCED AND NEED NOT BE MEMORIZED.

Defendants only other complaint is to take Mr. Olson to task ███████████ ███████████████████████████████████████. (ECF No. 135 at 4-5.) All defendants did was ask Mr. Olson ███████████████████ as a memory test. (ECF No. 135-2.) He provided the numbers he could remember for certain years. (*See id.*) They, notably, did not ask him any related questions such as whether those values increased or decreased, by how much, to what cause(s) does KPM attribute any changes, what steps did KPM take to address any changes, what does KPM understand to have been defendants' role in any changes, *etc.* (*See id.*)

KPM's expert Mr. Zoltowski ████████████████████████ in his Report. (*See generally* ECF No. 135-3.) However, when defendants' counsel complained about Mr. Olson not having been able to remember every value for every year, KPM's counsel identified the financial spreadsheets containing that information in KPM's production. (*See* Ex. B identifying KPM0067550-551.) Defendants had these documents prior to deposing Mr. Olson, but they did not put them in front of him to discuss KPM's revenues or any related questions. (*See generally* ECF No. 135-2.)

**ARGUMENT**

I.  **DEFENDANTS PROVIDE NO AUTHORITY AFFORDING THEM YET ANOTHER FACT DEPOSITION FOR INFORMATION THEY ALREADY POSSESS OR WHICH SHOULD BE THE SUBJECT OF EXPERT DISCOVERY.**

Fact discovery is not an endless process. "The scope of this discovery is limited by Rule 26, which permits a court to limit 'the frequency or extent of use of the discovery methods otherwise permitted' under the Federal Rules of Civil Procedure if it concludes that 'the discovery sought is unreasonably cumulative or duplicative'; 'can be obtained from another source that is more convenient, less burdensome, or less expensive'; [or] if 'the party seeking discovery has had ample opportunity to obtain the information by discovery';...." *Equal Employment Opportunity Commission v. Texas Roadhouse, Inc.*, Civil Action No. 11–11732–DJC, 2014 WL 4471521, at *2 (D. Mass. Sept. 9, 2014) (denying motion for additional 30(b)(6) deposition). This Court has refused to order additional fact depositions of corporate designees when the information sought is already contained in documents produced in the case. *Id.* at *4; *see also United States v. Mass. Indus. Financial Agency,* 162 F.R.D. 410, 412 (D. Mass. 1995) (denying additional deposition when no one at the party possessed the requested information and documents were available). It has also refused to do so when the information sought may be obtained by deposing the party's expert regarding the methodology or procedures employed. *EEOC,* 2104 WL 4471521 at *5.

These two scenarios cover all of defendants' concerns here. As detailed above, defendants' actions with each of the customers they have misappropriated are covered in detail in the many emails and documents produced by defendants themselves, as well as in the parties' extensive briefing and the Court's Orders on the Preliminary Injunction. Likewise, KPM's annual revenues and sales information are noted in the financial spreadsheets it has produced. The use that its damages expert Mr. Zoltowski has or has not made of this information, what additional information he considered, and his methodologies are all detailed in his Report. He will be

7

available to answer questions about his Report and his opinions at his expert deposition later this month.

Notably, defendants do not cite a single case or authority permitting the reopening of discovery or granting of an additional corporate designee deposition under these circumstances. (*See* Memorandum, at 6-8.) They certainly provide no support for the unlimited and open-ended additional inquiry into "damages" that they seek. (*See* Proposed Order.) They seem to think that KPM is obligated to make a fact witness memorize all of the facts and details underlying its legal theories and the opinions of KPM's damages expert, but that is neither realistic nor the law. *See SEC v. Present,* Civil Action No. 14-14692-LTS, 2016 WL10998439 at *2 (D. Mass. May 12, 2016) ("a Rule 30(b)(6) witness may not be expected to testify about the factual basis of legal theories."). "Even under the present-day liberal discovery rules, [the recipient of a Rule 30(b)(6) request] is not required to have counsel 'marshall all of its factual proof' and prepare a witness to be able to testify on a given defense or [ ]claim." *Id.* (internal quotations omitted).[2]

Defendants took their depositions. They asked the questions they chose to ask and elected not to follow up or delve very deeply into many of the subjects they noticed. They have the parties' extensive document productions. They have the Report of KPM's expert. Defendants have designated their own financial expert. They should allow him to prepare his own report and the case should move forward now to expert depositions and trial.

---

[2] This is particularly true regarding Mr. Zoltowski's opinions regarding defendants' unjust enrichment and any disgorgement thereof owed to KPM. Such theories largely involve information about the defendants' sales and actions rather than KPM's. *See Explorica, Inc. v. Elderhostel, Inc.,* Civil Action No. 09–11719–RGS, 2010 WL 1490077 at *1 (D. Mass. April 13, 2010). Defendants' suggestion to the contrary, therefore, lacks merit. (*See* ECF No. 135 at 5-6.)

## CONCLUSION

For all of these reasons, the Court should deny defendants' motion and not permit the requested additional fact deposition of a KPM corporate designee.

Respectfully submitted,

KPM Analytics North America Corporation,

By its attorneys,

/s/ John T. Gutkoski
John T. Gutkoski (BBO No. 567182)
Cesari & McKenna LLP
One Liberty Square, Suite 310
Boston, MA 02109
Phone: (617) 951-2500
JTG@c-m.com

**AND**

Scott R. Magee (BBO No. 664067)
Paige Zacharakis (BBO No. 699108)
Morse, Barnes-Brown & Pendleton, P.C.
480 Totten Pond Road, 4th Floor
Waltham, MA 02451
Phone: (781) 622-5930
Fax: (781) 622-5933
smagee@morse.law
pzacharakis@morse.law

July 8, 2022

## CERTIFICATE OF SERVICE

I hereby certify that on the 8th day of July, 2022, a true and correct copy of the foregoing document was filed in redacted form through the ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), with an unredacted version served to counsel of record via electronic mail.

/s/ Scott R. Magee
Scott R. Magee

4887-7680-5672, v. 1