UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| KPM ANALYTICS NORTH AMERICA CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>BLUE SUN SCIENTIFIC, LLC; THE INNOVATIVE TECHNOLOGIES GROUP & CO., LTD; ARNOLD EILERT; MICHELLE GAJEWSKI; ROBERT GAJEWSKI; RACHAEL GLENISTER; GREGORY ISRAELSON; IRVIN LUCAS; and PHILIP OSSOWSKI,<br><br>Defendants. | Civil Action No. 4:21-cv-10572-LTS |

**DEFENDANT THE INNOVATIVE TECHNOLOGIES GROUP & CO., LTD'S REPLY TO PLAINTIFF'S OPPOSITION TO MOTION FOR SUMMARY JUDGMENT AND REQUEST FOR HEARING**

Defendant The Innovative Technologies Group & Co., Ltd ("ITG"), by and through its undersigned counsel, hereby files this Reply to the Opposition of Plaintiff KPM Analytics North America Corporation ("KPM") to ITG's Motion for Summary Judgment and Request for Hearing.

1. <u>KPM Has Failed to Identify any Factual Dispute that would Preclude the Entry of Summary Judgment in ITG's Favor on a Direct Liability Theory.</u>

In its Opposition, KPM goes to great lengths to distract this Court's attention away from fundamental and undisputed facts that warrant the entry of summary judgment in ITG's favor on all counts in KPM's complaint. KPM first accuses ITG of ignoring "the factual findings made by the Court" in connection with the preliminary injunction proceedings. Dkt. 156 at 2. This is nonsense. KPM knows full well that the standards for the entry of summary judgment under Fed. R. Civ. Pro. 56 are vastly different than those for the grant of a preliminary injunction under Rule

2

65, which requires the Court to balance a set of factors including the "likelihood of success on the merits" of a claim.  *See Corp. Techs., Inc. v. Harnett*, 731 F.3d 6, 9 (1st Cir. 2013) (citing *Ross-Simons of Warwick, Inc. v. Baccarat, Inc.*, 102 F.3d 12, 15 (1st Cir. 1996)).  KPM must do far more than meet the test for the issuance of an injunction in opposing ITG's motion for summary judgment, and invoking the Court's prior injunction ruling is no substitute for demonstrating a genuine dispute of material fact exists that warrants a trial on the merits.  *CMM Cable Rep., Inc. v. Ocean Coast Props., Inc.*, 48 F.3d 618, 620 (1st Cir. 1995)( "[T]he purpose of a preliminary injunction is to preserve the status quo, freezing an existing situation so as to permit the trial court, upon full adjudication of the case's merits, more effectively to remedy discerned wrongs.").[1]

Tellingly, KPM's factual section in its Opposition regarding its direct claims against ITG is nearly identical to the fact section it includes in its Opposition to Defendants' Motion to Dissolve or Modify Preliminary Injunction.  *See* Dkt. 157 at 2-8.  Yet, those "facts" dealt with the alleged wrongdoing of Blue Sun, not ITG.  Despite the substantial discovery KPM has conducted in this case both prior and subsequent to the issuance of the injunction, KPM cannot dispute that:

* ITG did not misappropriate KPM's trade secrets;
* ITG was unaware of the KPM confidentiality agreements with the Individual Defendants prior to their hiring.
* ITG was unaware that Individual Defendants had allegedly misappropriated KPM trade secrets or breached confidentiality agreements.

Without such proof, all of KPM's claims fail.  *See* Dkt. 145 at 9-11.

---

[1] This Court's Preliminary Injunction Order recited very little evidence regarding ITG, but clearly recognized important differences between ITG and Blue Sun regarding liability.  *See* Dkt. 093 at 20( "KPM has shown a likelihood of success on its tortious interference claim against Blue, if not ITG;" ); 23("unlike ITG, Blue Sun did not service or sell Spectrastar services or products before this dispute").

9642182.1 58144/146507  8/19/22

2. <u>KPM Urges the Court to Adopt A Wrong Legal Standard in its Opposition.</u>

Faced with a fatal lack of relevant evidence, KPM's "solution" is to urge this Court to adopt incorrect legal standards under which to evaluate KPM's claims for misappropriation of trade secrets, tortious interference with contract, conversion and violation of M.G.L. c. 93A, §11. First, KPM argues that ITG must have liability for these claims because "the Individual Defendants' illegal efforts have been on behalf of the interests of ITG." Dkt. 156 at 5. But no case cited by KPM holds that mere benefit to a party can act as a stand-in for actual proof of wrongdoing. The decisions in *Data General*, *Curtis-Wright Corp.* and *Optos, Inc.* are all clear on this point: a party may be liable for misappropriation of a trade secret only if it "knowingly benefitted" from the alleged misappropriation. *Data General*, 795 F. Supp. 501, 507 (D. Mass. 1992). There is also no evidence to support a claim that ITG knowingly benefited from any wrongdoing by Blue Sun or the Individual Defendants. The best that KPM can do is to argue that that "there is at least a genuine dispute of material fact as to whether ITG knew [Mr.] Lucas had a contract with KPM" because "ITG and Wilt" . . . never asked about such a contract." *See* Dkt. 157 at 17.

