# Exhibit B

## (Contested Exhibits)

| Trial Ex. No. | Proffering Party | Bates Nos. | Description | KPM's Objection(s) | D's Objection(s) | Proffering Party Response |
|---|---|---|---|---|---|---|
| 18 | KPM | KPM-BS-000422 *through* KPM-BS-000423 | Irvin Lucas 2021 Dep. Ex. 21, 11/11/20 Email | n/a | FRE 802 - hearsay | This is a statement of party opponent, and in any event not being offered for the truth of the matter asserted.  It is being used to show that Bill Brown committed the acts of providing UCal info to the developer. |
| 20 | KPM | KPM-US-000378 | Irvin Lucas 2021 Dep. Ex. 23, 12/02/20 Email | n/a | FRE 802 - hearsay | This is a statement of party opponent, and in any event not being offered for the truth of the matter asserted.  It is being used to show that Bill Brown committed the acts of providing UCal info to the developer. |
| 41 | KPM | KPM-BS2-00001721 *through* KPM-BS2-00001722 | Irvin Lucas 2022 Dep. Ex. 24, 08/24/21 Email | n/a | FRE 402, 403 - irrelevant; prejudicial (portion of communication discussing preliminary injunction) | Relevant to show the work that Blue Sun was doing for KPM customers; Defendants' knowledge; no specific mention of the PI; Proabativeness outweighs any unfair prejudice |
| 42 | KPM | KPM-BS2-00001133 *through* KPM-BS2-00001134 | Irvin Lucas 2022 Dep. Ex. 28, 10/01/21 Email | n/a | FRE 402, 403 - irrelevant; prejudicial (portion of communication discussing preliminary injunction) | Relevant to show the work that Blue Sun was doing for KPM customers; Defendants' knowledge; no specific mention of the PI; Proabativeness outweighs any unfair prejudice |

| 43 | KPM | KPM-BS2-00001224 *through* KPM-BS2-00001228 | Irvin Lucas 2022 Dep. Ex. 30, 10/13/21 Email | n/a | FRE 402, 403 - irrelevant; prejudicial (portion of communication discussing preliminary injunction) | Relevant to show the work that Blue Sun was doing for KPM customers and possible violation of PI; Defendants' knowledge; no specific mention of the PI; Proabativeness outweighs any unfair prejudice |
| 44 | KPM | KPM-BS2-00001230 | Irvin Lucas 2022 Dep. Ex. 31, 10/28/21 Email | n/a | FRE 402, 403 - irrelevant; prejudicial (portion of communication discussing preliminary injunction) | Relevant to show what work Blue Sun was doing on SpectraStars and for KPM customers; reference to PI will be subject to MIL ruling |
| 66 | KPM | KPM-BS2-00001534 | Irvin Lucas 2022 Dep. Ex. 59, 08/16/21 Email | n/a | FRE 802 - hearsay | Not being offered for truth of the matter asserted; Offfered to Show knowledge, state of mind and intent of customer. |
| 128 | KPM | | Robert Gajewski: First Computer Drive Produced | n/a | No objection to introducing the existence of the drive, objection to any analysis of the contents of the drive or access to it (Fed. R. Civ. P. 37(c)(1). | Defendants produced the drive to KPM. It contains what it contains. |

| 129 | KPM | | Robert Gajewski: Second Computer Drive Produced | n/a | No objection to introducing the existence of the drive, objection to any analysis of the contents of the drive or access to it (Fed. R. Civ. P. 37(c)(1). | Defendants produced the drive to KPM. It contains what it contains. |
|---|---|---|---|---|---|---|
| 145 | KPM | KPM0002890-2891; KPM0002896-2897; KPM0002900-2901; KPM0002904-2905; KPM0002908-2912; KPM0002935-2936 | Michelle Gajewski Dep. Ex. 10, Emails | n/a | FRE 802 - hearsay | Not being offered for truth of the matter asserted; Ms. Gajewski's testimony addresses actions taken with regard to, and materials referenced by, these exhibits. |
| 163 | KPM | KPM0003877 | Rachael Glenister Dep. Ex. 13, 02/28/20 Email | n/a | FRE 802 - hearsay | Not being offered for the truth of the matter asserted, instead to show what work Blue Sun was doing for KPM customers |
| 335 | KPM | KPM0000831 *through* KPM0000834 | | n/a | FRE 403 - Relevance | Relevant to show KPM's actions regarding secrets and confidential information when employees leave KPM; Probativeness outweighs any potential prejudice. |
| 339 | KPM | KPM0000937 *through* KPM0000941 | | n/a | FRE 403 - Relevance | Relevant to show KPM's actions regarding secrets and confidential information when employees leave KPM; Probativeness outweighs any potential prejudice. |

