UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| KPM ANALYTICS NORTH AMERICA CORPORATION, <br><br> Plaintiff, <br><br> v. <br><br> BLUE SUN SCIENTIFIC, LLC; THE INNOVATIVE TECHNOLOGIES GROUP & CO., LTD; ARNOLD EILERT; MICHELLE GAJEWSKI; ROBERT GAJEWSKI; RACHAEL GLENISTER; GREGORY ISRAELSON; IRVIN LUCAS; and PHILIP OSSOWSKI, <br><br> Defendants. | ) ) ) ) ) ) ) Civil Action No. 4:21-cv-10572-MRG ) ) ) ) ) ) ) ) ) ) ) |

### DEFENDANTS' BLUE SUN SCIENTIFIC, LLC AND THE INNOVATIVE TECHNOLOGIES GROUP & CO., LTD'S MOTION *IN LIMINE* TO PRECLUDE CERTAIN DAMAGE TESTIMONY AT TRIAL

Defendants Blue Sun Scientific, LLC and The Innovative Technologies Group & Co., LTD, by their attorneys, hereby submit this motion *in limine* to preclude Plaintiff KPM Analytics North America Corporation ("KPM") from introducing certain damage testimony at trial.

### INTRODUCTION

Defendants seek an order from this Court precluding certain damage testimony from Plaintiff's designated damages expert Neil Zoltowski on the grounds that such testimony would be inadmissible under FRE 403 and 702. First, Defendants seek to preclude Mr. Zolotowski from offering any testimony regarding questions of Defendants' liability, as such testimony is outside of his professed area of economic expertise and unreasonably invades the province of the Court and jury in this matter. Second, Defendants seek to preclude testimony from Mr. Zoltowski (or any other KPM witness) regarding alleged future economic losses of KPM as Mr.

Zoltowski has testified that calculating such losses is speculative and "impossible."  Finally, Defendants seek to preclude Mr. Zoltowski testifying regarding any damages KPM suffered from the date of the issuance of this Court's Preliminary Injunction Order on August 23, 2021 through the date of trial.  Where, as here, the injunctive relief encompasses the relief KPM has sought with respect to its alleged trade secrets, courts have been clear that a plaintiff may not also recover damages as a damage recovery would result in a form of double recovery for plaintiff.

## ARGUMENT

1) Overview of KPM's Damage Claims.

Mr. Zoltowski, KPM's designated economic expert in this case, holds a B.A. in economics from Trinity College.  *See* Deposition of Neil A. Zoltowski attached as Ex. 1 at 9:17-10:4.  He holds no other degrees and has spent the entirety of his career working on forensic economic issues.  *Id.* at 20:21-21:13.

[redacted]



## ARGUMENT

A) Mr. Zoltowski Should Not Be Allowed to Express Liability Opinions or Provide Commentary That Impermissibly invades the Province of the Jury.

Although Mr. Zoltowski has been designated as an expert with respect to calculating KPM's alleged economic damages, Mr. Zoltowski's report contains impermissible commentary on disputed questions of fact and liability that have no bearing on his calculations. Mr. Zoltowski readily conceded at his deposition that he was not asked to form opinions regarding liability and did not intend to express opinions regarding liability. Zoltowski Depo. at 38:8-39:2. He also agrees that such determinations are for the Court or jury. *Id.* Indeed, Mr. Zoltowski agreed his role was to assume liability on Defendants' behalf and derive damage calculations from that assumption. *Id.* at 49:2-17. Nonetheless, Mr. Zoltowski's report contains numerous statements in which he either appears to express a conclusion on questions of liability, or characterizes the state of the evidence in such a way as to influence the perception of that evidence by the jury.

