UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KPM ANALYTICS NORTH AMERICA CORPORATION,<br>         *Plaintiff.*<br><br>         V.<br><br>BLUE SUN SCIENTIFIC, LLC, THE INNOVATIVE TECHNOLOGIES GROUP & CO., LTD., ARNOLD EILERT, MICHELLE GAJEWSKI, ROBERT GAJEWSKI, RACHAEL GLENISTER, GREGORY ISRAELSON, IRVIN LUCAS, AND PHILIP OSSOWSKI,<br><br>         *Defendants.* | Civil Action No. 21-10572-MRG |

## KPM ANALYTICS NORTH AMERICA CORPORATION'S COMBINED MOTIONS *IN LIMINE* AND MEMORANDUM OF LAW IN SUPPORT

Plaintiff KPM Analytics North America Corporation ("KPM"), by and through its counsel, hereby moves the Court for an Order granting KPM's Motions *in Limine* Nos. 1-3, precluding Defendants Blue Sun Scientific, LLC ("Blue Sun"), The Innovative Technologies Group & Co., Ltd. ("ITG"), Arnold Eilert, Robert Gajewski, Rachael Glenister, and Irvin Lucas (the "Individual Defendants") from offering certain evidence, testimony and argument at trial. Specifically, KPM seeks exclusion of evidence, testimony and argument with the following Motions *in Limine*:

No. 1, to exclude references to parties' respective size, financial status, and/or ownership structures, and/or defendants' ability to pay any damages awarded;

No. 2, to exclude exhibits that were not produced by defendants in discovery; and

No. 3, to preclude references to unrelated pending or threatened litigation.

The grounds and authority for KPM's Motions *in Limine* Nos. 1-3 are set forth herein.

WHEREFORE, KPM respectfully requests that this Court grant its Motions *in Limine* Nos. 1-3 in their entirety.

**Date:**  April 25, 2023

Respectfully submitted,

*/s/ John T. Gutkoski*
John T. Gutkoski (BBO# 567182)
Kevin R. Mosier (BBO# 703739)
SUNSTEIN LLP
100 High Street
Boston, MA 02110
Tel: (617) 443-9292
jgutkoski@sunsteinlaw.com
kmosier@sunsteinlaw.com

Scott R. Magee (BBO# 664067)
Paige K. Zacharakis (BBO# 699108)
MORSE, BARNES-BROWN, AND PENDLETON, P.C.
480 Totten Pond Road, 4th Floor
Waltham, MA 02451
Tel: (781) 622-5930
smagee@morse.law
pzacharakis@morse.law

# KPM ANALYTICS NORTH AMERICA CORPORATION'S MEMORANDUM OF LAW IN SUPPORT OF ITS COMBINED MOTIONS *IN LIMINE*

Plaintiff KPM Analytics North America Corporation ("KPM") respectfully moves the Court to grant the following Motions *in Limine*.

1. **MOTION *IN LIMINE* NO. 1 TO EXCLUDE REFERENCES TO THE PARTIES' RESPECTIVE SIZE, FINANCIAL STATUS, AND/OR OWNERSHIP STRUCTURES AND/OR ANY OF THE DEFENDANT'S ABILITY TO PAY ANY DAMAGES AWARDED IN THIS CASE.**

This Court should exclude evidence pertaining solely to KPM's overall size, overall revenues, financial status, and/or ownership structure because such evidence is irrelevant to the case and would serve only to create unfair prejudice against KPM in the minds of the jury. *See* FED. R. EVID. 401, 402, 403. KPM anticipates that the Defendants intend to offer evidence that KPM is owned by a private equity firm known as Union Park Capital through a series of parent companies and affiliates. The goal of such evidence, of course, would be to create a David v. Goliath mindset with the jurors, portraying Defendants as David. That is not a legitimate basis for offering the evidence of KPM's ownership structure and size and would be unduly prejudicial under FRE 403, among other things. Such evidence would also be misleading as a factual matter. KPM is comprised of a series of smaller business units, including Unity Scientific, Process Sensors Corp., and Chopin Technologies, among others. See Ex. A (KPM Rule 30(b)(6) Depo., July 11, 2021) at 111:20-112:21. Attempting to disregard the relevant business – Unity Scientific and the Near Infra-Red spectroscopy analyzer market – by portraying KPM as a much larger entity would not only be confusing and unduly prejudicial, it risks distracting the jury from the relevant fact that the Defendants created Blue Sun to compete directly with the discrete business unit within KPM that is known as Unity Scientific and its SpectraStar analyzers sold and serviced by Unity and only Unity among the KPM family of companies.

