# Exhibit B

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| KPM ANALYTICS NORTH AMERICA CORPORATION, <br><br> Plaintiff, <br><br> v. <br><br> BLUE SUN SCIENTIFIC, LLC; THE INNOVATIVE TECHNOLOGIES GROUP & CO., LTD; ARNOLD EILERT; MICHELLE GAJEWSKI; ROBERT GAJEWSKI; RACHAEL GLENISTER; GREGORY ISRAELSON; IRVIN LUCAS; and PHILIP OSSOWSKI, <br><br> Defendants. | Civil Action No. 4:21-cv-10572-TSH |

**DEFENDANT BLUE SUN SCIENTIFIC LLC'S RESPONSES TO REQUEST FOR PRODUCTION OF DOCUMENTS**

Defendant Blue Sun Scientific, ("Defendant"), by and through its undersigned attorneys, serves the following response to production of documents by Plaintiff KPM Analytics North America Corporation ("Plaintiff").

**<u>GENERAL RESPONSES AND OBJECTIONS</u>**

1.      Defendant objects to these document request to the extent they seek to impose any duty, responsibility, or requirement to supplement any response beyond those imposed by the Federal Rules.

2.      Defendant objects to the document request insofar as they attempt to obtain documents protected by the attorney-client privilege, the attorney work-product doctrine, the joint defense privilege, the common interest privilege and protections for other confidential and proprietary business information. Defendant reserves and retains any and all claims of privilege and protection and assert each privilege and/or protection to the fullest extent provided by law. Any inadvertent production shall not constitute a breach of those privileges and shall not be deemed a waiver of those privileges and protections.

3.      By making these responses, Defendant does not concede that the information given or documents produced is relevant, properly discoverable, or admissible. To the contrary,

Defendant reserves the right to object to further discovery regarding the subject matter of the document request and to object to the introduction into evidence of documents produced in response to these document request.

4.      Defendant reserves the right to revise, correct, supplement, and/or modify any response to these document request at any time during the course of this action.  Defendant also reserves the right to assert any additional objections to Plaintiff's document request.

5.      Defendant objects to the document request to the extent they seek production of documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

6.      Defendant objects to the document request to the extent they seek information not within the possession, custody, or control of Defendant.

7.      Defendant's failure to object to the document request on a particular ground shall not be construed as a waiver of Defendant's right to object on that ground or any additional grounds at any time.

8.      Defendant objects to the document request to the extent they are so vague, ambiguous, overly broad, duplicative, unduly burdensome, oppressive, or vexatious as to render it impossible or unreasonably difficult to respond in a reasonable manner and/or they seek production of documents or materials already within the propounding party's knowledge, possession, and/or control.

9.      Defendants objects to the document request to the extent they are not limited in time and seek documents not relevant to the claims and defenses in this matter.

10.     The foregoing Objections are incorporated herein by reference into each Response made by Defendant to these document request.

## DOCUMENTS AND THINGS REQUESTED

**REQUEST NO. 1:**  All documents and communications concerning, or that may support or refute, any allegation or defense set forth in the Complaint, the Individual Defendants' Answer to the Complaint, the Blue Sun Defendants' Answer to the Complaint, or the Counterclaim.

**RESPONSE TO REQUEST NO. 1:**     Blue Sun objects to this document request

on the grounds that it is vague and overbroad.  Blue Sun interprets this Request as asking for

documents Blue Sun believes may support or refute allegations and defenses in this matter, not

2

**REQUEST NO. 16:** All documents and communications concerning any Known KPM Customer.

**RESPONSE TO REQUEST NO. 16:**   Blue Sun objects to this request as it is overbroad and seeks documents not relevant to the claims and defenses in this matter. Notwithstanding these objections, Blue Sun will produce responsive documents that relate to the parties' claims and defenses.

**REQUEST NO. 17:** All documents and communications concerning KPM, including all documents and communications concerning KPM NIR Software.

**RESPONSE TO REQUEST NO. 17:**   Blue Sun objects to this request as it is overbroad and seeks documents not relevant to the claims and defenses in this matter. Notwithstanding these objections, Blue Sun will produce responsive documents that relate to the parties' claims and defenses.

**REQUEST NO. 18:** All documents and communications concerning any comparison(s) made between Blue Sun NIR products, services, software, or calibrations and KPM NIR products, services, software, or calibrations.

