## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KPM ANALYTICS NORTH AMERICA CORPORATION,<br><br>　　　　　*Plaintiff.*<br><br>　　V.<br><br>BLUE SUN SCIENTIFIC, LLC, THE INNOVATIVE TECHNOLOGIES GROUP & CO., LTD., ARNOLD EILERT, MICHELLE GAJEWSKI, ROBERT GAJEWSKI, RACHAEL GLENISTER, GREGORY ISRAELSON, IRVIN LUCAS, AND PHILIP OSSOWSKI,<br><br>　　　　　*Defendants.* | Civil Action No. 21-10572-MRG |

## **KPM ANALYTICS NORTH AMERICA CORPORATION'S TRIAL BRIEF**

Pursuant to the Court's April 12, 2023 Order amending pre-trial deadlines (ECF No. 179), Plaintiff, KPM Analytics North America Corporation ("KPM" or "Plaintiff"), submits this trial brief. In accordance with Local Rule 16.5(f), KPM may supplement the requests for rulings and instructions identified herein at trial if the evidence develops otherwise than as anticipated.

### I.   Motions *in Limine* and Other Requests Regarding Foreseeable Disputes Concerning Evidentiary Issues

KPM has filed Motions *in Limine* to exclude evidence at trial, including:

1.   Motion *in Limine* No. 1 to exclude references to parties' respective size, financial status, and/or ownership structures;

2.   Motion *in Limine* No. 2 to exclude exhibits that were not produced in discovery; and

1

    3.       Motion *in Limine* No. 3 to preclude references to unrelated pending or threatened litigation.

The authority for the rulings requested in KPM's Motions *in Limine* Nos. I-III is set forth in KPM's Memorandum in Support of its Motions *in Limine*.

## II. A Succinct and Neutral Statement Summarizing the Principal Claims and Defenses of the Parties to Be Read to the Venire during Empanelment

The Plaintiff in this case is KPM Analytics North America Corporation, referred to as KPM. The defendants are Blue Sun Scientific, LLC (referred to as "Blue Sun), Innovative Technologies Group & Co., Ltd. (referred to as "ITG"), which is the parent corporation of Blue Sun, and Arnold Eilert, Robert Gajewski, Rachael Glenister, and Irvin Lucas (collectively, referred to as the "Individual Defendants"). Mr. Eilert, Mr. Gajewski, Ms. Glenister, and Mr. Lucas are each former KPM employees currently employed by or working with Blue Sun.

KPM manufactures and sells near infrared ("NIR") analyzers sold under the SpectraStar brand name, which are devices that use light analysis to measure the chemical composition of common substances found in consumer products, such as the amount of moisture, oil, or protein in human and pet foods. These analyzers allow companies to control the quality and consistency of the food and agricultural products they grow and manufacture. KPM claims that defendants ITG and Lucas created Blue Sun and then, with the other Individual Defendants, unlawfully competed with KPM in selling NIR analyzers and servicing existing KPM customers' analyzers in several ways.

KPM claims that the defendants misappropriated, misused, and unlawfully disclosed KPM's trade secrets both while still employed at and after their employment with KPM, and did so willfully and maliciously. With regard to Blue Sun and its parent, ITG, KPM specifically claims that they used KPM's trade secrets and confidential information to sell and attempt to sell NIR

analyzers in the same interstate and international markets, including to many of KPM's existing customers, causing KPM financial damages. The defendants all deny they misappropriated KPM's trade secrets.

KPM also claims that the Individual Defendants breached their employment contracts with KPM, and specifically their contractual non-disclosure obligations when they misused and disclosed KPM's confidential information despite their respective obligations to keep such information confidential. In breaching their contractual non-disclosure agreements, KPM claims that the Individual Defendants also breached both the duty of loyalty and the duty of good faith and fair dealing they each owed to KPM. The Individual Defendants deny these claims.

KPM further claims that Blue Sun and ITG knew, or should have known, of the Individual Defendants' contractual obligations to KPM and intentionally interfered with those contractual relationships by hiring, and then by working with, the Individual Defendants to use KPM's trade secrets and confidential information to compete with KPM. KPM claims that these actions amount to tortious interference with its contracts with the Individual Defendants.

KPM lastly claims that Blue Sun and ITG engaged in unfair and deceptive trade practices by misappropriating, misusing, and disclosing KPM's trade secrets and confidential information, by misusing those trade secrets and confidential information to misrepresent the capabilities of the ITG/Blue Sun analyzers, by using current and former KPM employees to divert customers and their service and sales opportunities away from KPM to Blue Sun, and by tortuously interfering with KPM's contracts with its prior employees, all using deceptive and unfair means. Blue Sun and ITG deny these claims.

KPM claims that the actions of Blue Sun, ITC, and the Individual Defendants caused damages to KPM. Blue Sun, ITC, and the Individual Defendants claim that there was no damage caused by virtue of any actions attributable to them.

### III.   The names of all potential witnesses and the city in which the witnesses reside

KPM may call the following witnesses:

- **Brian Davies**.  Mr. Davies resides in Somerville, MA.
- **Arnold Eilert**.  Mr. Eilert resides in Wauconda, IL.
- **Robert Gajewski**.  Mr. Gajewski resides in North Aurora, IL.
- **Rachel Glenister**.  Ms. Glenister resides in Colorado Springs, CO.
- **Irvin Lucas**.  Mr. Lucas resides in North Hollywood, CA.
- **Christopher McIntire**.  Mr. McIntire resides in Danvers, MA.
- **Brian Mitchell**.  Mr. Mitchell resides in Rye, NH.
- **Eric Olson**.  Mr. Olson resides in Phillipston, MA.
- **Carey Ross**.  Mr. Ross resides in Dover, NH.
- **Robert Schumann, Jr**.  Mr. Schumann resides in Walton, KY.
- **Michael Smith**.  Mr. Smith resides in Sterling, MA.
- **Eric Weinstein**, Mr. Weinstein's present address is not currently known to KPM.
- **Robert Wilt**.  Mr. Wilt resides in Jessup, MD.
- **Yuegang Zhao**.  Mr. Zhao resides in Andover, MA.
- **Neil Zoltowski**, as an expert witness.  Mr. Zoltowski resides in Duxbury, MA.

Plaintiff may additionally call any witness appearing on any of the defendants' witness lists.

### IV.   Any proposed questions for the *voir dire* examination of the jury

KPM's proposed *voir dire* questions for the jury are attached as Exhibit A.

## V. Request for instructions to the jury

KPM's proposed preliminary jury instructions as well as KPM's proposed final jury instructions, each with citations to supporting authority, are attached as Exhibit B.

## VI. Proposed interrogatories or special verdict form

KPM's proposed special verdict form is attached as Exhibit C.

**Date:** April 25, 2023

Respectfully submitted,

*/s/ John T. Gutkoski*
John T. Gutkoski (BBO# 567182)
Kevin R. Mosier (BBO# 703739)
SUNSTEIN LLP
100 High Street
Boston, MA 02110
Tel: (617) 443-9292
jgutkoski@sunsteinlaw.com
kmosier@sunsteinlaw.com

Scott R. Magee (BBO# 664067)
Paige K. Zacharakis (BBO# 699108)
MORSE, BARNES-BROWN, AND PENDLETON, P.C.
480 Totten Pond Road, 4th Floor
Waltham, MA 02451
Tel: (781) 622-5930
smagee@morse.law
pzacharakis@morse.law

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 25th day of April, 2023, a true and exact copy of the foregoing was served on all counsel of record through the Court's ECF system.

/s/ Kevin R. Mosier