# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| KPM ANALYTICS NORTH AMERICA CORPORATION, | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Civil Action No. 4:21-cv-10572-MRG ) ) |
| BLUE SUN SCIENTIFIC, LLC; THE INNOVATIVE TECHNOLOGIES GROUP & CO., LTD; ARNOLD EILERT; MICHELLE GAJEWSKI; ROBERT GAJEWSKI; RACHAEL GLENISTER; GREGORY ISRAELSON; IRVIN LUCAS; and PHILIP OSSOWSKI, | ) ) ) ) ) ) ) ) ) |
| Defendants. | ) ) ) |

## DEFENDANT THE INNOVATIVE TECHNOLOGIES GROUP & CO., LTD'S MOTION *IN LIMINE* TO PRECLUDE ARGUMENT OR EVIDENCE <u>REGARDING ALTER EGO /VEIL PIERCING CLAIMS</u>

Defendant The Innovative Technologies Group & Co., LTD ("ITG"), by its attorneys, hereby submits this motion *in limine* to preclude Plaintiff KPM Analytics North America Corporation ("KPM") from introducing any evidence or making any arguments regarding alter ego/corporate veil piercing claims of liability against ITG.

## INTRODUCTION

KPM did not plead an alter ego or other form of piercing the corporate veil theory against ITG, nor did it make such allegations in the length injunctive proceedings before this Court. Near the close of discovery, KPM first suggested it was pursuing such theories when ITG deposed KPM's corporate representative and CEO Brian Olson:

Q.      Does KPM contend that ITG took any activities to interfere, directly interfere in

the sale of Spectrastar machines?

Mr. Gutkoski: Objection to the form of the questions.

A.      With the contention that ITG and Blue Sun are an almost singular entity.

*See* Second Deposition of KPM's Representative Mr. Olson, dated April 26, 2022 ("Olson 2022

Depo."), attached as Ex. 1, at 16:1-17:14. When asked to elaborate, Mr. Olson cited the fact that

ITG and Blue Sun share a "common facility" in Maryland, "the same ownership", and the fact

that ITG provides hardware to Blue Sun. Mr. Olson conceded KPM was not aware of any other

basis for its claims against ITG.  *Id.* [1]

## ARGUMENT

A.      KPM Was Required But Failed to Plead an Alter Ego or Piercing the Corporate Veil
Claim Against ITG.

During the parties' meet and confer conference with respect to motions in limine held on

April 21, 2023, KPM argued that it was not required to plead an alter ego or piercing the

corporate veil theory against ITG because these theories of liability are not separate causes of

action.  KPM is wrong.  First, it is axiomatic under FRCP 4 that a plaintiff make (2) a short and

plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for

the relief sought, which may include relief in the alternative or different types of relief.  In

addition, under the liberal notice pleading standard of Fed.R.Civ.P. 8(a)(2), a plaintiff is required

to submit "a short and plain statement of the claim" in order to give the defendant "fair notice" of

the claim and the grounds upon which it rests.  *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555,

---

[1] ITG extensively briefed its corporate relationship with Blue Sun Scientific, LLC in its Motion for Summary
Judgment, and Reply to Opposition to Motion for Summary Judgment.  *See* Dkts. 144, 146 and 161.

127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).  Although notice pleading does not require detailed factual allegations, "more than labels and conclusions" are required to survive a motion to dismiss.  Therefore, the facts alleged must "raise a right to relief above the speculative level," and a "formulaic recitation of the elements of a cause of action" is not enough. *Id.*

Court in the First Circuit and in this federal district have been clear that a plaintiff must make *some* allegations to support a claim for alter ego or piercing the corporate veil in order to pursue such a theory at trial.  *See e.g.*, *Massachusetts Carpenters Cent. Collection Agency v. Belmont Concrete Corp.*, 139 F.3d 304, 308 (1st Cir.1998) (a plaintiff need not allege all possible factors relevant to the alter ego analysis); *Lounge 22, LLC v. Scales*, 680 F. Supp. 2d 343 (2010)(finding that allegations that company had only recently adopted the corporate form, that parent company directed and controlled the actions of its subsidiary and that there was a unity of interest was sufficient to pled a claim for alter ego because plaintiff "sufficiently has alleged several of the twelve factors which the First Circuit has identified for considering whether to penetrate the corporate form").

