UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KPM ANALYTICS NORTH AMERICA CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>BLUE SUN SCIENTIFIC, LLC; THE INNOVATIVE TECHNOLOGIES GROUP & CO., LTD; ARNOLD EILERT; MICHELLE GAJEWSKI; ROBERT GAJEWSKI; RACHAEL GLENISTER; GREGORY ISRAELSON; IRVIN LUCAS; and PHILIP OSSOWSKI,<br><br>Defendants. | Civil Action No. 4:21-cv-10572-MRG |

**MOTION IN LIMINE TO PRECLUDE EVIDENCE OF
COURT ORDERS ON PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION**

Pursuant to Federal Rules of Evidence 402 and 403, Defendants Blue Sun Scientific, LLC ("Blue Sun"), The Innovative Technologies Group & Co., LTD ("ITG"), Arnold Eilert, Robert Gajewski, Garchael Glenister, and Irvin Lucas (Eilert, Gajewski, Glenister, and Lucas, collectively, the "Individual Defendants") move *in limine* to preclude Plaintiff KPM Analytics North America Corporation ("KPM") from offering any evidence of this Court's previous order granting KPM's motion for preliminary injunction and any testimony regarding the injunction or the Defendants' alleged noncompliance with it. The Court's preliminary injunction order was based on expedited and incomplete discovery and it is well-settled that a court's rulings on such a truncated basis are not binding at a trial on the merits. The preliminary injunction order is therefore irrelevant to any of the issues to be decided by the jury. And even if the injunction had some minimal relevance, the prejudice to Defendants caused by its admission into evidence far outweighs its probative value, as the jury would likely be unduly influenced by the Court's prior

determination that KPM was likely to succeed on some of its claims. Any evidence related to the preliminary injunction order should therefore be precluded at trial.

## BACKGROUND

On August 23, 2021, the Court granted KPM's motion for preliminary injunction and entered an injunction that effectively barred the Individual Defendants from selling NIR analyzers to any customer they interacted with while employed by KPM, and from servicing any KPM-manufactured NIR analyzers while this case is pending (the "Preliminary Injunction"). (ECF No. 93, 94). The Preliminary Injunction was subsequently modified on December 17, 2021, (ECF No. 120), after KPM's contempt motion alleging that the Defendants had violated the Preliminary Injunction motion was denied. (ECF No. 119). KPM has designated several trial exhibits related to the Preliminary Injunction, including: the Court's order and Memorandum on Plaintiff's Motion for Preliminary Injunction (ECF No. 93; Trial Exhibit No. 464), the Preliminary Injunction Order (ECF No. 94; Trial Exhibit No. 465), the Court's Order on Defendants' Motion for Clarification (ECF No. 104; Trial Exhibit No. 466), and the Court's Updated Preliminary Injunction Order (ECF No. 120; Trial Exhibit No. 467). For the reasons stated below, any documents or testimony regarding the Preliminary Injunction should be precluded at trial.[1]

## ARGUMENT

The Preliminary Injunction is irrelevant to any of the issues to be tried before the jury. The Supreme Court has held that

> The purpose of a preliminary injunction is merely to preserve the relative positions of the parties until a trial on the merits can be held. Given this limited purpose, and given the haste that is often necessary if those positions are to be preserved, a

---

[1] Defendants' acknowledge that some of their designated trial exhibits contain emails by KPM employees that reference the Preliminary Injunction. Defendants submit that those exhibits can be introduced with appropriate redactions to any references to the Preliminary Injunction, while not also impairing the relevant portions of those exhibits.

>preliminary injunction is customarily granted on the basis of procedures that are less formal and evidence that is less complete than in a trial on the merits. A party thus is not required to prove his case in full at a preliminary-injunction hearing [ ] and the findings of fact and conclusions of law made by a court granting a preliminary injunction are not binding at trial on the merits.

*Univ. of Tex. v. Camenisch*, 451 U.S. 390, 395 (1981).  Such is the case here.  The parties engaged in expedited discovery and submitted competing affidavits in support of their respective motion papers.  No evidentiary hearing was held.  Because the Preliminary Injunction and any of the Court's findings related to it are not binding at trial on the merits, the Preliminary Injunction order is not probative of anything the jury is tasked with deciding.

