UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| KPM ANALYTICS NORTH AMERICA CORPORATION, <br><br> Plaintiff, <br><br> v. <br><br> BLUE SUN SCIENTIFIC, LLC; THE INNOVATIVE TECHNOLOGIES GROUP & CO., LTD; ARNOLD EILERT; MICHELLE GAJEWSKI; ROBERT GAJEWSKI; RACHAEL GLENISTER; GREGORY ISRAELSON; IRVIN LUCAS; and PHILIP OSSOWSKI, <br><br> Defendants. | Civil Action No. 4:21-cv-10572-MRG |

### MOTION IN LIMINE TO PRECLUDE SPECULATIVE AND HEARSAY EVIDENCE OF ALLEGED CUSTOMER CONFUSION

Pursuant to Federal Rules of Evidence 602 and 802, Defendants Blue Sun Scientific, LLC ("Blue Sun"), The Innovative Technologies Group & Co., LTD ("ITG"), Arnold Eilert, Robert Gajewski, Garchael Glenister, and Irvin Lucas (Eilert, Gajewski, Glenister, and Lucas, collectively, the "Individual Defendants") move *in limine* to preclude Plaintiff KPM Analytics North America Corporation ("KPM") from making any argument or offering hearsay evidence that any customer was "confused" by the Defendants' conduct. KPM has not designated any customers to testify as witness (nor were any deposed in discovery) and none of the other designated KPM witnesses have the requisite personal knowledge of what any particular customer was thinking, or whether they were, in fact, confused about who they were doing business with. Additionally, KPM has designated certain documents as exhibits wherein KPM employees purport to retell things that customers told them (or things that other KPM employees told them that customers told the KPM employee). Such evidence is rank hearsay and should be precluded.

## ARGUMENT

Defendants anticipate that KPM will argue that various KPM customers were "confused" by the Defendants and that the customers' decisions to do business with Blue Sun was based on this confusion. KPM's arguments in this regard are entirely speculative, as no customers will be called as witnesses to testify about their state of mind and none of the documentary evidence KPM intends to introduce unequivocally demonstrates that any customer was actually confused or did not understand the separate nature of KPM and Blue Sun. KPM should not be permitted to tell the jury what any customer was thinking or speculate as to why a customer chose to do business with Blue Sun instead of KPM.

Federal Rule of Evidence 602 allows witnesses to "testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter." Needless to say, none of KPM's witnesses has personal knowledge of what any customer knew, was thinking, or why they chose to take any particular action. Another court in this District recently entered summary judgment on a claim for intentional interference with contractual relations because the party asserting the claim lacked personal knowledge of a customer's decision to hire a different company:

> Defendants see skullduggery in [the customer's] decision to reverse course and hire a different outside MSP some months later. Defendants, however, have no first- (or second-) hand knowledge of what motivated [the customer's] decision. *See* Fed. R. Evid. 602 (personal knowledge is a prerequisite for testimony). Absent any real evidence (defendants did not take discovery of [the customer]) defendants' surmise as to [the customer's] motivation in replacing them with another MSP is nothing but speculation and conjecture.

*Biopoint, Inc. v. Dickhaut*, 2021 WL 4311651, at *2 (D. Mass. Sept. 22, 2021). The same reasoning applies here; KPM has not taken discovery from any customers and KPM cannot surmise any customer's thinking from innocuous words the customer may have written in an email. *See Selfridge v. Jama*, 172 F. Supp. 3d 397, 411 (D. Mass. 2016) ("Murray's speculation as to why

Selfridge would have engaged in this conduct is not [based on personal knowledge] and is therefore inadmissible"). *See also Self-Insurance Institute of America, Inc. v. Software and Information Industry Ass'n*, 208 F. Supp. 2d 1058, 1063 (C.D. Cal. 2000) (plaintiff's employee's position "does not provide sufficient foundation for his personal knowledge of the state of mind of others. Specifically, [he] does not have personal knowledge that others are 'confused'").

