UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KPM ANALYTICS NORTH AMERICA CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>BLUE SUN SCIENTIFIC, LLC; THE INNOVATIVE TECHNOLOGIES GROUP & CO., LTD; ARNOLD EILERT; MICHELLE GAJEWSKI; ROBERT GAJEWSKI; RACHAEL GLENISTER; GREGORY ISRAELSON; IRVIN LUCAS; and PHILIP OSSOWSKI,<br><br>Defendants. | Civil Action No. 4:21-cv-10572-MRG |

**MOTION IN LIMINE TO PRECLUDE EVIDENCE OF
IRVIN LUCAS'S CRIMINAL INDICTMENT**

Pursuant to Federal Rules of Evidence 402, 403, 404, and 609, Defendants Blue Sun Scientific, LLC ("Blue Sun"), The Innovative Technologies Group & Co., LTD ("ITG"), Arnold Eilert, Robert Gajewski, Garchael Glenister, and Irvin Lucas (Eilert, Gajewski, Glenister, and Lucas, collectively, the "Individual Defendants") move *in limine* to preclude Plaintiff KPM Analytics North America Corporation ("KPM") from offering any evidence of Mr. Lucas's criminal indictment and/or guilty plea in a federal action pending in the Northern District of Illinois. Rule 404 prohibits evidence of other crimes, wrongs, or acts to prove a person's character, which is precisely what KPM is attempting to do with evidence of Mr. Lucas's indictment. The indictment is unrelated to any of the parties or causes of action in this case, and therefore is irrelevant and admitting it into evidence would be highly prejudicial to Mr. Lucas and the other Defendants. Nor is evidence of the indictment admissible under Rule 609 to impeach Mr. Lucas's character for truthfulness. Rule 609 is limited to "convictions," and Mr.

Lucas has not been convicted of anything. Courts have held that a party who has entered a guilty plea, but has not yet been sentenced, has not been "convicted" under Rule 609 and therefore evidence of the indictment or plea is inadmissible.

## BACKGROUND

On November 16, 2021, the United States of America filed a criminal indictment (the "Indictment") against Mr. Lucas and Kimberly Dyson, an employee of the United States Department of Veteran Affairs (the "VA"), in the United States District Court for the Northern District of Illinois, captioned *U.S. v. Dyson, et al.*, No. 1:21-CR-00705. The Indictment generally alleges that Ms. Dyson, a Prosthetic Clerk and a Purchasing Agent in the VA Prosthetics Service at the Jesse Brown VA Medical Center in Chicago, requested that Mr. Lucas pay her personally in return for her issuing purchase orders from the VA for equipment and services from "Company A," a company Mr. Lucas was affiliated with and which is in no way related to any of the parties in this case. On May 25, 2022, Mr. Lucas entered into a plea agreement (the "Plea Agreement") with the United States, wherein he pled guilty to bribery of a public official, in violation of Title 18, U.S.C., §§ 201(c)(1)(A) and 201(c)(1)(B). *See* 1:21-CR-00705-2 (N.D. Ill.), ECF No. 51. Mr. Lucas has not yet been sentenced. *See* 1:21-CR-00705-2 (N.D. Ill.), ECF No. 72 (scheduling status hearing on May 15, 2023 for the purpose of setting a sentencing date).[1]

## ARGUMENT

Evidence of the Indictment and/or the Plea Agreement should be precluded because such evidence is not admissible to attack a person's character, and the Indictment and Plea Agreement do not fall within the Rule 609 exception because Mr. Lucas has not been convicted of a crime.

---

[1] Ms. Dyson pled guilty to Count I in the Indictment and was sentenced to three years of probation. *See* 1:21-cr-00705-2 (N.D. Ill.), ECF No. 74.

Rule 404(b) of the Federal Rules of Evidence provides that evidence of any other crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character. That is precisely what KPM aims to do with the Indictment and Plea Agreement; sully Mr. Lucas's reputation in hopes of turning the jury against him and the other Defendants.

And while Rule 404(a)(3) allows evidence of a witness's character under Rule 609, that Rule does not apply because Mr. Lucas has not been convicted of any crime and neither the Indictment nor the Plea Agreement constitutes a "conviction" under applicable federal law. "Final judgment in a criminal case means sentence. The sentence is the judgment." *Berman v. U.S.*, 302 U.S. 211, 213 (1937); *United States v. Agron*, 189 F. Supp. 3d 177, 181 (D. Mass. 2016) ("A judgment of conviction that includes a sentence of imprisonment constitutes a final judgment") (cleaned up).

