UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| KPM ANALYTICS NORTH AMERICA CORPORATION,<br><br>      Plaintiff,<br><br>v.<br><br>BLUE SUN SCIENTIFIC, LLC; THE INNOVATIVE TECHNOLOGIES GROUP & CO., LTD; ARNOLD EILERT; MICHELLE GAJEWSKI; ROBERT GAJEWSKI; RACHAEL GLENISTER; GREGORY ISRAELSON; IRVIN LUCAS; and PHILIP OSSOWSKI,<br><br>      Defendants. | Civil Action No. 4:21-cv-10572-MRG |

### DEFENDANTS' JOINT TRIAL BRIEF

Pursuant to Local Rule 16.5(F) and this Court's Order Setting Case For Trial (ECF No. 167), Defendants Blue Sun Scientific, LLC ("Blue Sun"), The Innovative Technologies Group & Co., LTD ("ITG"), Arnold Eilert, Robert Gajewski, Garchael Glenister, and Irvin Lucas (Eilert, Gajewski, Glenister, and Lucas, collectively, the "Individual Defendants") submit this joint trial brief.

**A. Motions in Limine**

Defendants' motions in limine have been filed contemporaneous with this brief.

**B. Information for Jury Case**

  **1. Succinct and neutral statement summarizing claims and defenses**

This is a case involving two companies that sell certain scientific instruments known as near infrared spectrometers, commonly referred to as "NIR analyzers," that are primarily used in the food and forage testing industry. The Plaintiff, KPM Analytics North America Corporation

("KPM"), alleges that four of its former employees misappropriated and used certain trade secrets of KPM on behalf of Blue Sun Scientific ("Blue Sun") and Blue Sun's corporate parent, ITG. Specifically, KPM alleges that the individual defendants misappropriated three categories of information that KPM claims are its trade secrets: KPM's proprietary software called UCal, calibration data, and competitively sensitive customer information. The defendants deny that any of that information is a trade secret and that they misappropriated or used any of it on behalf of Blue Sun. The defendants also deny that KPM has suffered damage as a result of their alleged misappropriation of KPM's trade secrets.

KPM also alleges that the Individual Defendants breached confidentiality provisions contained in each of their respective employment agreements by misappropriating KPM's trade secrets and confidential information, and by failing to return KPM property following the termination of their employment. The Individual Defendants deny that they disclosed any confidential information or trade secrets of KPM to Blue Sun, and that KPM suffered no harm as a result of their inadvertent retention of certain KPM property that they never used after their employment ended and that had no value to KPM.

Mr. Eilert and Mr. Gajewski have separately asserted counterclaims against KPM for failing to pay severance payments they allege they are owed under their respective employment agreements. KPM denies that it is required to make severance payments to Mr. Eilert and Mr. Gajewski because KPM alleges they breached their employment agreements, thereby excusing KPM's obligations.

KPM also alleges that each of the Individual Defendants breached a duty of loyalty they owed to KPM by disclosing information to Blue Sun and competing against KPM while the Individual Defendants were employed by KPM. The Individual Defendants deny that they owed

any duty of loyalty to KPM because they were all rank and file employees, and even if they did owe a duty to KPM, they did not breach it. The Individual Defendants also deny that KPM suffered any damage as a result of their alleged breaches of their duty of loyalty.

KPM also alleges that all of the Defendants converted KPM property. The Defendants deny that they converted any KPM property and that if they did, KPM did not suffer any harm as a result.

KPM also claims that Blue Sun and ITG engaged in unfair and deceptive trade practices by using the trade secrets that were allegedly misappropriated by the Individual Defendants to compete unfairly against KPM. Blue Sun and ITG deny that they used any KPM trade secrets and ITG separately claims that it was not aware of the alleged misappropriation. KPM also alleges that Blue Sun and ITG tortiously interfered with KPM's contractual relationships with its former employees by hiring them and encouraging them to disclose confidential information and trade secrets to Blue Sun and ITG. Blue Sun and ITG deny that they were aware of KPM's contracts with the Individual Defendants and deny that Blue Sun and ITG received any confidential information from the Individual Defendants.

    **2.**    **Potential Witnesses**

        1.    **William "Bill" Brown**, Pleasant Prairie, Wisconsin.

        2.    **Brian Davies**, Somerville, MA.

        3.    **Arnold Eilert**, Wauconda, IL.

        4.    **Douglas Evans**, Reston, Virginia.

        5.    **Luigi Faustini**.

        6.    **Michelle Gajewski**, North Aurora, IL.

        7.    **Robert Gajewski**, North Aurora, IL.

        8.    **Ronald Geis**, Londonderry, New Hampshire.

9. **Rachael Glenister**, Colorado Springs, CO.

10. **Irvin Lucas**, North Hollywood, CA.

11. **Christopher McIntire**, Danvers, MA.

12. **Brian J. Mitchell**, Portsmouth, NH.

13. **Eric Olson**, Phillipston, MA.

14. **Carey Ross**, Dover, NH.

15. **Robert A. Schumann, Jr**, Walton, KY.

16. **Michael Smith**, Sterling, MA.

17. **Eric Weinstein**.

18. **Robert Wilt**, Chestertown, MD.

19. **Yuegang Zhao**, Andover, MA.

20. **Neil Zoltowski**, Duxbury, MA.

21. **Bill Kennedy**, Wellesley, Massachusetts.

3. **Proposed Jury Voir Dire**

Defendants' proposed jury voir dire is attached hereto as <u>Exhibit A</u>.

4. **Requests For Jury Instructions**

Defendants' proposed jury instructions are attached hereto as <u>Exhibit B</u>.

5. **Special Verdict Form**

Defendants request leave to submit a proposed special verdict form after the Court has ruled on Defendants' motions in limine.  As stated more thoroughly in Defendants' motion, KPM has failed to identify the trade secrets it alleges Defendants misappropriated.  As currently identified, Defendants are unable to determine what trade secrets KPM alleges were misappropriated, and perhaps more importantly for purposes of the special verdict form, Defendants are unable to determine which of the four Individual Defendants and two corporate defendants are alleged to have misappropriated each specific trade secret.  Defendants therefore

request leave to submit a proposed special verdict form following the Court's adjudication of Defendants' motion in limine concerning KPM's trade secrets.

| ARNOLD EILERT, ROBERT GAJEWSKI, RACHAEL GLENISTER, and IRVIN LUCAS, | BLUE SUN SCIENTIFIC, LLC and THE INNOVATIVE TECHNOLOGIES GROUP & CO., LTD, |
|---|---|
| */s/ Dallin R. Wilson*<br>William L. Prickett (BBO# 555341)<br>Dallin R. Wilson (BBO# 676662)<br>SEYFARTH SHAW LLP<br>Two Seaport Lane, Suite 1200<br>Boston, MA 02210-2028<br>Tel: (617) 946-4800<br>Fax: (617) 946-4801<br>wprickett@seyfarth.com<br>drwilson@seyfarth.com | */s/ George R. Ritchie*<br>George R. Ritchie (pro hac vice)<br>Royal Craig (pro hac vice)<br>Lauren Lake (pro hac vice)<br>Gordon Feinblatt, LLC<br>1001 Fleet Street, Suite 700<br>Baltimore, MD 21202<br><br>Christopher R. O'Hara (BBO# 548611)<br>Maria T. Davis (BBO# 675447)<br>Todd & Weld, LLP<br>One Federal Street<br>Boston, MA 02110<br>Tel: (617) 720-2626<br>cohara@toddweld.com<br>mdavis@toddweld.com |

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the CM/ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on April 26, 2023.

Dallin R. Wilson