UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KPM ANALYTICS NORTH AMERICA CORPORATION,<br>               *Plaintiff.*<br><br>        v.<br><br>BLUE SUN SCIENTIFIC, LLC, THE INNOVATIVE TECHNOLOGIES GROUP & CO., LTD., ARNOLD EILERT, MICHELLE GAJEWSKI, ROBERT GAJEWSKI, RACHAEL GLENISTER, GREGORY ISRAELSON, IRVIN LUCAS, AND PHILIP OSSOWSKI,<br><br>               *Defendants.* | Civil Action No. 21-10572-MRG |

**PLAINTIFF KPM ANALYTICS NORTH AMERICA CORPORATION'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION *IN LIMINE* TO EXCLUDE REFERENCES TO THE PLAINTIFF'S RESPECTIVE SIZE, FINANCIAL STATUS, AND/OR OWNERSHIP STRUCTURE, AND/OR ANY OF THE DEFENDANTS' <u>ABILITY TO PAY ANY DAMAGES AWARDED IN THIS CASE</u>**

Plaintiff KPM Analytics North America Corporation ("KPM") respectfully requests this Court for an Order granting its Motion *in Limine* to Exclude References to the Plaintiff's Respective Size, Financial Status, and/or Ownership Structure, and/or Any of the Defendants' Ability to Pay Any Damages Awarded in this Case (the "Motion"). The Motion seeks to preclude Defendants Blue Sun Scientific, LLC ("Blue Sun"), The Innovative Technologies Group & Co., Ltd. ("ITG"), Arnold Eilert, Robert Gajewski, Rachael Glenister, and Irvin Lucas (the "Individual Defendants") from offering certain evidence, testimony and argument at trial that references the Plaintiff's respective size, financial status, and/or ownership structures, and/or Defendants' ability to pay any damages awarded.

This Court should exclude evidence pertaining solely to KPM's overall size, overall revenues, financial status, and/or ownership structure because such evidence is irrelevant to the case and would serve only to create unfair prejudice against KPM in the minds of the jury. *See* FED. R. EVID. 401, 402, 403. KPM anticipates that the Defendants intend to offer evidence that KPM is owned by a private equity firm known as Union Park Capital through a series of parent companies and affiliates. The goal of such evidence, of course, would be to create a David v. Goliath mindset with the jurors, portraying Defendants as David. That is not a legitimate basis for offering the evidence of KPM's ownership structure and size and would be unduly prejudicial under FRE 403, among other things. Such evidence would also be misleading as a factual matter. KPM is comprised of a series of smaller business units, including Unity Scientific, Process Sensors Corp., and Chopin Technologies, among others. See Ex. A (KPM Rule 30(b)(6) Depo., July 11, 2021) at 111:20-112:21. Attempting to disregard the relevant business – Unity Scientific and the Near Infra-Red spectroscopy analyzer market – by portraying KPM as a much larger entity would not only be confusing and unduly prejudicial, it risks distracting the jury from the relevant fact that the Defendants created Blue Sun to compete directly with the discrete business unit within KPM that is known as Unity Scientific and its SpectraStar analyzers sold and serviced by Unity and only Unity among the KPM family of companies.

Defendants should not be permitted to use KPM's size, financial status, or its ownership structure to cast themselves as the underdogs tasked with defending themselves against a Goliath. *Am. Tech. Ceramics Corp. v. Presidio Components, Inc*., No. 14-CV-6544(KAM)(GRB), 2019 WL 2330855, at *6 (E.D.N.Y. May 31, 2019) (excluding evidence of "parties' wealth, size, or finances to the extent [that] it…characterizes the dispute as one of David versus Goliath," because "the relative ownership structure and wealth of the parties" is irrelevant); *see also Skyhook*

*Wireless, Inc. v. Google, Inc.*, No. 10-11571-RWZ, 2015 WL 10015295, at *5 (D. Mass. Feb. 27, 2015) ("Google's size and wealth, on their own, are not relevant to the issues to be tried. Skyhook may not make general statements about Google's financials that are unrelated to damages in this case."). The only possible motive for introducing such evidence, which is impermissible under Rules 401, 402 and 403, would be to prejudice the jury against KPM. *See Burnett v. Ocean Props., Ltd.*, No. 2:16-cv-00359-JAW, 2018 WL 5270221, at *2 (D. Me. Oct. 23, 2018) (evidence of a party's wealth or size is "unfairly prejudicial, and therefore inadmissible, when it is being offered only to appeal to the jury's economic bias"). Such appeals to economic bias should be excluded.

Defendants—be it Blue Sun, ITG, or the Individual Defendants—should likewise be precluded from introducing evidence of their own respective size and financial status unless such evidence is *directly* relevant to damages in this case. Specifically, Defendants should be precluded from introducing evidence concerning their ability to pay damages or the impact of any damages award against them, because such evidence would serve only as an appeal to pity fallacy that would unfairly skew the measure of damages in Defendants' favor. This Court has held such evidence to be irrelevant and inadmissible. *See CardiAQ Valve Techs., Inc. v. Neovasc. Inc.*, No. 14-cv-12405-ADB, 2016 WL 82023206, at *2 (D. Mass. April 25, 2016) (quoting *Geddes v. United Fin. Group*, 559 F.2d 557, 560 (9th Cir. 1977)) ("Neovasc may not present any evidence about its ability to pay a damages award or the impact of any damages award. Typically, the financial standing of the defendant is inadmissible as evidence in determining the amount of compensatory damages to be awarded."). This Court should do the same here.

As such, KPM respectfully requests that this Court enter an order excluding evidence pertaining solely to KPM's overall size, overall revenues, financial status, and/or ownership structure and also excluding evidence of or argument concerning any Defendant's respective size

3

or financial status to the extent that it appeals to the jury's pity and implicates Defendant's ability to pay damages or the impact of any damages award against each Defendant.

WHEREFORE, KPM respectfully requests that this Court grant its Motion *in Limine* and prevent Defendants' from offering certain evidence, testimony and argument at trial that references the Plaintiff's respective size, financial status, and/or ownership structures, and/or Defendants' ability to pay any damages awarded in this case.

| | |
|---|---|
| **Date:**  April 26, 2023 | Respectfully submitted,<br><br>KPM Analytics North America Corporation,<br><br>By its attorneys,<br><br>*/s/ John T. Gutkoski*<br>John T. Gutkoski (BBO# 567182)<br>Kevin R. Mosier (BBO# 703739)<br>SUNSTEIN LLP<br>100 High Street<br>Boston, MA 02110<br>Tel: (617) 443-9292<br>jgutkoski@sunsteinlaw.com<br>kmosier@sunsteinlaw.com<br><br>**AND**<br><br>Scott R. Magee (BBO# 664067)<br>Paige K. Zacharakis (BBO# 699108)<br>MORSE, BARNES-BROWN, AND PENDLETON, P.C.<br>480 Totten Pond Road, 4th Floor<br>Waltham, MA 02451<br>Tel: (781) 622-5930<br>smagee@morse.law<br>pzacharakis@morse.law |

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 26th day of April 2023, a true and correct copy of the foregoing document was filed through the ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

*/s/ Paige K. Zacharakis*
Paige K. Zacharakis

4874-3428-0799, v. 1