UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KPM ANALYTICS NORTH AMERICA CORPORATION,<br>     *Plaintiff.*<br><br>   V.<br><br>BLUE SUN SCIENTIFIC, LLC, THE INNOVATIVE TECHNOLOGIES GROUP & CO., LTD., ARNOLD EILERT, MICHELLE GAJEWSKI, ROBERT GAJEWSKI, RACHAEL GLENISTER, GREGORY ISRAELSON, IRVIN LUCAS, AND PHILIP OSSOWSKI,<br><br>     *Defendants.* | Civil Action No. 21-10572-MRG |

**PLAINTIFF KPM ANALYTICS NORTH AMERICA CORPORATION'S
MEMORANDUM IN SUPPORT OF ITS MOTION *IN LIMINE* TO EXCLUDE
<u>EXHIBITS THAT WERE NOT PRODUCED IN DISCOVERY</u>**

  Plaintiff KPM Analytics North America Corporation ("KPM"), respectfully requests this Court for an Order granting its Motion *in Limine* to Exclude Exhibits that were not Produced in Discovery (the "Motion"). Specifically, the Motion seeks to preclude Defendants Blue Sun Scientific, LLC ("Blue Sun"), The Innovative Technologies Group & Co., Ltd. ("ITG"), Arnold Eilert, Robert Gajewski, Rachael Glenister, and Irvin Lucas (the "Individual Defendants") from offering certain evidence, testimony and argument at trial relating to exhibits that were not previously produced by Defendants in discovery.

  Defendants seek to admit at trial a number of exhibits that were not produced to KPM in discovery, and were shared with KPM for the first time on April 20, 2023—less than two weeks prior to trial. A list of the relevant exhibits follows below, including the description offered by

Defendants in lieu of bates numbers, which do not exist because Defendants never produced these items in discovery in this case:

- Trial Exhibit No. (Tr. Ex.) 656, "Blue Sun Scientific Website";
- Tr. Ex. 657, "NIR Analyzers Document";
- Tr. Ex. 658, "Calibration Development";
- Tr. Ex. 666, "Blue Sun NIR Sales Data Spreadsheet";
- Tr. Ex. 668, "PSC & Unit, NIR Strategy Plan 2019-2020";
- Tr. Ex. 763, "Perten Soybean Note";
- Tr. Ex. 764, "Unity Soybean Note";
- Tr. Ex. 766, "Soybean Application Note Comparison";
- Tr. Ex. 767, "Zeiss Potato Brochure";
- Tr. Ex. 768, "Zeiss Website Screenshot";
- Tr. Ex. 769, "R&R Catalog Winter 2022";
- Tr. Ex. 770, "KPM Partners With AB Visa Press Release";
- Tr. Ex. 773, "7/11/22 Letter from D. Phorncharoen to R. Gajewski" and
- Tr. Ex. 774, "3/2/22 Letter from D. Phorncharoen to R. Gajewski".[1]

Each of these exhibits should be excluded at trial because they were not produced in discovery and this evidence was never before raised in this litigation.[2] *Klonoski v. Mahlab*, 156 F.3d 255, 271 (1st Cir. 1998) ("[T]he appropriate sanction when a party fails to provide certain evidence to the opposing party as required in the discovery rules is preclusion of that evidence from the trial."); *see also Harriman v. Hancock County*, 627 F.3d 22, 29-32 (1st Cir. 2010) (affirming exclusion of summary judgment evidence not timely disclosed during discovery, and noting that the prejudice caused would have been more "palpable…if trial were looming"). As this Court pointed out in a recent decision to exclude evidence not disclosed during discovery, parties cannot raise new evidence for the first time "after discovery has closed on the eve of trial, thereby denying [the other party] the opportunity to investigate or forcing them to do so at the

---

[1] Tr. Exs. 773 and 774 contain highlighting that was not present in the original versions, and Tr. Ex. 766 appears to have been created for the purposes of this litigation. KPM does not oppose the admission of Tr. Exs. 773 and 774 if the highlighting is removed.

[2] Many, if not all, of these exhibits are also objectionable on other grounds, including under Rules 401, 402, 403, 802 and 901. KPM maintains and reserves all rights with regard to those objections.

2

expense of trial preparation." *Benchmark Techs. Inc. v. Yuqiang (Richard) Tu, et al*, No. 22-10227-LTS, Order on Summary Judgment, ECF No. 119 at 16 n.8 (D. Mass. Jan. 12, 2023).

KPM expressly asked all of the Defendants, via requests for production of documents ("RPDs") under Rules 26 and 34, to produce the following:

> "All documents and communications concerning, or that may support or refute, any allegation or defense set forth in the Complaint, the Individual Defendants' Answer to the Complaint, the Blue Sun Defendants' Answer to the Complaint, or the Counterclaim."

> "All documents and communications concerning all application notes created for any NIR products on behalf of Blue Sun or used by Blue Sun in any way, including the application notes themselves";[3]

> "All documents that support or refer to any alleged damages in this matter"; and

> "Any documents or materials that you will seek to admit into evidence or otherwise use in any trial of this matter."

Ex. B (relevant excerpts from Defendants' responses to KPM's RPDs). Defendants failed to produce any of the above listed exhibits, which are each squarely responsive to at least two or more of the above listed RPDs. Defendants' failure to produce the exhibits during discovery violates Rule 26 because it obligates all parties to disclose evidence that may be used to support a party's claims or defenses, and further makes this disclosure obligation "a continuing one." *See Harriman*, 627 F.3d at 29; Fed. R. Civ. P. 26(a)(1)(A)(ii) (parties have a duty to disclose evidence in support of claims and/or defenses), 26(e)(1)(A) (parties have a duty to supplement incomplete or incorrect disclosures). Defendants cannot point to any valid justification or excuse for their failure to produce these exhibits during discovery, thus exclusion is the proper remedy. *Klonoski*,

---

[3] For Individual Defendant Irvin Lucas, Request No. 29 states: "All documents and communications concerning all application notes created for any NIR products on behalf of Blue Sun, including the application notes themselves." See Ex. B.

156 F.3d at 271 (exclusion at trial of previously undisclosed evidence is proper "absent some unusual extenuating circumstances").

WHEREFORE, KPM respectfully requests that this Court grant its Motion *in Limine* and enter an order excluding the above listed exhibits from being admitted or referenced at trial.

**Date:**  April 26, 2023

Respectfully submitted,

KPM Analytics North America Corporation,

By its attorneys,

*/s/ John T. Gutkoski*
John T. Gutkoski (BBO# 567182)
Kevin R. Mosier (BBO# 703739)
SUNSTEIN LLP
100 High Street
Boston, MA 02110
Tel: (617) 443-9292
jgutkoski@sunsteinlaw.com
kmosier@sunsteinlaw.com

**AND**

Scott R. Magee (BBO# 664067)
Paige K. Zacharakis (BBO# 699108)
MORSE, BARNES-BROWN, AND PENDLETON, P.C.
480 Totten Pond Road, 4th Floor
Waltham, MA 02451
Tel: (781) 622-5930
smagee@morse.law
pzacharakis@morse.law

5

**CERTIFICATE OF SERVICE**

I hereby certify that on the 26th day of April 2023, a true and correct copy of the foregoing document was filed through the ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

*/s/ Paige K. Zacharakis*
Paige K. Zacharakis

4864-1211-5807, v. 1