# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KPM ANALYTICS NORTH AMERICA CORPORATION, <br><br> *Plaintiff.* <br><br> V. <br><br> BLUE SUN SCIENTIFIC, LLC, THE INNOVATIVE TECHNOLOGIES GROUP & CO., LTD., ARNOLD EILERT, MICHELLE GAJEWSKI, ROBERT GAJEWSKI, RACHAEL GLENISTER, GREGORY ISRAELSON, IRVIN LUCAS, AND PHILIP OSSOWSKI, <br><br> *Defendants.* | Civil Action No. 21-10572-MRG |

**PLAINTIFF KPM ANALYTICS NORTH AMERICA CORPORATION'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION *IN LIMINE* TO PRECLUDE REFERENCES TO UNRELATED PENDING OR THREATENED LITIGATION**

Plaintiff KPM Analytics North America Corporation ("KPM"), respectfully requests this Court for an Order granting its Motion *in Limine* to Preclude References to Unrelated Pending or Threatened Litigation (the "Motion"). Specifically, the Motion seeks to preclude Defendants Blue Sun Scientific, LLC ("Blue Sun"), The Innovative Technologies Group & Co., Ltd. ("ITG"), Arnold Eilert, Robert Gajewski, Rachael Glenister, and Irvin Lucas (the "Individual Defendants") from offering certain evidence, testimony and argument at trial concerning unrelated pending or threatened litigation between KPM, Blue Sun, and ITG.

Defendants may seek to admit at trial evidence concerning, and argue to the jury about, unrelated pending or threatened litigation between KPM and parties to this case or third-parties. The risk of such evidence being proffered at trial is not hypothetical: KPM served a cease and

desist letter to Blue Sun and ITG for patent infringement with regard to Blue Sun's Phoenix near-infrared analyzer, the Blue Sun Phoenix 5000.  Such evidence is not relevant to any of the issues in this litigation and would not aid the jury in resolving any of the factual questions pending before it.  Instead, such evidence would serve solely to cast KPM unfairly as a vexatious litigant and would act both to prejudice the jury against KPM and to confuse the jury as to the factual issues pending before it.  Moreover, explaining the letter and its significance would require the parties and the Court to attempt to address with the jury multiple issues of federal patent law that are not present in this case, adding time and complexity to these trial proceedings.

District Courts within the First Circuit and others routinely preclude evidence of unrelated litigation from being admitted at trial.  *E.g.*, *Posteraro v. Citizens Fin. Grp.*, No. 13-cv-416-JL, 2016 WL 64376, at *3 (D.N.H. Jan. 5, 2016) (precluding evidence of unrelated litigation because hypothetical probative value "is outweighed by the potential prejudice of [Plaintiff] being seen as unreasonably or unjustifiably litigious."); *Ira Green, Inc. v. Military Sales & Serv. Co.*, No. 10-207-M, 2013 WL 12316017, at *3 (D. R.I. Sept. 4, 2013) (precluding evidence of Plaintiff's "propensity to sue" for unfair prejudice); *King Pharms., Inc. v. Sandoz, Inc.*, 2010 WL 4789950, at *1 (D.N.J. Sept. 8, 2010) (precluding evidence of unrelated litigation at trial).  Preclusion of such evidence is the proper remedy under Rules 401, 402, and 403 given the complete lack of probative value and the high risk of unfair prejudice to KPM.  As such, KPM respectfully requests that this court enter an order precluding Defendants from introducing at trial evidence concerning unrelated pending or threatened litigation between KPM and parties to this case or third-parties.

WHEREFORE, KPM respectfully requests that this Court grant its Motion *in Limine* and enter an order precluding any references to unrelated pending or threatened litigation between KPM, Blue Sun, and ITG.

**Date:**  April 26, 2023

Respectfully submitted,

KPM Analytics North America Corporation,

By its attorneys,

*/s/ John T. Gutkoski*
John T. Gutkoski (BBO# 567182)
Kevin R. Mosier (BBO# 703739)
SUNSTEIN LLP
100 High Street
Boston, MA 02110
Tel: (617) 443-9292
jgutkoski@sunsteinlaw.com
kmosier@sunsteinlaw.com

**AND**

Scott R. Magee (BBO# 664067)
Paige K. Zacharakis (BBO# 699108)
MORSE, BARNES-BROWN, AND PENDLETON, P.C.
480 Totten Pond Road, 4th Floor
Waltham, MA 02451
Tel: (781) 622-5930
smagee@morse.law
pzacharakis@morse.law

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 26th day of April 2023, a true and correct copy of the

foregoing document was filed through the ECF system and will be sent electronically to the

registered participants as identified on the Notice of Electronic Filing (NEF).


<u>*/s/ Paige K. Zacharakis*</u>
Paige K. Zacharakis

4