UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KPM ANALYTICS NORTH AMERICA CORPORATION,<br>            *Plaintiff.*<br><br>           V.<br><br>BLUE SUN SCIENTIFIC, LLC, THE INNOVATIVE TECHNOLOGIES GROUP & CO., LTD., ARNOLD EILERT, MICHELLE GAJEWSKI, ROBERT GAJEWSKI, RACHAEL GLENISTER, GREGORY ISRAELSON, IRVIN LUCAS, AND PHILIP OSSOWSKI,<br><br>           *Defendants.* | Civil Action No. 21-10572-MRG |

**PLAINTIFF KPM ANALYTICS NORTH AMERICA CORPORATION'S OPPOSITION TO DEFENDANT INNOVATIVE TECHNOLOGIES GROUP & CO., LTD'S MOTION *IN LIMINE* TO PRECLUDE ARGUMENT OR EVIDENCE REGARDING ALTER EGO/VEIL PIERCING CLAIMS**

Plaintiff KPM Analytics North America Corporation ("KPM"), opposes The Innovative Technologies Group & Co., Ltd. ("ITG")'s motion *in limine* seeking to preclude KPM from introducing evidence or making argument on its theory that ITG should be held liable for the conduct of its wholly-owned and controlled subsidiary Defendant Blue Sun Scientific, LLC ("Blue Sun"). Each of ITG's arguments should be rejected.

First, this Court (Sorokin, J.) has already denied ITG this request. ITG's motion is actually a poorly-veiled motion for reconsideration of this Court's denial of ITG's motion for summary judgment, which sought to have any veil-piercing arguments dismissed. ITG filed its motion for summary judgment on August 19, 2022 (ECF Nos. 144, 145) arguing both (1) that it was not directly liable to KPM, and (2) that it could not be held liable indirectly as the alter ego of Blue

1

Sun, or that KPM should be permitted to pierce the veil of Blue Sun to obtain relief from ITG. KPM opposed (ECF No. 155), referring to voluminous record evidence establishing that ITG is, in fact, legally responsible via its own conduct and for the wrongful conduct of Blue Sun (and the Individual Defendants who are all employees of Blue Sun). (ECF No. 158). ITG's current motion, although styled as a motion in *limine*, is therefore in substance a motion for reconsideration of Judge Sorokin's ruling denying summary judgment and should be treated as such. ITG offers nothing new in its current motion, failing to satisfy its burden on a motion for reconsideration. And if ITG is simply cynical enough to believe that having a different judge assigned to this case between summary judgment and trial is a sufficient basis to seek a different ruling, no legitimate authority permits it to seek reconsideration on that basis.

Second, for the same reasons why the Court denied ITG's motion for summary judgment, it should conclude that KPM properly alleged facts supporting relief from ITG for Blue Sun's misconduct and has identified record evidence to support that remedy.

Third, KPM should not be limited to its own witnesses' meager understanding of ITG and Blue Sun's structure and operation as ITG alternatively requests. KPM relies on, and previously cited and quoted, the testimony of ITG and Blue Sun witnesses and documents produced by the defendants, evidence that was designated attorneys' eyes only/highly confidential under the protective order entered by the Court (ECF No. 59), and which KPM's witnesses were therefore not permitted to see. *See, e.g.,* ECF No. 155, citing ECF No. 158, Exs. 2-4, 6-10, 12-14, 16, 21, 25-27, 29-32, 34. Yet ITG has the temerity to accuse KPM's Rule 30(b)(6) witness who was not able to see these documents and testimony of failing to identify them, some of which only came into evidence after KPM's witness was deposed. That is simply a belated effort to avoid what

4878-9115-1456, v. 1

KPM has shown to be a credible issue it can and should fully present to this Court and the jury at trial.

I. **ITG's Motion in *Limine* Should Be Denied As A Repackaged and Unsupported Motion for Reconsideration of this Court's Order Denying ITG's Motion for Summary Judgment.**

This Court should deny the motion in *limine* outright because it is not a legitimate motion in *limine*. It is in fact a motion for reconsideration of this Court's previous denial of ITG's motion for summary judgment. *See* ECF No. 165 (denying ITG's motion for summary judgment filed on August 19, 2022). The label that ITG put on its motion as a one in *limine* does not make it so. *Perez-Perez v. Popular Leasing Rental, Inc.*, 993 F.2d 281, 283 (1st Cir. 1993) ("[o]ur inquiry into the character of the motion is a functional one: 'nomenclature should not be exalted over substance'"). Here, ITG's motion is merely a rehash of its motion for summary judgment that Judge Sorokin denied in its entirety. Both ITG's current motion and its summary judgment motion argue that KPM was required to plead veil piercing more specifically. *Compare* MIL (ECF No. 186) at 2-3 *with* MSJ (ECF No. 145) at 11. And both motions argue the merits of the veil piercing inquiry. *Compare* MIL (ECF No. 186) at 3-6 *with* MSJ (ECF No. 145) at 11-15. The similarities are telling.

