# Exhibit A

| | |
|---|---|
| **From:** | John Gutkoski |
| **To:** | Craig, Royal |
| **Cc:** | Scott R. Magee; Paige K. Zacharakis |
| **Subject:** | Re: Draft Case Schedule |
| **Date:** | Friday, September 3, 2021 3:44:26 PM |
| **Attachments:** | image001.png |

Roy -

We don't see how any details about piercing the veil between BS and ITG or between either entity and its owners will require additional discovery directed to KPM. Defendants' finances will be the subject of information exclusively within their control.

As for your suggestion of consulting the special master, Judge Hillman's May 19th Order would seem to prevent that:

"I appoint Attorney Robert White of the firm of Bourgeois White of Worcester, Massachusetts as Special Master to deal with any discovery issues that arise during this expedited discovery period only. His fees shall be paid equally by the Plaintiff and Corporate Defendants, unless otherwise ordered by this Court." ECF No. 44 at p. 3 (emphasis supplied).

We will prepare the Report with each side's proposal and have the Court decide. We will circulate a final version early next week.

Sincerely,
    John


On Sep 3, 2021, at 8:37 AM, Craig, Royal <rcraig@gfrlaw.com> wrote:


John

See my last email…do you suppose BS and ITG have a common interest in defending against piercing the veil?  Same liability exposure?
I concede some overlap in the issues, but there are different counts, people, witnesses, etc.
Consequently, I seek two separate sets of RFAs. If you are willing to consider that at all then I suggest let me know what you might be comfortable with (fill in the blanks) …the Entity Defendants separately and the Individual Defendants collectively may each serve [    ]____ interrogatories and [    ] requests for admission on plaintiff.
If not then Robert White is still aboard.  I'm happy to do a joint call with him and let him school me.


Roy

Royal W. Craig, Esq.

**Gordon Feinblatt LLC**
1001 Fleet Street, Suite 700
Baltimore, MD 21202
Direct Dial - (410) 576-4109
Cell – (410) 419-6899
Main – (410) 576-4000
Fax - (410) 576-4269
rcraig@gfrlaw.com
www.gfrlaw.com

**We Moved!**
*Effective April 19, 2021, we moved our offices, mailing address and center of remote operations to Harbor East. Our email addresses and phone numbers are unchanged.*
<image001.png>

---

**From:** John Gutkoski <JTG@c-m.com>
**Sent:** Thursday, September 2, 2021 1:12 PM
**To:** Craig, Royal <rcraig@gfrlaw.com>
**Cc:** Scott R. Magee <smagee@morse.law>; Paige Zacharakis <pzacharakis@morse.law>
**Subject:** [EXTERNAL] Re: Draft Case Schedule

*Attention: This email was sent from someone outside of Gordon Feinblatt LLC. Always use caution when opening attachments or clicking links from unknown senders or when receiving unexpected emails.*

Roy -

Our proposal already gave defendants more than they are collectively permitted under the Local Rules. Given the dispute, we should just follow its dictates:

Local Rule 26.1(c):

(c) Discovery Event Limitations. Unless the judicial officer orders otherwise, the number of discovery events shall be limited for each side (or group of parties with a common interest) to 10 depositions, 25 interrogatories, 25 requests for admissions, and 2 separate sets of requests for production. For purposes of determining the number of interrogatories propounded, subparts of a basic interrogatory which are logical extensions of the basic interrogatory and seek only to obtain specified additional particularized information with respect to the basic interrogatory shall not be counted

separately from the basic interrogatory.

On Sep 2, 2021, at 1:03 PM, Craig, Royal <rcraig@gfrlaw.com> wrote:

John

I do not speak for the individual defendants.  I speak for the entity defendants.  We are fine with V.b.  However, there are two entity defendants with different people, issues and defenses.  In regard to section V.c you get your full 25/25 of each, and each entity defendants wants 25/25 in return.  Consider…the Entity Defendants separately and the Individual Defendants collectively may each serve 25 interrogatories and 25 requests for admission on plaintiff.

Roy

Royal W. Craig, Esq.
**Gordon Feinblatt LLC**
1001 Fleet Street, Suite 700
Baltimore, MD 21202
Direct Dial - (410) 576-4109
Cell – (410) 419-6899
Main – (410) 576-4000
Fax - (410) 576-4269
rcraig@gfrlaw.com
www.gfrlaw.com

***We Moved!***
*Effective April 19, 2021, we moved our offices, mailing address and center of remote operations to Harbor East. Our email addresses and phone numbers are unchanged.*
<image001.png>

---

**From:** John Gutkoski <JTG@c-m.com>
**Sent:** Thursday, September 2, 2021 9:48 AM
**To:** Craig, Royal <rcraig@gfrlaw.com>
**Cc:** Scott R. Magee <smagee@morse.law>; Paige Zacharakis <pzacharakis@morse.law>
**Subject:** [EXTERNAL] Re: Draft Case Schedule

*Attention: This email was sent from someone outside of Gordon Feinblatt LLC. Always use caution when opening attachments or clicking links from unknown senders or when receiving unexpected emails.*

Roy -

The judge will never grant that, particularly when the claims and defenses as pled focus so much on defendants' misconduct. The volume of requests is abusive. So we can take it to him.

Plus, if you all are going to get so much then there are apparently other issues here and KPM will need more requests as well.

That said, what is the minimum of each type that the entity defendants believe they actually need?

John

On Sep 2, 2021, at 9:36 AM, Craig, Royal <rcraig@gfrlaw.com> wrote:

John

You made your bed.  The entity defendants are willing to consider a compromise but do not  agree to the discovery limits as proposed.

