# Exhibit 2

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

KPM ANALYTICS NORTH AMERICA CORPORATION,

*Plaintiff,*

v.

BLUE SUN SCIENTIFIC, LLC, THE INNOVATIVE TECHNOLOGIES GROUP & CO., LTD., ARNOLD EILERT, MICHELLE GAJEWSKI, ROBERT GAJEWSKI, RACHAEL GLENISTER, GREGORY ISRAELSON, IRVIN LUCAS, AND PHILIP OSSOWSKI

*Defendants.*

Civil Action No. 4:21-CV-10572-TSH

**PLAINTIFF'S SUPPLEMENTAL ANSWERS AND OBJECTIONS TO CERTAIN OF DEFENDANT BLUE SUN SCIENTIFIC, LLC'S INTERROGATORIES**

Plaintiff, KPM Analytics North America Corporation ("Plaintiff" or "KPM"), by and through its undersigned counsel and pursuant to Federal Rules of Civil Procedure 26 and 33, hereby supplements its Answers to Interrogatories No. 2, 4, 8-15, 17-18, and 20-25 as follows:

**Preliminary Statement**

1. The specific objections and responses set forth below and the production made pursuant thereto are based upon information now available to Plaintiff after making a reasonably diligent search of its records, including electronic storage locations, where responsive documents, information, or things might be found. Plaintiff has not fully completed its investigation of the facts relating to the above captioned action (the "Action"); has not completed discovery in this Action; and has not completed preparation for trial. Plaintiff's search for documents and information is ongoing, and Plaintiff reserves the right to revise, correct, add to,

- Michael Smith;
- Christopher McIntire;
- William Brown;
- Douglas Evans;
- Ronald Geis;
- Eric Weinstein; and
- Brian Mitchell.

**Interrogatory No. 8**

Identify with reasonable particularity each trade secret allegedly misappropriated by the Defendants and each Defendant's role in that alleged misappropriation. Include in your answer 1) the date you claim any such trade secret was created, the identity of the person or person(s) you claim created each trade secret, 2) the steps you undertook to protect the confidentiality of each such trade secret, and 3) the date or date(s) on which you claim each trade secret was misappropriated and/or used without permission.

**Answer No. 8.**

Plaintiff objects to this Interrogatory on the grounds that it is compound in that it purports to require a response to separate questions, and therefore constitutes multiple interrogatories under Fed. R. Civ. P. 33(a)(1) and calls for a legal conclusion. Subject to and without waiving said specific objections, Plaintiff states: Pursuant to Fed. R. Civ. P. 33(d), because the answer to this Interrogatory may be determined by examining documents, and the burden of ascertaining the answer is substantially the same for Defendants, Plaintiff refers Defendants to the documents already produced by the Plaintiff in this Action and Plaintiff will produce any remaining documents responsive to this Interrogatory. Plaintiff refers the Defendants to the pleadings, motions, oppositions, court orders, and affidavits filed in the Action and to the depositions taken in this Action along with their corresponding exhibits. Plaintiff further states that Discovery is ongoing, and Plaintiff reserves its right to supplement this Answer to Interrogatory No. 8 in accordance with the applicable rules up through the time of trial.

**Supplemental Answer No. 8 – CONFIDENTIAL ATTORNEYS' EYES ONLY**

Plaintiff incorporates its Answer No. 8 above herein and supplements as follows: The trade secrets and confidential information that the Defendants misappropriated include software and related calibration data from KPM and competitive information concerning customers. The calibration data includes the data Defendants used with customers and the data used to create the application notes that were then used by the Defendants. The UCAL software is the software, specifically UCAL ver. 3 and/or 4, used to formulate and depict the data for the application notes and to formulate calibrations and make calibration adjustments for customers. With respect to customer information, the trade secrets and confidential information include customer names, contact information, details of their account with KPM/Unity and use of NIR systems (including Spectrastars), identity and timing of purchases and PM service, and pricing (both historical and contemplated) for instruments, consumables, instrument repair, and PM service, in depth knowledge of specific strengths and weaknesses, customer needs, and customers' stated and anticipated future needs. Each of these items alone, and together constitute competitively valuable information that KPM generated internally.

Both the customer information and the calibration data were developed over the years of operation of the KPM and Unity NIR business, rather than at a single point in time. The UCAL4 software was released in or about September 2019.

KPM further supplements its answer by specifically identifying and referring the Defendants to the following documents pursuant to Fed. R. Civ. P. 33(d) related to the creation, use, and/or the misappropriation and disclosure of KPM's trade secrets and confidential information.

