# Exhibit 3

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KPM ANALYTICS NORTH AMERICA CORPORATION, <br><br> *Plaintiff,* <br><br> v. <br><br> BLUE SUN SCIENTIFIC, LLC, THE INNOVATIVE TECHNOLOGIES GROUP & CO., LTD., ARNOLD EILERT, MICHELLE GAJEWSKI, ROBERT GAJEWSKI, RACHAEL GLENISTER, GREGORY ISRAELSON, IRVIN LUCAS, AND PHILIP OSSOWSKI <br><br> *Defendants.* | Civil Action No. 4:21-CV-10572-TSH |

**PLAINTIFF KPM ANALYTICS NORTH AMERICA CORPORATION'S REQUEST FOR PRODUCTION OF DOCUMENTS TO <u>ARNOLD EILERT</u>**

TO:   Defendant Arnold Eilert.

Plaintiff KPM Analytics North America Corporation hereby issues the following Requests for Production of Documents to Defendant Arnold Eilert.

**INSTRUCTIONS AND DEFINITIONS**

The term "Blue Sun" refers to Blue Sun, LLC and all of its predecessors, successors-in-interest, parents, subsidiaries, affiliates, directors, officers, employees, agents, consultants, or other representatives.

The term "ITG" refers to The Innovative Technologies Group & Co., Ltd., and all of its predecessors, successors-in-interest, parents, subsidiaries, affiliates, directors, officers, employees, agents, consultants, or other representatives.

The term "Mr. Eilert" or "you" refers to Arnold Eilert and his predecessors, successors-in-interest, agents or other representatives.

The term the "Blue Sun Defendants" refers to Blue Sun and ITG, as previously defined, collectively, or either one of them separately.

The term the "Individual Defendants" refers to defendants Arnold Eilert, Robert Gajewski, Rachael Glenister, and Irvin Lucas, collectively or any of them separately.

The term the "Defendants" refers to the Individual Defendants and the Blue Sun Defendants, collectively.

The term "KPM" refers to KPM Analytics North America Corporation and all of its predecessors, successors-in-interest, affiliates, directors, officers, employees, agents or other representatives, parents and subsidiaries, including but not limited to Unity Scientific.

The term "Known KPM Customer" refers to any entities or individuals known to the Blue Sun Defendants or any of the Individual Defendants to be now or to have ever been customers or clients of near infra-red spectroscopy products or services of KPM, including but not limited to any of: Agri-King, Grain Craft, Hershey's, Ingredion, Kellogg's, Lamb Weston, Michigan Sugar Company, Nestlé Purina Petcare, Nova Scotia Community College, Panhandle Milling, Pepsi Co./FritoLay, Post Consumer Brands, Pro-Analytics, Rudolph Foods, Shearer's Foods, Texas A&M Agrilife, The Walt Disney Company, Tyson Foods, Viterra, SGS, Cooke Aquaculture, Mariani Packing, Bartlett Milling, Wilkins Rogers Mills, Universal Leaf, Northern Star, Ohio Health, Basic American Foods, Lindt Chocolate, Saputo Cheese USA, Inc., Olam Spices, Texas Children's, Jungbunzlauer, Omega Protein, A&L Canada Laboratories, Inc., Idahoan Foods, LLC, Grassland, Bloomer Chocolate Company, Miller Milling, Purdue, Forge Labs, and Wisconsin Whey Protein.

The term "KPM NIR Software" refers to computer applications, software, software products, software code, pieces of software code, utilities, computer files, or software tools created by or used by KPM, including but not limited to: Ucal, Uscan, UCalSDK, CommUnity, Ucalibrate, Unet, Ulock.

The term "Complaint" refers to the Verified Complaint filed in the above captioned action.

The term "Counterclaim" refers to the Counterclaims filed by Defendants Arnold Eilert and Robert Gajewski in the above captioned action.

The terms "all" and "each" shall be interpreted interchangeably to bring within the scope of these discovery requests any relevant information that might otherwise be construed to be outside their scope.

The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery requests all responses that might otherwise be construed to be outside of their scope.

The term "person" means any natural person or corporate or other entity, including, but not limited to, a business, legal, or governmental entity or association.

The term "document" is defined to be synonymous in meaning as Fed. R. Civ. P. 34(a) and United States District Court for the District of Massachusetts Local Rule 26.5. A draft or non-identical copy of any "document" is a separate "document" within the meaning of this term.

