UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KPM ANALYTICS NORTH AMERICA CORPORATION,<br>                *Plaintiff.*<br><br>    V.<br><br>BLUE SUN SCIENTIFIC, LLC, THE INNOVATIVE TECHNOLOGIES GROUP & CO., LTD., ARNOLD EILERT, MICHELLE GAJEWSKI, ROBERT GAJEWSKI, RACHAEL GLENISTER, GREGORY ISRAELSON, IRVIN LUCAS, AND PHILIP OSSOWSKI,<br><br>                *Defendants.* | Civil Action No. 21-10572-MRG |

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION *IN LIMINE* TO PRECLUDE EVIDENCE OF COURT ORDERS ON PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION (ECF No. 191)**

Defendants Blue Sun Scientific, LLC ("Blue Sun"), The Innovative Technologies Group & Co., Ltd. ("ITG"), and Arnold Eilert, Robert Gajewski, Rachael Glenister, and Irvin Lucas (the "Individual Defendants") have asked this Court to preclude Plaintiff, KPM Analytics North America Corporation ("KPM") from offering evidence relating to the preliminary injunction entered on August 23, 2021 (ECF No. 94) and amended on December 17, 2021 (ECF No. 120). Such evidence is relevant for KPM proving Defendants' culpable acts and its theory of damages, and for correcting any inaccurate assertions or inferences that Defendants' cessation of the acts subject to KPM's claims was voluntary.

At the outset, Defendants' characterization of the state of the record at the time this Court entered its Memorandum (ECF. No. 93) and Orders (ECF. Nos. 94, 120) on the preliminary

1

injunction is misleading.  *See* ECF No. 191 (Defendants' Motion *in Limine*, or "MIL") at 2-3. When the Court entered these Orders, the parties had undergone three months of expedited but extensive discovery. This process included taking the Rule 30(b)(6) depositions of KPM, Blue Sun, and ITG as well as the depositions of Robert Gajewski and Irvin Lucas.  *See* ECF No. 93 at 3-12 (summarizing record).  The parties also exchanged requests for production and produced documents in response to those requests, which were considered by the Court.  *Id.*  The Court also considered the declaration of Brian Davies, the former President of KPM North America.  *Id.* at 10-11.  Finally, the Court also provided each party an opportunity to supplement its earlier briefing in view of the evidence uncovered in discovery.  *Id.* at 12.  This was far from an undeveloped or underdeveloped record; thus all of the cases cited by Defendants that were decided on that basis are inapposite.

    Defendants' relevance objection to introduction of evidence of the preliminary injunction fails.  MIL at 2-3.  When evidence of a preliminary injunction order is directly relevant to an issue in the case, admission of such evidence is appropriate.  For example, the on federal court permitted a plaintiff to submit evidence concerning a preliminary injunction and product recall order where the plaintiff argued that the evidence was "relevant to the scope and amount of damages" and that such evidence was necessary to explain why the defendant stopped selling its product after only four months.  *Abbott Labs. v. Sandoz, Inc.*, 743 F. Supp. 2d 762, 786-87 (N.D. Ill. 2010).  The court agreed and explained that the "preliminary injunction and product recall order are directly relevant to the issue of damages."  *Id.*  Other district courts have likewise permitted evidence of preliminary injunctions where such evidence was directly relevant to issues in the case.  *E.g., Disney Enters., Inc. v. VidAngel Inc.*, No. CV 16-04109-AB (PLAx), 2019 WL 4544428, at *4 (C.D. Cal. May 29, 2019) (allowing evidence of violation of preliminary injunction because it was

relevant to willfulness); *Roda Drilling Co. v. Siegal*, No. 07-CV-400-GFK-FHM, 2009 WL 1926269, at *1 (N.D. Okla. June 29, 2009) (allowing evidence of preliminary injunction to establish that defendants did not transfer title until ordered to do so by the court).

As was the case in *Abbot*, *Disney*, and *Roda Drilling*, the existence of the preliminary injunction in this case is directly relevant to the scope of Defendants' culpability, resultant damages, willfulness (under prevailing trade secret law and Chapter 93A), and to establish that Defendants' cessation of certain culpable activities was not voluntary.  The jury will benefit from being apprised of the preliminary injunction to fully understand both the entire context of this case and KPM's calculation of monetary damages caused by Defendants' acts.  The existence of and potential violation(s) of the preliminary injunction are directly relevant to the issue of willful and malicious trade secret misappropriation as well as to the issues of Blue Sun's and ITG's liability for willful and knowing violations of Chapter 93A.  *See* 18 U.S.C. § 1836(b)(3)(C); MASS. GEN. L. c. 93A, § 11.  The existence of the preliminary injunction is also directly relevant for the jury in resolving the contested issue of fact concerning the proper date on which the availability of damages cuts off, to the extent any such date exists.[1]  The jury should know why August 23, 2021

