UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KPM ANALYTICS NORTH AMERICA CORPORATION,<br>    Plaintiff.<br><br>V.<br><br>BLUE SUN SCIENTIFIC, LLC, THE INNOVATIVE TECHNOLOGIES GROUP & CO., LTD., ARNOLD EILERT, MICHELLE GAJEWSKI, ROBERT GAJEWSKI, RACHAEL GLENISTER, GREGORY ISRAELSON, IRVIN LUCAS, AND PHILIP OSSOWSKI,<br><br>    Defendants. | Civil Action No. 21-10572-MRG |

**PLAINTIFF'S OPPOSITION TO MOTION IN LIMINE TO PRECLUDE SPECULATIVE AND HEARSAY EVIDENCE OF ALLEGED CUSTOMER CONFUSION**

Plaintiff KPM Analytics North America Corporation ("KPM") respectfully requests that the Court deny Defendants' Motion *in Limine* to Preclude Speculative and Hearsay Evidence of Alleged Customer Confusion (the "Motion"). At this stage, it is premature for the Court to find that KPM will be unable to properly admit customer confusion into evidence at the trial of this matter. Evidence of customer confusion will be offered, among other things, through exceptions to the hearsay rule, or for purposes other than asserting the truth of the out of court statement.

Defendants improperly ask this Court to exclude, ex ante, a large swath of communications with KPM/Blue Sun customers, and others, on the basis that those communications, which

1

evidence customer confusion arising from Defendants' conduct, are hearsay.[1] However, each document is unique in its content and context and must be evaluated separately. Defendants fail to engage in the individualized content and context of each document – and importantly fail to consider the purpose for which any particular document is likely to be offered into evidence. Defendants pretend as if every document will only be offered for the truth of the matter asserted when that is not true. As this Court is well aware, hearsay is only certain out of court statements offered for the truth of the matter asserted. FRE 801(c)(2). Defendants ignore that definition entirely. Defendants likewise ignore any exceptions to the hearsay rule in FRE 803. For that reason alone, the Motion should be denied. Even if that were not so, to the extent that the Court has any concerns about whether any or all of the documents to which Defendants have objected are in fact admissible, the Court will be capable of evaluating admissibility *in context* when offered into evidence, rather than in the vacuum in which the Defendants are asking this Court to operate.

As noted in the contested exhibit list filed jointly by the parties at ECF No. 180-2, Defendants objected to 15 exhibits on KPM's exhibit list based on a hearsay objection. Where Defendants have lodged hearsay objections, KPM expects to be able to, in context, demonstrate why each exhibit offered is admissible for any or all of the following reasons, among others:

1. Statement is nonhearsay under FRE 801 because it shows state of mind.

    a. *Packgen v. Berry Plastics Corp.*, 847 F.3d 80 (1st Cir. 2017) (holding customer communications relating to their desire to continue to do business with the plaintiff as nonhearsay).

---

[1] Nothing in the Motion even identifies which documents they are seeking to exclude, which is an independent basis for denying the motion. The only document mentioned in the Motion is Eric Olson's July 23, 2021 Declaration, which KPM agrees is hearsay if introduced for the truth of the matter asserted in the Declaration; however, the Declaration would only be introduced for non-hearsay purposes.

b. *Milk St. Cafe, Inc. v. CPK Media, LLC*, No. CV 16-11416-DJC, 2017 WL 3425170, at *7 (D. Mass. Aug. 9, 2017) (admitting emails despite hearsay objections, which constituted requests for the services of a party to the case because they were not offered for truth, but for the state of mind of consumers).

c. *Herman Schwabe, Inc. v. United Show Machinery Corp.*, 297 F.2d 906, 914 (2d Cir.), *cert. denied*, 369 U.S. 862 (1962) (plaintiff offered letters from five customers and a conversation with a sixth in support of its Section 1 claims. The customer letters and the conversation set forth the reasons those customers chose not to do business with plaintiff. The Court admitted the letters and the testimony regarding the conversation as evidence of motive or reason pursuant to the state of mind exception to the hearsay rule).

d. *Hydrolevel Corp. v. American Society of Mechanical Engineers, Inc.*, 635 F.2d 118, 128 (2d Cir. 1980) (alleged hearsay testimony regarding responses of potential customers is excepted from the hearsay rule).

e. *SiOnyx, LLC v. Hamamatsu Photonics K.K.*, 332 F. Supp. 3d 446, 475 (D. Mass. 2018).

2. Statement is nonhearsay under FRE 801 because it shows an effect on the listener.

   a. *Ira Green, Inc. v. Mil. Sales & Serv. Co.*, 775 F.3d 12, 19 (1st Cir. 2014) (stating rumors may be admitted, without regard to their accuracy, to show their motivating effect on the listener).

   b. *Lawlor v. Loewe*, 235 U.S. 522, 536 (1915) (reasons given by customers for refusing to deal with seller of plaintiff's hats, including letters from dealer, were admissible in action under Sherman Act).

   c. *Metro-Goldwyn-Mayer Studios, Inc. v. Grokster, Ltd.,* 454 F. Supp. 2d 966, 974 (C.D. Cal. 2006)(emails sent to defendant can be used to show knowledge and state of mind as to the activities of users of its software.).

   d. *Katsenes v. U.S. Bank Tr., N.A. as Tr. for LSF9 Master Participation Tr.,* No. 19-CV-12112-DJC, 2023 WL 198361, at *5 (D. Mass. Jan. 17, 2023) (The truth of the matter asserted is not relevant when admitting evidence of customer confusion as evidence of state of mind).

