**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| KPM ANALYTICS NORTH AMERICA CORPORATION, *Plaintiff.* <br><br> V. <br><br> BLUE SUN SCIENTIFIC, LLC, THE INNOVATIVE TECHNOLOGIES GROUP & CO., LTD., ARNOLD EILERT, MICHELLE GAJEWSKI, ROBERT GAJEWSKI, RACHAEL GLENISTER, GREGORY ISRAELSON, IRVIN LUCAS, AND PHILIP OSSOWSKI, <br><br> *Defendants.* | Civil Action No. 21-10572-MRG |

**PLAINTIFF'S OPPOSITION TO MOTION *IN LIMINE* TO PRECLUDE EVIDENCE OF IRVIN LUCAS'S CRIMINAL INDICTMENT**

Plaintiff KPM Analytics North America Corporation ("KPM") respectfully requests that the Court deny Defendants' Motion *in Limine* to Preclude Evidence of Irvin Lucas's Criminal Indictment (ECF. No. 193) (the "Motion"). Defendants' Motion reflects a misunderstanding of relevant law and facts.

Contrary to Defendants' ungrounded assertions, KPM intends to utilize evidence of Mr. Lucas's indictment and plea agreement for the permitted purpose of attacking Mr. Lucas's character for truthfulness by evidence of criminal conviction. Fed. R. Evid. 609. The indictment and plea agreement relate to Mr. Lucas's criminal conspiracy to defraud the United States, and

evidence of his prior crimes involving a dishonest act or false statement are highly probative to Mr. Lucas's credibility.[1]

Under Federal Rule of Evidence 609(a)(2), "for any crime regardless of the punishment, the evidence *must* be admitted if the court can readily determine that establishing the elements of the crime required proving – *or the witness's admitting* – a dishonest act or false statement." Fed. R. Evid. 609(a)(2) (emphasis added). Despite Defendants' statement in footnote two of the Motion that the Federal Rules of Evidence do not provide guidance on whether a plea of guilty constitutes a "conviction" under Rule 609, the Advisory Committee Notes to the 2006 Amendments to Rule 609 indicate that a guilty plea may be considered a "conviction" for the purposes of Rule 609: "Rule 609(a)(2) mandates the admission of evidence of a conviction only when the conviction required the proof of (*or in the case of a guilty plea, the admission of*) an act of dishonesty or false statement.") (emphasis added).

As the Advisory Committee Notes make clear, evidence of crimes that involve "a dishonest act or false statement," including crimes involving fraud, must be admitted under Rule 609(a)(2) because they have bearing on the witness's propensity to testify truthfully. *Id.* Given that Mr. Lucas pled guilty to Count One of the Indictment for conspiracy to defraud the United States in violation of 18 U.S.C. § 371, including by bribing a public official in violation of 18 U.S.C. § 201(c)(1), evidence of his prior crime is squarely within Rule 609(a)(2) and is particularly probative to his credibility as a witness. *See* 1:21-CR-00705-2 (N.D. Ill.), ECF No. 51.

The Supreme Court has explained, "A plea of guilty is more than a confession which admits that the accused did various acts; *it is itself a conviction*; nothing remains but to give judgment and

---

[1] Defendants seem to concede that evidence of the indictment and plea agreement is admissible under Rule 609 to attack Mr. Lucas's credibility. ECF No. 193 at 4.

determine punishment." *Boykin v. Alabama*, 395 U.S. 238, 242 (1969) (emphasis added). Courts considering whether evidence of a guilty plea or verdict may be admitted, even if the witness has not yet been sentenced, routinely conclude that a Rule 609 does not require a sentence be imposed. *See, e.g.*, *Grant v. CRST Expedited, Inc.*, No. 1:18-CV-433, 2021 WL 2099314, *2 (E.D. Tex. Mar. 23, 2021) (collecting cases); *U.S. v. Vanderbosch*, 610 F.2d 95, 97 (2d Cir. 1979) (a verdict of guilty prior to entry of judgment is admissible for impeachment purposes).

