UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KPM ANALYTICS NORTH AMERICA CORPORATION,<br>    *Plaintiff.*<br><br>  V.<br><br>BLUE SUN SCIENTIFIC, LLC, THE INNOVATIVE TECHNOLOGIES GROUP & CO., LTD., ARNOLD EILERT, MICHELLE GAJEWSKI, ROBERT GAJEWSKI, RACHAEL GLENISTER, GREGORY ISRAELSON, IRVIN LUCAS, AND PHILIP OSSOWSKI,<br><br>    *Defendants.* | Civil Action No. 21-10572-MRG |

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION IN LIMINE TO PRECLUDE CERTAIN DAMAGE TESTIMONY AT TRIAL (ECF No. 200)**

Defendants Blue Sun Scientific, LLC ("Blue Sun"), The Innovative Technologies Group & Co., Ltd. ("ITG") (collectively, "Defendants") move this Court *in limine* to preclude Plaintiff KPM Analytics North America Corporation's ("KPM") damages expert, Mr. Neil Zoltowski, from offered three categories of testimony at trial:

1. testimony regarding questions of Defendants' liability;

2. testimony regarding future economic harm to KPM; and

3. testimony regarding damages KPM suffered from the date of the issuance of this Court's Preliminary Injunction Order on August 23, 2021 (ECF Nos. 94, 120) through the date of trial.

Defendants' motion should be denied because, procedurally, the arguments therein should have been raised properly in *Daubert* and summary judgment motions but were not, and, substantively, because it fails on the merits. KPM does not intend to admit Mr. Zoltowski's export report as an

1

exhibit, and likewise does not intend to offer any testimony at trial concerning damages calculations not presently found in the report,[1] which Defendants have had for nearly one year, nor any testimony on liability.

Defendants' allegations relating to improper expert testimony or the cut-off date with regard to damages are best reserved for resolving at trial.  For example, KPM believes that it will establish Defendants' liability for reasonably quantifiable damages arising after the date of the Preliminary Injunction, August 23, 2021 (ECF No.94) but, if it fails to do so, the jury is free to find that damages stopped accruing on August 23, 2021.

### I.   Mr. Zoltowski Will Not Offer Testimony on the Issue of Liability, and Any Objections Defendants May Have Are Best Reserved for Trial

Defendants' motion to preclude Mr. Zoltowksi from testifying on issues relating to liability is unnecessary, and at best speculative and premature.  KPM does not intend to offer Mr. Zoltowski's expert report into evidence and has not even identified it as a proposed exhibit.  While experts may offer testimony at trial consistent with the content of their reports, expert reports and the opinions contained therein are hearsay.  *E.g.*, *Crawford-Brunt v. Kruskall*, 489 F. Supp. 3d 1, 4 (2020) (citing FED. R. EVID. 801; *Ake v. General Motors Corp.*, 942 F. Supp. 869, 877-78 (W.D.N.Y. 1996)).  Any commentary on liability in Mr. Zoltowski's expert report is part of a commonplace foundational exercise whereby a damages expert presumes liability for the purposes of calculating resultant damages.  *E.g.*, *Iconics, Inc. v. Massaro*, 266 F. Supp. 3d 461, 469 (2017)

---

[1] KPM has repeatedly requested that Defendants' supplement their production of financial data to include data from January, 1, 2021—before the date of the preliminary injunction—to the present, beginning on March 31, 2023, immediately when this case was given a trial date.  Despite Defendants' repeated representations that they would do so, first made on April 4, 2023, Defendants did not supplement their financial data, until yesterday—April 26, 2023—and then only in part. Mr. Zoltowski is updating his prior computations to account for this updated data per Fed. R. Civ. P. 26(a)(2)(E).

(D. Mass. 2017) (noting that, in calculating damages, plaintiff's expert "permissibly accepted" plaintiff's legal theory).

To be sure, KPM also does not intend to offer any opinion or testimony from Mr. Zoltowski on issues of liability. He is a damages expert and not a percipient witness to Defendants' actions for misappropriation, tortious interference and unfair competition. To the extent Mr. Zoltowski's testimony makes reference to liability, at most it will be to show the underlying assumptions that are a necessary predicate for testimony by any damages expert. If his testimony runs too far afield, any objections to improper expert testimony on liability are best reserved for contemporaneous objections at trial. Thus, Defendants' motion to preclude Mr. Zoltowksi from testifying on issues relating to liability should be denied.

