# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| KPM ANALYTICS NORTH AMERICA CORPORATION,<br><br>    Plaintiff,<br><br>v.<br><br>BLUE SUN SCIENTIFIC, LLC; THE INNOVATIVE TECHNOLOGIES GROUP & CO., LTD; ARNOLD EILERT; MICHELLE GAJEWSKI; ROBERT GAJEWSKI; RACHAEL GLENISTER; GREGORY ISRAELSON; IRVIN LUCAS; and PHILIP OSSOWSKI,<br><br>    Defendants. | Civil Action No. 4:21-cv-10572-MRG |

## DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE TO EXCLUDE REFERENCES TO THE PLAINTIFF'S RESPECTIVE SIZE, FINANCIAL STATUS, AND/OR OWNERSHIP STRUCTURE, AND/OR ANY OF THE DEFENDANTS' ABILITY TO PAY ANY DAMAGES AWARDED IN THIS CASE

Defendants Blue Sun Scientific, LLC ("Blue Sun"), The Innovative Technologies Group & Co., LTD ("ITG"), Arnold Eilert, Robert Gajewski, Rachael Glenister, and Irvin Lucas (Eilert, Gajewski, Glenister, and Lucas, collectively, the "Individual Defendants") oppose Plaintiff KPM Analytics North America Corporation's ("KPM") motion to exclude evidence relating to references to KPM's respective size, financial status, and ownership structure, and any of the defendants' ability to pay any damages awarded in this case. First, KPM's motion argues that information regarding its size, revenues, finances, and ownership structure would only create unfair prejudice against KPM in the minds of the jury by creating a David versus Goliath narrative. This is not true. Contrary to KPM's argument, the prospective evidence is relevant to show the change in ownership at KPM and the shift in culture that followed, which led to the departure of the entire sales team and senior leadership at KPM, and such relevance is not

substantially outweighed by any unfair prejudice to KPM.  *See* Fed. R. Evid. 401, 402, 403.  KPM's sales plummeted as a result of these departures, rather than any action by any of the defendants.  The evidence in this case will also show that KPM sells NIR analyzers globally, and has the resources to mitigate any alleged losses it sustained as a result of Defendants' alleged actions.

KPM cites to two cases in its motion in *limine*, but neither is dispositive here.  In *American Technical Ceramics Corp. v. Presidio Components, Inc.*, the Court ruled that irrelevant references to the parties' wealth, size, or finances would not be permitted, such as for the purposes of a comparison characterizing the dispute as one of David versus Goliath, but such evidence *would be permitted* for relevant purposes, such as to support a determination of damages.  2019 WL 2330855, at *6 (E.D.N.Y. May 31, 2019).  Similarly, in *Skyhook Wireless, Inc. v. Google, Inc.*, the Court excluded references to the defendant's size and wealth that were not relevant to the issues in the case, *but did allow such evidence* as it related to a negotiation between the parties and damages.  2015 WL 10015295, at *5 (D. Mass. Feb. 27, 2015).[1]  As in these cases, relevant evidence regarding KPM's size, revenues, finances, and ownership structure should be permitted as it relates to the issues in this case, including causation and damages, and this Court should not award a blanket ruling precluding all such evidence.  Accordingly, the defendants should be permitted to proffer evidence related to KPM's size, revenues, finances, and ownership structure at trial.

Second, KPM seeks to preclude any testimony regarding the defendants' "size and financial status unless such evidence is *directly* relevant to damages in this case."  As KPM

---

[1] KPM's concerns are also unwarranted because KPM cannot reasonably be confused for Goliath, nor does it generate anywhere near the same revenues as a company like Google.  Instead, as all witnesses have agreed, KPM's Unity brand has a single-digit market share in the NIR industry, behind three or four other manufacturers.

acknowledges, such evidence is admissible for the purposes of damages and should further be admissible to show the impact such factors have in creating a different culture at Blue Sun, specifically one which would attract employees and customers, distinct from any alleged misappropriation of trade secrets and confidential information.  Regardless of whether or not such testimony would invoke any pity or sympathy for the defendants, and even assuming *arguendo* the evidence would invoke such feelings by the jury, that is not enough to unfairly prejudice KPM.  KPM has put at issue in this case the entirety of Defendants' sales of NIR analyzers both for purposes of a liability determination and for damages.  Moreover, KPM seeks to recover as "unjust enrichment" damages every dollar each of the Individual Defendants earned at KPM and Blue Sun.  Therefore, because the defendants' size and financial status is relevant and will not result in any unfair prejudice to KPM, this Court should deny KPM's request to preclude such evidence.

## **CONCLUSION**

For the foregoing reasons, Defendants request that the Court deny KPM's request for an exclusion of all references to its respective size, financial status, and/or ownership structure.

| ARNOLD EILERT, ROBERT GAJEWSKI, RACHAEL GLENISTER, and IRVIN LUCAS, | BLUE SUN SCIENTIFIC, LLC and THE INNOVATIVE TECHNOLOGIES GROUP & CO., LTD, |
|---|---|
| */s/ Dallin R. Wilson* <br> William L. Prickett (BBO# 555341) <br> Dallin R. Wilson (BBO# 676662) <br> SEYFARTH SHAW LLP <br> Two Seaport Lane, Suite 1200 <br> Boston, MA 02210-2028 <br> Tel: (617) 946-4800 <br> Fax: (617) 946-4801 <br> wprickett@seyfarth.com <br> drwilson@seyfarth.com | */s/ George R. Ritchie* <br> George R. Ritchie (pro hac vice) <br> Royal Craig (pro hac vice) <br> Lauren Lake (pro hac vice) <br> Gordon Feinblatt, LLC <br> 1001 Fleet Street, Suite 700 <br> Baltimore, MD 21202 <br> gritchie@gfrlaw.com <br> rcraig@gfrlaw.com <br> llake@gfrlaw.com <br><br> Christopher R. O'Hara (BBO# 548611) <br> Maria T. Davis (BBO# 675447) <br> Todd & Weld, LLP <br> One Federal Street <br> Boston, MA 02110 <br> Tel: (617) 720-2626 <br> cohara@toddweld.com <br> mdavis@toddweld.com |

## **CERTIFICATE OF SERVICE**

I hereby certify that, on April 27, 2023, this document was sent electronically to the registered participants as identified on the Notice of Electronic Filing. Paper copies will be sent to those indicated as non-registered participants.

                                              */s/ Dallin R. Wilson*
                                              Dallin R. Wilson