# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KPM ANALYTICS NORTH AMERICA CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>BLUE SUN SCIENTIFIC, LLC; THE INNOVATIVE TECHNOLOGIES GROUP & CO., LTD; ARNOLD EILERT; MICHELLE GAJEWSKI; ROBERT GAJEWSKI; RACHAEL GLENISTER; GREGORY ISRAELSON; IRVIN LUCAS; and PHILIP OSSOWSKI,<br><br>Defendants. | Civil Action No. 4:21-cv-10572-MRG |

## DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE TO EXCLUDE EXHIBITS THAT WERE NOT PRODUCED IN DISCOVERY

Defendants Blue Sun Scientific, LLC ("Blue Sun"), The Innovative Technologies Group & Co., LTD ("ITG"), Arnold Eilert, Robert Gajewski, Rachael Glenister, and Irvin Lucas (Eilert, Gajewski, Glenister, and Lucas, collectively, the "Individual Defendants") oppose Plaintiff KPM Analytics North America Corporation's ("KPM") motion to exclude evidence relating to exhibits that were not produced by Defendants in discovery. KPM's motion posits that there is a sweeping, mandatory prohibition from introducing any document at trial that was not produced in discovery by the offering party. There is no such rule. Rather, Rule 37(c) of the Federal Rules of Civil Procedure provides that if a party fails to disclose certain information, the party is not allowed to use that information at trial unless the failure was substantially justified or is harmless. Here, KPM does not even bother to explain what the exhibits it seeks to exclude are, let alone how KPM would suffer any harm by their introduction at trial.

First, the information in at least two of the exhibits listed on page two of KPM's motion were produced. In fact, Trial Exhibit No. 764, a Unity soybean application note, was produced by KPM *five times* in the case (*see* KPM0000148, 0049241, 0050634, 0059397, and 0267287)[1] and KPM even designated the same soybean application note as one its own trial exhibits (Trail Ex. No. 222).[2] To the extent Defendants had any duty to disclose a KPM document, it is hard to imagine a more harmless scenario where KPM has designated the same document as one if its own exhibits. Additionally, the text from Trial Exhibit No. 770, a March 2021 KPM press release announcing its partnership with AB Vista's Aunir group to offer calibration data, was produced by KPM as an extremely large spreadsheet that appears to contain the text of all of KPM's marketing materials. *See* KPM0137529.

Moreover, Defendants were substantially justified in not producing many of the exhibits identified in KPM's motion because most of the exhibits are not within Defendants' possession custody or control, but instead are documents that were obtained through publicly available sources maintained by third parties. *Judson v. Midland Credit Mgmt., Inc.*, 2014 WL 3829082, at *2 (D. Mass. Aug. 1, 2014) ("[T]he parties are reminded that a party is only required to produce documents in its 'possession, custody, or control.'") (citing Fed. R. Civ. P. 34(a)(1)). Even without any explanation by KPM of what the offending exhibits are, it is clear that most of them are not Defendants' documents. For example, Exhibits 763 and 764 are soybean application notes from other NIR manufacturers (including KPM); Exhibits 767 and 768 are

---

[1] To the extent KPM's qualm is that Defendants identified a non-bates stamped version of the Unity soybean application note, Defendants will gladly swap out the trial exhibit for one of the five bates stamped copies.

[2] This is not the first time KPM has asserted an objection to one of its own trial exhibits. KPM previously objected to Defendants' Trial Ex. No. 729 on relevance and prejudice grounds, among others, while simultaneously including the same document on its exhibit list as Trial Ex. No. 181.

documents related to Zeiss, a competing NIR company that KPM licenses its UCal software to; Exhibit 769 is a catalog of NIR instruments sold by a company called R&R, who Blue Sun manufactures custom OEM analyzers for; Exhibit 770 is the aforementioned KPM press release about Aunir; and Exhibit 774 is an email from KPM's Chris Cook to Greg Israelson saying that KPM cannot repair an older model SpectraStar and asking if the customer is still interested in using SpectraStar instruments. Fed. R. Civ. P. 34 does not obligate a party to scour websites and other publicly available sources maintained by third parties to identify potentially responsive documents to an opposing party's document requests. *See Diaz v. Cty. of Ventura*, 512 F. Supp. 3d 1030, 1035 (C.D. Cal. 2021) (a party is not in control of records that the requesting party has equal ability to obtain from public sources). Thus, Defendants' failure to disclose documents not within their possession, custody, or control was substantially justified.

