UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KPM ANALYTICS NORTH AMERICA CORPORATION,<br>                    *Plaintiff.*<br><br>           V.<br><br>BLUE SUN SCIENTIFIC, LLC, THE INNOVATIVE TECHNOLOGIES GROUP & CO., LTD., ARNOLD EILERT, MICHELLE GAJEWSKI, ROBERT GAJEWSKI, RACHAEL GLENISTER, GREGORY ISRAELSON, IRVIN LUCAS, AND PHILIP OSSOWSKI,<br><br>                    *Defendants.* | Civil Action No. 21-cv-10572-MRG |

### KPM ANALYTICS NORTH AMERICA CORPORATION'S SUPPLEMENTAL BRIEF IN OPPOSITION TO DEFENDANT'S MOTION *IN LIMINE* TO PRECLUDE EVIDENCE OF IRVIN LUCAS' CRIMINAL PLEA (ECF No. 193)

KPM Analytics North America Corporation ("KPM") submits this Supplemental Brief in Opposition to Defendants' Motion *in Limine* to Preclude Evidence of Irvin Lucas's Criminal Plea (ECF No. 193) and to address the Court's questions noted at trial today.

A guilty plea or verdict qualifies as a "conviction" under Fed. R. Evid. 609 regardless of the fact that a sentence has not yet been imposed. When discussing the effect of a guilty plea, the Supreme Court has held that "[a] plea of guilty is more than a confession which admits that the accused did various acts; **it is itself a conviction**; nothing remains but to give judgment and determine punishment." *Boykin v. Alabama*, 395 U.S. 238, 242 (1969) (emphasis supplied).[1]

---

[1] The only carve out recognized by the Supreme Court was for involuntary pleas, but Mr. Lucas's plea was voluntary. Guilty pleas should be admitted unless they are the product of "[i]gnorance, incomprehension, coercion, terror, inducements, [or] subtle or blatant threats," in which case they are not voluntary. *Id.* at 242-43. There is nothing to suggest that Mr. Lucas's guilty plea was anything but voluntary.

When addressing this very question directly—whether a guilty *plea* qualifies as a conviction under Rule 609 such that the plea prior to sentencing must be admitted—the Northern District of Illinois, the very Court in which Mr. Lucas has been charged and which has accepted his guilty plea, was presented with facts identical to this case in all material respects with regard to Rule 609(a)(2).  *See Cartright v. City of Chicago*, No. 09 CV 4298, 2013 WL 3984434 (N.D. Ill. Aug. 2, 2013).  There, the Court was tasked with determining whether or not the defendant's "plea of guilty qualif[ies] as a criminal conviction under Rule 609(a), even though [he] has not yet been sentenced." *Cartright*, 2013 WL 3984434, at *2. The answer to that question was an unequivocal yes.  The Court explained:

> Defendants are concerned that guilty pleas are not final enough to permit its use under Rule 609. It is true, as Defendants point out, that Rule 11 of the Federal Rules of Criminal Procedure permits a defendant to *try* to withdraw his guilty plea up until the imposition of sentence. But Defendants understate how difficult it is for a criminal defendant to withdraw a plea once it has been accepted by the court. Rule 11 requires the defendant to show a fair and just reason for requesting a withdrawal. The Seventh Circuit has described this showing as a heavy burden because a defendant's statements given under oath during a plea colloquy are presumed to be true. So, despite Defendants' argument to the contrary, a guilty plea that has been accepted by the court is actually likely to remain in place through sentencing.

*Id.* at *3 (emphasis in original; internal quotations and citations omitted).  Withdrawal of Mr. Lucas's guilty plea, if he were to even try it, would be governed by the same Seventh Circuit rules and heavy burden discussed above in *Cartright* given that Mr. Lucas pled guilty in the Northern District of Illinois.

