UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| KPM ANALYTICS NORTH AMERICA CORPORATION, | ) ) ) ) |  |
| Plaintiff, | ) ) ) |  |
| v. | ) ) | Civil Action No.  21-cv-10572-TSH |
| BLUE SUN SCIENTIFIC, LLC, THE INNOVATIVE TECHNOLOGIES GROUP & CO., LTD., ARNOLD EILERT, MICHELLE GAJEWSKI, ROBERT GAJEWSKI, RACHAEL GLENISTER, GREGORY ISRAELSON, IRVIN LUCAS and PHILIP OSSOWSKI, | ) ) ) ) ) ) ) ) ) ) |  |
| Defendants. | ) ) |  |

**MOTION TO ALTER OR AMEND JUDGMENT OR, IN THE ALTERNATIVE, FOR REMITTITUR OF DEFENDANTS BLUE SUN SCIENTIFIC, LLC AND THE INNOVATIVE TECHNOLOGIES GROUP & CO., LTD AND REQUEST FOR HEARING**

Defendants Blue Sun Scientific, LLC ("Blue Sun") and The Innovative Technologies Group & Co., LTD ("ITG") submit this Motion to Alter or Amend Judgment, or, in the alternative for Remittitur, pursuant to F.R.C.P. 59(e) and Request for Hearing.

**BACKGROUND**

Plaintiff KPM Analytics North America Corporation ("KPM") pursued claims against Blue Sun and ITG for federal and state law trade secret misappropriation, tortious interference of contract, and unfair competition under Chapter 93A Mass. General.  At trial, KPM offered its damage theories through their expert witness Neil Zoltowski.  Mr. Zoltowski testified that under both the trade secrets counts and the tortious interference with contract claims, the jury could award

"unjust enrichment" damages, which, with respect to Blue Sun, were derived from the entirety of equipment and service sales performed by Blue Sun from the date of its inception through trial. *See* Trial Transcript of May 15, 2023, attached as Ex. 1, at 7-19. According to Mr. Zoltowski, Blue Sun's unjust enrichment *in total* was $2,071,974.[1] Likewise, Mr. Zoltowski derived ITG's unjust enrichment from all NIR analyzer machine sales ITG made to Blue Sun and calculated ITG's unjust enrichment *total* to be $1,143,127. *Id.* Mr. Zoltowski was clear that, although he calculated damages under the different counts, these amounts were not additive, and that KPM was not seeking a double recovery. *Id.*

The only additional damage claim that KPM made at trial fell under the tortious interference with contract count and consisted of an undocumented claim for $211,000 relating to incidental expenses KPM claim with respect to employee replacement. *Id*.

Thus, the total damage award under *all* theories the jury could have awarded against Blue Sun was 2,071,974, plus $211,000 (assuming the jury found Blue Sun responsible for all of these incidental costs). And the total damage award the jury could have awarded against ITG under *all* theories was $1,143,127, plus $211,000 (making the same assumption).

Notwithstanding this clear evidence, the jury awarded KPM $3 million damages against Blue Sun - $1.5 million for trade secret misappropriation, and $1.5 million for tortious interference with contract. The jury awarded KPM $1.8 million in damages against ITG for tortious interference with contract only. As set forth below, because these awards run counter to the evidence introduced

---

[1] As an alternative measure of damages, Mr. Zolotowksi calculated KPM's "lost profits" under these counts.

- 2 -

at trial, this Court should alter or amend the awards pursuant to its inherent authority under Rule 59(e) or, in the alterative, remit the awards to bring them in line with the trial evidence.

**ARGUMENT**

1. The Court Should Alter or Amend the Awards to Eliminate Double Counting Against Blue Sun, and an Unsupported Award Against ITG.

Rule 59(e) of the Federal Rules of Civil Procedure allows a party to file a motion to alter or amend a judgment.[2] While Rule 59(e) authorizes post-judgment motions to alter a judgment, it does not state what grounds would justify such an alteration. *ACA Fin. Guar. Corp. v. Advest, Inc.*, 512 F.3d 46, 55 (1st Cir. 2008). Nevertheless, district courts "enjoy considerable discretion in deciding Rule 59(e) motions, subject to circumstances developed in the case law." *Id.* Grounds for granting a Rule 59(e) motion include manifest errors of law or fact and/or to avoid a manifest injustice. *Marie v. Allied Home Mortg. Corp.*, 402 F.3d 1, 7 n. 2 (1st Cir. 2005).

