# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| KPM ANALYTICS NORTH AMERICA CORPORATION, <br><br> Plaintiff, <br><br> v. <br><br> BLUE SUN SCIENTIFIC, LLC; THE INNOVATIVE TECHNOLOGIES GROUP & CO., LTD; ARNOLD EILERT; MICHELLE GAJEWSKI; ROBERT GAJEWSKI; RACHAEL GLENISTER; GREGORY ISRAELSON; IRVIN LUCAS; and PHILIP OSSOWSKI, <br><br> Defendants. | Civil Action No. 4:21-cv-10572-MRG |

## INDIVIDUAL DEFENDANTS' MOTION TO ALTER OR AMEND JUDGMENT

Pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, Defendants Arnold Eilert, Robert Gajewski, Rachael Glenister, and Irvin Lucas (the "Individual Defendants") move for an order amending the jury verdict entered against them on the grounds that the jury improperly awarded Plaintiff KPM Analytics North America Corporation ("KPM") damages twice for the same harm. It is well-settled that double awards for the same injury are impermissible. Yet here, the jury awarded KPM *the exact same amount of damages* on its misappropriation of trade secrets claims *and* breach of contract claims against the Individual Defendants, despite suffering the same injury (*i.e.,* the disclosure of its trade secrets) in both counts. The Court should therefore alter or amend the judgments against the Individual Defendants by reducing the amount of the judgments to a single amount for the same injury.

## BACKGROUND

KPM commenced this action asserting various claims against the Individual Defendants, Blue Sun Scientific, LLC ("Blue Sun"), and The Innovative Technologies Group & Co. Ltd. ("ITG"). Among its claims, KPM asserted two counts for trade secret misappropriation against the Individual Defendants, under the federal Defendant Trade Secrets Act ("DTSA") and the Massachusetts Uniform Trade Secrets Act. (ECF No. 1, Counts I and II). KPM also asserted a count against the Individual Defendants for breach of their respective employment agreements with KPM. (*Id.*, Count III). With respect to trade secret misappropriation, KPM alleged that the Defendants wrongfully misappropriated KPM's "proprietary and confidential information and trade secrets, including but not limited to, its datasets, software tools, technical knowledge and customer information." (*Id.*, ¶ 99). As for KPM's breach of contract claim, it alleged that the Individual Defendants entered into contracts "to maintain as confidential and not use or disclose Plaintiff's trade secrets after leaving Plaintiff's employ," and that the Individual Defendants "materially breached their respective . . . contracts by using or disclosing Plaintiff's confidential information." (*Id.*, ¶¶ 103-104).

Following a nine-day trial, the jury returned a verdict in favor of KPM on both its trade secret misappropriation claims and breach of contract claims against the Individual Defendants. *See* ECF No. 230. In answering Question 4 of the Verdict Form, the jury found the following sums of money that "would fairly and reasonably compensate KPM for the damage caused by [the Individual Defendants'] misappropriation of trade secrets:"

| Arnold Eilert | $2,500 |
| --- | --- |
| Robert Gajewski | $15,000 |
| Rachael Glenister | $10,000 |
| Irvin Lucas | $20,000 |

Likewise, in answering Question 11 of the Verdict form, the jury found the following sums of money that "would fairly and reasonably compensate KPM for the damage caused by [the Individual Defendants'] contractual breach(es):"

| Arnold Eilert | $2,500 |
| --- | --- |
| Robert Gajewski | $15,000 |
| Rachael Glenister | $10,000 |
| Irvin Lucas | $20,000 |

*See id.*

## ARGUMENT

Rule 59(e) of the Federal Rules of Civil Procedure allows a party to file a motion to alter or amend a judgment.[1]  While Rule 59(e) authorizes post-judgment motions to alter a judgment,

---

[1] The Individual Defendants acknowledge that a "final judgment" has not yet been entered on the jury verdict against them, and therefore a motion under Rule 59(e) may be premature at this juncture. Nevertheless, given the various post-trial motions being filed contemporaneously with this motion, the Individual Defendants submit that it would be more efficient and preserve judicial resources to resolve all outstanding post-trial motions together, rather than piecemeal. Under similar circumstances, other courts have recognized that, notwithstanding that a final judgment is a prerequisite to filing a Rule 59(e) motion, courts possess the inherent procedural power to modify a non-final order. *See, e.g., Jadwin v. County of Kern*, 2010 WL 1267264, at *9 (E.D. Ca. March 31, 2010) ("In addition to the inherent power to modify a non-final order, Rule 54(b) authorizes a district court to revise a non-final order 'at any time before entry of a judgment adjudicating all the claim.'"); *Divix Golf, Inc. v. Mohr*, 2010 WL 11515520, at *2 (S.D. Ca. Jan. 6, 2010) (considering premature Rule 59(e) motion "pursuant to the Court's inherent procedural power to rescind, reconsider, or modify an interlocutory order.").

it does not state what grounds would justify such an alteration. *ACA Fin. Guar. Corp. v. Advest, Inc.*, 512 F.3d 46, 55 (1st Cir. 2008). Nevertheless, district courts "enjoy considerable discretion in deciding Rule 59(e) motions, subject to circumstances developed in the case law." *Id.* Grounds for granting a Rule 59(e) motion include manifest errors of law or fact and/or to avoid a manifest injustice. *Marie v. Allied Home Mortg. Corp.*, 402 F.3d 1, 7 n. 2 (1st Cir. 2005).

