UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| KPM ANALYTICS NORTH AMERICA CORPORATION, | ) ) ) ) |  |
| Plaintiff, | ) ) ) |  |
| v. | ) ) | Civil Action No.  21-cv-10572-TSH |
| BLUE SUN SCIENTIFIC, LLC, THE INNOVATIVE TECHNOLOGIES GROUP & CO., LTD., ARNOLD EILERT, MICHELLE GAJEWSKI, ROBERT GAJEWSKI, RACHAEL GLENISTER, GREGORY ISRAELSON, IRVIN LUCAS and PHILIP OSSOWSKI, | ) ) ) ) ) ) ) ) ) ) |  |
| Defendants. | ) ) |  |

**OPPOSITION OF DEFENDANTS BLUE SUN SCIENTIFIC, LLC, IRVIN LUCAS, ROBERT GAJEWSKI, ARNOLD EILERT AND RACHAEL GLENISTER TO PLAINTIFF KPM ANALYTICS NORTH AMERICA CORPORATION'S MOTION FOR FINDING OF WILLFUL AND MALICIOUS MISAPPROPRIATION OF PLAINTIFF'S TRADE SECRETS BY DEFENDANTS AND FOR EXEMPLARY DAMAGES**

Defendants Blue Sun Scientific, LLC ("Blue Sun"), Irvin Lucas, Robert Gajewski, Arnold Eilert, and Rachael Glenister (collectively with Messrs. Lucas, Gajewski, and Eilert, the "Individual Defendants") submit this Opposition to the Motion for Finding of Willful and Malicious Misappropriation of Plaintiff's Trade Secrets by Defendants and for Exemplary Damages (the "Motion") of Plaintiff KPM Analytics North America Corporation's ("KPM").

## BACKGROUND

While the jury in this matter accepted KPM's arguments at trial that Blue Sun and the individual Defendants misappropriated KPM's trade secrets, this Court wisely removed from the

jury's consideration the question of whether this misappropriation was willful and malicious under both the under the Federal Defend Trade Secrets Act ("DTSA"), 18 U.S.C. § 1836, and the Massachusetts Uniform Trade Secrets Act ("MUTSA"), M.G.L. ch. 93 § 42.[1]  Plaintiff's evidence and arguments at trial with respect to all of its claims focused exclusively on the economic benefits of the misappropriation to Blue Sun and the Individual Defendants.  Plaintiff's damages expert calculated "unjust enrichment" damages based entirely on sales of NIR machines and services by Blue Sun, and KPM highlighted throughout the trial what it claimed was the dual employment status of some of the Individual Defendants during the period when Blue Sun was first formed.  Absent from the evidence at trial, however, was proof that these Defendants took the actions they were accused of taking with evil intent and for purposes of harming KPM.  None of the myriad exhibits that Plaintiffs introduced at trial demonstrated an evil or malicious intent on the part of these Defendants, and Plaintiff did not demonstrate such an intent through witness testimony or argument.  Having failed to introduce any evidence on this point, Plaintiff now wants to re-litigate the matter.  The Court should decline to change its prior, correct view that "***Pure greed or whatever is not the intent to bring about the likelihood of themselves with ill will, hatred, hostility or evil motive***" and deny Plaintiff's motion.

## ARGUMENT

1. The Court Should Not Find Willful and Malicious Conduct Under DTSA or MUTSA.

As discussed in KPM's Motion, DTSA and MUTSA do not define the phrase "willful and malicious" as it relates to the misappropriation of trade secrets.  *See* Motion, ECF No. 256 at 2–3.

---

[1] KPM also pursued federal and state misappropriation of trade secrets claims against Defendant The Innovative Technologies Group & Co., LTD. ("ITG"), but the jury determined that ITG did not misappropriate any of KPM's trade secrets.  *See* ECF No. 230 at Question 4.

