UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| KPM ANALYTICS NORTH AMERICA CORPORATION, | ) ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action No.  21-cv-10572-TSH |
| BLUE SUN SCIENTIFIC, LLC, THE INNOVATIVE TECHNOLOGIES GROUP & CO., LTD., ARNOLD EILERT, MICHELLE GAJEWSKI, ROBERT GAJEWSKI, RACHAEL GLENISTER, GREGORY ISRAELSON, IRVIN LUCAS and PHILIP OSSOWSKI, | ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

**DEFENDANT THE INNOVATIVE TECHNOLOGIES GROUP & CO., LTD'S OPPOSITION TO PLAINTIFF KPM ANALYTICS NORTH AMERICA CORPORATION'S MOTION FOR A PERMANENT INJUNCTION**

Defendant The Innovative Technologies Group & Co., LTD ("ITG") submits this Opposition to Plaintiff KPM Analytics North America Corporation's ("KPM") Motion for a Permanent Injunction (the "Motion").

**BACKGROUND**

Among other counts, KPM pursued claims against ITG, Defendants Blue Sun Scientific, LLC ("Blue Sun"), Irvin Lucas, Robert Gajewski, Arnold Eilert, and Rachael Glenister (collectively with Messrs. Lucas, Gajewski, and Eilert, the "Individual Defendants") for federal and state law trade secret misappropriation, and against ITG and Blue Sun for tortious interference with contractual relations and unfair and deceptive trade practices under Chapter 93A.  After

considering all of the evidence, the jury determined that ITG did not misappropriate any of KPM's trade secrets and only found ITG liable on the tortious interference with contractual relations and unfair and deceptive trade practices counts under Chapter 93A. *See generally* ECF No. 230. The jury further awarded monetary damages to plaintiff against ITG for $1.8 million under the tortious interference with contractual relations count. *Id.* As ITG was not found to have misappropriated any of KPM's trade secrets and KPM has received an award for monetary damages sufficient to make it whole, KPM is not entitled to any injunctive relief against ITG. As set forth below and in the contemporaneously filed opposition to the Motion filed on behalf of Blue Sun and the Individual Defendants, this Court should deny KPM's Motion.

## ARGUMENT

While KPM is not entitled to a permanent injunction against any of the Defendants (*see* the contemporaneously filed Opposition filed to Plaintiff KPM's Motion for a Permanent Injunction[1]) in the alternative, assuming *arguendo* that KPM were entitled to some permanent injunction, it is not entitled to a permanent injunction with respect to ITG. In this case, the jury only found ITG liable for tortious interference with contract and unfair and deceptive trade practices under Chapter 93A. *See generally* ECF No. 230. The jury specifically found that ITG, unlike the other Defendants, did not misappropriate any of KPM's trade secrets. *Id.* at Question 4.

An injunction is a remedy for a tortious interference with contract under only certain circumstances where monetary damages will not adequately address the harm suffered by the plaintiff as a result of the defendant's wrongdoing. *Beekman v. Marsters*, 195 Mass. 205, 215

---

[1] ITG hereby incorporates and adopts the arguments contained in the Opposition to Motion for Permanent Injunction contemporaneously filed by Blue Sun and the Individual Defendants.

(1907) (stating that where the plaintiff proves that the defendant unlawfully interfered or threatened to interfere with the plaintiff's rights under contract and that damages will not afford an adequate remedy, equity will issue an injunction); *see also Comerford v. Meier*, 302 Mass. 398, 404–05 (1939).  Moreover, injunctive relief is available for an unfair and deceptive trade practices claim under Chapter 93A where the court deems such equitable relief only when to be necessary and proper or where the plaintiff has not suffered any loss of money or property.  *See* M.G.L.A. c. 93A, § 11; *see also Warner-Lambert Co. v. Execuquest Corp.*, 691 N.E.2d 545, 548–50 (Mass. 1998).  To the extent it is discernible, KPM's theory with respect to its tortious interference claim, was that ITG had interfered with the KPM employment contracts with the individual Defendants, presumably because Blue Sun hired these individuals, and based on the corporate relationship between Blue Sun and ITG.  KPM did not argue, and could not have argued, that Blue Sun can no longer employ these individuals because the non-compete provisions in the employment contracts had either expired by the time of trial, or had ben invalidated by this Court.  Thus, the mere existence of an employment relationship between the individuals and Blue Sun cannot serve as a basis for a permanent injunction against ITG.

In its Motion, KPM focuses on the needs to protect its trade secrets as grounds for its requested permanent injunction.  *See generally* Motion.  The jury, however, rejected KPM's claim that ITG misappropriated KPM trade secrets, and this is not surprising.  The evidence at trial overwhelmingly demonstrated that ITG was the original manufacturer of the Spectrastar machine, utilized its own technology in developing the Phoenix NIR analyzer, and did not receive (or need) KPM's trade secrets to successfully manufacture and sell the Phoenix analyzer.  It was also undisputed at trial that ITG sold the Spectrastar machine (long prior to KPM's involvement in the NIR industry) to many of the same customers KPM now claims are confidential.  *See generally*

3

Trial Testimony Day 8, 82-103. It would serve no purpose to bar ITG from manufacturing and selling its Phoenix machine to customers who want to purchase them since there was no evidence to suggest that such future sales would be predicted on KPM trade secrets, and the jury flatly rejected KPM's claims to the contrary.

KPM's Chapter 93A claim also cannot serve as a predicate for a future injunction. KPM has received a monetary award that nearly matches the damages it requested. Motion at 2. Accordingly, KPM has been made whole through monetary damages and is not entitled to any further equitable relief to address any harm not afforded by monetary damages, including a permanent injunction against ITG. In addition, KPM has offered no evidence that it will suffer "future actual loss," as has been required for a permanent injunction under Chapter 93A. *See Star Fin. Servs., Inc. v. AASTAR Mortg. Corp.*, 89 F.3d 5, 15 (1st Cir. 1996). Therefore, this Court should not enter any permanent injunction against ITG.

## CONCLUSION

WHEREFORE, Defendant The Innovative Technologies Group & Co., LTD respectfully requests that the Court deny Plaintiff KPM Analytics North America Corporation's Motion for Entry of a Permanent Injunction.

[SIGNATURES ON NEXT PAGE]

4

Dated:  July 12, 2023

*/s/ Maria T. Davis*
Christopher R. O'Hara (BBO# 548611)
cohara@toddweld.com
Maria T. Davis (BBO# 6754477)
mdavis@toddweld.com
Todd & Weld, LLP
One Federal Street
Boston, MA 02110

*/s/ George F. Ritchie*
George F. Ritchie*, Fed Bar #22408
gritchie@gfrlaw.com
Royal Craig*, Fed. Bar #24546
rcraig@gfrlaw.com
Lauren E. Lake*, Fed. Bar #20488
llake@gfrlaw.com
GORDON FEINBLATT LLC
1001 Fleet Street, Suite 700
Baltimore, MD 21202
Tel/Fax: (410) 576-4131
* *pro hac vice*

*Attorneys for Defendants Blue Sun Scientific, LLC and The Innovative Technologies Group & Co., LTD*

## CERTIFICATE OF SERVICE

I hereby certify that, on July 12, 2023, this document was filed through the CM/ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.  Paper copies will be sent to those indicated as non-registered participants.

 */s/ George F. Ritchie*
George F. Ritchie

5

10222428.1 58144/146507 7/12/23