UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KPM ANALYTICS NORTH AMERICA CORPORATION, )<br><br>Plaintiff, )<br><br>v. )<br><br>BLUE SUN SCIENTIFIC, LLC, THE INNOVATIVE TECHNOLOGIES GROUP & CO., LTD., ARNOLD EILERT, MICHELLE GAJEWSKI, ROBERT GAJEWSKI, RACHAEL GLENISTER, GREGORY ISRAELSON, IRVIN LUCAS and PHILIP OSSOWSKI, )<br><br>Defendants. ) | Civil Action No.  21-cv-10572-TSH |

**DEFENDANTS THE INNOVATIVE TECHNOLOGIES GROUP & CO., LTD. AND BLUE SUN SCIENTIFIC, LLC'S OPPOSITION TO PLAINTIFF KPM ANALYTICS NORTH AMERICA CORPORATION'S MOTION FOR ATTORNEYS' FEES AND COSTS**

Defendants The Innovative Technologies Group & Co., LTD. ("ITG") and Blue Sun Scientific, LLC ("Blue Sun," and collectively with ITG, the "Entity Defendants"), submit this Opposition to Plaintiff KPM Analytics North America Corporation's ("KPM") Motion for Attorneys' Fees and Costs (the "Motion").[1]

---

[1] The Entity Defendants hereby incorporate and adopt the arguments contained in the contemporaneously filed opposition to Opposition to Motion for Attorneys' Fees filed by the Individual Defendants, as well as Entity Defendants' Opposition to Plaintiff's Motion for Entry of Judgment in Favor of Plaintiff on its Chapter 93A Count and for Prejudgment Interest on All Counts, and Defendants' Opposition to KPM's Motion for Finding of Willful and Malicious Misappropriation of Plaintiff's Trade Secrets by Defendants and for Exemplary Damages.

## BACKGROUND

Having prevailed at trial and recovered more than the amount of damages calculated by its expert, in its Motion, KPM now seeks to recover its attorneys' fees and costs incurred through May 31, 2023 in the amounts of $3,612,967 and $314,167, respectively, which breaks down into roughly $150,000 per month since KPM filed its Complaint on April 5, 2021.  Motion at 1.  Despite its conclusory statement that its fees and costs are reasonable, KPM offers heavily redacted billing entries to support its Motion, which offer no meaningful opportunity for this Court to evaluate and assess KPM's request.    Accordingly, as set forth below and in the opposition filed contemporaneously by Irvin Lucas, Robert Gajewski, Arnold Eilert, and Rachael Glenister (collectively with Messrs. Lucas, Gajewski, and Eilert, the "Individual Defendants"), this Court should deny KPM's Motion.

## ARGUMENT

1.      Because The Court Cannot Determine Whether The Requested Fees And Costs Are Reasonable, It Should Not Award Any Attorneys' Fees Or Costs To KPM.

*Specialized Technology Resources, Inc. v. JPS Elastomerics Corp.*, an unreported case relied upon by KPM in its Motion, provides the framework for awarding reasonable attorneys' fees to a prevailing party:

> "The amount of reasonable attorneys fees, awarded on the basis of statutory authority ... is largely discretionary with the judge, who is in the best position to determine how much time was reasonably spent on a case, and the fair value of the attorney's services." *Fontaine v. Ebtec Corp.,* 415 Mass. 309, 324 (1993). Reasonable legal fees are ordinarily determined by the lodestar method of computation, which requires multiplying the total number of hours reasonably spent preparing and litigating a case by the fair market rate. *Id.* at 326.  See also *Grendel's Den, Inc. v. Larkin,* 749 F.2d 945, 950 (1st Cir.1984).    In determining reasonableness of the fees, the court considers several factors.  Those factors include: the difficulty of the legal and factual issues, the nature of the case and the issues presented, the time and labor required, the amount of damages involved, the results obtained, the experience, reputation and ability of the

attorneys, the usual price charge for similar services by other attorneys in the same area, and the amount of awards in similar cases. *Linthicum v. Archambault,* 379 Mass. 809, 381, 388–89 (1979); see also *Heller v. Silverbranch Construction Corp.,* 376 Mass. 621, 629 (1978). The burden of proving the reasonableness of the attorneys fees incurred rests with the party seeking payment of those fees. See *Snow v. Mikenas,* 373 Mass. 809, 812 (1977) (party claiming attorneys fees bears "both the burden of going forward with evidence and the burden of persuasion on the issue of the reasonableness of attorneys fees"). The reasonableness of the fee is a question left to the sound discretion of the judge, who is in the best position to determine how much time was reasonably spent on the case and the fair market value of the attorney's services. *Berman v. Linnane,* 434 Mass. 301, 303 (2001).

No. HSCV200700200, 2011 WL 1366584, at *9–10 (Mass. Super. Ct. Feb. 8, 2011), *aff'd*, 957 N.E.2d 1116 (Mass. App. Ct. 2011). The lack of supporting materials can be fatal to a request for attorneys' fees. *See Grendel's Den, Inc.*, 749 F.2d at 952 (holding that "the absence of detailed contemporaneous time records, except in extraordinary circumstances, will call for a substantial reduction in any award or, in egregious cases, disallowance").

