UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KPM ANALYTICS NORTH AMERICA CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>BLUE SUN SCIENTIFIC, LLC, THE INNOVATIVE TECHNOLOGIES GROUP & CO., LTD., ARNOLD EILERT, MICHELLE GAJEWSKI, ROBERT GAJEWSKI, RACHAEL GLENISTER, GREGORY ISRAELSON, IRVIN LUCAS and PHILIP OSSOWSKI,<br><br>Defendants. | Civil Action No.  21-cv-10572-TSH |

**REPLY IN RESPONSE TO OPPOSITION TO MOTION TO ALTER OR AMEND JUDGMENT OR, IN THE ALTERNATIVE, FOR REMITTITUR OF DEFENDANTS BLUE SUN SCIENTIFIC, LLC AND THE INNOVATIVE TECHNOLOGIES GROUP & CO., LTD AND REQUEST FOR HEARING**

Defendants Blue Sun Scientific, LLC ("Blue Sun") and The Innovative Technologies Group & Co., LTD ("ITG") submit this Reply to Plaintiff's Opposition to Motion to Alter or Amend Judgment, or, in the alternative for Remittitur, pursuant to F.R.C.P. 59(e) and Request for Hearing.

**ARGUMENT**

1.  KPM Concedes It is Not Entitled to a Double Recovery Against Blue Sun.

Strewn amongst the thicket of legal boilerplate and conjecture contained in KPM's Opposition is KPM's concession that the trial evidence in this case matters, and that it is not entitled to duplicate awards of $1.5 from Blue Sun on both the trade secrets counts and tortious interference

with contract counts: "KPM does not seek any double recovery or double counting . . . notwithstanding the resolution of any double counting as to the total damages for those claims." Opp. at 2. Consistent with the evidence presented at trial, KPM correctly requests that damages should entered against Blue Sun in the amount of $1.5 million only. *Id.* Since there is no dispute on this point remaining, the Court should only enter judgment against Blue Sun for one $1.5 million award, which is consistent with the evidence in this case.

    2. **KPM's Contortions to Justify the Jury's Award with Respect to ITG Do Not Withstand Scrutiny.**

    Having conceded that the evidence at trial is what should govern the judgment in this case, KPM nevertheless engages in a series of wild contortions to justify the jury's award of approximately $700,000 in damages more than the figure Plaintiff's expert advanced at trial. There is simply no rational basis for the jury's award in this regard - no witness endorsed such a windfall, and the excess award runs completely counter to Plaintiff's damage theory. It is important to remember that KPM sought every dollar and cent of any NIR analyzer sale made by ITG after the creation of Blue Sun, even where the sales records unequivocally showed that some of the sales were to customers who did not have a KPM machine, and to customers to whom ITG had made sales long before Blue Sun existed. And the jury did as KPM asked. The approximate $1.1 million figure KPM asked the jury to award against ITG represented every dollar the jury could have possibly determined was the result of any tortious interference of contract by ITG. The jury's excess award was either irrational, or impermissibly designed to punish ITG even though KPM did not seek punitive damages at trial. Neither reason can withstand post-judgment scrutiny.

    The court should reject KPM's baseless money grab and remit the verdict as set forth in the Entity Defendants' motion.

3.  KPM abandoned its Veil Piercing Theory and Any Award Under that Theory Would Result in Double Counting.

Nowhere is the disingenuousness of KPM's arguments more apparent than in its attempt to shoehorn the jury's excess verdict against ITG into a alter-ego/veil piercing theory.  Although KPM opposed ITG's various motions with respect to this issue, it plainly abandoned the issue when it failed to request a jury finding on the verdict sheet on this theory.  As a result, there is no jury finding with respect to veil piercing, and the jury's excess award cannot be attributed to such a claim.[1]

In any event, to the extent the excess verdict against ITG represents some misguided notion of veil -piercing, it must be disregarded by the Court.  As demonstrated previously, the entirety of Plaintiff's damages case against Blue Sun was $1.5 million.  Any award of damages above that number, even if shifted onto ITG, represents an overlapping recovery for KPM and must be reduced when this Court enters judgment in this matter.

---

[1] Although unnecessary given KPM's failure to request that the jury return a finding as to veil-piercing, to the extent the Court is interested in ITG's discussions of the veil-piercing issue, ITG directs the Court to Dkts. 144, 145, 186.

10257144.1 58144/146507  7/26/23

Dated:  July 26, 2023

/s/ Maria T. Davis
Christopher R. O'Hara (BBO# 548611)
cohara@toddweld.com
Maria T. Davis (BBO# 6754477)
mdavis@toddweld.com
Todd & Weld, LLP
One Federal Street
Boston, MA 02110

/s/ Lauren E. Lake
George F. Ritchie*, Fed Bar #22408
gritchie@gfrlaw.com
Royal Craig*, Fed. Bar #24546
rcraig@gfrlaw.com
Lauren E. Lake*, Fed. Bar #20488
llake@gfrlaw.com
GORDON FEINBLATT LLC
1001 Fleet Street, Suite 700
Baltimore, MD 21202
Tel/Fax: (410) 576-4131
*pro hac vice

Attorneys for Defendants Blue Sun Scientific, LLC
and The Innovative Technologies Group & Co.,
LTD

- 4 -

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true copy of this document was served upon counsel of record by email on July 26, 2023.

<i>/s/ George F. Ritchie</i>
George F. Ritchie

10257144.1 58144/146507  7/26/23