## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

KPM ANALYTICS NORTH AMERICA
CORPORATION,

        *Plaintiff.*

    V.

BLUE SUN SCIENTIFIC, LLC, THE
INNOVATIVE TECHNOLOGIES GROUP &
CO., LTD., ARNOLD EILERT, MICHELLE
GAJEWSKI, ROBERT GAJEWSKI,
RACHAEL GLENISTER, GREGORY
ISRAELSON, IRVIN LUCAS, AND PHILIP
OSSOWSKI,

        *Defendants.*

Civil Action No. 21-10572-MRG

## PLAINTIFF'S REPLY IN SUPPORT OF ITS
## MOTION FOR ATTORNEYS' FEES AND COSTS

Plaintiff, KPM Analytics North America Corporation ("KPM"), by and through its counsel,

hereby submits this Reply in support of and to supplement its Motion For Attorneys' Fees And

Costs against each of the Entity Defendants, Blue Sun Scientific LLC ("Blue Sun") and The

Innovative Technologies Group & Co., Ltd. ("ITG"), and against each of the Individual

Defendants, Arnold Eilert, Robert Gajewski, Rachael Glenister, and Irvin Lucas.

### I.    INTRODUCTION

KPM is automatically entitled to its reasonable attorneys' fees and costs as a matter of right

for prevailing on its Chapter 93A and breach of contract claims against the defendants.[1]  The Court

does not have discretion to deny the request for attorney's fees and costs in its entirety based on

---

[1] In addition, under the Defend Trade Secrets Act and the Massachusetts Uniform Trade Secrets Act, the Court may award "reasonable attorney's fees and costs." M. G. L. c. 93 §42B and 18 U.S.C. §1836(b)(3)(C).

M. G. L. c. 93A and the express agreements of the Individual Defendants'in their employment contracts with KPM.  While the Court may, in exercising its discretion, determine the particular amounts it finds reasonable – for a litigation lasting over two years, a multi-week trial involving numerous trade secrets, six defendants, and complex legal issues – this Court *must* award KPM its reasonable attorneys' fees and costs.

Because all of the claims brought by KPM arose from the same set of operative facts and seek to remedy the same injury to KPM, the Court should not allocate or separate out fees and costs on a claim-by-claim or defendant-by-defendant basis.  Likewise, the Court should not apply any global reduction based on block billing or allegedly vague time entries as defendants suggest. Further, the fact the Jury assessed lesser damages amounts against the Individual Defendants than the Entity Defendants provides no basis to reduce the amount of KPM's reasonable attorneys' fees and costs in total.

Both the hourly rates charged by KPM's counsel, which are unchallenged by the defendants, and the total amount of attorneys' fees and costs sought by KPM are reasonable for a case of this nature.  KPM has supplemented its request for reasonable attorneys' fees and costs herein to include fees and costs incurred through June of 2023, which are related to post-trial motions and briefing and are plainly recoverable under First Circuit precedent.  Thus, KPM respectfully requests that this Court award attorneys' fees in the amount of $3,799,531 and costs in the amount of $339,409.45 to KPM.

## II.    ARGUMENT

### A.    This Court Must Award KPM Its Reasonable Attorneys' Fees and Costs Regardless of The Form of Its Invoices.

Chapter 93A is clear that this Court *must* award KPM its reasonable attorneys' fees and costs—there is no discretion to deny KPM's request.  *See* M. G. L. c. 93A § 11 ("If the court finds

in any action commenced hereunder, that there has been a violation of section two, the petitioner **shall**…be awarded reasonable attorneys' fees and costs incurred in said action") (emphasis added); *BioPoint, Inc. v. Andrew Dickhaut & Catapult Staffing, LLC*, No. 20-10118-RGS, 2023 WL 3071422, at *8 (D. Mass. April 25, 2023) ("Reasonable attorneys' fees are **automatically awarded** when a plaintiff prevails on Chapter 93A") (emphasis added).  Therefore, the Entity Defendants' request for the Court to wholly deny Plaintiff's Motion for Attorney's Fees is improper and unjustified.

