UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KPM ANALYTICS NORTH AMERICA CORPORATION,<br>                   *Plaintiff.*<br><br>      V.<br><br>BLUE SUN SCIENTIFIC, LLC, THE INNOVATIVE TECHNOLOGIES GROUP & CO., LTD., ARNOLD EILERT, MICHELLE GAJEWSKI, ROBERT GAJEWSKI, RACHAEL GLENISTER, GREGORY ISRAELSON, IRVIN LUCAS, AND PHILIP OSSOWSKI,<br><br>                  *Defendants.* | Civil Action No. 21-10572-MRG |

### [CORRECTED PROPOSED] ORDER ON PLAINTIFF KPM ANALYTICS NORTH AMERICA CORPORATION'S MOTION FOR PERMANENT INJUNCTION

This matter comes before the Court upon consideration of Plaintiff KPM Analytics North America Corporation's ("KPM" or the "Plaintiff") Motion for Permanent Injunction ("Motion") pursuant to Rules 58 and 65 of the Federal Rules of Civil Procedure.

Based upon the Verified Complaint, the Motion for Permanent Injunction, the Memoranda of Law in Support of the Plaintiff KPM Analytics North America Corporation's Motion for Permanent Injunction, the record of the trial on the merits conducted in this case, and all of the supporting materials, records, files, and proceedings, and good cause appearing, therefore, the Court enters the following Order:

#### Findings

1.     All conditions precedent to the entry of this relief having been satisfied, valid grounds for a Permanent Injunction have been established.

1

2. As the Jury found, defendant Blue Sun Scientific, LLC ("Blue Sun"), misappropriated the Plaintiff's trade secrets in violation of federal law 18 U.S.C. § 1836 and state law M.G.L. c. 93, §§ 42-42G, and as the Jury further found defendants The Innovative Technologies Group & Co., Ltd. ("ITG") and Blue Sun interfered with the Plaintiff's contractual relations, and violated M.G.L. c. 93A.

3. As the Jury found, the Individual Defendants Arnold Eilert, Robert Gajewski, Rachael Glenister, and Irvin Lucas, each misappropriated the Plaintiff's trade secrets in violation of federal law 18 U.S.C. § 1836 and state law M.G.L. c. 93, §§ 42-42G, breached their employment agreements with KPM, and breached the covenants of good faith and fair dealing they each owed to KPM.

4. Absent the relief provided herein, KPM will continue to suffer irreparable harm and injury, for which it has no adequate remedy at law. Upon consideration of these factors, the harm Defendants may suffer if injunctive relief is granted, the public interest, and all of the legally required considerations, the Court determines that this Order should be entered, and this equitable relief should be granted.

Order

It is hereby ORDERED and ADJUDGED, that:

1. KPM's Motion for Permanent Injunction is **GRANTED**.

2. Defendants and their agents, officers, employees and anyone acting on their behalf are prohibited from using, divulging, disclosing, furnishing, or making available for their own benefit or anyone else's benefit any of the Plaintiff's "Confidential Information" and trade secrets. Confidential Information shall include Plaintiff's confidential and non-public information; documents and data concerning research and development activities; data sets and calibration data;

application notes; source code; all copies of UCAL, USCAN or other software; technical specifications; show- how and know-how; marketing plans and strategies; pricing and costing policies; customer lists and information, and accounts and nonpublic financial information.

3. If they have not already done so, Defendants must account for and return any and all information and materials they are in possession of and which belong to the Plaintiff, including any and all Confidential Information and trade secrets. This includes, but is not limited to, any and all USB or other computer drives and any copies of the contents thereof containing KPM Confidential Information in the possession of Robert Gajewski, or any other Defendant, and any and all KPM/Unity Near Infra-Red instruments, materials, equipment, supplies, components, parts, calibrations, electronic files, or physical files in the possession of Arnold Eilert;

4. Defendants Arnold Eilert, Robert Gajewski, Rachael Glenister, and Irvin Lucas are required to comply with all of the terms of their non-disclosure agreements with KPM and are prohibited from using, for their own and anyone else's benefit, or disclosing to anyone, any of KPM's trade secrets and Confidential Information.

5. The Individual Defendants and Blue Sun are prohibited from offering to provide or providing or offering to sell or selling to any party any services or products, including but not limited to any maintenance, hardware, software or data, related to any Near Infra-Red analyzer manufactured or sold by KPM or its predecessors in interest, including but not limited to analyzers manufactured or sold by Unity Scientific or Process Sensors Corporation.

6. Defendants are prohibited from offering to sell or selling any Near-Infrared analyzer product to any party for which any Defendant has previously offered to provide or provided or offered to sell or sold any services or products related to any Near Infra-Red analyzer manufactured or sold by KPM or its predecessors in interest, including but not limited to analyzers

manufactured or sold by Unity Scientific or Process Sensors Corporation, from July 2, 2018 onward. If any organization includes multiple individual divisions, sites, or locations that make independent buying decisions, each division, site, or location is deemed a separate party under this Paragraph. A division, site, or location makes independent buying decisions if the division, site, or location has the authority to determine which near-infrared analyzer to purchase without input from other divisions, sites, or locations within the organization. A division, site, or location also does not make independent buying decisions if the division, site, or location was referred to the defendants by a person to whom the defendants previously sold or offered to sell services or products related to any Near Infra-Red analyzer manufactured or sold by KPM or its predecessors in interest.

      The above Order is permanent, and shall continue to be effective until such time as this Court issues a subsequent order revising or ending the above Order.

      It is SO ORDERED.

Date: _____

_____
Hon. Margaret R. Guzman
United States District Judge