UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| KPM ANALYTICS NORTH AMERICA CORPORATION, | ) ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) ) | Civil Action No.  4:21-cv-10572-MRG |
| BLUE SUN SCIENTIFIC, LLC, THE INNOVATIVE TECHNOLOGIES GROUP & CO., LTD., ARNOLD EILERT, MICHELLE GAJEWSKI, ROBERT GAJEWSKI, RACHAEL GLENISTER, GREGORY ISRAELSON, IRVIN LUCAS and PHILIP OSSOWSKI, | ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

**MOTION FOR ALTERNATE INJUNCTION ORDER FOR
<u>INNOVATIVE TECHNOLOGIES GROUP & CO., LTD</u>**

Defendant The Innovative Technologies Group & Co., LTD ("ITG") submits this Motion for Alternate Injunction Order (the "Motion").

1. All defendants, including ITG, oppose the entry of any injunction order by this Court.  In light of discussion during the hearing on February 28, 2024, however, ITG submits as <u>Ex. 1</u> two alternate proposed modifications to paragraph 6 of KPM's proposed permanent injunction order in the event the Court determines an injunction order should issue.[1]

---

[1] ITG maintains that the duration of any injunction must viewed in a commercially-reasonable light, and that a permanent injunction does not comport with that requirement.  Defendants have already labored under an injunction for nearly three years, despite the fact that KPM offered no proof at trial of its own lost sales from Defendants' actions.

2. The first alternative order ("Proposed Amendment with Corporate Wall") addresses the Court's comments regarding the need to shield the flow of information between Blue Sun and ITG. It is important to note that Judge Hillman's prior TRO order was premised upon the Court's finding that KPM had demonstrated a likelihood of success on the merits of its claim that ITG had misappropriated KPM's trade secrets. The jury, however, rejected that claim and the language in the first alternative order shields ITG from any commercial information used by Blue Sun, while still allowing ITG to sell its machines as it did prior to the establishment of Blue Sun. To the extent the Court determines that an injunction order should issue, it should do so with the Corporate Wall version of paragraph 6.

3. In the event the Court determines that an injunction should issue and does not accept the Corporate Wall version of paragraph 6, ITG submits a different modification ("Proposed Amendment with No Corporate Wall") of paragraph 6, which carves out those clients Mr. Wilt specifically testified were Unity Scientific customers prior to the sale of that company and the entry by KPM into the NIR market. *See* Trial Transcript at Transcript 8-96 line 22 through 8-97 line 17. This version would allow ITG to continue to sell machines to customers it developed independently of Blue Sun.

4. The parties have conferred and KPM does not consent to the entry of either modified paragraph 6.

WHEREFORE, Defendant The Innovative Technologies Group & Co., LTD respectfully requests that the Court grant its Motion for Alternate Injunction Order.

| | |
|---|---|
| Dated:  March 15, 2024 | */s/ Maria T. Davis*<br>Christopher R. O'Hara (BBO# 548611)<br>cohara@toddweld.com<br>Maria T. Davis (BBO# 6754477)<br>mdavis@toddweld.com<br>Todd & Weld, LLP<br>One Federal Street<br>Boston, MA 02110<br><br>*/s/ George F. Ritchie*<br>George F. Ritchie\*, Fed Bar #22408<br>gritchie@gfrlaw.com<br>Royal Craig\*, Fed. Bar #24546<br>rcraig@gfrlaw.com<br>Lauren E. Lake\*, Fed. Bar #20488<br>llake@gfrlaw.com<br>GORDON FEINBLATT LLC<br>1001 Fleet Street, Suite 700<br>Baltimore, MD 21202<br>Tel/Fax: (410) 576-4131<br>*\* pro hac vice*<br><br>*Attorneys for Defendant The Innovative Technologies Group & Co., LTD* |

### CERTIFICATE OF SERVICE

I hereby certify that, on March 15, 2023, this document was filed through the CM/ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.  Paper copies will be sent to those indicated as non-registered participants.

                 */s/ George F. Ritchie*
                 George F. Ritchie