UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| KPM ANALYTICS NORTH AMERICA CORPORATION, | ) ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action No. 4:21-cv-10572-MRG |
| BLUE SUN SCIENTIFIC, LLC, THE INNOVATIVE TECHNOLOGIES GROUP & CO., LTD., ARNOLD EILERT, MICHELLE GAJEWSKI, ROBERT GAJEWSKI, RACHAEL GLENISTER, GREGORY ISRAELSON, IRVIN LUCAS and PHILIP OSSOWSKI, | ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

**MOTION FOR DE-DESIGNATION OF CERTAIN "AEO" DISCOVERY DOCUMENTS AND POSTPONEMENT OF APRIL 26, 2024 HEARING**

Defendants The Innovative Technologies Group & Co., LTD and Blue Sun Scientific, LLC ("the Entity Defendants"), file this Motion for De-Designation of Certain Attorneys' Eyes Only ("AEO") Documents produced in discovery by KPM, and for postponement of the April 26, 2024 hearing.

1. On March 28, 2024, this Court heard argument regarding KPM's Motion for Permanent Injunction. At the conclusion of that hearing, the Court ordered KPM to provide to Defendants' counsel a list of KPM customers who KPM claimed individual Defendants had contact with during their employment at KPM. The Court specifically instructed KPM to reference evidence admitted at trial when constructing the list.

2. On March 5, 2024, KPM provided Defendants' counsel with a list of customers KPM plans to submit to the Court to include in the permanent injunction order.[1] Of the 71 customers on the KPM list, 17 of those customers do not bear any references to trial testimony or trial evidence. Instead, for those 17 customers, KPM has referenced documents produced by KPM during discovery, but not admitted as evidence at trial. Nearly every one of the discovery documents KPM references for these customers bears an "attorneys' eyes only" designation under the terms of the Court's protective order, meaning that without a Court order removing or "de-designating" the AEO designation, ITG and Blue Sun may not review these documents to provide input to counsel in responding to the KPM list.

3. Of course, nearly all of the trial evidence in this case was also produced during discovery as AEO material, but KPM admitted and published that evidence in open court without restriction and with all Defendants present in the courtroom.

3. As the Court has already observed, documents not admitted as evidence at trial cannot form the basis of a permanent injunction in this case. Nevertheless, undersigned counsel requires the input of the Entity Defendants to respond to KPM's customer list, especially those customers who were not the subject of any trial evidence. While the Court's protective order excepts any individual defendant from the AEO restrictions if the defendant sent or received a particular document, that exception does ITG (or, in some cases, Blue Sun) no good since KPM has requested that the permanent injunction extend not only to the Individual Defendants, but also to both Entity Defendants.

4. Defendants requested that KPM remove the AEO restriction from all documents. In response, KPM produced a second customer list which 1) adds references to trial exhibits 474

---

[1] Although KPM has not yet filed its list with the Court, Defendants assume KPM will do so under seal.

and 475 for those customers for whom there was no referenced trial evidence; and 2) de-designates three out of the 17 documents (no explanation is provided as to the de-designation of these documents).  This is not a satisfactory solution.  Trial exhibits 474 and 475 are only records of Blue Sun sales – they do not establish whether any of the Individual Defendants had any relevant sales contact with the listed customer.  And many AEO documents remain that the Entity Defendants are not allowed to review.

5. Fundamental fairness and common sense require that all Defendants be allowed to review documents which KPM claims should serve for the justification of its proposed permanent injunction.  The Entity Defendants cannot be prepared to address the scope of the proposed permanent injunction without resolution of this AEO designation.  Accordingly, the Entity Defendants request that the Court order KPM to de-designate as AEO any document it plans to reference in its arguments for a permanent injunction and postpone the April 26, 2024 hearing until KPM has done so.

6. The Entity Defendants also request a postponement of the April 26, 2024 hearing for the separate reason that undersigned counsel has a three-day arbitration beginning on Monday, April 29, 2024.  When undersigned counsel agreed to the April 26th hearing, he believed the AEO issue would be resolved and that the hearing would be conducted remotely.  Given the impending arbitration, undersigned counsel cannot spend an entire day traveling back and forth to Massachusetts on April 26th.  Counsel respectfully requests that the Court reschedule the hearing for a convenient date for the Court and the parties in May after the AEO issue is resolved.

7. The parties have conferred and KPM does not consent to the requested relief.

WHEREFORE, Defendants The Innovative Technologies Group & Co., LTD and Blue Sun Scientific, LLC ("the Entity Defendants"), respectfully request that the Court grant their Motion for De-Designation of Certain Attorneys' Eyes Only ("AEO") Documents produced in discovery by KPM, and for postponement of the April 26, 2024 hearing.

Dated:  April 23, 2024

/s/ Maria T. Davis
Christopher R. O'Hara (BBO# 548611)
cohara@toddweld.com
Maria T. Davis (BBO# 6754477)
mdavis@toddweld.com
Todd & Weld, LLP
One Federal Street
Boston, MA 02110

/s/ George F. Ritchie
George F. Ritchie*, Fed Bar #22408
gritchie@gfrlaw.com
Royal Craig*, Fed. Bar #24546
rcraig@gfrlaw.com
Lauren E. Lake*, Fed. Bar #20488
llake@gfrlaw.com
GORDON FEINBLATT LLC
1001 Fleet Street, Suite 700
Baltimore, MD 21202
Tel/Fax: (410) 576-4131
* pro hac vice

*Attorneys for Defendants The Innovative Technologies Group & Co., LTD and Blue Sun Scientific, LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that, on April 23, 2024, this document was filed through the CM/ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.  Paper copies will be sent to those indicated as non-registered participants.

/s/ George F. Ritchie
George F. Ritchie

4