KPM also sets out to create new law when it argues that ITG was under an obligation "to ask or otherwise investigate the employment status of Lucas and the other KPM employees hired by Blue Sun" and because ITG did not do so, ITG is liable to KPM for alleged torts committed by the Individual Defendants. Not a single case cited by KPM creates an affirmative duty to "investigate" the nature of the claims KPM has filed here, which duty would be akin to a negligence standard and inapplicable here. Whether or not ITG's derives "substantial revenue" from the sale of its M5/Phoenix machines, that fact cannot act as a substitute for evidence that ITG had knowledge of the alleged wrongdoing by Blue Sun and the Individual Defendants. The very

3

authority KPM cites in its motion makes such knowledge a prerequisite for continued prosecution of its claims, and KPM does not have such evidence. *See* Dkt. 156 at 10-13. The time has come for KPM to put forward its best evidence, rather than imploring this Court to allow it throw a "Hail Mary" in front of a jury. Having failed to produce sufficient evidence, KPM's claims against ITG should be dismissed.

3. <u>KPM is Not Entitled to Pursue an Unpled Claim for Piercing the Corporate Veil.</u>

Despite its frantic efforts to kick up a cloud of dust around its previously vague suggestions that it is pursuing an alter ego claim against ITG for Blue Sun's conduct, KPM fails to answer the fundamental questions posed in ITG's motion: why should KPM be allowed to pursue such an unpled claim which is reserved for defrauded third parties who contract with an alter ego's subsidiary or affiliate? Not a single case cited by KPM in its Opposition deals with the fact pattern at issue here – a company alleging misappropriation of trade secrets and tortious interference with contract against a known competitor in the market, rather than a breach of contract case against a contract partner who is unable to pay its debts. There is a reason for this absence – the doctrine of alter ego was created to protect a defrauded creditor in dealings with a shareholder or subsidiary of a parent corporation. *See Andretti Sports Marketing*, 147 F. Supp. 3d. 537, 561; *In re Flint*, 102 F.3d 223 (alter ego is not a cause of action). Here, KPM does not allege that Blue Sun defrauded it in some commercial transaction. Rather, KPM seeks to wield the alter ego doctrine as a sword to impose liability on ITG for alleged tortious acts. For this reason alone, the Court should bar KPM from pursuing such a theory. KPM's failure to plead such a claim should also bar KPM from pursuing it at trial.

Even if the Court allowed such a claim, it is painfully clear that KPM's attempt to pick and choose from the testimonial record in this case falls far short of the high standard courts have set

4

for allowing piercing of the corporate veil. No court has found the small amount of interaction between these companies equivalent to the "pervasive control" required under the twelve factor test, and this Court should not do so either. The Court should accordingly enter judgment on ITG's behalf with respect to any veil piercing claim KPM believes it has pursued in this case.

|  |  |
|---|---|
|  | BLUE SUN SCIENTIFIC, LLC, and THE INNOVATIVE TECHNOLOGIES GROUP & CO., LTD, |
| Dated: September 26, 2022 | /s/ Maria T. Davis_____ <br> Christopher R. O'Hara (BBO# 548611) <br> cohara@toddweld.com <br> Maria T. Davis (BBO# 6754477) <br> mdavis@toddweld.comg <br> Todd & Weld, LLP <br> One Federal Street <br> Boston, MA 02110 |
|  | /s/ George F. Ritchie_____ <br> George F. Ritchie*, #22408 (Pro Hac Vice) <br> Royal Craig*, Fed. Bar #24546 <br> GORDON FEINBLATT LLC <br> 1001 Fleet Street, Suite 700 <br> Baltimore, MD 21202 <br> Tel/Fax: (410) 576-4131 <br> gritchie@gfrlaw.com |

5

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of this document was served upon counsel of record by email on September 26, 2022.

                                                 */s/ George F. Ritchie*
                                                 George F. Ritchie

9642182.1 58144/146507 8/19/22