| 341 | KPM | KPM0000948 *through* KPM0000949 | | n/a | FRE 403 - Relevance | Relevant to show KPM's actions regarding screts and confidential information when employees leave KPM; Probativeness outweighs any potential prejudice. |
| 356 | KPM | KPM0022106 | | n/a | FRE 802 - hearsay | Not being offered for the truth of the matter asserted, instead to show KPM's actions to protect trade secrets and confidentialinformation. |
| 371 | KPM | KPM0000983 | | n/a | FRE 901 - authentication | KPM will have an authenticating witness at trial |
| 372 | KPM | KPM0000984 | | n/a | FRE 901 - authentication | KPM will have an authenticating witness at trial |
| 373 | KPM | KPM0000985 | | n/a | FRE 901 - authentication | KPM will have an authenticating witness at trial |
| 387 | KPM | KPM0004715 *through* KPM0004717 | | n/a | FRE 802 - hearsay | Not being offered to show truth of the matter asserted, instead to show Defendants' knowledge of KPM customer, its needs, and possible violation of PI |
| 389 | KPM | KPM0273075 *through* KPM0273079 | | n/a | FRE 802 - hearsay | Not being offered to show truth of the matter asserted, instead to show customer knowledge and state of mind - confusion |

| 391 | KPM | KPM0273081 *through* KPM0273116 | | n/a | FRE 802 - hearsay | Not being offered to show truth of the matter asserted, instead to show Defendants' knowledge of KPM customer, its needs, and possible violation of PI |
|---|---|---|---|---|---|---|
| 392 | KPM | KPM0273119 *through* KPM0273120 | | n/a | FRE 802 - hearsay | Not being offered to show truth of the matter asserted, instead to show Blue Sun doing work for KPM customer, actions by Blue Sun and Customer, and state of mind and knowledge of both. |
| 396 | KPM | n/a | USA v. Irvin Lucas, No 21 CR 705-2 (N.D. Ill.), ECF No. 1 | n/a | FRE 402, 403 - irrelevant; prejudicial | Permissible use under FRE 609; will be subject to MIL ruling |
| 397 | KPM | n/a | USA v. Irvin Lucas, No 21 CR 705-2 (N.D. Ill.), ECF No. 51 | n/a | FRE 402, 403 - irrelevant; prejudicial | Permissible use under FRE 609; will be subject to MIL ruling |
| 437 | KPM | KPM-BS2-00003114 | | n/a | FRE 403, 802 - prejudice; hearsay | Statement by a party opponent and not offered for the truth of the matter asserted; remainder of chain not offered for its truth but for knowledge and state of mind of customer and defendants; also offered as an action by R. Gajewski |
| 439 | KPM | n/a | DN 1 – Complaint without Exhibits | n/a | FRE 402 - Pleading does not contain fact and cannot establish fact of consequence in determining the action | Relevant for and usable on cross-exam; relevant to Defendants' deposition designations |