Because there are so many instances where Mr. Zoltowski goes beyond the scope of his economic assignment and offers explicit or implicit commentary on liability issues, Defendants

have highlighted in yellow for the Court's attention those portions of the report to which Defendants object.[1]

Examples are numerous and include the following:



Mr. Zoltowski's commentary on the state of the evidence regarding liability should be excluded under FRE 702 and 403.  First, Mr. Zoltowski lacks "scientific, technical, or other specialized knowledge" to assist the trier of fact on the disputed questions of Defendants' liability as required by FRE 702.  He is an economist who was asked to assume liability and derive KPM's damages flowing from that assumption.  Any testimony by Mr. Zoltowski regarding disputed issues of liability therefore will not assist the jury to reach conclusions about liability.  Additionally, Mr. Zoltowski, by his own admission, simply assumed liability for

---

[1] Defendants understand the Court may refuse to allow Mr. Zoltowski's report to be admitted as evidence at trial, but Defendants are concerned that the witness will testify consistent with his report on these matters.

10092360.1 58144/146507 4/25/23

purposes of his economic analysis.  He therefore lacks "specialized knowledge" or "sufficient facts or data" under FRE 702 to reach conclusions as to Defendants' liability.

It would also unduly prejudice Defendants to allow Mr. Zoltowski to offer his opinions (which are simply repetitions of KPM's allegations and disputed facts in this case) since the jury might believe that the witness has some unique ability to judge issues in the case reserved for the jury.  *See Lind v. Domino's Pizza* LLC, 87 Mass.App. 650, 664 (2015)(question of defendant's negligence was for jury to decide); *Welsh v. Keene Corp.,* 31 Mass.App.Ct. 157, 165 n. 10 (1991).  KPM is required to lay the requisite factual foundation for Mr. Zoltowski's opinions at trial through fact witnesses.  The Court should not allow Mr. Zoltowski to lay this foundation (of which he has no independent knowledge), and Defendants accordingly request that this Court prohibit Mr. Zoltowski from testifying to the highlighted items in his report (and otherwise striking those portions of the report if the report is otherwise deemed admissible), and fromoffering any other testimony or commentary on liability.

B) Mr. Zoltowski Should Not Be Allowed to Testify Speculative Future Damages Which Are "Impossible" to Calculate.

[redacted]

In both his report and in his deposition, however, Mr. Zoltowski admits that he did actually not make any calculations relating to these alleged additional harms, and he further admits that such losses are speculative. For instance, he testified as follows:



Mr. Zoltowski should not be allowed to testify as to any future harm he has not calculated and which he concedes is impossible to calculate. It is axiomatic that the testimony of an expert who testifies on matters such as lost profits must be based on valid principles and methods that are reliably applied to the facts in issue and which will assist the trier of fact. Fed.R.Evid. 702; *Daubert v. Merrell Dow Pharmaceuticals, Inc.,* 509 U.S. 579, 592–93, 113 S.Ct. 2786, 125

6

L.Ed.2d 469 (1993). ███████████████████████

███████████████████████████████████████

███████████████████████████████████████

████████████████████████████

█████████████████████████████████████

█████████████████████████████████████

█████████████████████████████████████

█████████████████████████████████████

████████████████████

   C) KPM Should Precluded From Offering Evidence Regarding Damages Beyond What Is Contained in Mr. Zoltowski's Report, Including Evidence Regarding Future Loss.

█████████████████████████████████████

█████████████████████████████████████

█████████████████████████████████████

█████████████████████████████████████

██████████████████

    █  ████████████████████████████████████

    █  ██

    █  ██████████████████████████████

        ███████████████████████████████

    █  ████████████

    █  ████████████████████████████████████

        ███████████████████



It is axiomatic that the scope of discovery in a federal court action requires a party to identify the factual basis for its damages claims under Fed. R. Civ. Pro. 26. *See generally Kelly v. Riverside Partners, LLC*, 397 F. Supp. 3d 75, 86–87 (D. Mass. 2019), *aff'd,* 964 F.3d 107 (1st Cir. 2020). It is also a fundamental requirement that plaintiff demonstrate a causal relationship between its claimed damages and the alleged wrongful conduct of a defendant. *Cambridge Plating Co. v. NAPCO, Inc.,* 890 F. Supp. 55 (D. Mass. 1995*), aff'd in part, vacated in part*, 85 F.3d 752 (1st Cir. 1996)(affirming trial court's reduction of damages because plaintiff to demonstrate causal connection between defendant's conduct and alleged lost profits); § 4.17. Reliance and causation,  52 Mass. Prac., Law of Chapter 93A § 4.17(defendant's unfair or deceptive act must be the "but for" or "cause-in-fact" of plaintiff's loss).