Defendants should not be permitted to use KPM's size, financial status, or its ownership structure to cast themselves as the underdogs tasked with defending themselves against a Goliath. *Am. Tech. Ceramics Corp. v. Presidio Components, Inc*., No. 14-CV-6544(KAM)(GRB), 2019 WL 2330855, at *6 (E.D.N.Y. May 31, 2019) (excluding evidence of "parties' wealth, size, or finances to the extent [that] it…characterizes the dispute as one of David versus Goliath," because "the relative ownership structure and wealth of the parties" is irrelevant); *see also Skyhook Wireless, Inc. v. Google, Inc.*, No. 10-11571-RWZ, 2015 WL 10015295, at *5 (D. Mass. Feb. 27, 2015) ("Google's size and wealth, on their own, are not relevant to the issues to be tried. Skyhook may not make general statements about Google's financials that are unrelated to damages in this case."). The only possible motive for introducing such evidence, which is impermissible under Rules 401, 402 and 403, would be to prejudice the jury against KPM. *See Burnett v. Ocean Props., Ltd.*, No. 2:16-cv-00359-JAW, 2018 WL 5270221, at *2 (D. Me. Oct. 23, 2018) (evidence of a party's wealth or size is "unfairly prejudicial, and therefore inadmissible, when it is being offered only to appeal to the jury's economic bias"). Such appeals to economic bias should be excluded.

Defendants—be it Blue Sun, ITG, or the Individual Defendants—should likewise be precluded from introducing evidence of their own respective size and financial status unless such evidence is *directly* relevant to damages in this case. Specifically, Defendants should be precluded from introducing evidence concerning their ability to pay damages or the impact of any damages award against them, because such evidence would serve only as an appeal to pity fallacy that would unfairly skew the measure of damages in Defendants' favor. This Court has held such evidence to be irrelevant and inadmissible. *See CardiAQ Valve Techs., Inc. v. Neovasc. Inc.*, No. 14-cv-12405-ADB, 2016 WL 82023206, at *2 (D. Mass. April 25, 2016) (quoting *Geddes v. United Fin. Group*, 559 F.2d 557, 560 (9th Cir. 1977)) ("Neovasc may not present any evidence about its

ability to pay a damages award or the impact of any damages award. Typically, the financial standing of the defendant is inadmissible as evidence in determining the amount of compensatory damages to be awarded."). This Court should do the same here.

As such, KPM respectfully requests that this Court enter an order excluding evidence pertaining solely to KPM's overall size, overall revenues, financial status, and/or ownership structure and also excluding evidence of or argument concerning any Defendant's respective size or financial status to the extent that it appeals to the jury's pity and implicates Defendant's ability to pay damages or the impact of any damages award against each Defendant.

## 2. MOTION *IN LIMINE* NO. 2 TO EXCLUDE EXHIBITS THAT WERE NOT PRODUCED IN DISCOVERY

Defendants will seek to admit at trial a number of exhibits that were not produced to KPM in discovery, and were shared with KPM for the first time on April 20, 2023—less than two weeks prior to trial. A list of the relevant exhibits follows below, including the description offered by Defendants in lieu of bates numbers, which do not exist because Defendants never produced these items in discovery in this case:

- Trial Exhibit No. (Tr. Ex.) 656, "Blue Sun Scientific Website";
- Tr. Ex. 657, "NIR Analyzers Document";
- Tr. Ex. 658, "Calibration Development";
- Tr. Ex. 666, "Blue Sun NIR Sales Data Spreadsheet";
- Tr. Ex. 668, "PSC & Unit, NIR Strategy Plan 2019-2020";
- Tr. Ex. 763, "Perten Soybean Note";
- Tr. Ex. 764, "Unity Soybean Note";
- Tr. Ex. 766, "Soybean Application Note Comparison";
- Tr. Ex. 767, "Zeiss Potato Brochure";
- Tr. Ex. 768, "Zeiss Website Screenshot";
- Tr. Ex. 769, "R&R Catalog Winter 2022";
- Tr. Ex. 770, "KPM Partners With AB Visa Press Release";
- Tr. Ex. 773, "7/11/22 Letter from D. Phorncharoen to R. Gajewski" and

- Tr. Ex. 774, "3/2/22 Letter from D. Phorncharoen to R. Gajewski".[1]

Each of these exhibits should be excluded at trial because they were not produced in discovery and this evidence was never before raised in this litigation.[2] *Klonoski v. Mahlab*, 156 F.3d 255, 271 (1st Cir. 1998) ("[T]he appropriate sanction when a party fails to provide certain evidence to the opposing party as required in the discovery rules is preclusion of that evidence from the trial."); *see also Harriman v. Hancock County*, 627 F.3d 22, 29-32 (1st Cir. 2010) (affirming exclusion of summary judgment evidence not timely disclosed during discovery, and noting that the prejudice caused would have been more "palpable…if trial were looming"). As this Court pointed out in a recent decision to exclude evidence not disclosed during discovery, parties cannot raise new evidence for the first time "after discovery has closed on the eve of trial, thereby denying [the other party] the opportunity to investigate or forcing them to do so at the expense of trial preparation." *Benchmark Techs. Inc. v. Yuqiang (Richard) Tu, et al*, No. 22-10227-LTS, Order on Summary Judgment, ECF No. 119 at 16 n.8 (D. Mass. Jan. 12, 2023).

KPM expressly asked all of the Defendants, via requests for production of documents ("RPDs") under Rules 26 and 34, to produce the following:

> "All documents and communications concerning, or that may support or refute, any allegation or defense set forth in the Complaint, the Individual Defendants' Answer to the Complaint, the Blue Sun Defendants' Answer to the Complaint, or the Counterclaim."

---

[1] Tr. Exs. 773 and 774 contain highlighting that was not present in the original versions, and Tr. Ex. 766 appears to have been created for the purposes of this litigation. KPM does not oppose the admission of Tr. Exs. 773 and 774 if the highlighting is removed.

[2] Many, if not all, of these exhibits are also objectionable on other grounds, including under Rules 401, 402, 403, 802 and 901. KPM maintains and reserves all rights with regard to those objections.

4

> "All documents and communications concerning all application notes created for any NIR products on behalf of Blue Sun or used by Blue Sun in any way, including the application notes themselves";[3]
>
> "All documents that support or refer to any alleged damages in this matter"; and
>
> "Any documents or materials that you will seek to admit into evidence or otherwise use in any trial of this matter."

Ex. B (relevant excerpts from Defendants' responses to KPM's RPDs). Defendants failed to produce any of the above listed exhibits, which are each squarely responsive to at least two or more of the above listed RPDs. Defendants' failure to produce the exhibits during discovery violates Rule 26 because it obligates all parties to disclose evidence that may be used to support a party's claims or defenses, and further makes this disclosure obligation "a continuing one." *See Harriman*, 627 F.3d at 29; Fed. R. Civ. P. 26(a)(1)(A)(ii) (parties have a duty to disclose evidence in support of claims and/or defenses), 26(e)(1)(A) (parties have a duty to supplement incomplete or incorrect disclosures). Defendants cannot point to any valid justification or excuse for their failure to produce these exhibits during discovery, thus exclusion is the proper remedy. *Klonoski*, 156 F.3d at 271 (exclusion at trial of previously undisclosed evidence is proper "absent some unusual extenuating circumstances").