**RESPONSE TO REQUEST NO. 18:**   Blue Sun objects to this request as vague and not relevant to the subject matter of this litigation.

**REQUEST NO. 19:** All documents and communications concerning all application notes created for any NIR products on behalf of Blue Sun or used by Blue Sun in any way, including the application notes themselves.

**RESPONSE TO REQUEST NO. 19:**   Blue Sun objects to this request as it is overbroad and seeks documents not relevant to the claims and defenses in this matter. Notwithstanding these objections, Blue Sun will produce responsive documents that relate to the parties' claims and defenses.

**REQUEST NO. 20:**  All documents and communications concerning the transfer of email accounts, services, or functions at Blue Sun, the loss of any messages, data, or content in previously existing accounts, and all efforts by Blue Sun to preserve, maintain, reclaim, or restore any such messages, data or content.

**RESPONSE TO REQUEST NO. 31:**   Blue Sun will produce any documents in its possession, custody or control that are responsive to the request.

**REQUEST NO. 32:** Documents sufficient to determine the ownership of Blue Sun.

**RESPONSE TO REQUEST NO. 32:**   Blue Sun will produce responsive documents.

**REQUEST NO. 33:** Documents sufficient to show the compensation received by Robert Gajewski, Arnold Eilert, Rachael Glenister, Josh Sarver, Douglas Evans, Philip Ossowski, and Gregory Israelson from the Blue Sun Defendants.

**RESPONSE TO REQUEST NO. 33:**   Blue Sun objects to this request on the grounds that it vague, overbroad and not relevant to the claims and defenses in this litigation. Blue Sun will produce responsive documents for those individuals who are defendants in this matter.

**REQUEST NO. 34:** All presentations, including PowerPoint presentations, prepared or presented by Blue Sun or any of its employees or independent contractors.

**RESPONSE TO REQUEST NO. 34:**   Blue Sun objects to this request on the grounds that it vague, overbroad and not relevant to the claims and defenses in this litigation.

**REQUEST NO. 35:** All documents that support or refer to any alleged damages in this matter.

**RESPONSE TO REQUEST NO. 35:**   Blue Sun has not yet received information supporting Plaintiff's damages in this matter, and therefore cannot respond to this request at this time.  If and when Blue Sun receives such information, Blue Sun will supplement this response.

**REQUEST NO. 36:** Any documents or materials that you will seek to admit into evidence or otherwise use in any trial of this matter.

**RESPONSE TO REQUEST NO. 36:**   Blue Sun will produce a list of trial exhibits in accordance with the Court's Scheduling Order in this case.

9341852.1  58144/146507  3/8/22

Respectfully submitted,

Dated: March 8, 2022

*/s/  George F. Ritchie*

George F. Ritchie, (Fed. Bar No. 22408)
GORDON FEINBLATT LLC
233 East Redwood St.
Baltimore, MD  21202
410-576-4131 - gritchie@gfrlaw.com
Fax:    410-576-4269

*Attorneys for Defendant/Counter-Plaintiff*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 8th day of March, 2022, a copy of the foregoing was

served via email upon:

John T. Gutkoski
Cesari & McKenna, LLP
One Liberty Square, Suite 310
Boston, MA 02109
JTG@c-m.com

&

Scott R. Magee
Paige Zacharakis
Morse, Barnes-Brown & Pendleton, P.C.
480 Totten Pond Road,
4th Floor Waltham, MA 02451
smagee@morse.law  pzacharakis@morse.law

*/s/  George F. Ritchie*

George F. Ritchie

9341852.1 58144/146507  3/8/22

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KPM ANALYTICS NORTH AMERICA CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>BLUE SUN SCIENTIFIC, LLC; THE INNOVATIVE TECHNOLOGIES GROUP & CO., LTD; ARNOLD EILERT; MICHELLE GAJEWSKI; ROBERT GAJEWSKI; RACHAEL GLENISTER; GREGORY ISRAELSON; IRVIN LUCAS; and PHILIP OSSOWSKI,<br><br>Defendants. | Civil Action No. 4:21-cv-10572-TSH |

## INNOVATIVE TECHNOLOGY GROUP'S RESPONSES TO REQUEST FOR PRODUCTION OF DOCUMENTS

Defendant The Innovative Technology Group., ("Defendant"), by and through its undersigned attorneys, serves the following response to production of documents by Plaintiff KPM Analytics North America Corporation ("Plaintiff").