KPM alleged none of the twelve factors under Massachusetts law in its Verified Complaint, and provided ITG with no evidence during discovery to support such an unpled theory with the exception of Mr. Olson's testimony as KPM's corporate designee. It would be manifestly unfair to allow KPM to now ambush ITG at trial, particularly regarding an issue as complex as an alter ego/corporate veil piercing analysis.

B.     Massachusetts Law Requires Fraud with Respect to the Corporate Form To Support An Alter Ego/Veil Piercing Claim and Is Inapplicable Here.

The allegations made by KPM in this case in any event do not and cannot give rise to an alter ego/veil piercing claim.  It is well-settled law in Massachusetts that parent and subsidiary

3

corporations ordinarily are regarded as separate and distinct entities such that the liability of a subsidiary corporation will not be imputed to the parent. *Devlin v. WSI Corp.*, 833 F. Supp. 69 (D. Mass. 1993)(under Massachusetts law, parent corporation and its subsidiary are separate corporate entities); 13 Fletcher Cyc. Corp. § 6222 (Application of rules to parent and subsidiary corporations)(generally, a shareholder is not liable for the debts or acts of the corporation, in the absence of statute or agreement, and exactly the same rule applies where the shareholder is a corporation.).   Importantly, in this context, courts in Massachusetts and elsewhere have been clear that the mere ownership by one corporation of a controlling interest or of all the stock of another corporation does not, of itself, make the shareholding corporation liable for the debts or acts of the corporation in which it holds the stock. *Devlin*, 833 F. Supp. 69 at 72; see also *FMC Fin. Corp. v. Murphree*, 632 F.2d 413, 421, 422 (5th Cir. 1980); *Krivo Indus. Supply Co. v. National Distillers & Chem. Corp.*, 483 F.2d 1098, 1102-07 (5th Cir. 1973), modified per curiam, 490 F.2d 916 (5th Cir. 1974)("the principle of limited liability remains a dominant characteristic of American corporation law. Ordinarily, a creditor has recourse only against the corporate entity incurring the liability, not against parent corporations, stockholders, or other parties connected with the entity.").

Massachusetts recognizes only two narrow exceptions to this rule:  (1) when there is active and pervasive control of the related business entities by the parent, with fraudulent or harmful consequences from the inter-corporate relationship; or (2) when there is confused intermingling of activity between the parent and related entity, and ambiguity in relation to the parent, about the manner and capacity in which the two corporations and their representatives were acting. *TechTarget, Inc. v. Spark Design, LLC*, 746 F. Supp. 2d 353 (D. Mass. 2010).

10088679.1 58144/146507 4/25/23

Emphasizing that "control in and of itself is not sufficient to disregard the corporate entity," Massachusetts has developed have endorsed a twelve factor approach, which include the following: (1) common ownership; (2) pervasive control; (9) siphoning away of corporation's funds by dominant shareholder; (11) use of the corporation for transactions of the dominant shareholders; and (12) use of the corporation in promoting fraud.[2]  In order to pierce the corporate veil, a court must conclude after evaluating these factors that the parent corporation directed and controlled the subsidiary and used it for an improper purpose such as fraud as to the corporate form and its effects upon a creditor. *Id.*