Even if the Preliminary Injunction had some miniscule probative value, the Court should nevertheless exclude evidence about it because its probative value is substantially outweighed by a danger of "undue prejudice, confusing the issues, [and/or] misleading the jury."  Fed. R. Evid. 403.  Indeed, in issuing the Preliminary Injunction, the Court determined that KPM had demonstrated a likelihood of success on the merits of some of its claims.  (ECF No. 93).  Because a jury is likely to defer to the Court's preliminary findings, which were based on an expedited and incomplete set of facts, the prejudice to the Defendants in allowing the jury to learn of the Court's findings is overwhelming.

For that reason, courts have regularly precluded any evidence of a preliminary injunction at a subsequent trial on the merits.  For example, a federal district court in California granted a motion in limine to preclude evidence of a prior preliminary injunction, finding that the probative value of the evidence was not significant enough to outweigh the prejudice and that a limiting instruction would not sufficiently reduce the prejudicial effect of the evidence.  *See Newmark Realty Cap., Inc. v. BGC Partners, Inc.*, 2018 WL 6439133, at *6 (N.D. Cal. Dec. 7, 2018) ("The Court concludes that the jury is likely to determine that the judge has already decided the factual issues and thus the jury need not re-weigh the evidence. Given the complexity of the issues and

the unavoidable deference a jury is likely to give the judge's written order, the Court concludes that a limiting instruction would not sufficiently reduce the prejudicial effect of the evidence."). Similar decisions by other federal courts are legion.  *See, e.g., Lue v. Moore*, 89 F.3d 841 (8th Cir. 1996) (district court properly concluded that evidence of pretrial order that criticized a doctor's actions and stated that the plaintiff was likely to prevail on his deliberate indifference claim "would have been unduly prejudicial to the defense"); *Novartis Pharms. Corp. v. Teva Pharms. USA, Inc.*, 2009 WL 3754170, at *5 (D.N.J. Nov. 5, 2009) ("A judicial ruling or court conclusion of law is not a matter for the jury which operates as the factfinder. Given the leniency afforded by courts at the preliminary injunction stage, the introduction of the denial of the preliminary injunction and the Federal Circuit's affirmance of that disposition creates an unduly prejudicial effect outweighing any potential probative value"); *Howmedica Osteonics Corp. v. Zimmer, Inc.*, 2013 WL 5286189, at *1–2 (D.N.J. Sept. 16, 2013) (precluding evidence of preliminary injunction that barred the defendants from competing in certain territories, holding that "the temporary restraining order and preliminary injunction are irrelevant" and "even if the evidence were relevant, it nonetheless must be excluded under Federal Rule of Evidence 403 because it would be unfairly prejudicial, confuse the issues, and mislead the jury."); *King Lombardi Acquisitions, Inc. v. Troop Real Est., Inc.*, 2011 WL 13213918, at *1 (C.D. Cal. Jan. 10, 2011) ("whatever probative value evidence of the stipulated preliminary injunction may have, it is far outweighed by the potential for unfair prejudice and confusion."); *ADT Sec. Servs., Inc. v. Sec. One Int'l, Inc.*, 2013 WL 6701654, at *1 (N.D. Cal. Sept. 9, 2013) ("ADT is barred from referring at trial to the preliminary injunction, the January 3, 2013 order . . ., or the contempt proceedings in this matter while in the presence of the jury. Any probative value that evidence of those orders and proceedings may hold is substantially outweighed by the danger of unfair prejudice and risk of juror confusion."); *Nat'l Ass'n for*