Additionally, KPM should be precluded from offering hearsay testimony about alleged customer confusion. Fed. R. Evid. 802, 803.[1] KPM has previously attempted to offer "evidence" of costumer confusion through a July 23, 2021 affidavit of Eric Olson (designated as a trial exhibit by KPM at Trial Exhibit No. 459), wherein Mr. Olson attaches an email from KPM's Dan Evans sent to other KPM employees. In that email, Mr. Evans purports to relay a summary of a conversation he had with an employee at Disney, including that the employee allegedly asked a Blue Sun employee if Blue Sun was KPM's new name, "and [the Blue Sun employee] basically said it was."[2] Mr. Evans' retelling of his conversation with Disney to other KPM employees is double (if not triple) hearsay and should not be admitted into evidence. *See* Fed. R. Evid. 805. Mr. Evans has not been designated as a trial witness, and no other KPM employees purport to have been involved in his conversation with Disney. Accordingly, any discussion of what Disney purportedly told Mr. Evans (or anyone else) should be excluded.

---

[1] To the extent KPM argues that customer statements fall under the "state of mind" hearsay exception to show the customer's state of mind, the argument should be rejected because KPM cannot show that any of the employees it has designated as witnesses have the requisite personal knowledge of any customer's state of mind. *See U.S. v. Milan*, 230 F.3d 431, 438 (2000) (statement inadmissible under state of mind hearsay exception absent proof of personal knowledge).

[2] The email exchange between "Katie from Disney" and Blue Sun was subsequently produced, wherein the Blue Sun employee (who is not a former KPM employee and is not a party to this lawsuit), unequivocally tells Disney that Blue Sun is "not a part of KPM."

Likewise, Mr. Olson's July 23, 2021 affidavit avers that a "KPM salesperson" (who Mr. Olson could not later identify at his deposition), said that KPM's customer Ingredion told him that Ingredion "was told that Unity is currently under a company called Blue Sun Scientific." (Olson Affidavit, ¶ 11). Once again, this quadruple hearsay evidence should be excluded under Rule 805, among others, as it does not identify (1) who said that Unity is under a company called Blue Sun Scientific; (2) who from Ingredion was told that Unity is under a company called Blue Sun Scientific; (3) and what "KPM salesperson" was told this by the unidentified representative from Ingredion. This type of patently inadmissible hearsay "evidence" should be precluded at trial.

## CONCLUSION

KPM should not be permitted to speculate about a customer's state of mind and KPM should not be allowed to introduce triple and quadruple hearsay evidence of alleged customer confusion. Defendants therefore request that KPM be precluded from offering any argument that any particular customer was "confused" by the Defendants' conduct.

| ARNOLD EILERT, ROBERT GAJEWSKI, RACHAEL GLENISTER, and IRVIN LUCAS, | BLUE SUN SCIENTIFIC, LLC and THE INNOVATIVE TECHNOLOGIES GROUP & CO., LTD, |
|---|---|
| */s/ Dallin R. Wilson*<br>William L. Prickett (BBO# 555341)<br>Dallin R. Wilson (BBO# 676662)<br>SEYFARTH SHAW LLP<br>Two Seaport Lane, Suite 1200<br>Boston, MA 02210-2028<br>Tel: (617) 946-4800<br>Fax: (617) 946-4801<br>wprickett@seyfarth.com<br>drwilson@seyfarth.com | */s/ George R. Ritchie*<br>George R. Ritchie (pro hac vice)<br>Royal Craig (pro hac vice)<br>Lauren Lake (pro hac vice)<br>Gordon Feinblatt, LLC<br>1001 Fleet Street, Suite 700<br>Baltimore, MD 21202<br><br>Christopher R. O'Hara (BBO# 548611)<br>Maria T. Davis (BBO# 675447)<br>Todd & Weld, LLP<br>One Federal Street<br>Boston, MA 02110<br>Tel: (617) 720-2626<br>cohara@toddweld.com<br>mdavis@toddweld.com |

4