In the context of using evidence of criminal convictions to impeach witnesses at trial, courts have held that where a defendant has pled guilty but has not yet been sentenced, the "conviction lacked the certainty and finality to warrant its prejudicial use against [the defendant] at trial," for although he had pled guilty, "he had not been sentenced and could have sought to withdraw his plea agreement prior to sentencing." *U.S. v. Semensohn*, 421 F.2d 1206, 1208 (2d Cir. 1970) (superseded by rule).[2] *See also U.S. v. Lee*, 509 F.2d 400, 405 (D.C. Cir. 1974) (a "conviction" requires a judgment and sentence, "a mere plea of guilty is insufficient"); *United*

---

[2] *Semensohn* also held that a conviction does not become final until sentence has been imposed *and* until time for an appeal from the judgment has expired. *Id.* at 1208. Rule 609(e) of the Federal Rules of Evidence subsequently narrowed the definition of a final conviction and expressly allows the use of a conviction for impeachment even though an appeal is pending. The Federal Rules of Evidence do not provide guidance on whether a plea of guilty constitutes a "conviction" under Rule 609, but as stated herein, post-Rule 609 decisions have continued to cite *Semensohn* for the proposition that a guilty plea is not a "conviction" for purposes of Rule 609 unless and until a sentence is imposed.

*States v. Arreola-Beltran*, 827 F. Supp. 2d 1188, 1196 (D. Idaho 2011) ("A plea of guilty—especially where defendant has yet to be sentenced—is not the same as a conviction, for purposes of a Rule 609 impeachment analysis."); *U.S. v. Franklin*, 829 F.Supp. 1319, 1322 (M.D. Fla. 1993) (Defendant's guilty plea should not be viewed as a conviction, "[t]o find otherwise would have strong due process implications. If the plea were withdrawn . . . Defendant would have suffered, unjustly and irreparably, the prejudice, if any, caused by the disclosure of the former conviction"); *Calaforra v. Colvin*, 2016 WL 7742785, at *16 (S.D. Tex. Sep. 15, 2016) ("an indictment is not admissible to challenge the credibility of a witness and should not have been considered in this case").

Here, Mr. Lucas has not been "convicted" of any crime because he has not yet been sentenced. Rule 609 is therefore inapplicable and any evidence of the Indictment or Plea Agreement should be precluded.

If evidence of the Indictment or Plea Agreement is allowed, the Court should instruct the jury that Mr. Lucas's conviction cannot be used as evidence of his character, but only to determine his credibility as a witness. *See U.S. v. Barrow*, 448 F.3d 27, 44 (1st Cir. 2006). The Court should also instruct the jury that Mr. Lucas's conviction cannot be used to assess the credibility of any other Defendants.

## **CONCLUSION**

For the foregoing reasons, the Court should preclude any evidence of the Indictment or the Guilty Plea. If evidence of the Indictment or the Guilty Plea is admitted, the Court should instruct the jury that the evidence can only be used to assess Mr. Lucas's credibility as a witness and cannot be used to impeach his, or any other Defendant's, credibility generally.

| | |
|---|---|
| ARNOLD EILERT, ROBERT GAJEWSKI, RACHAEL GLENISTER, and IRVIN LUCAS, | BLUE SUN SCIENTIFIC, LLC and THE INNOVATIVE TECHNOLOGIES GROUP & CO., LTD, |
| */s/ Dallin R. Wilson* <br> William L. Prickett (BBO# 555341) <br> Dallin R. Wilson (BBO# 676662) <br> SEYFARTH SHAW LLP <br> Two Seaport Lane, Suite 1200 <br> Boston, MA 02210-2028 <br> Tel: (617) 946-4800 <br> Fax: (617) 946-4801 <br> wprickett@seyfarth.com <br> drwilson@seyfarth.com | */s/ George R. Ritchie* <br> George R. Ritchie (pro hac vice) <br> Royal Craig (pro hac vice) <br> Lauren Lake (pro hac vice) <br> Gordon Feinblatt, LLC <br> 1001 Fleet Street, Suite 700 <br> Baltimore, MD 21202 <br> <br> Christopher R. O'Hara (BBO# 548611) <br> Maria T. Davis (BBO# 675447) <br> Todd & Weld, LLP <br> One Federal Street <br> Boston, MA 02110 <br> Tel: (617) 720-2626 <br> cohara@toddweld.com <br> mdavis@toddweld.com |