ITG's current motion lifts verbatim from its summary judgment opening brief the argument beginning on the last line of page 3 of the current motion (beginning at "It is well-settled law…") through all of page 4 and the full first paragraph of page 5, as well as verbatim excerpts later on page 5-6 starting with *DeWitt Truck Brothers* and its parenthetical and the text and associated parentheticals in the following paragraph citing *Andretti Sports Marketing*, *Flint* and *RCS Engineered Products*. While it is not uncommon for counsel to re-use authorities and arguments to address newly developed facts as a case progresses, nothing in the record has changed from August 2022 when ITG filed its summary judgment to now, except that Judge Sorokin denied

3

ITG's motion for summary judgment. Thus, the substance of ITG's purported motion is *limine* is in fact a motion for reconsideration of the denial of its summary judgment motion and should be treated as such.

"In order to succeed on a motion for reconsideration, 'the movant must demonstrate either that newly discovered evidence (not previously available) has come to light or that the rendering court committed a manifest error of law.'" *Haney as Tr. of Gooseberry Island Tr. v. Town of Mashpee*, 599 F. Supp. 3d 32, 33 (D. Mass. 2022) quoting *Mulero-Abreu v. Puerto Rico Police Dep't*, 675 F.3d 88, 94-95 (1st Cir. 2012). Given that ITG's motion is a largely verbatim rehash of its summary judgment brief, with no new record citations that were not previously available (i.e. no newly discovered evidence), and no change in law, the motion in *limine* must be denied. *See id.*

## II. The Court Should Reject ITG's Argument that KPM Failed to Plead Veil Piercing.

First, contrary to ITG's argument, there is no requirement to plead veil piercing, which is not a separate cause of action, as ITG admits. *See* MIL (ECF No. 186) at 6, citing *In re RCS Engineered Prods. Co., Inc.*, 102 F.2d 223, 226 (6th Cir. 1996). The veil piercing "doctrine is not itself a cause of action but an equitable tool that authorizes courts, in rare situations, to ignore corporate formalities, where such disregard is necessary to provide a meaningful remedy for injuries and to avoid injustice." *Kraft Power Corp. v. Merrill*, 464 Mass. 145, 148, 981 N.E.2d 671, 678 (2013) (quotations omitted).[1] And in that regard, KPM pled facts sufficient to seek a

---

[1] The two cases cited by ITG are not relevant. *Massachusetts Carpenters Cent. Collection Agency v. Belmont Concrete Corp.*, 139 F.3d 304, 308 (1st Cir.1998), cited by ITG, simply does not stand for the proposition that some allegations of veil piercing must be made. Second, *Lounge 22, LLC v. Scales*, 680 F. Supp. 2d 343 (2010), also cited by ITG, was decided at the motion to dismiss stage when the defendant challenged the sufficiency of a specific pleading of alter ego liability that the plaintiff opted to include in its complaint in an effort to get the controlling shareholder dismissed out of the case entirely.

4

remedy against both ITG and Blue Sun collectively for the same wrongdoing, which it does as an alternative to also holding ITG directly liable through its own conduct.  KPM pled in its Verified Complaint the facts that it was aware of at the time it filed the complaint, including the shared ownership and location of the two Entity Defendants (Complaint, ECF No. 1, ¶¶ 4, 5) along with voluminous allegations of wrongdoing collectively by ITG and Blue Sun, which were defined together in the Complaint as the defined term "Blue Sun" engaging in the wrongdoing.  *See generally* ECF No. 1 and ¶ 1.  KPM also sought relief against both.  *See* ECF No. 1, request for relief.  Therefore, the Complaint itself put ITG on notice of its liability.

Any question that this pleading put ITG on actual notice of the veil piercing theory is further answered by the fact that, in negotiating a discovery schedule across a series of emails from September 1-3, 2021, the parties expressly considered the scope of discovery concerning veil piercing, as raised by ITG's own counsel Royal Craig.  For ITG to now claim on the eve of trial that it was not on notice of an issue it identified for discovery on the basis of the Complaint is factually untrue and arguably bad faith conduct in violation of Fed. R. Civ. P. 11.  *See* **Exhibit A hereto** (email exchange between ITG's counsel Royal Craig and KPM's counsel John Gutkoski).  Thus, veil piercing was properly pled.