Roy

Royal W. Craig, Esq.
**Gordon Feinblatt LLC**
1001 Fleet Street, Suite 700
Baltimore, MD 21202
Direct Dial - (410) 576-4109
Cell – (410) 419-6899

Main – (410) 576-4000
Fax - (410) 576-4269
rcraig@gfrlaw.com
www.gfrlaw.com

**We Moved!**
*Effective April 19, 2021, we moved our offices, mailing
address and center of remote operations to Harbor East.
Our email addresses and phone numbers are unchanged.*
<image001.png>

**From:** John Gutkoski <JTG@c-m.com>
**Sent:** Wednesday, September 1, 2021 1:18 PM
**To:** Craig, Royal <rcraig@gfrlaw.com>
**Cc:** Prickett, William <wprickett@seyfarth.com>; Wilson,
Dallin R <DRWilson@seyfarth.com>; Kippins, Michael A.
<mkippins@seyfarth.com>; Ritchie, George F.
<gritchie@gfrlaw.com>
**Subject:** [EXTERNAL] RE: Draft Case Schedule

==**Attention: This email was sent from someone outside of Gordon
Feinblatt LLC. Always use caution when opening attachments or
clicking links from unknown senders or when receiving unexpected
emails.**==

Roy –

KPM has no issue with the proposed changes to the
schedule. Removing "collectively" in the Joint Statement
as you propose, however, would subject KPM to 6 more
sets of document requests and 150 interrogatories and
requests for admission. This would be excessive and
unduly burdensome. KPM cannot agree to it. Will the
Entity Defendants agree to the discovery limits as
proposed or should we present our two positions to the
Judge and allow him to choose?

Thank you,
    John

**From:** Craig, Royal <rcraig@gfrlaw.com>
**Sent:** Wednesday, September 1, 2021 10:35 AM
**To:** John Gutkoski <JTG@c-m.com>
**Cc:** Prickett, William <wprickett@seyfarth.com>; Wilson, Dallin R <DRWilson@seyfarth.com>; Kippins, Michael A. <mkippins@seyfarth.com>; Ritchie, George F. <gritchie@gfrlaw.com>
**Subject:** RE: Draft Case Schedule

Here are BS/ITG's proposed changes John

Roy

Royal W. Craig, Esq.
**Gordon Feinblatt LLC**
1001 Fleet Street, Suite 700
Baltimore, MD 21202
Direct Dial - (410) 576-4109
Cell – (410) 419-6899
Main – (410) 576-4000
Fax - (410) 576-4269
rcraig@gfrlaw.com
www.gfrlaw.com

***We Moved!***
*Effective April 19, 2021, we moved our offices, mailing address and center of remote operations to Harbor East. Our email addresses and phone numbers are unchanged.*
<image001.png>

**From:** John Gutkoski <JTG@c-m.com>
**Sent:** Wednesday, September 1, 2021 10:19 AM
**To:** cohara@toddweld.com; Ritchie, George F. <gritchie@gfrlaw.com>; Handley, James D. <jhandley@gfrlaw.com>; mdavis@toddweld.com; Kippins, Michael A. <mkippins@seyfarth.com>; pzacharakis@morse.law; Craig, Royal <rcraig@gfrlaw.com>; smagee@morse.law; Prickett, William <wprickett@seyfarth.com>; Wilson, Dallin R <DRWilson@seyfarth.com>
**Subject:** [EXTERNAL] Re: Draft Case Schedule

*Attention: This email was sent from someone outside of Gordon Feinblatt LLC. Always use caution when opening attachments or clicking links from unknown senders or when receiving unexpected emails.*

Counsel -

Please provide any comments to these today. If we do not hear from you, we will file our proposal.

Thank you.
   John

On Aug 25, 2021, at 9:29 AM, John Gutkoski <JTG@c-m.com> wrote:

Counsel –

Following up on our Rule 26f Conference, attached here for your comment are draft joint scheduling papers. Should the parties not reach a mediated resolution of the case tomorrow (Thursday), please provide by Friday any comments and/or approvals to file these.

Thank you.
   John

The information (including attachments) contained in this email is confidential and proprietary to the sender and the intended

recipient. It may also contain attorney-client
privileged information. If you are not the
intended recipient, please destroy this email
and do not disseminate its contents to any other
person or entity. We would also appreciate
your notifying the sender of this email of its
misdirection (by return message or by
telephone at 617.951.2500) so that this error
can be avoided in the future.

<Rule 16 Joint Statement.docx>

<Proposed Scheduling Order.docx>

The information supplied in this message may be legally
privileged. If you are the intended recipient of this message, the
sender does not intend delivery to you to waive any privilege or
right pertaining to this message. If you have received this
message in error, please immediately notify the sender by
return e-mail, and delete the errant message. Thank you.

The information supplied in this message may be legally
privileged. If you are the intended recipient of this message, the
sender does not intend delivery to you to waive any privilege or
right pertaining to this message. If you have received this
message in error, please immediately notify the sender by
return e-mail, and delete the errant message. Thank you.

The information supplied in this message may be legally privileged. If you are
the intended recipient of this message, the sender does not intend delivery to
you to waive any privilege or right pertaining to this message. If you have
received this message in error, please immediately notify the sender by return
e-mail, and delete the errant message. Thank you.

The information supplied in this message may be legally privileged. If you are the intended
recipient of this message, the sender does not intend delivery to you to waive any privilege
or right pertaining to this message. If you have received this message in error, please
immediately notify the sender by return e-mail, and delete the errant message. Thank you.