Gajewski_003740 – Gajewski_003743; Gajewski_002289-Gajewski_002294; Gajewski_001688-Gajewski_001702; Gajewski_001915 – Gajewski_001921; Gajewski_002138

– Gajewski_002139; Gajewski_002808; Gajewski_002870 – Gajewski_002872; Gajewski_003929 – Gajewski_003930; Gajewski_003958 – Gajewski_003962; Gajewski_004133 – Gajewski_004137; Gajewski_004175 – Gajewski_004178; Gajewski_001850 – Gajewski_001859; Gajewski_002031 – Gajewski_002037; Gajewski_002740 – Gajewski_002746; Gajewski_004397 – Gajewski_004398; Gajewski_004399 – Gajewski_004401; Gajewski_004402; Gajewski_004394 – Gajewski_004396; Gajewski_000971 – Gajewski_000976; Gajewski_001860 – Gajewski_001862; Gajewski_002056 – Gajewski_002068; and Gajewski_002006 – Gajewski_002010.

KPM0000114 – KPM0000115; KPM0000116 – KPM0000117; KPM0000118 – KPM0000119; KPM0000120 – KPM0000121; KPM0000122 – KPM0000123; KPM0000124 – KPM0000125; KPM0000126 – KPM0000127; KPM0000128 – KPM0000129; KPM0000130 – KPM0000131; KPM0000132 – KPM0000133; KPM0000134 – KPM0000135; KPM0000136 – KPM0000137; KPM0000138 – KPM0000139; KPM0000140 – KPM0000141; KPM0000142 – KPM0000143; KPM0000144 – KPM0000145; KPM0000146 – KPM0000147; KPM0000148 – KPM0000149; KPM0000150 – KPM0000151; KPM0000152 – KPM0000153; KPM0000154 – KPM0000155; KPM0000156 – KPM0000157; KPM0000158 – KPM0000159; KPM0000160 – KPM0000161; KPM0000162 – KPM0000163; KPM0000164 – KPM0000165; KPM0000166 – KPM0000167; KPM0000168 – KPM0000169; KPM0000170 – KPM0000171; KPM0000172 – KPM0000173; KPM0000174 – KPM0000175; KPM0000176 – KPM0000177; KPM0000178 – KPM0000179; KPM0000180 – KPM0000181; KPM0000182 – KPM0000183; KPM0000184 – KPM0000185; KPM0000186 – KPM0000187; KPM0000188 – KPM0000189; KPM0000190 – KPM0000191; KPM0000192 – KPM0000193; KPM0000194 – KPM0000195; KPM0000196 – KPM0000197; KPM0000198 – KPM0000199; KPM0000200 – KPM0000201; KPM0000202 – KPM0000203; KPM0000204 – KPM0000205; KPM0000206 – KPM0000207; KPM0000208 – KPM0000209; KPM0000210 – KPM0000211; KPM0000212 – KPM0000213; KPM0000214 – KPM0000215; KPM0000216 – KPM0000217; KPM0000218 – KPM0000219; KPM0000220 – KPM0000221; KPM0000222 – KPM0000223; KPM0000224 – KPM0000225; KPM0000226 – KPM0000227; KPM0000228 – KPM0000229; KPM0000230 – KPM0000231; KPM0000232 – KPM0000233; KPM0000234 – KPM0000235.

In addition to the foregoing materials knowable to KPM, KPM's counsel has reviewed and identified the following documents that were designated as Attorneys' Eyes Only under the protective order. The undersigned representative of Plaintiff has not reviewed these documents but KPM identifies them here based on the review by those permitted to see the documents under the Court's Protective Order:

KPM-BS-001127 – KPM-BS-001128; KPM-BS2-00001133 – KPM-BS2-00001134; Gajewski_002147 – Gajewski_002149; Gajewski_002119 – Gajewski_002127; KPM-BS2-00000059 – KPM-BS-00000060; KPM-BS2-00000061 – KPM-BS-00000062; KPM-BS2-00000063 – KPM-BS-00000064; KPM-BS2-00000065 – KPM-BS-00000066; KPM-BS2-