The term "communication" means any method of transmitting or exchanging of information, thought, or opinion, including, but not limited to, oral communications, whether via telephone or in person; e-mail messages; instant messages; text messages; Facebook, Twitter, Instagram or other social media platform postings; message-board postings; letters; and faxes.

If any documents inquired about was at one time in existence, but has been lost, discarded or destroyed, identify such documents and/or electronically stored information as completely as possible, providing as much of the following information as possible:

a. the type of document and/or electronically stored information;
b. its date;
c. the date or approximate date it was lost, discarded, or destroyed;
d. the circumstances and manner in which it was lost, discarded, or destroyed;
e. the reason or reasons for disposing of the documents and/or electronically stored information (if discarded or destroyed);
f. the identity of all persons authorizing or having knowledge of the circumstances surrounding the disposal of the document and/or electronically stored information;
g. the identity of the person(s) who lost, discarded, or destroyed the document and/or electronically stored information; and
h. the identity of all persons having knowledge of the contents thereof.

All electronically stored information should be produced in electronic form in a manner that includes all associated metadata.  MS Excel spreadsheets should be produced in their original native (.xls or .xlsx) format.

All Information.  In responding to these Requests for Production of Documents, furnish all information available to you, including information in the possession of your attorneys, investigators, agents, officers, employees, and all persons acting on your behalf, and not merely such information known of your own personal knowledge from January 1, 2018 to the present, unless otherwise specified.

Response Date.  These Requests for Production of Documents are to be answered in writing **on or before February 10, 2022**.

Privilege.  No request is being made for attorney-client, work-product, or otherwise privileged information.  However, if a claim of privilege or work product protection is asserted, provide the following:

a. state the nature of the privilege or protection asserted; and
b. state in detail the factual and legal basis for the claim of privilege or protection.

Partial Response.  If providing a partial response, please state so and identify to which part(s) of the Request no response is being given.

Continuing Nature.  These Requests for Production are continuing in nature and if information or documents and/or electronically stored information are discovered or come to your attention after these Requests for Production of Documents are answered that would change or supplement the answer given, demand is hereby made that the answer be supplemented and/or corrected immediately, all in accordance with and as provided by Fed. R. Civ. P. 26 (e)(1).

Singular and Plural.  The use of the singular form of any word includes the plural and vice versa as necessary to bring within the scope of the discovery requests all responses that might otherwise be construed to be outside of their scope.

Present and Past Tense.  The present tense shall be construed to include the past tense and the past tense shall be construed to include the present tense as necessary to bring within the scope of these discovery requests any information, material, or document that might otherwise be construed to be outside their scope.

## REQUESTS FOR PRODUCTION

**REQUEST NO. 1:**  All documents and communications concerning, or that may support or refute, any allegation or defense set forth in the Complaint, the Individual Defendants' Answer to the Complaint, the Blue Sun Defendants' Answer to the Complaint, or the Counterclaim.

**REQUEST NO. 2:**  All documents and communications by and between you and any third party (including testifying experts but excluding privileged communications with your attorney(s)) concerning any allegation in the Complaint, the Individual Defendants' Answer to the Complaint, the Blue Sun Defendants' Answer to the Complaint, or the Counterclaim, or any defenses thereto.

**REQUEST NO. 3:** All documents and communications concerning any copying or transferring of information from KPM to the Blue Sun Defendants and/or the Individual Defendants, including the copying or transferring of information from KPM to anyone associated with the Blue Sun Defendants.

**REQUEST NO. 4:** All documents and communications concerning any information or tangible things that you provided to the Blue Sun Defendants which you possessed or knew of on account of your prior employment or other affiliation with KPM.

**REQUEST NO. 5:** All documents and communications by and between you and any person, including the Defendants and any present or former employee of KPM, concerning any of the events and/or allegations contained in the Complaint.

**REQUEST NO. 6:** All documents and communications by and between you and any person, including the Defendants and any present or former employee of KPM, concerning any sale or potential sale of any Blue Sun NIR products, software, or services to/by any Known KPM Customer.

**REQUEST NO. 7:** All documents and communications concerning any services you performed or offered to perform, or the Blue Sun Defendants offered to have you perform, on any KPM NIR product or Blue Sun NIR product, including any preventative maintenance service.

**REQUEST NO. 8:** All documents and communications concerning your decision to work for Blue Sun, including but not limited to any agreements for employment or terms of employment entered or agreed upon by and between you and the Blue Sun Defendants.