---

[1] In a footnote to its Motion (MIL at 5 n.2), Defendants ask this Court to "instruct the jury that the relevant time period for purposes of damages expired on August 23, 2021."  This is a request that the Court resolve a substantive, dispositive issue of fact on a motion *in limine*.  Such a request is not proper for a motion *in limine*, and should have been raised in a motion for summary judgment. *Data Gen. Corp. v. Grumman Sys. Support Corp.*, 834 F. Supp. 477, 481 (D. Mass. 1992), *aff'd*, 36 F.3d 1147 (1st Cir. 1994) (declining to set the cutoff date for damages as the date of the injunction because "a trial on the merits is necessary to determine whether an adequate factual basis exists for the jury to assess post-infringement [sic] damages in this case."); *Andrews v. Target Pharm. #T-2292*, No. 13-cv-12268-ADB, 2016 WL 7839424, at *1 (D. Mass. June 7, 2016) (denying motion *in limine* arguing lack of evidence to support plaintiff's claim: "Although Defendant's argument may have merit, a motion in limine is not the appropriate vehicle…. Instead, this issue would be more properly resolved through either a motion for summary judgment under Fed. R. Civ. P. 56, or a motion for judgment as a matter of law under Fed. R. Civ. P. 50."); *Hana Fin., Inc. v. Hana Bank*, 735 F.3d 1158, 1162 n.4 (9th Cir. 2013) ("A motion in limine is not the proper vehicle for seeking a dispositive ruling on a claim, particularly after the deadline for filing

may or may not be the relevant cutoff date and it should know that, absent the preliminary injunction, the measure of damages caused by Defendants' actions would have been higher.

Defendants' complaints of prejudice are misplaced. In actuality, preclusion of such evidence would cause great prejudice to KPM because it would restrict KPM's ability to effectively cross-examine Defendants' witnesses. The jury must know of the existence of the preliminary injunction to understand why Defendants ceased activities that are the subject of KPM's claims. If evidence of the preliminary injunction were precluded, KPM would not be able to combat misleading testimony asserting that Defendants' cessation of any culpable acts was voluntary. For example, because Defendants' efforts to sell products and services to KPM customers by misleading them constitutes unfair and deceptive trade practices by Blue Sun and ITG, Defendants may argue to the jury that they had no contact with any former KPM customers and sold no products or services to KPM customers after August 23, 2021. Even if that is true, which KPM does not concede, such a proffer risks misleading the jury into believing that the Defendants acted voluntarily in good faith. Letting Defendants cast themselves as good faith actors rather than acting under Court order would mislead the jury as to not only the fact of their conduct but also the willful and knowing nature of their misconduct. *See* MASS. GEN. L. c. 93A, § 11; 18 U.S.C. § 1836(b)(3)(C). Without knowledge of the preliminary injunction, the jury may substitute its own inferences, adverse to KPM, regarding the reasons that Defendants stopped certain activities.

A limiting jury instruction is sufficient to address any potential juror confusion or prejudice that may result from the introduction of evidence concerning the preliminary injunction. *See*

---

such motions has passed."). The deadline for dispositive motions elapsed on August 19, 2022. *See* ECF No. 141.

*Tamko Roofing Prods., Inc. v. Ideal Roofing Co., Ltd.*, 282 F.3d 23, 40 (1st Cir. 2002) (allowing evidence of preliminary injunction because curative jury instruction dispelled risk of unfair prejudice); *Abbott Labs.*, 743 F. Supp. 2d at 787 ("Any potential prejudice caused by [preliminary injunction] evidence can be neutralized with an appropriate jury instruction"); *WWP, Inc. v. Wounded Warriors Family Support, Inc.*, No. 8:07CV370, 2009 WL 3063050, at *1 (D. Neb. Sept. 21, 2009), *aff'd*, 628 F.3d 1032 (8th Cir. 2011) (allowing evidence of preliminary injunction because any potential prejudice could be cured with a "limiting instruction to the jury"). To that end, KPM proposes the following jury instruction:

> "After this case was filed in this Court, on August 23, 2021, the Court ordered Defendants to stop conducting certain business activities that are the subject of the claims asserted against them in this case in order to preserve the status quo pending the outcome of the case. On February 16, 2023, the Court reiterated and upheld its Order enjoining Defendants from certain business activities that are the subject of the claims asserted against them in this case. KPM alleges that the defendants violated the preliminary injunction, causing harm to KPM after August 23, 2021. The defendants deny this claim. You the jury must decide whether or not the defendants violated the preliminary injunction order and, if so, whether or not such violation(s) caused harm to KPM."

*See* Tamko, 282 F.3d at 28-29 (instructing jury at start of trial that Court ordered defendant to stop using trademark in question to preserve status quo pending outcome of the case). Such an instruction would minimize any theoretical risk of prejudice to either party. *See Abbott Labs.*, 743 F. Supp. 2d at 787 ("Any potential prejudice caused by [preliminary injunction] evidence can be neutralized with an appropriate jury instruction"); *WWP*, 2009 WL 3063050 at *1 (allowing evidence of preliminary injunction because any potential prejudice could be cured with a "limiting instruction to the jury").

For the foregoing reasons, KPM respectfully requests that the Court deny Defendants' Motion *in Limine* (ECF No. 191) and allow KPM to fully present its evidence of culpable acts on

behalf of Defendants and its theory of damages, while correcting any inaccurate assertions or inferences that Defendants' cessation of culpable acts was voluntary rather than Court ordered.

**Date:** April 27, 2023                      Respectfully submitted,

/s/ Kevin R. Mosier
John T. Gutkoski (BBO# 567182)
Kevin R. Mosier (BBO# 703739)
SUNSTEIN LLP
100 High Street
Boston, MA 02110
Tel: (617) 443-9292
jgutkoski@sunsteinlaw.com
kmosier@sunsteinlaw.com

Scott R. Magee (BBO# 664067)
Paige K. Zacharakis (BBO# 699108)
MORSE, BARNES-BROWN, AND PENDLETON, P.C.
480 Totten Pond Road, 4th Floor
Waltham, MA 02451
Tel: (781) 622-5930
smagee@morse.law
pzacharakis@morse.law

## CERTIFICATE OF SERVICE

I hereby certify that on this 27th day of April, 2023, a true and exact copy of the foregoing was served on all counsel of record through the Court's ECF system.

/s/ Kevin R. Mosier