3. Statement is nonhearsay under FRE 801 because inquiries are not hearsay.

   a. *United States v. Oguns,* 921 F.2d 442, 448–49 (2d Cir.1990) (citing *Inc. Pub. Corp. v. Manhattan Magazine, Inc.,* 616 F.Supp. 370, 388 (S.D.N.Y.1985) ("An inquiry is not an 'assertion,' and accordingly is not and cannot be a hearsay statement.").

4. Statement is not hearsay under FRE 801 because customer confusion statements show the existence of those statements and awareness of defendants.

   a. *Espedito Realty, LLC v. Nat'l Fire Ins. Co. of Hartford,* 935 F. Supp. 2d 319, 325 n.3 (D. Mass. 2013) (holding that emails are not hearsay because they are offered to show that communications occurred, not to prove truth of matters asserted in them).

   b. *Merchia v. United States*, 565 F. Supp. 3d 26, 35 (D. Mass. 2021).

   c. *Digital Ally, Inc. v. St. Paul Fire & Marine Ins. Co.*, No. 11-00130-CV-W-GAF, 2012 WL 13027108, at *9 (W.D. Mo. May 25, 2012)(allowing introduction of screenshots of a website to prove its existence).

   d. *Foreword Magazine, Inc. v. OverDrive, Inc.*, No. 1:10-cv-1144, 2011 WL 51696384, at *4 (W.D. Mich. Oct. 31, 2011) (citations omitted) ("When a ... website is offered merely to show that certain images and text appeared on the website, they are not statements at all and thus fall outside the ambit of the hearsay rule.").

5. Statement is an exception to hearsay under FRE 803(1) as a present sense impression.

   a. *United States v. Ferber,* 966 F.Supp. 90 (D.Mass.1997) (holding that e-mail from an employee to their boss about substance of telephone call with defendant in mail/wire fraud case qualified as a present sense expression under Rule 803(1).

   b. *Canatxx Gas Storage Ltd. v. Silverhawk Capital Partners, LLC,* No. H–6–1330, 2008 WL 1999234 (S.D.Tex. May 8, 2008) (e-mail admissible as present sense impression where writer "stated in his affidavit that the email was sent '[a]s soon as I finished my conversation with Blackmon,'" and "[t]he email itself states that Blackmon had 'just called'").

6. Statements made by third parties that surround a party opponent statement are admissible under FRE 801(d)(2).

   a. *United States v. Safavian*, 435 F. Supp. 2d 36, 44 (D.D.C. 2006)(The Court held that an e-mail from a lobbyist to the defendant was not hearsay because it was not offered to prove its truth, but to provide context for another other admissible e-mail).

   b. *Arista Recs. LLC v. Lime Grp. LLC*, 784 F. Supp. 2d 398, 420 (S.D.N.Y. 2011)(The Court held that email chains and internet forum postings written in whole or in part by Defendant's employees constituted direct or vicarious admissions by Defendants and were not hearsay. In addition, portions of emails and postings written by users of Defendants products and other non-parties provide essential context to the statements by Defendant's employees and were admissible).

Therefore, the Court must deny the Motion and instead consider a properly asserted hearsay objection at the time that the evidence of customer confusion is presented at trial. KPM has no plans to introduce improper hearsay evidence and denies any insinuation made by Defendants that KPM plans to do so.

Finally, KPM notes that Defendants' citation to the *Biopoint, Inc. v. Dickhaunt*, decision is misleading as the intentional interference with contractual relations claim asserted in this action relates to KPM's *employment* contracts with each of the Individual Defendants, not its customers. Therefore, KPM will be able to present a witness that has the requisite personal knowledge of those contracts under FRE 602.

## **CONCLUSION**

For the foregoing reasons, Plaintiff respectfully request that Defendants' Motion in *Limine* to Preclude Speculative and Hearsay Evidence of Alleged Customer confusion be denied.

| | |
|---|---|
| **Date:** April 27, 2023 | Respectfully submitted, |
| | KPM Analytics North America Corporation, |
| | By its attorneys, |
| | */s/ Paige K. Zacharakis* |
| | John T. Gutkoski (BBO No. 567182) |
| | Kevin R. Mosier (BBO No. 703739) |
| | Sunstein LLP |
| | 100 High Street |
| | Boston, MA 02110 |
| | Phone: (617) 443-9292 |
| | jgutkoski@sunsteinlaw.com |
| | kmosier@sunsteinlaw.com |
| | **AND** |
| | Scott R. Magee (BBO No. 664067) |
| | Paige Zacharakis (BBO No. 699108) |
| | Morse, Barnes-Brown & Pendleton, P.C. |
| | 480 Totten Pond Road, 4th Floor |
| | Waltham, MA 02451 |
| | Phone: (781) 622-5930 |
| | Fax: (781) 622-5933 |
| | smagee@morse.law |
| | pzacharakis@morse.law |

## CERTIFICATE OF SERVICE

I hereby certify that on the 27th day of April 2023, a true and correct copy of the foregoing document was filed through the ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

                                                */s/ Paige K. Zacharakis*
                                                Paige K. Zacharakis

4855-0826-2240, v. 1