For example, the Northern District of Illinois – the same district in which Mr. Lucas has pled guilty – has considered this specific question of whether a plea of guilty qualifies as a "criminal conviction" under Rule 609 for impeachment purposes, even though the witness has not yet been sentenced. *Cartwright v. City of Chicago*, No. 09 CV 4298, 2013 WL 3984434 (N.D. Ill. Aug. 2, 2013). In analyzing this specific question, the court considered the rule itself, the context of the rule, and decisions by courts in analogous situations. After a thorough analysis, the court definitively concluded, "In light of Rule 609's underlying rationale – that the truth-telling oath means less to someone who has committed a felony…Rule 609 does not require that a sentence be imposed before counting a guilty plea as a 'conviction' for impeachment." *Id.* at *4.

Mr. Lucas's indictment and plea agreement should be admitted at least under Rule 609(a)(2) as evidence of dishonest acts or false statements for the purpose of attacking Mr. Lucas's credibility.

The cases cited by Defendants are inapposite. For example, several of the cases cited by Defendants address entirely distinct issues of law with no relation to or discussion of whether evidence of prior convictions is admissible in a later trial. *See, e.g.*, *Berman v. U.S.*, 302 U.S. 211 (1937) (considering whether placing petitioner on probation after sentencing affected finality of judgment); *U.S. v. Agron*, 189 F.Supp.3d 177 (D. Mass. 2016) (determining defendant's eligibility

for sentence reduction based on intervening sentencing guidelines); *U.S. v. Barrow*, 448 F.3d 37, 44 (1st Cir. 2006) (considering whether evidence of prior convictions appropriate for sentencing judge to consider in enhancing sentence).

Defendants' reliance on *U.S. v. Semensohn*, 421 F.2d 1206 (2d Cir. 1970) is misplaced, as *Semensohn* addressed the impropriety of attempting to impeach a defendant with evidence of a felony when the defendant had only pled guilty to a misdemeanor. *See id.* at 1207-1208 (defendant "had never even been charged with having committed the felony of grand larceny," so questioning him about it was prejudicial). The other cases cited by Defendants likewise involve non-analogous operative facts. *See, e.g.*, *Calaforra v. Colvin*, No. 4:15-cv-02298, 2016 WL 7742785 (S.D. Tex. Sept. 15, 2016) (excluding evidence of indictment where there was not yet a guilty verdict or guilty plea); *U.S. v. Arreola-Beltran*, 827 F.Supp.2d 1188, 1196 (D. Id. 2011) (excluding evidence of guilty plea based on Idaho law where defendant had filed pending motion to withdraw guilty plea); *U.S. v. Franklin*, 829 F.Supp. 1319, 1322 (M.D. Fla. 1993) (excluding evidence of guilty plea in light of outstanding motion to set aside the plea agreement).

To the extent that admission of  the indictment and plea agreement may cause a risk of prejudice to Mr. Lucas, even though the risk of prejudice is not a consideration under Rule 609(a)(2), any such risk can be cured with a limiting instruction to the jury regarding the purpose of this evidence. *See Gunter v. Cicero*, No. 16-cv-30183-MGM, 2018 WL 10323630, *3 (D. Mass. Oct. 22, 2018).

For the reasons stated above, KPM respectfully requests that the Court deny Defendants' Motion *in Limine* to Preclude Evidence of Irvin Lucas's Criminal Indictment.

**Date:** April 27, 2023        Respectfully submitted,

*/s/ Kevin R. Mosier*

John T. Gutkoski (BBO# 567182)
Kevin R. Mosier (BBO# 703739)
SUNSTEIN LLP
100 High Street
Boston, MA 02110
Tel: (617) 443-9292
jgutkoski@sunsteinlaw.com
kmosier@sunsteinlaw.com

Scott R. Magee (BBO# 664067)
Paige K. Zacharakis (BBO# 699108)
MORSE, BARNES-BROWN, AND PENDLETON, P.C.
480 Totten Pond Road, 4th Floor
Waltham, MA 02451
Tel: (781) 622-5930
smagee@morse.law
pzacharakis@morse.law

## CERTIFICATE OF SERVICE

I hereby certify that on this 27th day of April, 2023, a true and exact copy of the foregoing was served on all counsel of record through the Court's ECF system.

/s/ Kevin R. Mosier