## II. Objections to Mr. Zoltowski's Opinions, Including Those on the Ongoing and Future Economic Harm to KPM, Have Been Waived, and Any Such Testimony Will Comport with Evidence KPM Will Present at Trial

A commonality with regard to many of Defendants' arguments presented throughout their Motion is repeated attacks on Mr. Zoltowski's qualifications, methods, and reliability. *E.g.*, ECF No. 200 (Defendants' Motion *in Limine*, or "MIL") at 2-3, 5-7. Such attacks on experts and expert reports fall within the purview of Rule 702/*Daubert* motions typically filed after the close of expert discovery. *See Daubert v. Merrill Dow Pharms., Inc.*, 509 U.S. 579 (1993); *see also Feliciano-Hill v. Principi*, 439 F.3d 18, 24 (2006) (1st. Cir. 2006) ("Parties have an obligation to object to an expert's testimony in a timely fashion"). This Court previously considered similar attacks on Mr. Zoltowski's report and made clear that such attacks should be made during the time set for dispositive motions. *See* ECF No. 141 (Text-only Order denying Defendants' Motion to Compel). The Court previously stated:

> As for Defendants myriad complaints about the Plaintiffs expert report and the lack of causal support for the damages identified therein, that is the stuff of [sic] the

deposition of the Plaintiffs expert or a different motion…. Under the governing schedule…expert depositions shall be completed by August 5, 2022, dispositive motions, if any, are due by August 19, 2022, and oppositions by September 19, 2022.

*Id.* The proper time for Rule 702/*Daubert* challenges in this case has long since passed.

Mr. Zoltowski's report was served nearly one year ago, in May of 2022. Defendants' studied it and retained their own exert who responded to Mr. Zoltowski's Report in detail on July 22, 2022. Both experts were deposed, expert discovery closed and the deadline to file dispositive motions expired nearly nine months ago, on August 5 and August 19 of 2022, as ordered by this Court. *Id.* Any challenge to Mr. Zoltowski's report or to any testimony offered consistent with his opinions contained in the report, therefore, should be denied as untimely. *In re Neurontin Mktg. and Sales Practices Litig.*, No. 04-cv-10981-PBS, 2010 WL 559108, at *1 (D. Mass. Feb 12, 2010) (denying as untimely motions *in limine* challenging expert testimony filed one month before trial: "With trial starting on February 22, 2010, it is now too late to hold full-blown *Daubert* hearings"); *González Tomasini v. U.S. Postal Serv.*, No. 17-1552 (MEL), 2022 WL 2816676, at *4 (D.P.R. July 19, 2022) (denying as untimely *Daubert* challenge filed months after deadline for such motions elapsed); *see also Alfred v. Caterpillar, Inc.*, 262 F.3d 1083, 1087 (10th Cir. 2003) ("[B]ecause *Daubert* generally contemplates a gatekeeping function, not a gotcha junction, untimely *Daubert* motions should be considered only in rare circumstances.") (internal quotations omitted). Here, challenges to Mr. Zoltowski's report and his opinions were not made one month before trial, as in *Neurontin Mktg. and Sales Practices Litig.*, they were made one *week* before trial, after weeks of trial strategizing and preparation have been completed. The time for *Daubert* challenges in this case had long since passed and it is far too late hold *Daubert* hearings with two business days remaining before trial. Defendants' challenges to Mr. Zoltowski's report should be denied on this basis alone.

4

Should the Court nonetheless consider the merits of this issue now, despite Defendants' assertions to contrary, KPM does not intend to offer any testimony from Mr. Zoltowski on opinions or calculations not contained in his report. KPM will only adduce testimony from Mr. Zoltowski that is consistent with his report and the evidence presented at trial, including the latest supplemental financial information finally provided by Defendants yesterday.