And any failure by Defendants to disclose the exhibits identified in KPM's motion is harmless. Indeed, KPM does not identify *any* harm it would suffer. Many of the exhibits are KPM's own documents, and the rest are publicly available or are simply demonstrative exhibits showing what NIR analyzers and application notes look like. None were withheld by the Defendants, and KPM cannot claim (and has not claimed) to be surprised by any of them. *See Mongue v. Wheatleigh Corp.*, 2021 WL 9217748, at *2 (D. Mass. Sept. 29, 2021) (defendants' failure to disclose publicly available poster that Plaintiff was aware Defendants would rely on was harmless); *Diaz*, 512 F. Supp. 3d at 1035 (because videos were publicly available, "the Court finds that Plaintiffs' failure to disclose them was harmless"); *Smith v. Henderson*, 54 F. Supp. 3d 58, 66 (D.D.C. 2014) (plaintiffs' failure to disclose publicly available reports during discovery was harmless and thus, exclusion of evidence of reports as a discovery sanction was not warranted).

Furthermore, Defendants' failure to disclose Exhibits 773 and 774[3] was harmless because those exhibits contain KPM's own communications that should have been produced in discovery. Both exhibits concern KPM's inability and/or unwillingness to service older model SpectraStars, which is one reason why Mr. Gajewski left KPM to start his own consulting business and why he continued servicing those customers after he rejoined KPM as a full-time employee. KPM cannot claim to be surprised or harmed by the introduction of evidence of its own communications with customers.

## CONCLUSION

For the foregoing reasons, Defendants request that the Court deny KPM's request for a blanket exclusion of all trial exhibits that were not produced in discovery by Defendants.

| ARNOLD EILERT, ROBERT GAJEWSKI, RACHAEL GLENISTER, and IRVIN LUCAS, | BLUE SUN SCIENTIFIC, LLC and THE INNOVATIVE TECHNOLOGIES GROUP & CO., LTD, |
|---|---|
| /s/ Dallin R. Wilson | /s/ George R. Ritchie |
| William L. Prickett (BBO# 555341) | George R. Ritchie (pro hac vice) |
| Dallin R. Wilson (BBO# 676662) | Royal Craig (pro hac vice) |
| SEYFARTH SHAW LLP | Lauren Lake (pro hac vice) |
| Two Seaport Lane, Suite 1200 | Gordon Feinblatt, LLC |
| Boston, MA 02210-2028 | 1001 Fleet Street, Suite 700 |
| Tel: (617) 946-4800 | Baltimore, MD 21202 |
| Fax: (617) 946-4801 | gritchie@gfrlaw.com |
| wprickett@seyfarth.com | rcraig@gfrlaw.com |
| drwilson@seyfarth.com | llake@gfrlaw.com |
| | Christopher R. O'Hara (BBO# 548611) |
| | Maria T. Davis (BBO# 675447) |
| | Todd & Weld, LLP |
| | One Federal Street |
| | Boston, MA 02110 |
| | Tel: (617) 720-2626 |
| | cohara@toddweld.com |

---

[3] KPM's motion mistakenly refers to Exhibit 774 as a "3/2/22 Letter from D. Phornchareon to R. Gajewski." Exhibit 774 is actually a March 2, 2022 email from KPM's Chris Cook to Greg Israelson.

mdavis@toddweld.com

**CERTIFICATE OF SERVICE**

      I hereby certify that this document filed through the CM/ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on April 27, 2023.

_____
Dallin R. Wilson