The court in *Cartright* went on to explain that "Rule 609 explicitly does *not* require that a conviction be entirely final." *Id.* (emphasis in original).  The court then noted that "several courts," including the Second Circuit, Fourth Circuit, Fifth Circuit, and Ninth Circuit, have all held that evidence of a guilty verdict, "closely analogous" to a guilty plea, is admissible even where "no sentence has been imposed." *Id*. at *4 (collecting cases).  In concluding that a guilty *plea* is sufficiently final for the purposes of Rule 609, the Court explained that:

2

> In light of Rule 609's underlying rationale—that the truth telling oath means less to someone who has committed a felony—the Court holds that Rule 609 does not *require* that a sentence be imposed before counting a guilty plea as a "conviction" for impeachment. If the circumstances suggest no instability in the guilty plea and suggest that the plea is not likely to be withdrawn, then it is sufficiently final to be considered a "conviction."

*Id.* (emphasis in original). There are no circumstances in the record here to suggest that Mr. Lucas's guilty plea is unstable or likely to be withdrawn. In fact, Mr. Lucas's plea has been accepted by the court and a judgment of guilty has been entered. *See* Ex. A (Order accepting plea and entering judgment, ECF No. 50); *see also* Ex. B (Lucas Indictment), Ex. C (Lucas Plea Agreement).

Given that Mr. Lucas's guilty plea inarguably falls within the scope of Rule 609(a)(2), failure to permit KPM to use such evidence with Mr. Lucas would be reversible error under First Circuit precedent. *E.g.*, *SEC v. Sargent*, 229 F.3d 68, 80 (1st Cir. 2000) (district court committed reversible error in excluding convictions because "Rule 609(a)(2) simply does not allow for any judicial discretion on this point."); *U.S. v. Tracey*, 36 F.3d 187, 192 (1st Cir. 1994) ("The Government insists that under [Rule] 609(a)(2) the district court had no discretion to exclude the evidence of Tracy's conviction…. The Government is correct…. the admission of prior convictions involving dishonesty and false statement [sic] is not within the discretion of the district court.") (internal quotations and citations omitted); *Starski v. Kirzhnev*, 682 F.3d 51, 53 (1st Cir. 2012) (conviction under Rule 609(a)(2) "must be admitted" for impeachment purposes); *U.S. v. Russell*, No. 1:12-cr-00160-JAW-2, 2015 WL 401305, at *6 (D. Me. Jan. 28, 2015) ("Once the prior conviction fits within Rule 609(a)(2), the Court lacks the discretion to exclude it."); *see also* FED R. EVID. 609, advisory committee notes (2006) ("The amendment provides that Rule 609(a)(2) mandates the admission of evidence of a conviction only when the conviction required the proof of (**or in the case of a guilty plea, the admission of**) an act of dishonesty or false statement.") (emphasis supplied).

In view of the weight of precedents binding upon this Court that dispense with any judicial discretion under these circumstances, KPM respectfully requests that this Court permit KPM to use, on cross-examination, evidence of Irvin Lucas's plea of guilty to the crimes of conspiracy to defraud United States in violation of 18 U.S.C. § 371 and bribery of public officials in violation of 18 U.S.C. § 201(c)(1).

**Date:** May 8, 2023

Respectfully submitted,

**KPM ANALYTICS NORTH AMERICA CORPORATION**

By its attorneys,

*/s/ Kevin R. Mosier*
John T. Gutkoski (BBO# 567182)
Kevin R. Mosier (BBO# 703739)
SUNSTEIN LLP
100 High Street
Boston, MA 02110
Tel: (617) 443-9292
jgutkoski@sunsteinlaw.com
kmosier@sunsteinlaw.com

Scott R. Magee (BBO# 664067)
Paige K. Zacharakis (BBO# 699108)
MORSE, BARNES-BROWN, AND PENDLETON, P.C.
480 Totten Pond Road, 4th Floor
Waltham, MA 02451
Tel: (781) 622-5930
smagee@morse.law
pzacharakis@morse.law

**CERTIFICATE OF SERVICE**

I hereby certify that on this 8th day of May 2023, a true and exact copy of the foregoing was served on all counsel of record through the Court's ECF system.

/s/ Kevin R. Mosier