"It is well-settled that double awards for the same injury are impermissible." *Acevedo-Garcia v. Monroig*, 351 F.3d 547, 567 (1st Cir. 2003). For this reason, plaintiffs are not permitted to recover in both contract and tort for the same harm. *See Arthur D. Little Int'l, Inc. v. Dooyang Corp.*, 928 F. Supp. 1189, 1203 (1996). Likewise, while a party can pursue multiple counts,

---

[2] The Entity Defendants acknowledge that a "final judgment" has not yet been entered on the jury verdict against them, and therefore a motion under Rule 59(e) may be premature at this juncture. Nevertheless, given the various post-trial motions being filed contemporaneously with this motion, the Entity Defendants submit that it would be more efficient and preserve judicial resources to resolve all outstanding post-trial motions together, rather than piecemeal. Under similar circumstances, other courts have recognized that, notwithstanding that a final judgment is a prerequisite to filing a Rule 59(e) motion, courts possess the inherent procedural power to modify a non-final order. *See, e.g., Jadwin v. County of Kern*, 2010 WL 1267264, at *9 (E.D. Ca. March 31, 2010) ("In addition to the inherent power to modify a non-final order, Rule 54(b) authorizes a district court to revise a non-final order 'at any time before entry of a judgment adjudicating all the claim.'"); *Divix Golf, Inc. v. Mohr*, 2010 WL 11515520, at *2 (S.D. Ca. Jan. 6, 2010) (considering premature Rule 59(e) motion "pursuant to the Court's inherent procedural power to rescind, reconsider, or modify an interlocutory order.").

recovery for only one type of claim is permitted.  *Accusoft Corporation v. Quest Diagnostics, Inc.*, 2015 WL 10718481, at *22 n. 19 (D. Mass. Oct. 1, 2015).

In the context of trade secret misappropriation, courts have held that a plaintiff can only recover once for the harm caused by the defendants' misappropriation.  The case of *Weeco International, Inc. v. Superior Degassing Services, Inc.*, 2011 WL 13272440 (S.D. Tex. Nov. 22, 2011) is indistinguishable in that regard.  There, the jury returned a verdict in favor of the plaintiff on its claims against a former employee for breach of a confidentiality agreement and against the employee and his new company for misappropriation of trade secrets.  The jury assessed damages on each claim in the same amount: $264,455.00.  *Id.* at *1.

In ruling on the plaintiff's motion for judgment upon the jury verdict, the court held that the plaintiff sought "an impermissible double recovery."  *Id.* at *3.  Specifically, the court held that the plaintiff tried the case to the jury on two theories: breach of contract and misappropriation of trade secrets.  The plaintiff's measure of damages was the same on each theory, *i.e.*, lost profits.  *Id.*  The court therefore concluded

> The jury found that defendants' actual profits resulting from the breach were $264,455. It found the exact same damages resulting from the misappropriation. It is clear that the jury found that the same actual profits resulted from both the breach and the misappropriation, i.e., Weeco suffered one injury. This is particularly evident here where the trade secrets misappropriated overlap with the confidential information underlying the breach of contract.

*Id.  See also National Auto Group, Inc. v. Van Devere, Inc.*, 2022 WL 80324, at *4-5 (N.D. Ohio Jan. 7, 2022) ("Whether cast as a breach of contract claim or [DTSA] claim, both causes of action arose from the same wrong and resulted in the same injury to plaintiffs—Bree used plaintiffs' trade secret and confidential customer information for his own benefit without plaintiffs' consent and

injured plaintiffs in the amount of $12,640.71. Plaintiffs are not entitled to recover again for that loss.")[3]

Here, KPM offered no evidence at trial—or even argument—that the injury it suffered from Blue Sun's misappropriation of trade secrets was in any way different or independent from the injury KPM suffered from Blue Sun's tortious interference with contract. To the contrary, KPM's expert advocated for an "unjust enrichment" theory of damages based on the entirety of Blue Sun's sales and was clear KPM was not seeking to double count its damages. By KPM's own admission, there was no additional "unjust enrichment" beyond those sales, and there could therefore be no rational reason to make a double award of $1.5 million.