"It is well-settled that double awards for the same injury are impermissible." *Acevedo-Garcia v. Monroig*, 351 F.3d 547, 567 (1st Cir. 2003). For this reason, plaintiffs are not permitted to recover in both contract and tort for the same harm. *See Arthur D. Little Int'l, Inc. v. Dooyang Corp.*, 928 F. Supp. 1189, 1203 (1996). Likewise, while a party can pursue multiple counts, recovery for only one type of claim is permitted. *Accusoft Corporation v. Quest Diagnostics, Inc.*, 2015 WL 10718481, at *22 n. 19 (D. Mass. Oct. 1, 2015).

In the context of trade secret misappropriation, courts have held that a plaintiff can only recover once for the harm caused by the defendants' misappropriation. The case of *Weeco International, Inc. v. Superior Degassing Services, Inc.*, 2011 WL 13272440 (S.D. Tex. Nov. 22, 2011) is indistinguishable in that regard. There, the jury returned a verdict in favor of the plaintiff on its claims against a former employee for breach of a confidentiality agreement and against the employee and his new company for misappropriation of trade secrets. The jury assessed damages on each claim in the same amount: $264,455.00. *Id.* at *1.

In ruling on the plaintiff's motion for judgment upon the jury verdict, the court held that the plaintiff sought "an impermissible double recovery." *Id.* at *3. Specifically, the court held that the plaintiff tried the case to the jury on two theories: breach of contract and misappropriation of trade secrets. The plaintiff's measure of damages was the same on each theory, *i.e.*, lost profits. *Id.* The court therefore concluded

> The jury found that defendants' actual profits resulting from the breach were $264,455. It found the exact same damages resulting from the misappropriation. It is clear that the jury found that the same actual profits resulted from both the breach and the misappropriation, i.e., Weeco suffered one injury. This is particularly evident here where the trade secrets misappropriated overlap with the confidential information underlying the breach of contract.

*Id. See also National Auto Group, Inc. v. Van Devere, Inc.*, 2022 WL 80324, at *4-5 (N.D. Ohio Jan. 7, 2022) ("Whether cast as a breach of contract claim or [DTSA] claim, both causes of action arose from the same wrong and resulted in the same injury to plaintiffs—Bree used plaintiffs' trade secret and confidential customer information for his own benefit without plaintiffs' consent and injured plaintiffs in the amount of $12,640.71. Plaintiffs are not entitled to recover again for that loss.")[2]

Here, KPM offered no evidence at trial—or even argument—that the injury it suffered from the Individual Defendants' misappropriation of trade secrets was in any way different or independent from the injury KPM suffered from the Individual Defendants' disclosure of KPM's trade secrets in violation of their respective employment agreements. Nor did KPM, or its damages expert, in any way apportion any part of KPM's lost profits to Counts I and II, as opposed to Count III. Instead, KPM presented a single amount of lost profits, from which it would have been impossible for the jury to determine what amount resulted from trade secret misappropriation rather than a breach of contract.

---

[2] *See also Jarosch v. American Family Mut. Ins. Co.*, 837 F. Supp. 2d 980, 1019 (E.D. Wisc. 2011) (where conducting giving rise to trade secret misappropriation and a breach of contract is the same, the defendant "has not met its burden of proof in establishing that the injury it sustained as a result of the plaintiffs' misappropriation of trade secrets is different from the injury it sustained as a result of the plaintiffs' breach of contract . . . for which it has already recovered"); *Computer Assocs. Intern., Inc. v. Altai, Inc.*, 982 F.2d 693, 720 (2nd Cir. 1992) (plaintiff only suffered one injury and thus "may not obtain a double recovery where the damages for copyright infringement and trade secret misappropriation are coextensive"); *Bowers v. Baystate Techs., Inc.*, 320 F.3d 1317 (Fed. Cir. 2003) (no double recovery allowed where "the breach of contract damages arose from the same copying and included the same lost sales that form the basis for the copyright damages").

The jury's award of a double recovery to KPM based on the injury it suffered from the Individual Defendants' misappropriation of trade secrets was a manifest error of law and this Court should exercise its broad authority under Rule 59(e) to amend the judgment against the Individual Defendants to ensure that KPM only recovers once for the same injury, thereby preventing a manifest injustice.

## CONCLUSION

WHEREFORE, the Individual Defendants respectfully request that the jury verdict be modified and that judgment be entered against each of the Individual Defendants as follows:

| | |
|---|---|
| Arnold Eilert | $2,500 |
| Robert Gajewski | $15,000 |
| Rachael Glenister | $10,000 |
| Irvin Lucas | $20,000 |

Respectfully submitted,

ARNOLD EILERT, ROBERT GAJEWSKI, RACHAEL GLENISTER, AND IRVIN LUCAS

_____
William L. Prickett (BBO #555341)
wprickett@seyfarth.com
Dawn Mertineit (BBO # 669988)
dmertineit@seyfarth.com
Dallin R. Wilson (BBO #676662)
drwilson@seyfarth.com
SEYFARTH SHAW LLP
Two Seaport Lane, Suite 1200
Boston, MA 02210-2028
Tel: (617) 946-4800

6

Dated: June 21, 2023

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the CM/ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on June 21, 2023.

_____
Dallin R. Wilson