"Willful" and "malicious" have been interpreted as they are used in establishing the standard for liability for enhanced damages in other circumstances. Massachusetts courts have established a high evidentiary standard to justify a finding of willful and malicious trade secret misappropriation. For example, with respect to the meaning of "willful," in *Labouef v. St. Laurent*, within the context of a Chapter 93A violation, the court stated that "'willful or knowing' requires defendant's conduct to be subjectively culpable" and that the plaintiff must prove "more than negligence, inattentiveness to detail or poor judgment." No. 051869, 2010 WL 3328012, at *2 (Mass. Super. 2010) (citation omitted). In addition, in *Incase Inc. v. Timex Corp.*, the First Circuit explained that willful or knowing behavior includes, "(a) coercion or extortion; (b) fraud and similar forms of misrepresentation; or (c) abusive litigation." (internal citations omitted).

Other courts which have considered the meaning of willful and malicious in the context of misappropriation of trade secret litigation have set similar high evidentiary burdens on plaintiffs seeking enhanced damages under similar trade secret statutes. For example, the District Court for New Hampshire observed that "willful" is usually interpreted "'to exclude an act committed under a mistaken belief of the operative facts,' i.e., '[a] willful act is a voluntary act committed with an intent to cause its results[,]'" and "malicious" requires "a showing of actual malice" and "[t]here must be ***ill will, hatred, hostility, or evil motive on the part of the defendant***." *Contour Design, Inc. v. Chance Mold Steel Co., Ltd.*, No. 09-cv-451-JL, 2011 WL 6300622, at *12 (D.N.H. Dec. 16, 2011) (citations omitted), *aff'd in part & rev'd in part*, 693 F.3d 102 (1st Cir. 2012). In *Contour Design,* the District Court for New Hampshire concluded that a finding of "willful and malicious misappropriation" under its state trade secrets law "requires a finding that the defendant engaged in the acts of misappropriation with the intent to bring about their likely results and with

3

*ill will, hatred, hostility, or evil motive*." *Id.* at *12, n.7 (citing to other jurisdictions that have generally interpreted their state trade secrets acts).

Here, after concluding its case-in-chief, KPM moved for a directed verdict on all counts, arguing that all of the defendants willfully and maliciously misappropriated protectable trade secrets of value that KPM reasonably safeguarded. The Court denied KPM's motion for directed verdict and further denied its request for a jury instruction on willful and malicious misappropriation of trade secrets:

> I have serious misgivings about this. We found no case law that supports its conclusion. This count, the willful and malicious appropriation, requires proof that the defendants acted willfully and maliciously and not just for the purpose of, not just for the purpose of looking at behavior saying, he was in two emails working for both companies. It's what their motive was. ***Pure greed or whatever is not the intent to bring about the likelihood of themselves with ill will, hatred, hostility or evil motive. I mean, greed may be evil but it's not an evil motive.***
>
> In this case, it believed it brought about very bad character actions, but I think when they're talking about willful and malicious, they're talking about things like trying to put a company out of business or fighting within a family and poisoning the well kind of thing. So I'm going to give you tonight to talk me out of that. I'm telling you I have very serious misgivings about how the jury, from the evidence that we heard, even in the best light by the plaintiff, they could find that the intent was evil.

*See* Trial Transcript of May 15 at 116–17 (emphasis added). The Court also declined to conclude that a mere reckless disregard or knowing disregard rose to the level of willful and malicious misappropriation:

> So if you think that there is some case law, which we have not been able to find, that supports the facts as I see them, they are not complementary. They are dastardly. They are stealing from your employer. A jury may think that they are very unsavory characters, but are they being, was the purpose of their action, was it pure greed or was it evil? . . . .