In its Motion, KPM discusses two cases where this Court awarded attorneys' fees and costs in litigation involving Chapter 93A claims. Motion at 18–19. Neither of these cases, however, support an award for KPM in this case. First, in *Specialized Technology Resources*, the Court considered the "comprehensive and detailed billing records which [we]re accompanied by accurate summaries of the underlying data." 2011 WL 1366584, at *10. In addition, from these records, the Court could determine that the team of attorneys from three different law firms did not triple-team the matter and "shouldered discrete responsibilities." *Id.* Second, in *Benchmark Technologies, Inc. v. Tu*, the Court determined that the invoices submitted by the prevailing party were sufficient, but applied "an across-the-board 50 percent reduction to the award of fees and costs, which the Court view[ed] as fairly approximating a reduction for time and costs wholly unrelated to the 93A claim," where the submitted records used "block billing" such that, while the Court could ascertain the tasks performed by plaintiff's counsel, it could not ascertain the amount

of time spent on or fees charged for specific tasks.  No. 22-10227-LTS, 2023 WL 3727913, at *2–3 (D. Mass. May 20, 2023).

Unlike in the cited cases, in this case, KPM failed to provide the threshold requisite information for this Court to determine the reasonableness of KPM's requested attorneys' fees and costs.  Specifically, as discussed in the Opposition to Plaintiff's Motion for Attorneys' Fees and Costs contemporaneously filed by the Individual Defendants, KPM has failed to offer sufficient detail to determine the reasonableness of its requested attorneys' fees, including what discrete, non-duplicative work each of the attorneys handled for this case. *Cf. Astro-Med, Inc. v. Plant*, No. 06-533 ML, 2010 WL 537101, at *4 (D.R.I. Feb. 12, 2010) (determining that invoices for attorneys' fees were not necessary where the prevailing party provided itemized billing records that made it "clear what services were provided and when").  For example, Mr. Gutowski's billing narrative for September 9, 2021 merely states that he spent 5.6 hours on "EMAILS RE: [REDACTED]; ATTENTION T [REDACTED]" and on September 10, 2021, Mr. Gutowski's billing narrative states, "[REDACTED] ATTENTION TO [REDACTED] DRAFTING [REDACTED]." *See* ECF No. 260-2 at 12.  These and the other heavily redacted billing records submitted by Plaintiff's attorneys provide sparse details necessary for a meaningful assessment of what, if any, attorneys' fees award is reasonable.  Even at their high blended rate of $500 per hour, KPM's attorneys would have had to work over 300 hours per month to bill $150,000 in attorneys' fees during that same period, *e.g.*, 15 hours per workday, yet it is not possible for this Court to determine what KPM's attorneys were reasonably doing during those average 15 hours per workday based on the provided records.  In addition, looking at the billing entries, it is not even possible to confirm whether Plaintiff's counsel uses block billing, like in *Benchmark Technologies, Inc.*, a case in which this Court reduced requested attorneys' fees by fifty percent (50%) because

the use of block billing with otherwise sufficient detail to determine the reasonable work done by the prevailing party's attorneys did not allow the court to determine how much time was spent pursuing the Chapter 93A claim versus any of the plaintiff's other claims.  The time entries do not even provide sufficient information to determine whether the tasks completed by KPM's counsel related to one or more of its counts.  Moreover, despite a lengthy summary of the procedural history of this case, KPM provides no guidance on the amount of time KPM's attorneys spent nor the amount of attorneys' fees associated with each stage of the litigation, which might have provided some information for assessing the reasonableness of KPM's attorneys' fees.  Motion at 6–14.  In the absence of adequate records with sufficient details regarding KPM's attorneys' work on this litigation, this Court cannot evaluate the reasonableness of any requested attorneys' fees.  For these reasons and the reasons stated in the defendants' contemporaneously filed oppositions, KPM has not shown that its requested attorneys' fees and costs are reasonable and, thus, KPM is not entitled to such an award.

2. KPM Should Not Recover Fees and Costs Against ITG for Trade Secret Misappropriation Claims.

As is set forth more fully in the Opposition filed by the Individual Defendants, KPM should not be allowed to recover fees and costs spent towards claims that were unsuccessful at trial.  The jury in this case determined that ITG did not misappropriate KPM trade secrets, yet KPM fails to differentiate time spent on its trade secrets claims against ITG versus other claims in the case. It is beyond dispute that the trade secret claims predominated the briefing, discovery and trial work in this case, and formed the basis of the preliminary injunction this Court entered.  KPM's failure to distinguish time spent on these claims against ITG, versus other time is fatal to its request for fees and costs against ITG.  KPM bears the burden of demonstrating its fees and cost are reasonable, and without such information, neither ITG nor this Court can make a determination of what could

5

be reasonable under the circumstances.  This Court should accordingly deny KPM's request for fees and costs against ITG in its entirety.

## CONCLUSION

WHEREFORE, Defendants a The Innovative Technologies Group & Co., LTD. and Blue Sun Scientific, LLC respectfully request that the Court deny Plaintiff KPM Analytics North America Corporation's Motion for Attorneys' Fees and Costs.

Dated:  July 12, 2023

*/s/ Maria T. Davis*
Christopher R. O'Hara (BBO# 548611)
cohara@toddweld.com
Maria T. Davis (BBO# 6754477)
mdavis@toddweld.com
Todd & Weld, LLP
One Federal Street
Boston, MA 02110

*/s/ George F. Ritchie*
George F. Ritchie*, Fed Bar #22408
gritchie@gfrlaw.com
Royal Craig*, Fed. Bar #24546
rcraig@gfrlaw.com
Lauren E. Lake*, Fed. Bar #20488
llake@gfrlaw.com
GORDON FEINBLATT LLC
1001 Fleet Street, Suite 700
Baltimore, MD 21202
Tel/Fax: (410) 576-4131
*\* pro hac vice*

*Attorneys for Defendants Blue Sun Scientific, LLC and The Innovative Technologies Group & Co., LTD*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that, on July 12, 2023, this document was filed through the CM/ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.  Paper copies will be sent to those indicated as non-registered participants.


*/s/ George F. Ritchie*
George F. Ritchie

7