Likewise, the fee shifting provisions contained in Individual Defendants' employment contracts are clear that KPM "**shall** be entitled to recover...its reasonable attorneys' fees and costs." *See* Trial Exhibit ("Tr. Ex.") 158 at 4 (Glenister contract) (emphasis added); Tr. Ex. 346 (Eilert contract) (same); Tr. Ex. 349 (Lucas contract) (same); Tr. Ex. 353 (Gajewski contract) (same). The fee shifting provisions confer on the prevailing party—here, KPM—an absolute right to recover reasonable attorneys' fees and costs such that denial of KPM's motion would constitute an improper refusal to enforce unambiguous terms of a valid contract that no party argues is inapplicable or unenforceable.  *See Freelander v. G. & K. Realty Corp.*, 357 Mass. 512, 516 (1970) (an unambiguous contract "must be enforced according to its terms."); *Salls v. Digital Fed. Credit Union*, 349 F. Supp. 3d 81, 86 (D. Mass. 2018) ("If a contract is unambiguous, it must be enforced according to its plain terms.").  There is no question here that KPM was the prevailing party at trial considering both counterclaims brought by Eilert and Gajewski failed and each of the Individual Defendants were found to be liable to KPM for multiple causes of action.  Therefore, in accordance with their KPM employment contracts, which each of the Individual Defendants admitted to signing, each of the Individual Defendants are fully responsible for KPM's attorney's fees and costs.

The defendants' complaints concerning the redactions applied to KPM's invoices submitted with its motion are also unavailing.  "[R]edaction based on privilege is permitted" when seeking attorneys' fees and costs, including both "the attorney-client or work product doctrines." *RFF Fam. P'ship, LP v. Link Dev., LLC,* No. CIV.A. 14-10065-NMG, 2015 WL 1472253, at *5 (D. Mass. Mar. 31, 2015); *Pizzo v. Gambee*, 796 F. Supp. 2d 270, 272-73 (D. Mass. 2011).  KPM's redactions were intended to cover privilege issues, however, in an abundance of caution and to address defendants' concerns, KPM has included here as Exhibit A new copies of the invoices, including invoices for June of 2023, with redactions significantly reduced.

In any event, the Court need not review any of KPM's invoices line-by-line regardless of the redactions applied to them because, "[w]hen determining a reasonable attorney's fee, the focus is **not** the bill submitted."  *Berman v. Linnane*, 434 Mass. 301, 303 (2011) (emphasis added).  Instead, the Court should "consider the bill as a whole," and there is no requirement "to review and allow or disallow each individual item in the bill."  *Id.*  As the defendants themselves point out, the factors that this Court considers when assessing reasonableness of fees and costs are:

> the difficulty of the legal and factual issues, the nature of the case and the issues presented, the time and labor required, the amount of damages involved, the results obtained, the experience, reputation and ability of the attorneys, the usual price charge for similar services by other attorneys in the same area, and the amount of awards in similar cases.

ECF No. 266 at 2-3 (citing *Specialized Tech. Resources, Inc. v. JPS Elastomerics Corp.*, No. HSCV200700200, 2011 WL 1366584, at *9-10 (Mass. Super. Ct. Feb. 8, 2011), *aff'd*, 957 N.E.2d 1116 (Mass. App. Ct. 2011)).  Absent from that list is "the invoices submitted by the prevailing party," because that is not a significant factor that this Court is required to consider in assessing reasonableness of attorneys' fees and costs.  That is particularly true when the prevailing party is

automatically entitled to reasonable attorneys' fees and costs as a matter of right pursuant to Chapter 93A and valid contractual fee shifting provisions, as is the case here.

The defendants have not cited any case where attorneys' fees and costs were requested pursuant Chapter 93A or an unambiguous and enforceable contractual fee shifting provision and were denied in their entirety. For example, both the Individual Defendants and the Entity Defendants in their Oppositions cite *Grendel's Den, Inc. v. Larkin*, however *Grendel's Den* involved a request for fees and costs pursuant to 42 U.S.C. § 1988, which makes such awards entirely discretionary. 749 F.2d 945, 952 (1st Cir. 1984); *see* 42 U.S.C. § 1988(b) ("[T]he the court, **in its discretion**, **may** allow the prevailing party…a reasonable attorney's fee as part of the costs.") (emphasis added). Moreover, despite the court having discretion to deny the request in its entirety, it instead granted an award to the prevailing party and did so on a record with a complete absence of any invoices or time records, redacted or not. *Grendel's Den*, 749 F.2d at 952-60 (awarding reasonable fees despite "no contemporaneous time records" submitted to support the request). Therefore, the *Grendel's Den* decision is distinguishable from the present matter.