5

| 440 | KPM | n/a | DN 1 – Complaint with Exhibits | n/a | FRE 402, 802 - Pleading does not contain fact and cannot establish fact of consequence in determining the action; hearsay | Relevant for and usable on cross-exam; relevant to Defendants' deposition designations |
|---|---|---|---|---|---|---|
| 442 | KPM | n/a | DN 43 – Attachment to Letter (pages 3-13) | n/a | FRE 402, 403, 802 - Pleading does not contain fact and cannot establish fact of consequence in determining the action; prejudice; hearsay | This exhibit is just the email chain and not the letter to the court; not being offered for the truth of the matter asserted, instead to show customer confusion and Defendants' knowledge of KPM customer needs |
| 454 | KPM | n/a | DN 75 – Ex. 50 to Magee Decl. in Support of KPM Motion for PI, Olson 2021 Depo Ex. 11 | n/a | FRE 802 - hearsay | Not being offered for the truth of the matter asserted, instead to show KPM state of mind with regard to Greg Israelson and to show use of "Greg Gregory" email adress |
| 456 | KPM | n/a | DN 75 – Ex. 53 to Magee Decl. in Support of KPM Motion for PI, Lucas 2021 Depo. Ex. 6 | n/a | FRE 403 - prejudice | Probative value (showing intentional poaching of KPM employees) far outweighs any danger of unfair prejudice, though there is no such danger |
| 459 | KPM | n/a | DN 75 – Olson Declaration in Support of KPM's Motion for PI | n/a | FRE 802 - hearsay | Possibly admissibility depends on witness testimony and cross-examination at trial. |
| 460 | KPM | n/a | DN 75 – Ex. A to Olson Declaration in Support of KPM's Motion for PI | n/a | FRE 802 - hearsay | Not being offered for the truth of the matter asserted, instead to show customer confusion and Defendants' knowledge of KPM customer needs |

| 463 | KPM | n/a | DN 91 – Blue Sun Scientific, LLC and The Innovative Technologies Group & Co., Ltd.'s Answer to Verified Complaint | n/a | FRE 402 – Pleading does not contain fact and cannot establish fact of consequence in determining the action | Contains admission of party oponents; further admissibility depends on witness testimony and cross-examination at trial. |
|---|---|---|---|---|---|---|
| 464 | KPM | n/a | DN 93 – Order and Memorandum on Plaintiff's Motion for Preliminary Injunction (Docket No. 7 | n/a | FRE 402, 403 – Filing does not contain fact and cannot establish fact of consequence in determining the action; prejudice | Will be subject to MIL Ruling |
| 465 | KPM | n/a | DN 94 – Preliminary Injunction Order | n/a | FRE 402, 403 – Order does not contain fact and cannot establish fact of consequence in determining the action; prejudice | Will be subject to MIL Ruling |
| 466 | KPM | n/a | DN 104 – Order on Defendants' Motion for Clarification | n/a | FRE 402, 403 – Order does not contain fact and cannot establish fact of consequence in determining the action; prejudice | Will be subject to MIL Ruling |
| 467 | KPM | n/a | DN 120 – Updated Preliminary Injunction Order | n/a | FRE 402, 403 – Order does not contain fact and cannot establish fact of consequence in determining the action; prejudice | Will be subject to MIL Ruling |

| 473 | KPM | n/a | DN 158 – Ex.34 to Magee Decl. in Support of KPM's Opposition to Innovative Technologies Group's Motion for SJ and to Defendants' Motion to Dissolve or Modify the PI, Customer Confusion Emails | n/a | FRE 403 – prejudicial (portion of communication mentioning court order) | Probative value (showing intentional poaching of KPM employees and resultant customer confusion) far outweighs any danger of unfair prejudice, though there is no such danger |
| 600 | Entity D's | KPM-ITGC-00000071 through KPM-ITGC-00000075 | 7/2/2018 Email String | FRE 402, 403, 802, 901 | n/a | |
| 606 | Entity D's | KPM0103386 | 12/21/2017 Email | FRE 402, 403, 802, 901 | n/a | |
| 620 | Entity D's | KPM0093153 through KPM0093164 | Email from David Judge dated 1/7/21 | FRE 402, 403, 802, 901 | n/a | This document is relevant to Entity Defendants' defenses against Plaintiff's damages claims and not prejudicial. Thus, this document is offered for the nonhearsay purpose of explaining the motive and conduct of KPM. This document was produced by KPM. |
| 621 | Entity D's | KPM0002137 *through* KPM0003161 | Email string from Tanja Kropf dated 3/11/21 | Bates numbers do not match description | n/a | The correct bates number for this exhibit is KPM0003157 through KPM0003161. |
| 622 | Entity D's | KPM0105831 *through* KPM0105835 | Email to Brian Irish | FRE 802, 901 | n/a | Pursuant to Fed. R. Evid. 801(d)(2), an opposing party's statement is not hearsay. This document was produced by KPM. |
| 623 | Entity D's | KPM0129135 | Email from Eric Olson dated 1/29/2022 | FRE 402 | n/a | This document is relevant to Entity Defendants' defenses because it relates to a list of KPM's customers and KPM's alleged damages. |