This Court should preclude KPM from offering any testimony regarding damages not offered through Mr. Zoltowski.



### D) KPM Should Be Precluded from Seeking Damages During the Period of Time Defendants Have Been enjoined by this Court.

On August 23, 2021, this Court issued a Preliminary Injunction broadly prohibiting Defendants from 1) using Plaintiff's trade secrets to include those trade secrets KPM has alleged are at in this trial, including KPM data sets and calibration codes, marketing plans, pricing policies and customer lists; and 2) prohibiting Defendants from selling or offering to sell NIR hardware, software and NIR services "to any party for which any Defendant has previously offered to provide . . . to offered to sell" such products. *See* Dkt. 094. That order was subsequently modified by this Court on December 17, 2021 to address customers who operate out of multiple sites or divisions which have independent purchasing power. *See* Dkt. 120.

Notwithstanding this injunction, and Defendants' compliance with it, KPM intends to seek damages against Defendants for the time period during which this Courts' injunction has prohibited Defendants from using KPM's alleged trade secrets. This makes no sense.

Courts in Massachusetts and elsewhere are clear that where an injunction prohibits the alleged infringing or wrongful activity, a plaintiff cannot also seek damages during the same

time period.  *See e.g.*, *Frank D. Wayne v. Lussier*, 16 Mass. App. Ct. 986 (1983)(where injuctive relief was narrower than restraint to which plaintiff was entitled under the contract, plaintiff could pursue damages during injunctive relief period).  The rationale for such a rule is obvious. Payment of damages constitutes satisfaction for any injury that may be caused by the breach, whereas an injunction has the effect of a decree of specific performance restraining any breach that would otherwise cause damage. *See Wirth & Hamid Fair Booking, Inc. v. Wirth*, 265 N.Y. 214, 192 N.E. 297, 300-01 (1934); 5A Corbin, Contracts, s 1071, at 401 (1964); see *McMurray v. Faust*, 224 Iowa 50, 276 N.W. 95, 100 (1937); *Heatwole v. Gorrell* 35 Kan. 692, 12 P. 135, 138-39 (1886). Therefore, if a court grants an injunction preventing the breach from continuing and becoming total, it should not at the same time give judgment for the full amount of liquidated damages specified in the contract. *Id.; see also Robert G. Beneke & Co. v. Cole*, 550 S.W.2d 321, 322 (Tex.Civ.App. Dallas 1977 no writ)(liquidated damages could not be recovered in addition to actual damages, notwithstanding a provision in the contract purporting to authorize such a recovery).

[redacted]

10092360.1 58144/146507 4/25/23

## CONCLUSION

For all the foregoing reasons, Defendants request that this Court strike those portions of Mr. Zoltowski's report identified above and preclude Mr. Zoltowksi or any other KPM witness from testifying as described above.

Dated:  April 25, 2023 /s/ Maria T. Davis

Christopher R. O'Hara (BBO# 548611)
cohara@toddweld.com
Maria T. Davis (BBO# 6754477)
mdavis@toddweld.com
Todd & Weld, LLP
One Federal Street
Boston, MA 02110

/s/ Lauren E. Lake
George F. Ritchie*, Fed Bar #22408
gritchie@gfrlaw.com
Royal Craig*, Fed. Bar #24546
rcraig@gfrlaw.com
Lauren E. Lake*, Fed. Bar #20488
llake@gfrlaw.com
GORDON FEINBLATT LLC
1001 Fleet Street, Suite 700
Baltimore, MD 21202
Tel/Fax: (410) 576-4131
* pro hac vice

*Attorneys for Defendants Blue Sun Scientific, LLC and The Innovative Technologies Group & Co., LTD*

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of this document was served upon counsel of record by email on April 25, 2023.

   /s/ George F. Ritchie
George F. Ritchie

10092360.1 58144/146507 4/25/23