For the reasons set forth herein, KPM respectfully requests that this Court enter an order excluding the above listed exhibits from being admitted at trial.

### 3. MOTION *IN LIMINE* NO. 3 TO PRECLUDE REFERENCES TO UNRELATED PENDING OR THREATENED LITIGATION

Defendants may seek to admit at trial evidence concerning, and argue to the jury about, unrelated pending or threatened litigation between KPM and parties to this case or third-parties.

---

[3] For Individual Defendant Irvin Lucas, Request No. 29 states: "All documents and communications concerning all application notes created for any NIR products on behalf of Blue Sun, including the application notes themselves." See Ex. B.

The risk of such evidence being proffered at trial is not hypothetical: KPM served a cease and desist letter to Blue Sun and ITG for patent infringement with regard to Blue Sun's Phoenix near-infrared analyzer, the Blue Sun Phoenix 5000.  Such evidence is not relevant to any of the issues in this litigation and would not aid the jury in resolving any of the factual questions pending before it.  Instead, such evidence would serve solely to cast KPM unfairly as a vexatious litigant and would act both to prejudice the jury against KPM and to confuse the jury as to the factual issues pending before it.  Moreover, explaining the letter and its significance would require the parties and the Court to attempt to address with the jury multiple issues of federal patent law that are not present in this case, adding time and complexity to these trial proceedings.

District Courts within the First Circuit and others routinely preclude evidence of unrelated litigation from being admitted at trial.  *E.g.*, *Posteraro v. Citizens Fin. Grp.*, No. 13-cv-416-JL, 2016 WL 64376, at *3 (D.N.H. Jan. 5, 2016) (precluding evidence of unrelated litigation because hypothetical probative value "is outweighed by the potential prejudice of [Plaintiff] being seen as unreasonably or unjustifiably litigious."); *Ira Green, Inc. v. Military Sales & Serv. Co.*, No. 10-207-M, 2013 WL 12316017, at *3 (D. R.I. Sept. 4, 2013) (precluding evidence of Plaintiff's "propensity to sue" for unfair prejudice); *King Pharms., Inc. v. Sandoz, Inc.*, 2010 WL 4789950, at *1 (D.N.J. Sept. 8, 2010) (precluding evidence of unrelated litigation at trial).  Preclusion of such evidence is the proper remedy under Rules 401, 402, and 403 given the complete lack of probative value and the high risk of unfair prejudice to KPM.  As such, KPM respectfully requests that this court enter an order precluding Defendants from introducing at trial evidence concerning unrelated pending or threatened litigation between KPM and parties to this case or third-parties.

For the foregoing reasons, KPM respectfully requests that the Court grant its Motions *in Limine* Nos. 1-3.

**Date:** April 25, 2023

Respectfully submitted,

*/s/ John T. Gutkoski*
John T. Gutkoski (BBO# 567182)
Kevin R. Mosier (BBO# 703739)
SUNSTEIN LLP
100 High Street
Boston, MA 02110
Tel: (617) 443-9292
jgutkoski@sunsteinlaw.com
kmosier@sunsteinlaw.com

Scott R. Magee (BBO# 664067)
Paige K. Zacharakis (BBO# 699108)
MORSE, BARNES-BROWN, AND PENDLETON, P.C.
480 Totten Pond Road, 4th Floor
Waltham, MA 02451
Tel: (781) 622-5930
smagee@morse.law
pzacharakis@morse.law

## **LOCAL RULE 7.1 CERTIFICATION**

The undersigned hereby certifies that the parties met and conferred on April 20 and April 24, 2023, with respect to the relief sought in this motion.  Defendants oppose KPM's Motions *in Limine* Nos. 1-3 in their entirety.

/s/ Kevin R. Mosier

8

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 25th day of April, 2023, a true and exact copy of the foregoing was served on all counsel of record through the Court's ECF system.

/s/ Kevin R. Mosier