## <u>GENERAL RESPONSES AND OBJECTIONS</u>

1.      Defendant objects to these document request to the extent they seek to impose any duty, responsibility, or requirement to supplement any response beyond those imposed by the Federal Rules.

2.      Defendant objects to the document request insofar as they attempt to obtain documents protected by the attorney-client privilege, the attorney work-product doctrine, the joint defense privilege, the common interest privilege and protections for other confidential and proprietary business information. Defendant reserves and retains any and all claims of privilege and protection and assert each privilege and/or protection to the fullest extent provided by law. Any inadvertent production shall not constitute a breach of those privileges and shall not be deemed a waiver of those privileges and protections.

3.      By making these responses, Defendant does not concede that the information given or documents produced is relevant, properly discoverable, or admissible. To the contrary, Defendant reserves the right to object to further discovery regarding the subject matter of the

document request and to object to the introduction into evidence of documents produced in response to these document request.

4.      Defendant reserves the right to revise, correct, supplement, and/or modify any response to these document request at any time during the course of this action.  Defendant also reserves the right to assert any additional objections to Plaintiff's document request.

5.      Defendant objects to the document request to the extent they seek production of documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

6.      Defendant objects to the document request to the extent they seek information not within the possession, custody, or control of Defendant.

7.      Defendant's failure to object to the document request on a particular ground shall not be construed as a waiver of Defendant's right to object on that ground or any additional grounds at any time.

8.      Defendant objects to the document request to the extent they are so vague, ambiguous, overly broad, duplicative, unduly burdensome, oppressive, or vexatious as to render it impossible or unreasonably difficult to respond in a reasonable manner and/or they seek production of documents or materials already within the propounding party's knowledge, possession, and/or control.

9.      Defendants objects to the document request to the extent they are not limited in time and seek documents not relevant to the claims and defenses in this matter.

10.     The foregoing Objections are incorporated herein by reference into each Response made by Defendant to these document request.

## DOCUMENTS AND THINGS REQUESTED

**REQUEST NO. 1:**  All documents and communications concerning, or that may support or refute, any allegation or defense set forth in the Complaint, the Individual Defendants' Answer to the Complaint, the Blue Sun Defendants' Answer to the Complaint, or the Counterclaim.

**RESPONSE TO REQUEST NO. 1:**     ITG objects to this document request on the grounds that it is vague and overbroad.  ITG interprets this Request as asking for documents ITG believes may support or refute allegations and defenses in this matter, not documents Plaintiff believes do so.  Subject to these objections, ITG will produce the requested documents.

**REQUEST NO. 2:**  All documents and communications by and between you and any third party (including testifying experts but excluding privileged communications with your attorney(s)) concerning any allegation in the Complaint, the Individual Defendants' Answer to

2

ITG does not employ the Individual Defendants.  Subject to these objections, ITG will produce any documents in its possession, custody or control that are responsive to the request

**REQUEST NO. 35:** All documents that support or refer to any alleged damages in this matter.

**RESPONSE TO REQUEST NO. 35:**   ITG has not yet received information supporting Plaintiff's damages in this matter, and therefore cannot respond to this request at this time.  If and when ITG receives such information, ITG will supplement this response.

**REQUEST NO. 36:** Any documents or materials that you will seek to admit into evidence or otherwise use in any trial of this matter.

**RESPONSE TO REQUEST NO. 36:**   ITG will produce a list of trial exhibits in accordance with the Court's Scheduling Order in this case.