While KPM's claims for alter ego/veil piercing fail across each of the 12 factors, fundamentally KPM seeks to misuse the doctrine to achieve a remedy it is not entitled to.  Alter ego/veil piercing are doctrines which courts in Massachusetts and in the First Circuit have used as a tool for protecting creditors and contracting parties from inequities based upon a defendant's misuse of the corporate form. "There is present in the cases which have looked through the corporate form an element of dubious manipulation and contrivance [and] finagling...." *Evans v. Multicon Constr. Corp.,* 30 Mass.App.Ct. 728, 736, 574 N.E.2d 395 (1991); *See also e.g.*, *My Bread Baking Co. v. Cumberland Farms, Inc.*, 353 Mass. 614, 619(requiring serious ambiguity with respect to a contract partner about the manner and capacity in which the various corporations were acting); *see also Dewitt Truck Brokers, Inc. v. W. Ray Flemming Fruit Co.*, 540 F.2d 681, 686 (A parent corporation may be held liable for the debts of a subsidiary if the

---

[2] The other factors identified by the TechTarget court are (3) confused intermingling of business assets; (4) thin capitalization; (5) nonobservance of corporate formalities; (6) absence of corporate records; (7) no payment of dividends; (8) insolvency at the time of the litigated transaction; 10) nonfunctioning of officers and directors.  746 F. Supp.2d 353, 356.  While KPM has not identified any factor in its pleading to justify veil-piercing, these factors are particularly far afield here.

parent fails to observe the formalities of separate incorporation, including adequate capitalization of the subsidiary).

This is not a case about fraud on the corporate form, and KPM is not a defrauded creditor of Blue Sun seeking to enforce a debt or other contractual obligation on ITG.  As a competitor of ITG's, rather than a customer, KPM cannot take advantage of a judicially-created remedy of equity designed to protect a company's creditors.  *See Andretti Sports Marketing La., LLC v. Nola Motorsports Host Committee, Inc.*, 147 F. Supp. 3d 537, 561 (E.D. La. 2015)("the purpose behind the 'piercing the corporate veil' and 'alter ego' doctrines is to protect a creditor in his dealings with a shareholder who fails to distinguish, in transactions, between the corporation and his identity as a shareholder.").  *See also In re Flint* also, *In re RCS Engineered Prods. Co., Inc.*, 102 F.3d 223, 226 (6th Cir. 1996) ("[A]n alter ego claim is not itself a cause of action.  Rather, it is a doctrine which fastens liability on the individual who uses a corporation merely as an instrumentality to conduct his or her own personal business . . .").  Accordingly, this Court should preclude KPM from pursuing claims for alter ego/veil piercing against ITG.

3.     In the Alternative, the Court Should Limit KPM to the Testimony of Mr. Olson.

Even if the Court is inclined to allow KPM to proceed on its alter ego/veil piercing theory against ITG, it should be limited in doing so to the testimony of its Corporate Designee, Mr. Olson, who cited the "common facility" in Maryland, "the same ownership" between the companies and the fact that ITG provides hardware to Blue Sun as the factual bases for its claims against ITG.  KPM should not be allowed to pursue its unpled theory beyond the parameters what it disclosed in discovery through Mr. Olson's testimony.

10088679.1 58144/146507 4/25/23

Dated:  April 25, 2023

/s/ Maria T. Davis
Christopher R. O'Hara (BBO# 548611)
cohara@toddweld.com
Maria T. Davis (BBO# 6754477)
mdavis@toddweld.com
Todd & Weld, LLP
One Federal Street
Boston, MA 02110

/s/ Lauren E. Lake
George F. Ritchie*, Fed Bar #22408
gritchie@gfrlaw.com
Royal Craig*, Fed. Bar #24546
rcraig@gfrlaw.com
Lauren E. Lake*, Fed. Bar #20488
llake@gfrlaw.com
GORDON FEINBLATT LLC
1001 Fleet Street, Suite 700
Baltimore, MD 21202
Tel/Fax: (410) 576-4131
* pro hac vice

*Attorneys for Defendants Blue Sun Scientific, LLC
and The Innovative Technologies Group & Co.,
LTD*

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of this document was served upon counsel of record by

email on April 25, 2023.

/s/ George F. Ritchie
George F. Ritchie

7

10088679.1 58144/146507 4/25/23