*Advancement of Colored People, Inc. v. City of Myrtle Beach*, 503 F. Supp. 3d 390, 397 (D.S.C. 2020) (introducing preliminary order "would tend to encourage the jury to make a finding based on improper reasoning. The danger of undue prejudice presented by introducing the 2005 Order substantially outweighs its probative value."); *Weckbacher v. Mem'l Health Sys. Marietta Mem'l Hosp.*, 2019 WL 5725048, at *4 (S.D. Ohio Nov. 5, 2019) ("Plaintiffs will also be prohibited from referencing the fact of the preliminary injunction hearing and its outcome, as this information has little probative value, but a substantial likelihood of prejudice."); *Marlite, Inc. v. Eckenrod*, 2010 WL 11505461, at *5 (S.D. Fla. June 18, 2010) (granting motion in limine to preclude evidence of preliminary injunction because "[a] court's injunction order cannot unduly interfere with the jury's role as ultimate factfinder."); *Park W. Radiology v. CareCore Nat. LLC*, 675 F. Supp. 2d 314, 324 (S.D.N.Y. 2009) (preliminary injunction ruling was "likely to unduly influence the jury."); *Sanofi-Aventis Deutschland Gmbh v. Glenmark Pharms. Inc., USA*, 2011 WL 383861, at *3 (D.N.J. Feb. 3, 2011) (granting motion to preclude evidence of the court's denial of a preliminary injunction on Rule 402 and 403 grounds); *Judkins v. HT Window Fashions Corp.*, 2009 WL 3400989, at *1 (W.D. Pa. Oct. 20, 2009) (granting motion to preclude evidence regarding preliminary injunction decision).

KPM has suggested that evidence of the Preliminary Injunction is relevant to impeach any Defendant's testimony that Blue Sun stopped selling to KPM's customers and stopped servicing KPM-manufactured analyzers.[2]  But Defendants do not intend to introduce any such testimony, and KPM is unable to point to any other alleged probative value that the Preliminary Injunction

---

[2] Defendants are contemporaneously filing a motion in limine to preclude any evidence of damages after the entry of the Preliminary Injunction.  Should the Court grant that motion, Defendants contend that the Court should instruct the jury that the relevant time period for purposes of damages expired on August 23, 2021.  That would also obviate any need for any party to reference or introduce evidence of the Preliminary Injunction.

has. Moreover, KPM has hinted that it intends to argue to the jury that the Defendants have somehow violated the Preliminary Injunction and are causing KPM ongoing harm. But if KPM has a good faith basis to believe that the Defendants have violated the Preliminary Injunction, KPM's remedy to file another motion for contempt, or to file a supplemental complaint identifying the Defendants' purported violation of the Preliminary Injunction. But KPM should not be permitted to raise the Preliminary Injunction at trial to accuse Defendants of engaging in conduct that has never been pled or disclosed by KPM.

## **CONCLUSION**

KPM's motivation for trying to introduce evidence of the Preliminary Injunction is transparent; it hopes that the jury will forgo its responsibility as the factfinder and defer to the Court's prior findings, which were based on evidence that will be far different than what will be presented to the jury. The prejudice under those circumstances to Defendants is substantial, and KPM cannot identify any other probative value the Preliminary Injunction has. The evidence should therefore be precluded from trial.

| ARNOLD EILERT, ROBERT GAJEWSKI, RACHAEL GLENISTER, and IRVIN LUCAS, | BLUE SUN SCIENTIFIC, LLC and THE INNOVATIVE TECHNOLOGIES GROUP & CO., LTD, |
|---|---|
| */s/ Dallin R. Wilson*<br>William L. Prickett (BBO# 555341)<br>Dallin R. Wilson (BBO# 676662)<br>SEYFARTH SHAW LLP<br>Two Seaport Lane, Suite 1200<br>Boston, MA 02210-2028<br>Tel: (617) 946-4800<br>Fax: (617) 946-4801<br>wprickett@seyfarth.com<br>drwilson@seyfarth.com | */s/ George R. Ritchie*<br>George R. Ritchie (pro hac vice)<br>Royal Craig (pro hac vice)<br>Lauren Lake (pro hac vice)<br>Gordon Feinblatt, LLC<br>1001 Fleet Street, Suite 700<br>Baltimore, MD 21202<br><br>Christopher R. O'Hara (BBO# 548611)<br>Maria T. Davis (BBO# 675447)<br>Todd & Weld, LLP<br>One Federal Street<br>Boston, MA 02110<br>Tel: (617) 720-2626<br>cohara@toddweld.com<br>mdavis@toddweld.com |