Even if there were a requirement that KPM should have pled veil piercing more explicitly, Fed. R. Civ. P. 15(b)(2) excuses that requirement in this case.  Rule 15(b)(2) provides that "When an issue not raised by the pleadings is tried by the parties' express or implied consent, it must be treated in all respects as if raised in the pleadings. A party may move—at any time, even after judgment—to amend the pleadings to conform them to the evidence and to raise an unpleaded issue. But failure to amend does not affect the result of the trial of that issue."  KPM argued explicitly in opposition to ITG and Blue Sun's motion to dismiss the Complaint on June 3, 2021

that "Blue Sun and ITG are alter egos of each other," giving them explicit notice that this would be a live issue in dispute. ECF No. 50 at 11. As a result, Blue Sun, ITG, and KPM all directed discovery to this issue. *See also* **Exhibit A**. ITG's only challenge to KPM's veil piercing argument was on the merits at summary judgment, as ITG admits, ECF No. 186 at 2 n. 1. Judge Sorokin denied ITG's motion. Having fully briefed the issue, and having seen KPM's opposition to summary judgment, which included citations to voluminous record evidence that was then cited in the summary judgment ruling, ITG cannot complain now that it was somehow not on notice of the argument by a failure to plead it more explicitly. To the contrary, the parties' discovery on this very issue without objection by ITG shows ITG's consent for it to be included at trial.[2]

Even if it could not be considered to be implicitly part of the trial by consent, Fed. R. Civ. P. 15(b)(1) permits KPM to amend its pleadings to conform to the evidence. Rule 15(b)(1) provides, in relevant part, that "If, at trial, a party objects that evidence is not within the issues raised in the pleadings, the court may permit the pleadings to be amended. The court should freely permit an amendment when doing so will aid in presenting the merits and the objecting party fails to satisfy the court that the evidence would prejudice that party's action or defense on the merits." Amendment under Rule 15(b)(1) would not prejudice ITG or any party because it was on notice of the issue since June 3, 2021, less than two months after the case was filed, and it took discovery on it, such as through the testimony of KPM's Rule 30(b)(6) witness that ITG cites in its motion. Rule 15(b)(1) is designed precisely for situations like this, where discovery on all issues is complete and one party belatedly tries to squirrel out from a claim by complaining that it was not sufficiently pled. The rule remedies the bait and switch that ITG is seeking to perform now.

---

[2] Had ITG prevailed on its motion for summary judgment, it undoubtedly would have considered it a properly pled question that was decided on the merits.

**III.     The Factual Record Supports Veil Piercing.**

ITG's argument that the record does not support KPM's entitlement to pierce the Blue Sun corporate veil to hold ITG indirectly liable in addition to its own direct liability fails for the same reasons KPM stated in its opposition to ITG's motion for summary judgment. Rather than impose a greater burden on the Court by restating under seal the arguments it made in KPM's sealed opposition to ITG's motion for summary judgment, KPM respectfully refers this Court to its arguments at pages 15-20 of ECF No. 152.

The only possibly new argument in ITG's current motion is that veil piercing is *only* appropriate to use in collection from a defendant that fraudulently abused corporate formalities. *See* ECF No. 186 at 5. Unsurprisingly, ITG fails to point to any controlling case law imposing such a limitation. The Supreme Judicial Court has set forth twelve factors to consider in whether to pierce the corporate veil, only one of which is *"*use of the corporation in promoting fraud." *Scott v. NG U.S. 1, Inc.*, 881 N.E.2d 1125, 1132, 450 Mass. 760, 768 (2008). In fact, the Supreme Judicial Court is explicit that disregarding the corporate form only requires that the parent corporation used the subsidiary "for an improper purpose" based on the balancing of the twelve factors. *Id.* The Supreme Judicial Court is specific that piercing the corporate veil is a proper remedy "'for the defeat of fraud *or wrong, or the remedying of injustice*.'" *Id.*, quoting *Hanson v. Bradley*, 298 Mass. 371, 381, 10 N.E.2d. 259 (1937) (emphasis added). The disjunctive "or" repeatedly used in SJC case law and cases applying it in this District demonstrates that "fraud" is not a requirement. Indeed, in other cases courts have pierced the veil to remedy wrongs without express findings of fraud. *See, e.g., Attorney General v. M.C.K., Inc.*, 432 Mass. 546, 557, 736 N.E.2d 373, 381-82 (2000) (piercing the corporate veil without the existence of fraud in use of the corporate forms). So too here. ITG's suggestion that an express showing of fraud is required is a

7

misstatement of the law. It is sufficient that veil piercing remedy the misappropriation of trade secrets and unfair conduct perpetrated by both Blue Sun and ITG.