00000067 – KPM-BS-00000068; KPM-BS2-00000069 – KPM-BS-00000070; KPM-BS2-00000071 – KPM-BS-00000072; KPM-BS2-00000073 – KPM-BS-00000074; KPM-BS2-00000075 – KPM-BS-00000077; KPM-BS2-00000078 – KPM-BS-00000079; KPM-BS2-00000080 – KPM-BS-00000081; KPM-BS2-00000082 – KPM-BS-00000084; KPM-BS2-00000085 – KPM-BS-00000087; KPM-BS2-00000088 – KPM-BS-00000090; KPM-BS2-00000091 – KPM-BS-00000093; KPM-BS2-00000094 – KPM-BS-00000096; KPM-BS2-00000097 – KPM-BS-00000098; KPM-BS2-00000099 – KPM-BS-00000100; KPM-BS2-00000101 – KPM-BS-00000102; KPM-BS2-00000103 – KPM-BS-00000104; KPM-BS2-00000105 – KPM-BS-00000106; KPM-BS2-00000107 – KPM-BS-00000108; KPM-BS2-00000109 – KPM-BS-00000110; KPM-BS2-00000111 – KPM-BS-00000112; KPM-BS2-00000113 – KPM-BS-00000114; KPM-BS2-00000115 – KPM-BS-00000116; KPM-BS2-00000117 – KPM-BS-00000118.

KPM-ITGC-00000217; KPM-ITGC-00000219 – KPM-ITGC-00000221; KPM-ITGC-00000263 – KPM-ITGC-00000264; KPM-ITGC-00000203; Gajewski_003740 – Gajewski_003743; Gajewski_000410 – Gajewski_000411; Gajewski_003953 – Gajewski_003954; Gajewski_001366 – Gajewski_001369; Gajewski_000934 – Gajewski_000935; Gajewski_000949 – Gajewski_000952; Gajewski_002498 – Gajewski_002501; Gajewski_000720 – Gajewski_000723; Gajewski_005604 – Gajewski_005607; Gajewski_003631 – Gajewski_003633; Gajewski_000321 – Gajewski_000345; Gajewski_000115 – Gajewski_000118; Gajewski_002689 – Gajewski_002693; Gajewski_000157; Gajewski_000987; Gajewski_002069 – Gajewski_002083; Gajewski_000402; Gajewski_001552 – Gajewski_001557; Gajewski_001688 – Gajewski_001702; Gajewski_005662 – Gajewski_005664; Gajewski_001915 – Gajewski_001920; Gajewski_002138 – Gajewski_002139; Gajewski_002808; Gajewski_002870 – Gajewski_002872; Gajewski_003929 – Gajewski_003930; Gajewski_003958 – Gajewski_003962; Gajewski_004133 – Gajewski_004137; Gajewski_004175 – Gajewski_004178; Gajewski_001681; Gajewski_001850 – Gajewski_001854; Gajewski_002031 – Gajewski_002037; Gajewski_002740 – Gajewski_002746; Gajewski_001404 – Gajewski_001409; Gajewski_001722 – Gajewski_001732; Gajewski_003584 – Gajewski_003586; Gajewski_000717 – Gajewski_000719; Gajewski_001682; Gajewski_005710 – Gajewski_005715; KPM0084748; KPM0003897; Glenister_000030; KPM0005986 – KPM0005989; KPM0003878; Gajewski_005665 – Gajewski_005669; KPM0002879 – KPM0002880; KPM0001958 – KPM0001959; KPM0002275 – KPM0002287; Gajewski_005660 – Gajewski_005661; Gajewski_000150; and Gajewski_000702 – Gajewski_000712.

KPM-BS2-00002214 – KPM-BS2-00002215; KPM-BS2-00002310 – KPM-BS2-00002311; KPM-BS-0001050; KPM-BS2-00000219; KPM-BS2-00002380 - KPM-BS2-00002421; KPM-BS2-00001926 – KPM-BS2-00001932; KPM-BS2-00000256 – KPM-BS2-00000259; Gajewski_000151 – Gajewski_000154; Gajewski_003953 – Gajewski_003957 (AEO Attachment); Gajewski_001366 – Gajewski_001377 (AEO Attachment); Gajewski_000934 – Gajewski_000936 (AEO Attachment); Gajewski_000539 – Gajewski_00540; Gajewski_000949 – Gajewski_000953 (AEO Attachment); Gajewski_000546 – Gajewski_000548; Gajewski_000145 – Gajewski_000146; Gajewski_000106 – Gajewski_000107; Gajewski_000645 – Gajewski_000647; Gajewski_002147 – Gajewski_002149; Gajewski_002119 – Gajewski_002127; ; Gajewski_001144 – Gajewski_001147; KPM-BS2-