**REQUEST NO. 9:** All communications by and between any email domain or account you have control over, including but not limited to any email address affiliated with Blue Sun, and

any Known KPM Customer or any current or former KPM employee, concerning any NIR products or services.

**REQUEST NO. 10:** All documents and communications by and between you and the Blue Sun Defendants, including but not limited to documents and communications by and between you and Irvin Lucas, concerning any of the Individual Defendants, any Known KPM Customer, or KPM in any way.

**REQUEST NO. 11:** All documents and communications by and between you and the Individual Defendants concerning the Blue Sun Defendants, any Known KPM Customer, or KPM in any way.

**REQUEST NO. 12:** All documents and communications by and between you and any person, including but not limited to any Known KPM Customer, Blue Sun customer, or potential Blue Sun customer, relating in any way to the sale of Blue Sun NIR products, software, or services.

**REQUEST NO. 13:** All documents and communications by and between you and Douglas Evans, Joshua Sarver, Philip Ossowski, or Gregory Israelson concerning the Blue Sun Defendants or KPM in any way.

**REQUEST NO. 14:** All documents and communications concerning the sale or attempted sale of Blue Sun NIR products, software or services in which you or any former KPM employee was directly or indirectly involved.

**REQUEST NO. 15:** All documents and communications concerning any creation, sale, provision, service or adjustment of any calibration related to any NIR products, software or services in which you were directly or indirectly involved in on behalf of Blue Sun.

**REQUEST NO. 16:** All documents and communications concerning any of the Individual Defendant's relationship with the Blue Sun Defendants and his/her conduct and responsibilities for the Blue Sun Defendants.

**REQUEST NO. 17:** All documents and communications concerning any Known KPM Customer.

**REQUEST NO. 18:** All documents and communications by and between (any of) your personal email account(s) and the Defendants relating in any way to KPM or the allegations in the Complaint.

**REQUEST NO. 19:** All documents and communications concerning the don@bluesunscientific.com email account, including but not limited to any emails sent to or from the don@bluesunscientific.com email account.

**REQUEST NO. 20:** All documents and communications concerning that "certain customer information which was not otherwise known to [you] from years of working with such customers at a variety of employers" as referenced in Paragraph 32 of the Individual Defendants' Answer to the Complaint.

**REQUEST NO. 21:** All documents and communications concerning your forwarding of the email from Ron Piett of A&L Canada Laboratories from your KPM email to your personal email account as referenced in Paragraph 49 of the Individual Defendants' Answer to the Complaint.

**REQUEST NO. 22:** All nonprivileged documents and communications concerning the NIR related materials and/or equipment, which you had stored at your residence in Illinois, and which was subsequently sent back to KPM.

**REQUEST NO. 23:** All documents and communications concerning KPM, including in your response all documents and communications concerning KPM NIR Software.

**REQUEST NO. 24:** Documents sufficient to determine any salary or compensation you received from the Blue Sun Defendants, including in your response any employment agreement or related document between you and the Blue Sun Defendants.

**REQUEST NO. 25:** Documents sufficient to determine what percentage interest you own in any of the Blue Sun Defendants, whether individually or otherwise.

**REQUEST NO. 26:** Any documents or materials that you will seek to admit into evidence or otherwise use in any trial of this matter.

    KPM Analytics North America Corporation,

    By its attorneys,

    */s/ John T. Gutkoski*
    John T. Gutkoski (BBO No. 567182)
    Cesari & McKenna LLP
    One Liberty Square, Suite 310
    Boston, MA 02109
    Phone: (617) 951-2500
    JTG@c-m.com

    **AND**

    Scott R. Magee (BBO No. 664067)
    Paige Zacharakis (BBO No. 699108)
    Morse, Barnes-Brown & Pendleton, P.C.
    480 Totten Pond Road, 4th Floor
    Waltham, MA 02451
    Phone: (781) 622-5930
    Fax: (781) 622-5933
    smagee@morse.law

Dated: January 11, 2022    pzacharakis@morse.law

## Certificate of Service

      I certify that a true copy of this document was served upon counsel of record for the Defendant, Arnold Eilert, by email and first-class mail and all other counsel of record for the Defendants by email on January 11, 2022.

                                                                */s/ Paige K. Zacharakis*
                                                                Paige K. Zacharakis