Furthermore, Defendants' complaints that they were "prevented by KPM counsel from inquiring as to what information KPM provided to Mr. Zoltowski" is misplaced, because Mr. Zoltowski provided a list of materials considered as Schedule 2.0 of his report, which Defendants did not include in the excerpted version filed with their Motion. *See* MIL at 32 (Zoltowski Rep. ¶ 7) (referencing Schedule 2.0 in "Information Considered" section).[2] Indeed, this Court already found that Defendants' complaints concerning the substance of Mr. Zoltowski's report and the information on which Mr. Zoltowski relies (MIL at 7-8) lack merit:

> In their Motion, the **Defendants complain that the Plaintiff has failed to produce the factual basis for its damage claims**, that the Plaintiffs Rule 30(b)(6) witness was unable to answer basic questions such as the sales amounts for a given relevant year, and that the same witness was unable to identify specific customers lost due to the Defendants allegedly wrongful behavior. See Doc. No. 135. **After careful review of the papers as well as the record in this case, the Motion is DENIED**… **The Defendants not only have the sales number[s] the witness could not recall, they had them prior to the deposition in the form of the financial spreadsheets provided in discovery**. They have not demonstrated how the failure of the witness to recall this specific information already known to the Defendants prejudiced them in any way whatsoever. That the witness could not identify the lost sales is unsurprising. Much of the discovery from the Defendants, including important information identifying lost sales, has been produced under an Attorneys Eyes Only limitation. This was done at the Defendants request. In that circumstance, and obviously, the 30(b)(6) witness would not and could not give complete answers to these types of questions.

---

[2] Defendants' complaints about having incomplete damages information is also hypocritical, given Defendants' failure to supplement financial information with data running from January 1, 2021—well before the preliminary injunction—to the present until just yesterday. *See, supra*, footnote 1.

5

ECF No. 141 (denying Defendants' motion to compel (emphasis added)).

Defendants' attacks on future economic harm are best categorized as attacks on KPM's theory of the case and on the sufficiency of the evidence supporting Mr. Zoltowski's opinions, thus are not the proper focus of a *Daubert* challenge under Rule 702. *See Iconics*, 266 F. Supp. 3d at 469 ("arguments against the plaintiff's theory of the case and the predicate factual proof to support an expert opinion…are not the proper focus of a *Daubert* inquiry). At trial, Defendants are free to cross-examine Mr. Zoltowski on the soundness and reliability of his testimony, to attempt to discredit the evidence offered in support of his testimony, and to rebut his testimony with their own damages expert (who in fact appears on their Witness List). No basis exists to preclude Mr. Zoltowski's testimony on the measures of damages in his report, including those on the ongoing and future economic harm to KPM.

### III. Mr. Zoltowski Should be Permitted to Offer Testimony on Damages Running From August 23, 2021 Onward to Comport with Evidence of Post-Preliminary Injunction Liability and Damages to be Presented at Trial

As the Court found in entering its preliminary injunction:

> [T]he record shows that Defendants' actions to divert KPM customers are ongoing, suggesting a high possibility of future harm, and that have caused customer confusion and alarm, which likely affects KPM's goodwill…. Furthermore, loss of market share and business relationships may independently constitute irreparable harm…. KPM stands to lose future [Preventative Maintenance] and analyzer sales opportunities as a result of Defendants' actions.

ECF No. 93 at 22. KPM believes it will establish evidence at trial sufficient to prove Defendants' liability for damages arising after August 23, 2021 based upon the improper transfer of several customer relationships to Blue Sun and ITG and the actual and potential deterioration of additional customer relationships that, for the moment, remain at KPM. The analyzer products at issue have multi-year service and sales cycles, and the preliminary injunction has only temporarily paused Defendants' misconduct in the middle of those cycles for many customers. MIL at 52-53

(Zoltowski Rep. at ¶¶ 56-58) ("Additionally, certain customers have stated that if/when they have the opportunity to purchase products and services from Blue Sun, they will switch to Blue Sun at that time."); Trial Exhibit No. ("Tr. Ex.") 106 (Robert Gajewski to KPM Customer Kellogg: "It is time to do the [preventative maintenance] on you NIR units" and attaching a Blue Sun quote for SpectraStar Preventative Maintenance); Tr. Ex. 14 (KPM Customer Post asking Mr. Gajewski for a quote for a new KPM SpectraStar and Mr. Gajewski selling him a Blue Sun Phoenix analyzer instead).  As shown by these examples, KPM's evidence comes first and foremost by Defendants' own communications and sales efforts directed towards these customers.  Between the Court's own findings in issuing the preliminary injunction and the evidence in their own documents, Defendants cannot credibly claim any lack of notice or that the Preliminary Injunction cured all of their evils.