Likewise, Mr. Zoltowski's damage calculations derived from the entirety of ITG's machine sales to Blue Sun – there was no additional "unjust enrichment" from which the jury could derive nearly $700,000 in additional damages.

The jury damage awards against Blue Sun and ITG were, in this regard, at least, manifest errors of law and this Court should exercise its broad authority under Rule 59(e) to amend the judgment to ensure that KPM only recovers once against Blue Sun for its injury, and that KPM only recovers the damages the evidence at trial supports against ITG.

2. The Court Should Remit the Judgments Against the Entity Defendants to Conform Them to the Evidence at Trial.

---

[3] *See also Jarosch v. American Family Mut. Ins. Co.*, 837 F. Supp. 2d 980, 1019 (E.D. Wisc. 2011) (where conducting giving rise to trade secret misappropriation and a breach of contract is the same, the defendant "has not met its burden of proof in establishing that the injury it sustained as a result of the plaintiffs' misappropriation of trade secrets is different from the injury it sustained as a result of the plaintiffs' breach of contract . . . for which it has already recovered"); *Computer Assocs. Intern., Inc. v. Altai, Inc.*, 982 F.2d 693, 720 (2nd Cir. 1992) (plaintiff only suffered one injury and thus "may not obtain a double recovery where the damages for copyright infringement and trade secret misappropriation are coextensive"); *Bowers v. Baystate Techs., Inc.*, 320 F.3d 1317 (Fed. Cir. 2003) (no double recovery allowed where "the breach of contract damages arose from the same copying and included the same lost sales that form the basis for the copyright damages").

In the alternative, the Court should remit the jury award against ITG under Rule 59(e). A jury award may be remitted or reduced if, when the viewed in the light most favorable to the prevailing party, it exceeds any rational appraisal or estimate of the damages that could be based upon the evidence before it. *Wortley v. Camplin*, 333 F.3d 284, 297 (1st Cir. 2003). This Court need not hold a new trial on damages with respect to these awards since reducing the jury verdict to make them consistent with the evidence is "fairly mechanical and [will]not interfere with the jury's function." *Arborjet, Inc. v. Rainbow Treecare Scientific Advancements, Inc.*, 187 F. Supp. 3d 217, 226 (D.C. Mass. 2016). Here, the Court can easily reduce the Blue Sun verdict by one-half, and attribute 50% of the $211,000 in costs to Blue Sun and reduce the ITG verdict to $1,143,127 and attribute the other 50% of the $211,000 in costs to ITG.[4]

## CONCLUSION

WHEREFORE, Blue Sun and ITG respectfully request that the jury verdict be modified, and that judgment be entered against each of them as follows:

| Blue Sun | $1,605,000 |
|---|---|
| ITG | 1,248,127 |

---

[4] Because the jury found liability against both Blue Sun and ITG with respect to the tortious interference with contract claim, it is reasonable to split the $211,000 incidental damages between the two companies.

I HEREBY CERTIFY THE PARTIES HAVE MET AND CONFERRED UNDER LOCAL RULE 7.1 PRIOR TO THE FILING OF THIS MOTION.

Dated:  June 21, 2023

*/s/ Maria T. Davis*
Christopher R. O'Hara (BBO# 548611)
cohara@toddweld.com
Maria T. Davis (BBO# 6754477)
mdavis@toddweld.com
Todd & Weld, LLP
One Federal Street
Boston, MA 02110

*/s/ Lauren E. Lake*
George F. Ritchie*, Fed Bar #22408
gritchie@gfrlaw.com
Royal Craig*, Fed. Bar #24546
rcraig@gfrlaw.com
Lauren E. Lake*, Fed. Bar #20488
llake@gfrlaw.com
GORDON FEINBLATT LLC
1001 Fleet Street, Suite 700
Baltimore, MD 21202
Tel/Fax: (410) 576-4131
* *pro hac vice*

*Attorneys for Defendants Blue Sun Scientific, LLC and The Innovative Technologies Group & Co., LTD*

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of this document was served upon counsel of record by email on June 21, 2023.

                                                */s/ George F. Ritchie*
                                                George F. Ritchie

10195990.1 58144/146507 6/21/23