*Id.* at 117–18. Even after considering additional briefing from KPM, the Court did not change its decision:

4

> [I]n thinking about the -- the case as a whole, the -- it was fairly apparent that the plaintiff's theory is that if -- if ITG weren't the driver of it, then they certainly knew what was happening, and there was -- and it benefitted ITG in a significant way. The willful and malicious element under trade secrets is literally what is a -- what is the actor's motive; and in this case, the motive was money, additional money. In all of the cases that we've seen that -- and there're not a lot of cases out there, but all of the cases under ***that prong is looking at evil intent, and evil intent is not necessarily profit.*** It could be profit, but it generally is to harm someone's either reputation, their financial standing or the viability of the company in and of itself. And so that is a competitor who doesn't have as good a product and maybe -- maybe maligns it or destroys it or does something of that nature, but other – there's many other circumstances. ***That's not the facts that we have here.***
>
> So we're -- the -- certainly, you are free to argue multiple theories, but the evidence, the credible evidence has to at least support the inclusion of the instruction, and there's no – there's no evidence – there's lots of evidence, if you -- if the jury believes it of motive to have profit. There's no evidence that I've heard of motive to harm for the -- as the malicious intent is -- covers. That kind of behavior is not here.
>
> . . . .
>
> . . . [T]here was all kinds of behavior that wasn't complimentary, if the jury believes it, ***but it doesn't rise to the level of evil, because its motive didn't appear to be for evil***. It appeared to be -- it wasn't really malicious. It was -- it was selfish.
>
> . . . .
>
> The willful and malicious subsection of the trade secrets -- of the trade theft is very specific, and it requires some evidence of -- of behavior on the part of defendants that has a core purpose that is not about monetary accumulation. It's about a base motive of harming. It is -- the reason they use the word "evil," which is really strange in the civil law to see the word "evil" is because it is about a motive that is supposed to be absent from the world of business, competition, you know, stealing secrets to make your own wealth better is not about stealing secrets so that you can destroy the other – it's the destruction. It's the intent to harm, if they could. So it's a physical harm by loss of economic power. That's not what we have here.

*See* Trial Transcript of May 16 at 10-5 to 10-6 (emphasis added). In short, the Court determined there was no credible basis for the jury to consider whether any misappropriation of trade secrets was committed willfully and maliciously. *Id.* at 10-7.

5

As this Court already determined and explained on the record, there is no evidence of any ill will, hatred, hostility, or evil motive that would warrant a finding that willful and malicious misappropriation has occurred. *Cf. Contour Design, Inc.*, 2011 WL 6300622, at * 13 (referencing testimony regarding a "sour feeling" and feeling "betrayed" to support that the defendant acted with "ill will, hatred, hostility, or evil motive towards the plaintiff and considering a disrespectful attitude toward a preliminary injunction). None of the acts by any of the Defendants, including those specifically raised in KPM's Motion, rise to the level of willful and malicious because there is no evidence that the defendants acted with any intention other than increasing revenue and profits. Motion at 5–7. As previously discussed by this Court, while the actions by Blue Sun and the Individual Defendants may have been ill-advised or motivated by financial gain, KPM has offered no evidence that the use of misappropriated trade secrets by Blue Sun or the Individual Defendants, as found by the jury, was fueled by any towards KPM.

In its Motion, KPM primarily relies upon *Astro-Med, Inc. v. Plant*, No. 06-533 ML, 2008 WL 2883769 (D.R.I. July 25, 2008), *amended in part*, 2010 WL 537101 (D.R.I. Feb. 12, 2010), and *ResMan, LLC v. Karya Property Management, LLC*, No. 4:19-cv-00402, 2021 WL 3403935 (E.D. Tex. Aug. 4, 2021), to support its argument that these Defendant's actions in this case amount to willful and malicious, but these cases do not support KPM's position. In *Astro-Med, Inc.*, the Court found substantial evidence to support the jury's finding that the misappropriation was willful and malicious, including that the defendants knew about the noncompete and nondisclosure agreement at the time the plaintiff was hired by Astro-Med, Inc., failed to comply with an injunction order prohibiting any defendant from soliciting the plaintiff's customers, and marketed himself to a new employer on the basis of his relationship with a customer of the plaintiff. 2008 WL 2883769, at *3. From these facts, the Court determined the defendants "consciously

6

disregarded Plaintiff's rights." *Id.* The facts in *Astro-Med, Inc.* do not correspond to evidence in this case. First, and most importantly, there is no evidence that any defendant violated an injunction order from this Court. In fact, the majority of Blue Sun's profit margin was tied to replacing another NIR instruments manufactured by Foss, providing customized customer solutions, and serving as the sole source for an autosampler. *See* Trial Transcript of May 4, 2023 at 2-99, 2-108. Furthermore, as explained in the contemporaneously filed Opposition to Plaintiff KPM's Motion for Entry of Judgment in Favor of Plaintiff on Its Chapter 93A Count and for Prejudgment Interest on All Counts, after this Court entered its preliminary injunction, the defendants complied with the order. Therefore, the facts supporting a willful and malicious misappropriation finding are absent from this case.