The Individual Defendants also cite *Full Spectrum Software, Inc. v. Forte Automation Systems, Inc.*, 125 F. Supp. 3d 301 (D. Mass. 2015), misrepresenting it as an example where "[c]ourts have refused to grant attorneys' fees". *See* ECF No. 268 at 8. In truth, despite "heavily redacted" invoices being submitted to support the request for attorneys' fees and costs, this very Court still awarded the prevailing party fifty percent of the fees and costs requested. *Full Spectrum*, 125 F. Supp. 3d at 304-06. *Full Spectrum* shows that even if the Court were to find any issue with how KPM has met its burden to establish the reasonableness of the fees and costs requested, it would not provide a basis for wholesale denial, but instead simply a basis to reduce the reasonable fees and costs awarded compared to what was requested. *See id.* at 304 (Finding

"[t]hat burden [to establish reasonableness] has not been met here," but nonetheless awarding reasonable fees and costs to the prevailing party). As explained below, however, no reductions are warranted here.

**B.      A Global Reduction of KPM's Reasonable Fees and Costs is Not Warranted**

The defendants attempt to impose on KPM a non-existent strict standard for time entries. Time entries merely must be kept contemporaneously and "in reasonable detail." *Gay Officers Action League v. Puerto Rico*, 247 F.3d 288, 297 (1st Cir. 2001). Reasonable detail requires simply an accounting of "the tasks performed, the dates of performance, and the number of hours expended on each task." *Tenn. Gas Pipeline Co. v. 104 Acres of Land*, 32 F.3d 632, 634 (1st Cir. 1994). The invoices submitted herein as Exhibit A meet that standard: they were kept contemporaneously and provide sufficient evidence of the tasks performed and number of hours expended. *See* Ex. A. No global reduction is warranted due to alleged block billing or vagueness, particularly where a "block" billing entry has a narrative description sufficient to identify what work was performed or where only one task is accounted for in a given entry. Most of KPM's time entries challenged by defendants fall within one or both of those categories. *See id.*

The defendants' additional arguments are unavailing. As explained in KPM's opening brief, the defendants' own actions increased the total cost of the litigation. Much of the key evidence in this case came in the form of email communications and documents. The defendants produced the vast majority of these emails and documents as "Attorneys' Eye Only", meaning KPM's counsel could not be assisted by its client for a large part of its task in reviewing the vast amount of emails and documents it needed to sift through to understand the extent of the defendants' wrongdoing and prove KPM's claims. The defendants further complicated KPM's case development efforts when Blue Sun "lost" potentially relevant email communications, which

this Court determined to be spoliation of evidence.  *See* ECF No. 93.  Much of this work to understand the available evidence and develop KPM's case was done by only three attorneys— Attorneys Gutkoski, Magee, and Zacharakis.

The defendants also take issue with certain pre-trial time entries, such as Attorney Zacharakis' time billed for deposition work where they assert that "she was responsible for simply loading the exhibits into the online deposition platform used by the parties."  ECF No. 268 at 15. This wrongly assumes and completely understates the valuable work Attorney Zacharakis completed in furtherance of the depositions conducted by Plaintiff's counsel.  In reality, Attorney Zacharakis was the primary attorney assigned to review all of the documents produced by the defendants in this action, making her the attorney most knowledgeable of the facts and evidence in this case.  While she did assist in working with the virtual deposition environment, she also provided valuable input in real time to Attorneys Gutkoski and Magee to ensure that all relevant questions were asked and that the best evidence was included as exhibits to the depositions.   Not to mention, Attorney Zacharakis only appeared alongside Attorneys Gutkoski or Magee at the depositions that were taken *by* KPM counsel.  Staffing one partner and one associate to be present at a deposition that they are conducting is more than reasonable.

The Defendants also point out the number of hours billed by Plaintiff's counsel throughout the pre-trial period, however they fail to mention their own litigiousness, including the numerous and mostly unsuccessful motions filed by the Defendants.  For example, the Individual Defendants mention ITG's Motion for Summary Judgment and the Defendants' collective Motion to Dissolve or Modify the Preliminary Injunction and state that "[n]either motion involved particularly complex issues of law or required substantial factual analysis." ECF. No. 268 at p. 18.  This claim is belied by the record.  Not only did both motions force KPM to put together lengthy and heavily

researched oppositions, but KPM also successfully defeated both of those Motions.  To claim that a summary judgment motion or one seeking the dissolution or modification of a preliminary injunction order does not involve "complex issues of law" is disingenuous and appears to seek to take advantage of this case having passed through three judges dockets.

In total, there were over 13 pre-trial motions filed by the Defendants in this action, including 8 separate Motions to Dismiss, 2 Motions for Clarification of the Preliminary Injunction, then a Motion to Dissolve or Modify the Preliminary Injunction, a Motion to Compel, and a Motion for Summary Judgement.  To now complain about the time that Plaintiffs' small team of counsel spent successfully opposing those motions is both unjust and unavailing.