| 624 | Entity D's | KPM0004974 *through* KPM0004976 | E-Mail Exchange | FRE 402, 403, 802, 901 | n/a | KPM has also designated this document as a trial exhibit (see Trial Ex. No. 181), so KPM's argument that it is irrelevant and prejudicial is not advanced in good faith.  Pursuant to Fed. R. Evid. 801(d)(2), an opposing party's statement is not hearsay. The email can be authenticated by various witnesses set to testify at trial. |
| 625 | Entity D's | n/a | Deposition Notice of KPM Analytics North America | FRE 402, 403 | n/a | |
| 626 | Entity D's | n/a | Deposition Notice of KPM Analytics North America | FRE 402, 403 | n/a | |
| 634 | Entity D's | n/a | Copy of U.S. Patent No. 7,483,134 B2 | FRE 402, 403, 802 | n/a | The document is relevant because it relates to the Entity Defendants' defenses that they have not misappropriated any of KPM's trade secrets. The document is not within the Individual Defendants' possession, custody, or control, but comes from a publicly available source and therefore any failure to disclose the document is harmless. See Fed. R. Civ. P. 37(c)(1). The document is offered for the nonhearsay purpose of showing notice, rather than for any truth asserted therein. |

| 637 | Entity D's | KPM0105928 | 4/8/2021 E-mail | FRE 402, 403, 701 | n/a | The document is relevant to the Entity Defendants' defenses and not prejudicial because it supports that Blue Sun has not utilized KPM's trade secrets and shows KPM's motivation for filing and pursuing this litigation is not based on any wrongdoing by Entity Defendants. The document contains an admissible opinion of a lay witness regarding information rationally based on the witness's perception; helpful to clearly understanding the witness's testimony or to determining a fact in issue; and is not based on scientific, technical, or other specialized knowledge within the scope of Rule 702. |

| 638 | Entity D's | KPM0105929 *through* KPM0105930 | 4/8/2021 E-mail | FRE 402, 403, 701 | n/a | The document is relevant to the Entity Defendants' defenses and not prejudicial because it supports that Blue Sun has not utilized KPM's trade secrets and shows KPM's motivation for filing and pursuing this litigation is not based on any wrongdoing by Entity Defendants. The document contains an admissible opinion of a lay witness regarding information rationally based on the witness's perception; helpful to clearly understanding the witness's testimony or to determining a fact in issue; and is not based on scientific, technical, or other specialized knowledge within the scope of Rule 702. |
| 643 | Entity D's | KPM0106275 *through* KPM0106277 | 4/23/2021 E-mail Chain | Repeat of 642 | n/a | |
| 645 | Entity D's | KPM0225506 *though* KPM0225507 | 5/27/2021 E-mail Chain | FRE 402, 403, 802, 901 | n/a | This document is relevant to Entity Defendants' defenses and not prejudicial because it supports alternative reasons for any loss of sales by KPM and undermines its alleged damages. Pursuant to Fed. R. Evid. 801(d)(2), an opposing party's statement is not hearsay. This document was produced by KPM. |

11

| 649 | Entity D's | KPM0112323 *through* KPM0112324 | 9/13/2021 E-mail Chain | FRE 402, 403, 802, 901 | n/a | This document is relevant to Entity Defendants' defenses and not prejudicial because it supports alternative reasons for any loss of sales by KPM and undermines its alleged damages. Pursuant to Fed. R. Evid. 801(d)(2), an opposing party's statement is not hearsay. This document was produced by KPM. |
| --- | --- | --- | --- | --- | --- | --- |
| 650 | Entity D's | KPM0105591 *through* KPM0105601 | Union Park Capital 2021 Limited Partners Meeting | FRE 402, 403 | n/a | This document is relevant to Entity Defendants' defenses and not prejudicial because it supports alternative reasons for any loss of sales by KPM and undermines its alleged damages. |
| 656 | Entity D's | n/a | Blue Sun Scientific Website | Objection - what pages; what time? FRCP 26 & 37; FRE 402, 403 | n/a | The document is relevant because it supports Blue Sun's defense that it did not use any of KPM's trade secrets. The document was provided and utilized by KPM during the deposition of Irvin Lucas on April 27, 2022.  The document is not within the Individual Defendants' possession, custody, or control, but comes from a publicly available source and therefore any failure to disclose the document is harmless. See Fed. R. Civ. P. 37(c)(1). |