Respectfully submitted,

Dated: March 8, 2022

*/s/  George F. Ritchie*
George F. Ritchie, (Fed. Bar No. 22408)
GORDON FEINBLATT LLC
233 East Redwood St.
Baltimore, MD  21202
410-576-4131 - gritchie@gfrlaw.com
Fax:    410-576-4269

*Attorneys for Defendant/Counter-Plaintiff*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 8th day of March, 2022, a copy of the foregoing was

served via email upon:

John T. Gutkoski
Cesari & McKenna, LLP
One Liberty Square, Suite 310
Boston, MA 02109
JTG@c-m.com

&

Scott R. Magee
Paige Zacharakis
Morse, Barnes-Brown & Pendleton, P.C.
480 Totten Pond Road,
4th Floor Waltham, MA 02451
smagee@morse.law  pzacharakis@morse.law


*/s/ George F. Ritchie*
George F. Ritchie

12

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| KPM ANALYTICS NORTH AMERICA CORPORATION, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) ) ) |
| BLUE SUN SCIENTIFIC, LLC; THE INNOVATIVE TECHNOLOGIES GROUP & CO., LTD; ARNOLD EILERT; ROBERT GAJEWSKI; RACHAEL GLENISTER; and IRVIN LUCAS, | ) ) ) ) ) |
| Defendants. | ) ) ) |

Civil Action No. 4:21-cv-10572-TSH

**RESPONSES TO PLAINTIFF'S REQUEST FOR**
**PRODUCTION OF DOCUMENTS TO IRVIN LUCAS**

Pursuant to Fed. R. Civ. P. 26 and 34, Defendant Irvin Lucas hereby responds and objects to Plaintiff KPM Analytics North America Corporation's ("KPM") Request for Production of Documents to Irvin Lucas (the "Requests").

**GENERAL RESPONSES AND OBJECTIONS**

1.      Lucas objects to the extent the Requests see any documents directed at information or documentation protected by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege or immunity, including the common interest or joint defense doctrine.   Accordingly, he will not produce documents responsive to the Requests to the extent those documents are protected by the attorney-client privilege, the work product doctrine, or other applicable privileges, immunities, or protections.   The inadvertent production of any such document shall not be deemed to be a waiver of any applicable privilege with respect to such document or any other document.

2.      Lucas objects to each definition in the Requests to the extent that it is broder, narrower or conflicts with the definitions set forth in Local Rule 26.5, and Lucas adopts the definitions set forth in Local Rule 26.5.

3.      Lucas objects to each definition, instruction, and Request to the extent that it seeks information that is unreasonably cumulative or duplicative, that is publicly available, that is already in the possession, custody, or control of KPM, that is of no greater burden for KPM to obtain than Lucas, that is otherwise more appropriately directed to another party, and/or to the extent that compliance would be unduly burdensome, expensive, or oppressive.

4.      Lucas objects to Requests that seek the production of "all" documents or "every" document as unduly burdensome when the relevant information can be supplied by the production of fewer than "all" documents or "every" document.

5.      Lucas makes these responses based on facts reasonably known at the time of answering these Requests.  Lucas reserves the right to supplement or amend these responses as permitted by the applicable rules.

## REQUESTS FOR PRODUCTION

**REQUEST NO. 1:**

All documents and communications concerning, or that may support or refute, any allegation or defense set forth in the Complaint, the Individual Defendants' Answer to the Complaint, the Blue Sun Defendants' Answer to the Complaint, or the Counterclaim.

**RESPONSE TO REQUEST NO. 1:**  Subject to the foregoing General Objections, Lucas will produce non-privileged documents responsive to this Request within his possession, custody, or control.

**REQUEST NO. 2:**

All documents and communications by and between you and any third party (including testifying experts but excluding privileged communications with your attorney(s)) concerning any allegation

**REQUEST NO. 29:**

All documents and communications concerning all application notes created for any NIR products on behalf of Blue Sun, including the application notes themselves.

**RESPONSE TO REQUEST NO. 29:**  Lucas has no documents responsive to this Request within his possession, custody, or control.

**REQUEST NO. 30:**

All documents and communications concerning all efforts to sell any services for NIR products which were not manufactured by Blue Sun, including but not limited to Unity/KPM NIR products and KPM NIR Software, where the services would be provided by the Blue Sun Defendants, contractors working with or for the Blue Sun Defendants, or for which the Blue Sun Defendants issued invoices or received any payment or benefit.

**RESPONSE TO REQUEST NO. 30:**  Lucas objects to this Request on the grounds that it is overly broad and requests information that is not relevant to the claims or defenses asserted in this case.  Specifically, Lucas objects to producing all documents and communications concerning services performed by the Blue Sun Defendants, or anyone working on their behalf, to any customer that is not a Known KPM Customer.

Subject to the foregoing objection and General Objections, Lucas will produce documents and communications concerning efforts to sell services for NIR products which were not manufactured by Blue Sun to Known KPM Customers.