### IV. KPM Should Not Be Limited to the Testimony of Its Rule 30(b)(6) Witness.

ITG's alternative request to limit KPM's evidence to the testimony given by its Rule 30(b)(6) witness Eric Olson is a bad faith request and should be rejected. The vast majority of KPM's evidence showing why ITG should be liable for Blue Sun's conduct is based on evidence obtained from the Defendants, including numerous documents and deposition transcripts that were designated attorneys' eyes only/highly confidential by those defendants under the Court's Protective Order in this case. *See, e.g.,* ECF No. 155, citing ECF No. 158, Exs. 2-4, 6-10, 12-14, 16, 21, 25-27, 29-32, 34. Because they were designated attorneys' eyes only, neither Mr. Olson nor anyone else at KPM was permitted to see them. This is at least the second time in this case that the Defendants have accused KPM of not being able to identify sufficient evidence through a Rule 30(b)(6) witness when the precise evidence they accuse KPM of not identifying was designated highly confidential by Defendants. ITG's argument was rejected last time and should be rejected now. In July 2022, Judge Sorokin denied the Entity Defendants' motion to compel additional testimony from KPM's Rule 30(b)(6) witness, reasoning:

> In their Motion, the Defendants complain that the Plaintiff has failed to produce the factual basis for its damage claims, that the Plaintiff's Rule 30(b)(6) witness was unable to answer basic questions such as sales amounts for a given relevant year, and that the same witness was unable to identify specific customers lost due to the Defendants' allegedly wrongful behavior. See Doc. No. 135. After careful review of the papers as well as the record in this case, the Motion is DENIED. The Court further concludes that a hearing on the Motion is not necessary. The Defendants not only have the sales number the witness could not recall, they had them prior to the deposition in the form of the financial spreadsheets provided in discovery. They have not demonstrated how the failure of the witness to recall this specific information already known to the Defendants prejudiced them in any way whatsoever. That the witness could not identify the lost sales is unsurprising. Much of the discovery from the Defendants, including important information identifying lost sales, has been produced under an Attorneys Eyes Only limitation. This was done at the Defendants'

> request. In that circumstance, and obviously, the 30(b)(6) witness would not and could not give complete answers to these types of questions.

Electronic Order, ECF No. 141.

That exact same reasoning applies here. KPM should not be limited to presenting evidence produced by Defendants merely because KPM's Rule 30(b)(6) designee was prohibited from seeing it by the Defendants' own conduct. Moreover, some of the evidence that KPM identified in support of its veil piercing argument was elicited through the deposition of ITG which occurred on May 3, 2022, and the deposition of Blue Sun on April 27, 2022, both *after* KPM's Rule 30(b)(6) witness testified on April 26, 2022. *See* ECF No. 156 at 4-7, 16-19. KPM is not responsible for its inability to predict what ITG's witness would admit in deposition in the future.

## Conclusion

For the foregoing reasons, KPM respectfully requests that this Court deny ITG's Motion *in Limine* to Preclude Argument or Evidence Regarding Alter Ego/Veil Piercing Claims.

**Date:** April 27, 2023

Respectfully submitted,

KPM Analytics North America Corporation,

By its attorneys,

*/s/ Paige K. Zacharakis*
John T. Gutkoski (BBO No. 567182)
Kevin R. Mosier (BBO No. 703739)
Sunstein LLP
100 High Street
Boston, MA 02110
Phone: (617) 443-9292
jgutkoski@sunsteinlaw.com
kmosier@sunsteinlaw.com

**AND**

Scott R. Magee (BBO No. 664067)
Paige Zacharakis (BBO No. 699108)
Morse, Barnes-Brown & Pendleton, P.C.
480 Totten Pond Road, 4th Floor
Waltham, MA 02451
Phone: (781) 622-5930
Fax: (781) 622-5933
smagee@morse.law
pzacharakis@morse.law

## CERTIFICATE OF SERVICE

I hereby certify that on the 27th day of April 2023, a true and correct copy of the foregoing document was filed through the ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

*/s/ Paige K. Zacharakis*
Paige K. Zacharakis