000202 – KPM-BS2-000203; KPM-BS-002083 – KPM-BS-002085; KPM-BS2-00001721; KPM-BS2-00001726 - KPM-BS2-0000179; KPM-BS2-00000989; KPM-BS2-00001224 - KPM-BS2-00001228; KPM-BS2-00001747 - KPM-BS2-00001748; KPM-BS2-00001772; KPM-BS2-00001774; KPM-BS2-00001779; KPM-BS2-00000233 - KPM-BS2-00000236; KPM-BS2-00000056 - KPM-BS2-00000058; KPM-BS2-00002236 - KPM-BS2-00002241; KPM-BS2-00002187 - KPM-BS2-00002194; KPM-BS2-00002208; KPM-BS2-00002212 - KPM-BS2-00002213; KPM-BS2-00002291 - KPM-BS2-00002292; KPM-BS2-00002308; KPM-BS2-00002310 - KPM-BS2-00002311; KPM-BS2-00003114; KPM-BS2-00000906 - KPM-BS2-00000912; KPM-BS2-00000939 - KPM-BS2-00000940; KPM-BS2-00000788 - KPM-BS2-00000800; KPM-BS2-00001726; KPM-BS2-00000120; KPM-BS2-00000122 - KPM-BS2-00000123; KPM-BS2-00000135 - KPM-BS2-00000138; KPM-BS2-00000006 - KPM-BS2-00000008; KPM-BS2-00002150; KPM-BS-002136; KPM-BS-000935 - KPM-BS-000938; KPM-BS-001744 - KPM-BS-001746; KPM-BS-000236; KPM-BS-001727; KPM-BS-002083 - KPM-BS-002085; KPM-BS-002061 - KPM-BS-002062; KPM-BS-000461 - KPM-BS-000462; KPM-BS-002319; KPM-BS-001909; KPM-BS-001992 - KPM-BS-001998; KPM-BS-001734; KPM-BS-001767 - KPM-BS-001768; KPM-BS-002086 - KPM-BS-002088; KPM-BS-000334 - KPM-BS-000337; KPM-BS-002302; KPM-BS-001140; KPM-BS-001105 - KPM-BS-001106; KPM-BS-000346 - KPM-BS-000350; KPM-BS-000338 - KPM-BS-000341; KPM-BS-000286 - KPM-BS-000288; and KPM-BS-001141 - KPM-BS-001142.

KPM further identifies the testimony taken and exhibits marked in the following depositions as detailing the existence, protection, use and/or misappropriation of its trade secrets and confidential information. Again, as these transcripts and many of the exhibits were designated as Attorney' Eyes Only, KPM identifies them here based upon the review of counsel or those authorized to review such designated materials:

The deposition of Arnold Eilert (11-16-21), and particularly the testimony related to Exhibits 2-9 and 11-6, and those exhibits themselves;

The deposition of Michelle Gajewski (1-31-22), and particularly the testimony related to Exhibits 4-7 and 9-10, and those exhibits themselves;

The deposition of Robert Gajewski (7-1-21), and particularly the testimony related to Exhibits 2 and 5-35, and those exhibits themselves;

The deposition of Rachael Glenister (11-19-21), and particularly the testimony related to Exhibits 4-6, 8-9, and 12-36, and those exhibits themselves;

The deposition of Blue Sun and Irvin Lucas (4-27-22), and particularly the testimony related to Exhibits 3, 5-9, 11-13, and 18-65, and those exhibits themselves;

The deposition of Blue Sun (7-6-21), and particularly the testimony related to Exhibits 3-23, and those exhibits themselves;

The deposition of ITG (7-8-21), and particularly the testimony related to Exhibits 6-15, and those exhibits themselves;

The deposition of ITG (5-3-22), and particularly the testimony related to Exhibits 6-8 and 10-21, and those exhibits themselves;

The deposition of Douglas Evans (5-5-22), and particularly the testimony related to Exhibits 7-8, and 10-11, and those exhibits themselves.

Further evidence of the steps that KPM took to protect its trade secrets include the confidentiality requirements within the Employee Handbook, nondisclosure agreements, and employment contracts, including but not limited to those involving the Individual Defendants. The requirement that KPM's trade secrets be maintained as confidential also was included in offer letters and termination letters with employees. At the end of an employee's tenure with KPM, KPM also instructed employees to return any company property and information, which included filling out an exit checklist, and KPM cut off access to a former employee's email and access to company information. When KPM became aware of any potential misuse of confidential information and trade secrets, it took reasonable steps to address, limit, mitigate or otherwise remedy the potential improper use or disclosure of the confidential information and trade secrets.