If KPM is able to establish post-preliminary injunction liability through evidence adduced at trial, it is entitled to present damages theories corresponding to the resultant harm to KPM caused by the ongoing harm caused by Defendants' misconduct.  *E.g.*, *Data Gen. Corp. v. Grumman Sys. Support Corp*., 834 F. Supp. 477, 481 (D. Mass. 1992), *aff'd*, 36 F.3d 1147 (1st Cir. 1994) (declining to set the cutoff date for liability and damages as the date of the injunction because plaintiff intended to present evidence in support of its claims, thus "a trial on the merits is necessary to determine whether an adequate factual basis exists for the jury to assess post-infringement [sic] damages in this case.").[3]  To rule otherwise would cause prejudice to KPM's ability to present its case that is unjustifiable on the facts and unsupported by law.

---

[3] The Court's reference to "post-infringement damages" (*id.* at 481) is a typographical error.  The Court meant to say "post-**injunction** damages."

7

In any event, Defendants' complaints with regard to KPM's post-preliminary injunction liability and damages theories are dispositive challenges that should have been raised on summary judgment, but were not.  *See Andrews v. Target Pharm. #T-2292*, No. 13-cv-12268-ADB, 2016 WL 7839424, at *1 (D. Mass. June 7, 2016) (denying motion *in limine* arguing lack of evidence to support plaintiff's claim: "Although Defendant's argument may have merit, a motion in limine is not the appropriate vehicle…. Instead, this issue would be more properly resolved through either a motion for summary judgment under Fed. R. Civ. P. 56, or a motion for judgment as a matter of law under Fed. R. Civ. P. 50.").  Courts routinely decline to grant motions *in limine* seeking to narrow the issues to be tried to a jury, as Defendants seek to do here.  *E.g.*, *Hana Fin., Inc. v. Hana Bank*, 735 F.3d 1158, 1162 n.4 (9th Cir. 2013) ("A motion in limine is not the proper vehicle for seeking a dispositive ruling on a claim, particularly after the deadline for filing such motions has passed."); *Royal Indem. Co. v. Liberty Mutual Fire Ins. Co.*, No. 07-80172-CIV, 2008 WL 2323900, at *1 (S.D. Fla. June 5, 2008) (motions in limine are not "inappropriate for resolving substantive issues" and are not "mechanism[s] by which [courts] address or narrow the issues to be tried."); *Provident Life & Acc. Ins. Co. v. Adie*, 176 F.R.D. 246, 250 (E.D. Mich. Sept. 29, 1997) (holding that a motion in limine was not appropriate vehicle to resolve substantive factual issues).  Arguments concerning the cut-off date for damages were not raised by Defendants during the summary judgment period (*see* ECF No. 141), thus are waived.  If KPM cannot establish post-preliminary injunction liability at trial, the jury is free to find that damages were cut off as of August 23, 2021.  It is premature and procedurally improper to establish any cutoff date for damages on Defendants' Motion *in Limine*.

For the foregoing reasons, KPM respectfully requests that this Court deny Defendants' Motion *in Limine* (ECF No. 183) in its entirety.

**Date:** April 27, 2023

Respectfully submitted,

*/s/ Kevin R. Mosier*
John T. Gutkoski (BBO# 567182)
Kevin R. Mosier (BBO# 703739)
SUNSTEIN LLP
100 High Street
Boston, MA 02110
Tel: (617) 443-9292
jgutkoski@sunsteinlaw.com
kmosier@sunsteinlaw.com

Scott R. Magee (BBO# 664067)
Paige K. Zacharakis (BBO# 699108)
MORSE, BARNES-BROWN, AND PENDLETON, P.C.
480 Totten Pond Road, 4th Floor
Waltham, MA 02451
Tel: (781) 622-5930
smagee@morse.law
pzacharakis@morse.law

## CERTIFICATE OF SERVICE

I hereby certify that on this 27th day of April, 2023, a true and exact copy of the foregoing was served on all counsel of record through the Court's ECF system.

/s/ Kevin R. Mosier