With respect to the *ResMan, LLC* case, in addition to the evidence cited by KPM in its Motion, *see* Motion at 4–5, the Court also considered that one of the defendants sent a text message to an individual stating that he "will destroy [the individual] and ResMan!!" 2021 WL 3403935, at *14. This text, when considered with the various explanations from the defendants for why they misappropriated the trade secret and "what they *actually* intended while doing such misappropriation," is important in the full context of the case and was part of the Court's determination that the jury could reasonably determine there was willful and malicious misappropriation, which showed an entitlement to exemplary damages. *Id.* In contrast, KPM offered no evidence of any ill will, hatred, hostility, or evil motive, such as destroying KPM or any of its associates. Moreover, there is no evidence that any UCal source code was use with KPM's SpectraStar machine was ever accessed, taken, or provided to Blue Sun or ITG. *Id.* at 2-112. On the contrary, the Blue Sun Phoenix instrument and Alligator software were both available prior to

7

the incorporation of Blue Sun.  *See* Trial Transcript of May 9, 20 at 23–25, 95–96, 101–02; Trial Transcript of May 12, 2023 at 8-63, 8-101.

Therefore, this Court should not find the misappropriation of trade secrets willful and malicious and should not award exemplary damages in this case.

> 2. Because the Court Should Not Find Willful and Malicious Conduct Under DTSA or MUTSA, KPM May Not Receive Exemplary Damages, Attorneys' Fees, or Costs.[2]

The DTSA and MUTSA each permit the recovery of exemplary damages up to two times the actual damages where a trade secret is willfully and maliciously misappropriated.  *See* DTSA, 18 U.S.C. § 1836(b)(3)(C) ("if the trade secret is willfully and maliciously misappropriated, award exemplary damages in an amount not more than 2 times the amount of the damages awarded under subparagraph (B)"); MUTSA, G.L. ch. 93, § 42B(b) ("If willful and malicious misappropriation exists, the court may award exemplary damages in an amount not exceeding twice any award made under subsection (a).").  Moreover, under Section 1836(b)(5)(D) of the DTSA and Section 42C of MUTSA, attorneys' fees may be paid to the prevailing party where, among other things, the misappropriation of trade secrets was willful and malicious.  In considering an award of attorneys' fees, the court may consider the plaintiff's specification of trade secrets and the proof that such alleged trade secrets were misappropriated.  *See* MUTSA, G.L. ch. 93, § 42C.

As discussed *supra*, because this Court should not find any willful nor malicious misappropriation of KPM's trade secrets by Blue Sun or the Individual Defendants, it should not award any exemplary damages, attorneys' fees, or costs to KPM.

---

[2] *See also* the contemporaneously filed Opposition to Plaintiff's Motion for Attorneys' Fees and Costs.