The defendants also take issue with the fact that KPM brought four lawyers to trial, however, the number of attorneys trying a case is irrelevant.  *See BioPoint, Inc. v. Dickhaut*, 20-10118-RGS, 2023 WL 4471971, at *2, (D. Mass. July 11, 2023) ("The number of attorneys assigned to BioPoint's legal team is of no import to the calculation of reasonable fees."). Regardless, each of KPM's four attorneys made significant contributions to both the litigation as a whole and the trial. At trial, Attorneys Zacharakis and Mosier prepared witness examinations and cross-examinations, identified exhibits for those witness examinations and cross-examinations, drafted proposed jury instructions and verdict forms, took the lead on legal research and drafting briefs during the trial, read deposition transcripts into the record, contributed to KPM's overall trial strategy, and handled other attorney tasks as needs arose.  It would be inconsistent for this Court to encourage courtroom opportunities for young or relatively inexperienced lawyers, while simultaneously faulting KPM for providing such opportunities to

Attorneys Zacharakis and Mosier.[2]  Finally, the defendants complain that Attorneys Zacharakis and Mosier billed for full days at trial despite the half-day trial schedule, however much of the work of KPM's counsel took place *after* the Court had adjourned for the day, including necessary preparation for the following court day.  It is impossible to believe that defendants' Attorneys Wilson and Ritchie left the courtroom at 1:00 P.M. each day and did no further work on the case until the Court reconvened the following morning.

### C.    There is No Basis to Allocate or Apportion KPM's Reasonable Attorneys' Fees and Costs on a Claim-by-Claim or Defendant-by-Defendant Basis

The defendants ask this Court to apportion or allocate liability for KPM's reasonable fees and costs on a claim-by-claim basis, subtracting fees for unsuccessful claims, but doing so would run contrary to First Circuit and state law precedent. As KPM explained in its opening brief, each of the claims at issue in this litigation involved the same set of operative facts and sought to remedy the same injury, thus they were all inexorably intertwined.  *See Haddad Motor Grp., Inc. v. Karp, Ackerman, Skabowski & Hogan, P.C.*, 603 F.3d 1, 10 (1st Cir. 2010) (no apportionment necessary between 93A and non-93A claims when each concern the same facts and injury); *Incase, Inc. v. Timex Corp.*, 421 F. Supp. 2d 226, 244 (D. Mass. 2006), *aff'd*, 488 F.3d 46 (1st Cir. 2007) (same); *Twin Fires Inv., LLC v. Morgan Stanley Dean Witter & Co.*, 445 Mass. 411, 430-31 (2005) (same, noting that "the legal effort to establish the two classes of claims were virtually the same."). Indeed, the defendants agree that the Plaintiff's injuries arose from the same set of operative facts and reiterate it multiple times in their motions to alter judgment or remit damages.  *See* ECF No. 250 at 3-5 (arguing that KPM's claims seek to remedy "the same harm"); ECF No. 251 at 3-6

---

[2] The Court and nearly all of its judges have issued Standing Orders encouraging courtroom opportunities for young attorneys like Attorneys Zacharakis and Mosier.  The Honorable Timothy S. Hillman first issued such a Standing Order on November 2, 2006.

(arguing that KPM's claims seek to remedy the "the same injury").  Because of this, any "rationale for discounting hours spent on unsuccessful claims does not apply." *Bogan v. City of Boston*, 489 F.3d 417, 428 (1st Cir. 2007); *see also Walsh v. Boston Univ.*, 661 F. Supp. 2d 91, 106 (D. Mass. 2009) (quoting *Bogan* and explaining that "the failed chapter 93 claim does not warrant a reduction of hours" because "[c]ounsel devoted much of their time to the litigation as a whole and time spent on the unsuccessful chapter 93 claim interrelated with the other successful claims."); *BioPoint*, 2023 WL 4471971, at *2 (declining to reduce fees by removing fees spent on unsuccessful claims).

The same is true of apportioning liability for KPM's reasonable fees and costs on a defendant-by-defendant basis. There is no need to allocate each defendants' liability for KPM's reasonable fees and costs, including any allocation based on the Jury's damages allocations. Reasonable attorneys' fees and costs may greatly exceed the amount of actual damages. *See Twin Fires*, 445 Mass. at 430-31; *Benchmark Techs., Inc. v. Tu*, No. 22-10227-LTS, 2023 WL 3727913, at *3 (D. Mass. May 30, 2023) (awarding nearly $1 million in fees and costs despite no monetary damages); *Specialized Tech. Res., Inc. v. JPS Elastomerics Corp.*, 28 Mass. L. Rptr. 163, 2011 WL 1366584, at *16, (Mass. Super. Ct. Feb. 8, 2011), *aff'd*, 957 N.E. 2d 1116 (Mass. App. Ct. 2011) (awarding over $5 million in fees and costs where damages amounted to just over $1 million, trebled to just over $3.2 million).  Under Chapter 93A, which was wholly intertwined with the claims brought against the Individual Defendants, attorneys' fees and cost may be awarded despite the complete absence of *any* damages, against anyone.  *See* M. G. L. c. 93A § 11 (fees and costs are automatically awarded "irrespective of the amount in controversy"); *Star Fin. Servs., Inc. v. AASTAR Mortg. Corp.*, 89 F.3d 5, 15 (1st Cir. 1996) (awarding attorneys' fees and costs despite no monetary damages); *A2Z Dental, LLC v. Miri Trading, LLC*, 494 F. Supp. 3d 30, 33 (D. Mass.