| 657 | Entity D's | n/a | NIR Analyzers Document | Objection - what document(s); FRCP 26 & 37; FRE 402, 403 | n/a | The document is relevant to the Entity Defendants' defenses and not prejudicial because it shows information regarding various NIR analyzers and will show that the Entity Defendants did not use any of KPM's trade secrets. The document was provided and utilized by KPM during the deposition of Irvin Lucas on April 27, 2022. The document is not within the Individual Defendants' possession, custody, or control, but comes from a publicly available source and therefore any failure to disclose the document is harmless. See Fed. R. Civ. P. 37(c)(1). |

| 658 | Entity D's | n/a | Calibration Development | Objection - what document(s); FRCP 26 & 37; FRE 402, 403 | n/a | The document is relevant to the Entity Defendants' defenses and not prejudicial because it shows information regarding requesting service for NIR analyzers. The document was provided and utilized by KPM during the deposition of Irvin Lucas on April 27, 2022. The document is not within the Individual Defendants' possession, custody, or control, but comes from a publicly available source and therefore any failure to disclose the document is harmless. See Fed. R. Civ. P. 37(c)(1). |
|-----|-----------|-----|------------------------|-------------------------------------------------------|-----|----------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------|
| 665 | Entity D's | n/a | Expert Report of G. William Kennedy | FRE 402, 403, 702, 703, 802, 901 | n/a | Expert witness report pursuant to Fed. R. Civ. P. 26. |

| 666 | Entity D's | n/a | Blue Sun NIR Sales Data Spreadsheet | Objection - what document(s); FRCP 26 & 37; FRE 402, 403, 802, 901 | n/a | The document is relevant to the Entity Defendants' defenses and not prejudicial because it shows the sales of Blue Sun in order to undermine the damages alleged by KPM regarding sales it lost to Blue Sun. The document is demonstative and not within the Individual Defendants' possession, custody, or control, but comes from a publicly available source and therefore any failure to disclose the document is harmless. See Chen-Oster v. Goldman, Sach & Co., 114 F. Supp. 3d 110, 130 (S.D.N.Y. 2015) (demonstrative exhibit "does not fit comfortably within the disclosure requirements of Rule 26(a)(1)(A)(ii)"); see also Fed. R. Civ. P. 37(c)(1). |
| 668 | Entity D's | n/a | PSC & Unit, NIR Strategy Plan 2019-2020 | Objection - what document(s); FRCP 26 & 37; 402, 403 | n/a | This document has bates number KPM0014638 to 14688 and was produced by KPM. This document is relevant to the Entity Defendants' defenses and not prejudicial because it relates to KPM's sales and undermines KPM's alleged damages. |

| 670 | Entity D's | DE0010 *through* DE0023 | Email, 6/12/17, with attachment | FRE 402, 403, 802, 901 | n/a | The document is relevant to the Entity Defendants' defenses and not prejudicial because it relates to alternative theories for KPM's damages not attributable to the Entity Defendants. The document will be offered for the nonhearsay purpose ot show the then-existing state of mind of KPM and to explain the conduct of sales persons, not for the truth of the matter asserted. The document can be authenticated by various witnesses set to testify at trial. |
|---|---|---|---|---|---|---|
| 677 | Entity D's | KPM-ITGC-00000003 *through* KPM-ITGC-00000006 | 9/4/2015 Email from Joe Platano to Robert Wilt about signed mutual release for open Unity purchase orders and signed release | FRE 402, 403, 701, 802, 901, 1007 - best evidence rule regarding the release | n/a | This document is relevant to the Entity Defendants' defenses and not prejudicial because it shows the history between the parties and the sale of Unity. Pursuant to Fed. R. Evid. 801(d)(2), an opposing party's statement is not hearsay, and the document is offered for the nonhearsay purpose of showing a prior agreement between the parties. The email can be authenticated by various witnesses set to testify at trial. A copy of the agreement is sufficient to satisfy the best evidence rule. |