**REQUEST NO. 31:**

Any documents or materials that you will seek to admit into evidence or otherwise use in any trial of this matter.

**RESPONSE TO REQUEST NO. 31:**  Lucas has not yet determined what documents or materials he will seek to admit into evidence or otherwise use in any trial of this matter.  Lucas will supplement this response in accordance with any pretrial orders issued by the Court.

IRVIN LUCAS,

*/s/ William L. Prickett*
William L. Prickett (BBO #555341)
wprickett@seyfarth.com
Dallin R. Wilson (BBO #676662)
drwilson@seyfarth.com
SEYFARTH SHAW LLP
Two Seaport Lane, Suite 300
Boston, MA 02210-2028
Tel: (617) 946-4800
Fax: (617) 946-4801

Dated: February 10, 2022

## CERTIFICATE OF SERVICE

I hereby certify that, on February 10, 2022, this document was served upon each attorney of record for each other party by first class mail.

*/s/ Dallin R. Wilson*
Dallin R. Wilson

12

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| KPM ANALYTICS NORTH AMERICA CORPORATION, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| BLUE SUN SCIENTIFIC, LLC; THE INNOVATIVE TECHNOLOGIES GROUP & CO., LTD; ARNOLD EILERT; MICHELLE GAJEWSKI; ROBERT GAJEWSKI; RACHAEL GLENISTER; GREGORY ISRAELSON; IRVIN LUCAS; and PHILIP OSSOWSKI, | ) Civil Action No. 4:21-cv-10572-TSH |
| | ) |
| Defendants. | ) |

**RESPONSES TO PLAINTIFF'S REQUEST FOR**
**PRODUCTION OF DOCUMENTS TO ROBERT GAJEWSKI**

Pursuant to Fed. R. Civ. P. 26 and 34, Defendant Robert Gajewski hereby responds and objects to Plaintiff KPM Analytics North America Corporation's ("KPM") Second Request for Production of Documents to Robert Gajewski (the "Requests").

**GENERAL RESPONSES AND OBJECTIONS**

1.      Gajewski objects to the extent the Requests see any documents directed at information or documentation protected by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege or immunity, including the common interest or joint defense doctrine.   Accordingly, he will not produce documents responsive to the Requests to the extent those documents are protected by the attorney-client privilege, the work product doctrine, or other applicable privileges, immunities, or protections.  The inadvertent production of any such

document shall not be deemed to be a waiver of any applicable privilege with respect to such document or any other document.

2. Gajewski objects to each definition in the Requests to the extent that it is broader, narrower or conflicts with the definitions set forth in Local Rule 26.5, and Gajewski adopts the definitions set forth in Local Rule 26.5.

3. Gajewski objects to each definition, instruction, and Request to the extent that it seeks information that is unreasonably cumulative or duplicative, that is publicly available, that is already in the possession, custody, or control of KPM, that is of no greater burden for KPM to obtain than Gajewski, that is otherwise more appropriately directed to another party, and/or to the extent that compliance would be unduly burdensome, expensive, or oppressive.

4. Gajewski objects to Requests that seek the production of "all" documents or "every" document as unduly burdensome when the relevant information can be supplied by the production of fewer than "all" documents or "every" document.

5. Gajewski objects to producing any documents or information that he has already produced in response to KPM's expedited requests for production of documents.

6. Gajewski makes these responses based on facts reasonably known at the time of answering these Requests. Gajewski reserves the right to supplement or amend these responses as permitted by the applicable rules.

## REQUESTS FOR PRODUCTION

**REQUEST NO. 1:**

All documents and communications concerning, or that may support or refute, any allegation or defense set forth in the Complaint, the Individual Defendants' Answer to the Complaint, the Blue Sun Defendants' Answer to the Complaint, or the Counterclaim.

**RESPONSE TO REQUEST NO. 1:** Subject to the foregoing General Objections, Gajewski will produce non-privileged documents responsive to this Request within his possession, custody, or control.

**REQUEST NO. 2:**

All documents and communications by and between you and any third party (including testifying experts but excluding privileged communications with your attorney(s)) concerning any allegation in the Complaint, the Individual Defendants' Answer to the Complaint, the Blue Sun Defendants' Answer to the Complaint, or the Counterclaim, or any defenses thereto.