KPM further supplements its answer by specifically identifying and referring the Defendants to the following documents pursuant to Fed. R. Civ. P. 33(d) and testimony as examples of how KPM has protected and protects its trade secrets and confidential information.

Documents concerning Plaintiff's protection of its trade secrets relating to employees include, but are not limited to, the following examples:

KPM0000995 – KPM 0001021; KPM000819 – KPM000821; KPM0000822; KPM0000831 – KPM 0000834; KPM0000862 – KPM 0000882; KPM0000883 – KPM 0000918; KPM0000919 – KPM 0000936; KPM0000937 – KPM 0000941; KPM0000946 – KPM 0000947; KPM0000948 – KPM 0000949; KPM0000950 – KPM 0000954; KPM0000955 – KPM 0000960; KPM0000961 – KPM 0000974; KPM0000977 – KPM0000978; KPM0001074 – KPM0001084; KPM0001119 – KPM0001124; KPM0001125 – KPM0001128; KPM0001133; KPM0001209 – KPM0001216; KPM0001306 – KPM 0001312; KPM0001406 – KPM0001421; KPM001470 – KOM0001472; KPM0001482 – KPM0001483; KPM0001511 – KPM0001517; KPM0005278 – KPM0005309; KPM0021198 – KPM0021120; KPM0022106; KPM0022107 – KPM0022109; KPM0022113 – KPM0022114; KPM0269264 – KPM0269270; LUCAS_000085 – LUCAS_000088.

Documents concerning Plaintiff's protection of its trade secrets relating to third parties include, but are not limited to, the following examples:

KPM0000635 – KPM 0000654; KPM0000655 – KPM 0000662; KPM0000663 – KPM 0000682; KPM0000690 – KPM 0000710; KPM0000711 – KPM 0000720; KPM0000721 – KPM 0000729; KPM0000731 – KPM 0000750; KPM0000752 – KPM 0000770; KPM0000773 – KPM 0000795; KPM0000796 – KPM 0000818; KPM0000979 – KPM 0000982; KPM0000983; KPM0000984; KPM0000985; KPM0000986; KPM0000987 – KPM 0000990; KPM0000991 – KPM 0000994; KPM0271945 – KPM0271948; KPM0271949 – KPM0271952; KPM0271953 – KPM0271956; KPM0271957 – KPM0271961; KPM0271962 – KPM0271975; KPM0271976 – KPM0271979; KPM0271980 – KPM0271993; KPM0272015 – KPM0272018; KPM0272019 – KPM0272022; KPM0272024 – KPM0272025.

Plaintiff reserves its right to further supplement this Answer to Interrogatory No. 8 in accordance with the applicable rules up through the time of trial.

**Interrogatory No. 9**

Set forth all facts on which Plaintiff will rely to support the contention that Defendants knew, or should have known, that the subject information constituted an alleged trade secret.

**Answer No. 9.**

Plaintiff objects to this Interrogatory as overbroad and unduly burdensome to the extent it seeks a written recitation of "all facts on which Plaintiff will rely to support the contention that Defendants knew, or should have known, the subject information constituted an alleged trade

Signed under the pains and penalties of perjury this 7th day of June 2022.

KPM ANALYTICS NORTH
AMERICA CORPORATION

Eric Olson

Eric Olson
Vice President of Engineering and Authorized Representative of
KPM Analytics North America Corporation

As to Objections and Identifying AEO Information:

Dated: June 7, 2022

KPM Analytics North America Corporation,

By its attorneys,

*/s/ John T. Gutkoski*

John T. Gutkoski (BBO No. 567182)
Cesari & McKenna LLP
One Liberty Square, Suite 310
Boston, MA 02109
Phone: (617) 951-2500
JTG@c-m.com

**AND**

Scott R. Magee (BBO No. 664067)
Paige Zacharakis (BBO No. 699108)
Morse, Barnes-Brown & Pendleton, P.C.
480 Totten Pond Road, 4th Floor
Waltham, MA 02451
Phone: (781) 622-5930
Fax: (781) 622-5933
smagee@morse.law
pzacharakis@morse.law

**Certificate of Service**

I certify that a true copy of this document was served upon counsel of record for the Defendants by email on June 7, 2022.

*/s/ Paige K. Zacharakis*
Paige K. Zacharakis