In the alternative, assuming *arguendo* that this Court determines Blue Sun, the Individual Defendants, or both willfully and maliciously misappropriated KPM's trade secrets, this Court should exercise its discretion to deny KPM's request for attorneys' fees. The lack of supporting materials can be fatal to a request for attorneys' fees. *See Grendel's Den, Inc. v. Larkin*, 749 F.2d 945, 952 (1st Cir. 1984) (holding that "the absence of detailed contemporaneous time records, except in extraordinary circumstances, will call for a substantial reduction in any award or, in egregious cases, disallowance"). As discussed in the contemporaneously filed Opposition to Plaintiff's Motion for Attorneys' Fees and Costs, KPM has failed to offer sufficient detail to determine the reasonableness of its requested attorneys' fees. *Cf. Astro-Med, Inc. v. Plant*, No. 06-533 ML, 2010 WL 537101, at *4 (D.R.I. Feb. 12, 2010) (determining that invoices for attorneys' fees were not necessary where the prevailing party provided itemized billing records that made it "clear what services were provided and when"). KPM's heavily redacted time sheets provide sparse details necessary for a meaningful assessment of what, if any, attorneys' fees award is reasonable. For these reasons and the reasons stated in the Opposition to Plaintiff's Motion for Attorneys' Fees and Costs, even assuming *arguendo* that Blue Sun's and the Individual Defendants' misappropriation was willful and malicious, KPM still would not be entitled to an award of its attorneys' fees and costs.

## CONCLUSION

WHEREFORE, Defendants Blue Sun Scientific, LLC, Irvin Lucas, Robert Gajewski, Arnold Eilert, and Rachael Glenister respectfully request that the Court deny Plaintiff KPM Analytics North America Corporation's Motion for Finding of Willful and Malicious Misappropriation of Plaintiff's Trade Secrets by Defendants and for Exemplary Damages and Request for Hearing.

Dated: July 12, 2023	*/s/ Maria T. Davis*

Christopher R. O'Hara (BBO# 548611)
cohara@toddweld.com
Maria T. Davis (BBO# 6754477)
mdavis@toddweld.com
Todd & Weld, LLP
One Federal Street
Boston, MA 02110

*/s/ George F. Ritchie*
George F. Ritchie*, Fed Bar #22408
gritchie@gfrlaw.com
Royal Craig*, Fed. Bar #24546
rcraig@gfrlaw.com
Lauren E. Lake*, Fed. Bar #20488
llake@gfrlaw.com
GORDON FEINBLATT LLC
1001 Fleet Street, Suite 700
Baltimore, MD 21202
Tel/Fax: (410) 576-4131
*\* pro hac vice*

*Attorneys for Defendants Blue Sun Scientific, LLC and The Innovative Technologies Group & Co., LTD*

10

_____
William L. Prickett (BBO #555341)
wprickett@seyfarth.com
Dawn Mertineit (BBO # 669988)
dmertineit@seyfarth.com
Dallin R. Wilson (BBO #676662)
drwilson@seyfarth.com
Seyfarth Shaw LLP
Two Seaport Lane, Suite 1200
Boston, MA 02210-2028
Tel: (617) 946-4800
Fax: (617) 946-4801
*Attorneys for Individual Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that, on July 12, 2023, this document was filed through the CM/ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing. Paper copies will be sent to those indicated as non-registered participants.

　　　　　　　　　　　　　　　　　　　　*/s/ George F. Ritchie*
　　　　　　　　　　　　　　　　　　　　George F. Ritchie

11

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| KPM ANALYTICS NORTH AMERICA CORPORATION,<br><br>                Plaintiff,<br><br>v.<br><br>BLUE SUN SCIENTIFIC, LLC; THE INNOVATIVE TECHNOLOGIES GROUP & CO., LTD; ARNOLD EILERT; MICHELLE GAJEWSKI; ROBERT GAJEWSKI; RACHAEL GLENISTER; GREGORY ISRAELSON; IRVIN LUCAS; and PHILIP OSSOWSKI,<br><br>                Defendants. | Civil Action No. 4:21-cv-10572-MRG |

## **ORDER**

WHEREFORE, this Court, having read and considered Plaintiff KPM Analytics North America Corporation's Motion for Finding of Willful and Malicious Misappropriation of Plaintiff's Trade Secrets by Defendants and for Exemplary Damages (the "Motion"), Defendants Blue Sun Scientific, LLC, Irvin Lucas, Robert Gajewski, Arnold Eilert, and Rachael Glenister's opposition thereto, and any other response, it is hereby

ORDERED, that the Motion is DENIED.

Dated:_____                                  _____
                                                                                            Hon. Margaret R. Guzman