2020) ("Attorney fees are allowed for 93A § 11 claims even when the court does not award damages.").

Moreover, the Individual Defendants signed contracts knowingly and voluntarily that conferred an absolute and unqualified right to recover reasonable attorneys' fees and costs. *See, supra*, § II.A. Nothing therein exempted any Individual Defendant from liability on the basis of indigence or because a smaller portion of damages was assessed against that Individual Defendant. Regardless of the Jury's damages allocations, the actions of the Individual Defendants—namely misappropriating KPM's trade secrets, misusing and disclosing KPM's confidential information, and actively working to undermine KPM's customer relationships—directly caused the harm to KPM. Not to mention the separate ability of the Court to award attorney's fees and costs to KPM against the Individual Defendants for their misappropriation of trade secrets under both the Defend Trade Secrets Act and the Massachusetts Uniform Trade Secrets Act. *See*, M. G. L. c. 93 §42B and 18 U.S.C. §1836(b)(3)(C). The Individual Defendants should not be absolved from their full liability for KPM's reasonable attorneys' fees and costs simply because the jury assessed a lower amount of damages against them than the Entity Defendants they served. Because all of KPM's claims are interrelated both factually and in terms of the injury sought to be remedied, and because the actions of the Individual Defendants were the direct cause of the injury suffered by KPM, there is no basis upon which this Court should separately allocate a reduced figure of attorney's fees against each of the Individual Defendants' based on the amount of damages awarded against each of them. All of the Defendants should be jointly and severally liable to KPM for KPM's attorneys' fees and costs.

### III.    SUPPLEMENTATION

KPM supplements its request for its reasonable attorneys' fees and costs to include reasonable fees and costs incurred through June, 2023 related to post-trial motions and briefing (omitting for efficiency and prompt resolution fees and costs related to these reply briefs and related oral argument).  *See U.S. v. Metro. Dist. Comm'n*, 847 F.2d 12, 18 n.6 (1st Cir. 1988) (affirming award that included fees for work on motion for fees and costs); *Arthur D. Little Int'l v. Dooyang Corp.*, 995 F. Supp. 217, 225 (D. Mass. 1998), *aff'd*, 147 F.3d 47 (1st Cir. 1998) (awarding fees for time spent on motion for fees and costs); *Bear Republic Brewing Co. v. Center City Brewing Co.*, No. CV 10-10118-RBC, 2013 WL 12319907, at *4 (D. Mass. June 27, 2013) (explaining that use of word "action" encompasses more than just proving specific cause of action and includes preparation of post-trial motions and briefing).  As evidence by Ex. A, KPM requests a total of $3,799,531 in attorneys' fees and $339,409.45 in costs.

### IV.    CONCLUSION

For the reasons set forth above, KPM respectfully requests that this Court award KPM its reasonable attorneys' fees and costs.

**Dated:** July 26, 2023

Respectfully submitted,

**PLAINTIFF,**
**KPM Analytics North America, Corp.**

By its attorneys,

*/s/ Kevin R. Mosier*
John T. Gutkoski (BBO# 567182)
Kevin R. Mosier (BBO# 703739)
Sunstein LLP
100 High Street
Boston, MA 02110
Tel: (617) 443-9292
jgutkoski@sunsteinlaw.com
kmosier@sunsteinlaw.com

Scott R. Magee (BBO# 664067)
Paige K. Zacharakis (BBO# 699108)
Morse, Barnes Brown, and Pendleton, P.C.
480 Totten Pond Road, 4th Floor
Waltham, MA 02451
(781) 622-5930
smagee@morse.law
pzacharakis@morse.law

## CERTIFICATE OF SERVICE

I hereby certify that on this 26th day of July, 2023, a true and exact copy of the foregoing was served on all counsel of record through the Court's ECF system.

*/s/ Kevin R. Mosier*