| 682 | Entity D's | KMP0111560 | 8/12/21 email | FRE 402, 403, 701, 802 | n/a | This document is relevant to the Entity Defendants' defenses and not prejudicial because it supports the expertise of the defendants with respect to the analyzers. The document is also relevant to Plaintiff's alleged efforts to maintain the confidentiality of its trade secrets. Pursuant to Fed. R. Evid. 801(d)(2), an opposing party's statement is not hearsay. This document only contains lay witness opinions. |
|---|---|---|---|---|---|---|
| 729 | Individual D's | KPM0004974 | 1/28/21 Email from D. Evans to Y. Zhao | FRE 402, 403, 802, 901 | n/a | KPM has also designated this document as a trial exhibit (see Trial Ex. No. 181), so KPM's argument that it is irrelevant and prejudicial is not advanced in good faith.  Pursuant to Fed. R. Evid. 801(d)(2), an opposing party's statement is not hearsay. The email can be authenticated by various witnesses set to testify at trial. |

| 746 | Individual D's | KPM0113072 | 10/4/21 Email from B. Mitchell to C. Ross | FRE 402, 403; MA Mediation Privilege | n/a | because it can be used to impeach KPM witnesses by showing that KPM's motivation for filing and pursuing this litigation is to bankrupt Blue Sun. *See* Fed. R. Evid. 404(b)(2) (evidence of bad act may be admissible to prove motive).  The document does not fall within the "mediation privilege" because it was not "made in the course of and relating to the subject matter of any mediation and . . . made in the presence of such mediator[.]" *See* Mass. R. Evid. 514(c); Mass. Gen. Laws ch. 233, § 23C.  *See also ACQIS, LLC v. EMC Corp*., 2017 WL 2818984, at *2 (D. Mass. 2017) (settlement negotiations in which a mediator is not actively and directly involved that follow a formal mediation are not protected y the mediation privilege); *Spruce Environmental Tech., Inc. v. Festa Radon Tech., Co.*, 370 F. Supp. 3d 275, 278 (D. Mass. 2019) (Massachusetts state law mediation privilege is |

| 747 | Individual D's | KPM0115196 | 12/3/21 Email from C. Cook to T. Kropf | FRE 402, 403 | n/a | The document is relevant because it shows that after the Individual Defendants' departures from KPM, KPM employees lacked the knowledge and experience to service older SpectraStar models, and therefore customers sought out Mssrs. Eilert and Gajewski beacuse of their superior knowledge, not because of their supposed use of any KPM "trade secrets." |
| 763 | Individual D's | n/a | Perten Soybean Note | Objection - what document(s); FRCP 26 & 37; FRE 402, 403 | n/a | The document is relevant because it shows that other competitors in the NIR industry produce nearly identical "application notes" and that no confidential or trade secret information is used to create application notes. The document is not within the Individual Defendants' possession, custody, or control, but comes from a publicly available source and therefore any failure to disclose the document is harmless. See Fed. R. Civ. P. 37(c)(1). |

| 764 | Individual D's | n/a | Unity Soybean Note | Objection - what document(s); FRCP 26 & 37; FRE 402, 403 | n/a | This document was produced five times by KPM (see KPM0000148, 0049241, 0050634, 0059397, and 0267287).  KPM has also designated a KPM soybean application note as one of its exhibits (Trial Ex. No. 222). |
| 765 | Individual D's | n/a | Blue Sun Soybean Note | Objection - what document(s); FRCP 26 & 37; FRE 402, 403 | n/a | This document was produced by the Entity Defendants (KPM-BS2-00000059) and used as an exihibit during Blue Sun's 30(b)(6) deposition (see Exhibit 5) and has been designated by KPM as a trial exhibit (see Trial Ex. No. 267). |
| 766 | Individual D's | n/a | Soybean Application Note Comparison | Objection - what document(s); FRCP 26 & 37; FRE 402, 403 | n/a | This document is a demonstrative exhibit comparing the Unity, Perten, and Blue Sun soybean application notes to show that no confidential or trade secret information is used when creating application notes. *See Chen-Oster v. Goldman, Sach & Co.*, 114 F. Supp. 3d 110, 130 (S.D.N.Y. 2015) (demonstrative exhibit "does not fit comfortably within the disclosure requirements of Rule 26(a)(1)(A)(ii)"). |