**RESPONSE TO REQUEST NO. 2:** Subject to the foregoing General Objections, Gajewski will produce non-privileged documents responsive to this Request within his possession, custody, or control.

**REQUEST NO. 3:**

All documents and communications concerning any copying or transferring of information from KPM to the Blue Sun Defendants and/or the Individual Defendants, including the copying or transferring of information from KPM to anyone associated with the Blue Sun Defendants.

**RESPONSE TO REQUEST NO. 3:** Gajewski has no documents responsive to this Request within his possession, custody, or control.

**REQUEST NO. 4:**

All documents and communications concerning any information or tangible things that you provided to the Blue Sun Defendants which you possessed or knew of on account of your prior employment or other affiliation with KPM.

**RESPONSE TO REQUEST NO. 4:** Gajewski has no documents responsive to this Request within his possession, custody, or control.

**REQUEST NO. 5:**

All documents and communications by and between you and any person, including the Defendants and any present or former employee of KPM, concerning any of the events and/or allegations contained in the Complaint.

**RESPONSE TO REQUEST NO. 23:**  Gajewski objects to this Request on the grounds that it is overly broad, unduly burdensome, and not relevant to the claims or defenses asserted in this case.  Gajewski further objects to this Request on the grounds that it is cumulative and duplicative of other requests.

**REQUEST NO. 24:**

Documents sufficient to determine any salary or compensation you received from the Blue Sun Defendants, including any independent contractor agreement(s), employment agreement(s) or related document(s) between you and the Blue Sun Defendants.

**RESPONSE TO REQUEST NO. 24:**  Subject to the foregoing General Objections, Gajewski will produce non-privileged documents responsive to this Request within his possession, custody, or control.

**REQUEST NO. 25:**

Documents sufficient to determine what percentage interest you own in any of the Blue Sun Defendants, whether individually or otherwise.

**RESPONSE TO REQUEST NO. 25:**  Gajewski has no documents responsive to this Request within his possession, custody, or control.

**REQUEST NO. 26:**

Any documents or materials that you will seek to admit into evidence or otherwise use in any trial of this matter.

**RESPONSE TO REQUEST NO. 26:**  Gajewski has not yet determined what documents or materials he will seek to admit into evidence or otherwise use in any trial of this matter. Gajewski will supplement this response in accordance with any pretrial orders issued by the Court.

ROBERT GAJEWSKI,

*/s/ William L. Prickett*
William L. Prickett (BBO #555341)
wprickett@seyfarth.com
Dallin R. Wilson (BBO #676662)
drwilson@seyfarth.com
SEYFARTH SHAW LLP
Two Seaport Lane, Suite 300
Boston, MA 02210-2028
Tel: (617) 946-4800
Fax: (617) 946-4801

Dated:  February 10, 2022

## CERTIFICATE OF SERVICE

I hereby certify that, on February 10, 2022, this document was served upon each attorney of record for each other party by first class mail.

*/s/ Dallin R. Wilson*
Dallin R. Wilson

11

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KPM ANALYTICS NORTH AMERICA CORPORATION, <br><br> Plaintiff, <br><br> v. <br><br> BLUE SUN SCIENTIFIC, LLC; THE INNOVATIVE TECHNOLOGIES GROUP & CO., LTD; ARNOLD EILERT; ROBERT GAJEWSKI; RACHAEL GLENISTER; and IRVIN LUCAS, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) <br><br> Civil Action No. 4:21-cv-10572-TSH |

## RESPONSES TO PLAINTIFF'S REQUEST FOR
## PRODUCTION OF DOCUMENTS TO ARNOLD EILERT

Pursuant to Fed. R. Civ. P. 26 and 34, Defendant Arnold Eilert hereby responds and objects to Plaintiff KPM Analytics North America Corporation's ("KPM") second Request for Production of Documents to Arnold Eilert (the "Requests").

## GENERAL RESPONSES AND OBJECTIONS

1.     Eilert objects to the extent the Requests see any documents directed at information or documentation protected by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege or immunity, including the common interest or joint defense doctrine.   Accordingly, he will not produce documents responsive to the Requests to the extent those documents are protected by the attorney-client privilege, the work product doctrine, or other applicable privileges, immunities, or protections.   The inadvertent production of any such document shall not be deemed to be a waiver of any applicable privilege with respect to such document or any other document.