| 767 | Individual D's | n/a | | Zeiss Potato Brochure | Objection - what document(s); FRCP 26 & 37; FRE 402, 403 | n/a | The document is relevant to show that KPM has historically licensed its UCal software to competitors, which supports Mr. Gajewski's testimony (and impeaches Mr. Olson's testimony) that Mr. Gajewski shared application notes with Blue Sun in an effort to persuade Blue Sun to adopt UCal as the software for the Phoenix analyzer.  Mr. Gajewski specifically referenced Zeiss as an example during his deposition of a KPM competitior that uses UCal, so any failure to disclose this publicly available document is harmless. |

| 768 | Individual D's | n/a | | Zeiss Website Screenshot | Objection - what document(s); FRCP 26 & 37; FRE 402, 403 | n/a | The document is relevant to show that KPM has historically licensed its UCal software to competitors, which supports Mr. Gajewski's testimony (and impeaches Mr. Olson's testimony) that Mr. Gajewski shared application notes with Blue Sun in an effort to persuade Blue Sun to adopt UCal as the software for the Phoenix analyzer.  Mr. Gajewski specifically referenced Zeiss as an example during his deposition of a KPM competitior that uses UCal, so any failure to disclose this publicly available document is harmless. |
| 769 | Individual D's | n/a | | R&R Catalog Winter 2022 | Objection - what document(s); FRCP 26 & 37;FRE 402, 403 | n/a | The document is relevant to show that R&R ordered highly customized analyzers from Blue Sun and that KPM could not have completed a sale to R&R because KPM does not offer customized analyzers to its customers.  The document is not within the Individual Defendants' possession, custody, or control, but comes from a publicly available source and therefore any failure to disclose the document is harmless. See Fed. R. Civ. P. 37(c)(1). |

| 770 | Individual D's | n/a | KPM Partners With AB Visa Press Release | Objection - what document(s); FRCP 26 & 37; FRE 402, 403 | n/a | The document is relevant to show, contrary to KPM's claims, that KPM does not develop any of its own calibration datasets, but instead misapporpriates its customers' data and sometimes purchases datasets from third parties, such as AB Vista.  KPM produced a spreadsheet (KPM0137529) containing the same language as is quoted in the press release, but the spreadsheet is difficult to read.  This document is the same press release, which was downloaded from KPM's own website, therefore any failure to disclose the document is harmless.  See Fed. R. Civ. P. 37(c)(1). |
| 771 | Individual D's | n/a | KPM UCal4 Brochure | Objection - what document(s); FRCP 26 & 37; FRE 402, 403 | n/a | The document is relevant to impeach KPM's testimony by showing that KPM's own UCal software can import data from other manufacturers' NIR analyzers.  This document was produced twice by KPM (KPM0214207 and 0244786) and this document was downloaded directly from KPM's website, therefore any failure to disclose the document is harmless. |

| 772 | Individual D's | n/a | KPM/Unity UCal4 data sheet | Objection - what document(s); FRCP 26 & 37; FRE 402, 403 | n/a | |
|---|---|---|---|---|---|---|
| 773 | Individual D's | n/a | 7/11/21 Letter from D. Phorncharoen to R. Gajewski | Objection - what document(s); FRCP 26 & 37; FRE 402, 403 | n/a | The document is relevant because it shows that KPM was unable or unwilling to provide service on older SpectraStar models in order to force customers to purchase new devices.  It is also relevant because it shows that customers sought help from Mr. Gajewski due to his knowledge and experience, rather than because he misappropriated any KPM trade secrets.  The emails attached to Mr. Phorncharoen's letter are KPM emails that should have been produced in discovery, but were not, therefore any failure to disclose the letter is harmless. |

| 774 | Individual D's | n/a | 3/2/22 C. Cook email to G. Israelson | Objection - what document(s); FRCP 26 & 37; FRE 402, 403 | n/a | The document is relevant because it shows that KPM was unable or unwilling to provide service on older SpectraStar models in order to force customers to purchase new devices. The email is a KPM email that should have been produced in discovery, but was not, therefore any failure to disclose the email is harmless. |
| 775 | Individual D's | n/a | Rebuttal Expert Report of G. William Kennedy | FRE 402, 403, 702, 703, 802, 901 | n/a | |