2.      Eilert objects to each definition in the Requests to the extent that it is broader, narrower or conflicts with the definitions set forth in Local Rule 26.5, and Eilert adopts the definitions set forth in Local Rule 26.5.

3.      Eilert objects to each definition, instruction, and Request to the extent that it seeks information that is unreasonably cumulative or duplicative, that is publicly available, that is already in the possession, custody, or control of KPM, that is of no greater burden for KPM to obtain than Eilert, that is otherwise more appropriately directed to another party, and/or to the extent that compliance would be unduly burdensome, expensive, or oppressive.

4.      Eilert objects to Requests that seek the production of "all" documents or "every" document as unduly burdensome when the relevant information can be supplied by the production of fewer than "all" documents or "every" document.

5.      Eilert objects to producing any documents or information that he has already produced in response to KPM's expedited requests for production of documents.

6.      Eilert makes these responses based on facts reasonably known at the time of answering these Requests.  Eilert reserves the right to supplement or amend these responses as permitted by the applicable rules.

## REQUESTS FOR PRODUCTION

**REQUEST NO. 1:**

All documents and communications concerning, or that may support or refute, any allegation or defense set forth in the Complaint, the Individual Defendants' Answer to the Complaint, the Blue Sun Defendants' Answer to the Complaint, or the Counterclaim.

**RESPONSE TO REQUEST NO. 1:**  Subject to the foregoing General Objections, Eilert will produce non-privileged documents responsive to this Request within his possession, custody, or control.

**REQUEST NO. 24:**

Documents sufficient to determine any salary or compensation you received from the Blue Sun Defendants, including any independent contractor agreement(s), employment agreement(s) or related document(s) between you and the Blue Sun Defendants.

> **RESPONSE TO REQUEST NO. 24:** Subject to the foregoing General Objections, Eilert will produce non-privileged documents responsive to this Request within his possession, custody, or control.

**REQUEST NO. 25:**

Documents sufficient to determine what percentage interest you own in any of the Blue Sun Defendants, whether individually or otherwise.

> **RESPONSE TO REQUEST NO. 25:** Eilert has no documents responsive to this Request within his possession, custody, or control.

**REQUEST NO. 26:**

Any documents or materials that you will seek to admit into evidence or otherwise use in any trial of this matter.

> **RESPONSE TO REQUEST NO. 26:** Eilert has not yet determined what documents or materials he will seek to admit into evidence or otherwise use in any trial of this matter. Eilert will supplement this response in accordance with any pretrial orders issued by the Court.

> ARNOLD EILERT,
>
> */s/ William L. Prickett*
> William L. Prickett (BBO #555341)
> wprickett@seyfarth.com
> Dallin R. Wilson (BBO #676662)
> drwilson@seyfarth.com
> SEYFARTH SHAW LLP
> Two Seaport Lane, Suite 300
> Boston, MA 02210-2028
> Tel: (617) 946-4800
> Fax: (617) 946-4801

Dated:  February 10, 2022

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that, on February 10, 2022, this document was served upon each attorney of record for each other party by first class mail.

_/s/ Dallin R. Wilson_
Dallin R. Wilson

11

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| KPM ANALYTICS NORTH AMERICA CORPORATION, | ) |
| | ) |
| | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| | ) Civil Action No. 4:21-cv-10572-TSH |
| BLUE SUN SCIENTIFIC, LLC; THE INNOVATIVE TECHNOLOGIES GROUP & CO., LTD; ARNOLD EILERT; ROBERT GAJEWSKI; RACHAEL GLENISTER; and IRVIN LUCAS, | ) |
| | ) |
| | ) |
| | ) |
| | ) |
| Defendants. | ) |
| | ) |

**RESPONSES TO PLAINTIFF'S REQUEST FOR**
**PRODUCTION OF DOCUMENTS TO RACHAEL GLENISTER**

Pursuant to Fed. R. Civ. P. 26 and 34, Defendant Rachael Glenister hereby responds and objects to Plaintiff KPM Analytics North America Corporation's ("KPM") second Request for Production of Documents to Rachael Glenister (the "Requests").

**GENERAL RESPONSES AND OBJECTIONS**

1.      Glenister objects to the extent the Requests see any documents directed at information or documentation protected by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege or immunity, including the common interest or joint defense doctrine.   Accordingly, she will not produce documents responsive to the Requests to the extent those documents are protected by the attorney-client privilege, the work product doctrine, or other applicable privileges, immunities, or protections.  The inadvertent production of any such document shall not be deemed to be a waiver of any applicable privilege with respect to such document or any other document.

2.      Glenister objects to each definition in the Requests to the extent that it is broader, narrower or conflicts with the definitions set forth in Local Rule 26.5, and Glenister adopts the definitions set forth in Local Rule 26.5.

3.      Glenister objects to each definition, instruction, and Request to the extent that it seeks information that is unreasonably cumulative or duplicative, that is publicly available, that is already in the possession, custody, or control of KPM, that is of no greater burden for KPM to obtain than Glenister, that is otherwise more appropriately directed to another party, and/or to the extent that compliance would be unduly burdensome, expensive, or oppressive.

4.      Glenister objects to Requests that seek the production of "all" documents or "every" document as unduly burdensome when the relevant information can be supplied by the production of fewer than "all" documents or "every" document.

5.      Glenister objects to producing any documents or information that she has already produced in response to KPM's expedited requests for production of documents.

6.      Glenister makes these responses based on facts reasonably known at the time of answering these Requests.  Glenister reserves the right to supplement or amend these responses as permitted by the applicable rules.

## **REQUESTS FOR PRODUCTION**

**REQUEST NO. 1:**

All documents and communications concerning, or that may support or refute, any allegation or defense set forth in the Complaint, the Individual Defendants' Answer to the Complaint, the Blue Sun Defendants' Answer to the Complaint, or the Counterclaim.

**RESPONSE TO REQUEST NO. 1:**  Subject to the foregoing General Objections, Glenister will produce non-privileged documents responsive to this Request within her possession, custody, or control.

2

**REQUEST NO. 21:**

All nonprivileged documents and communications concerning the October 2020 correspondence you received from KPM's counsel relating to your employment with Blue Sun.

   **RESPONSE TO REQUEST NO. 21:**  Glenister has no documents responsive to this

Request within her possession, custody, or control.

**REQUEST NO. 22:**

All documents and communications concerning KPM, including all documents and communications concerning KPM NIR Software.

   **RESPONSE TO REQUEST NO. 22:**  Glenister objects to this Request on the grounds

that it is overly broad, unduly burdensome, and not relevant to the claims or defenses asserted in

this case.  Glenister further objects to this Request on the grounds that it is cumulative and

duplicative of other requests.

**REQUEST NO. 23:**

Documents sufficient to determine any salary or compensation you received from the Blue Sun Defendants, including any independent contractor agreement(s), employment agreement(s) or related document(s) between you and the Blue Sun Defendants.

   **RESPONSE TO REQUEST NO. 23:**  Subject to the foregoing General Objections,

Glenister will produce non-privileged documents responsive to this Request within her possession,

custody, or control.

**REQUEST NO. 24:**

Documents sufficient to determine what percentage interest you own in any of the Blue Sun Defendants, whether individually or otherwise.

   **RESPONSE TO REQUEST NO. 24:**  Glenister has no documents responsive to this

Request within her possession, custody, or control.

**REQUEST NO. 25:**

Any documents or materials that you will seek to admit into evidence or otherwise use in any trial of this matter.

**RESPONSE TO REQUEST NO. 25:**  Glenister has not yet determined what documents or materials he will seek to admit into evidence or otherwise use in any trial of this matter. Glenister will supplement this response in accordance with any pretrial orders issued by the Court.

RACHAEL GLENISTER,

 */s/ William L. Prickett*
William L. Prickett (BBO #555341)
wprickett@seyfarth.com
Dallin R. Wilson (BBO #676662)
drwilson@seyfarth.com
SEYFARTH SHAW LLP
Two Seaport Lane, Suite 300
Boston, MA 02210-2028
Tel: (617) 946-4800
Fax: (617) 946-4801

Dated:  February 10, 2022

**CERTIFICATE OF SERVICE**

I hereby certify that, on February 10, 2022, this document was served upon each attorney of record for each other party by first class mail.

 */s/ Dallin R. Wilson*
 Dallin R. Wilson