UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KPM ANALYTICS NORTH AMERICA CORPORATION,<br>     *Plaintiff.*<br><br>    V.<br><br>BLUE SUN SCIENTIFIC, LLC, THE INNOVATIVE TECHNOLOGIES GROUP & CO., LTD., ARNOLD EILERT, MICHELLE GAJEWSKI, ROBERT GAJEWSKI, RACHAEL GLENISTER, GREGORY ISRAELSON, IRVIN LUCAS, AND PHILIP OSSOWSKI,<br><br>     *Defendants.* | Civil Action No. 21-10572-MRG |

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR DE-DESIGNATION OF CERTAIN "AEO" DISCOVERY DOCUMENTS AND POSTPONEMENT OF APRIL 26, 2024 HEARING**

Plaintiff KPM Analytics North America Corporation ("KPM") opposes Defendants' Motion for De-Designation of Certain "AEO" Discovery Documents and Postponement of April 26, 2024 Hearing.

Defendants and their counsel made no legitimate effort to meet and confer as required by Local Rule 7.1 before filing the Motion. Instead, they simply emailed the clerk that the hearing would need to be moved as if it were *a fait accompli*. Notwithstanding the failure on Defendants' counsel's part to request a meet and confer under Local Rule 7.1, KPM's counsel emailed Defendants' counsel that KPM would not object to conducting the hearing virtually or in a hybrid fashion, with the Entity Defendants' counsel attending remotely. However, Defense counsel has not responded to KPM's counsel's message and have instead filed the Motion with the Court

without even advising the Court that KPM would find acceptable a virtual appearance by Attorney Ritchie.

KPM's position remains the same – if the issue with the April 26, 2024, hearing date is simply that Attorney Ritchie is unable to travel to Massachusetts for the 3:15 pm hearing, then KPM proposes Attorney Ritchie be permitted to attend the hearing virtually so as not to unnecessarily postpone the hearing date. Thus, Defendants' objection is that he expected that the hearing would be conducted virtually and not in person, allowing the hearing to proceed virtually or in hybrid fashion resolves that issue. *See* Motion ¶ 6.

Defendants' other purported basis for asking the Court to postpone the hearing is a problem of their own making. Defendants claim that there remains a dispute among counsel about client access to a handful of documents which KPM cited in a proposed customer list sent to the Defendants in advance of a proposed meet and confer to discuss the scope of the permanent injunction with the Defendants, as required by the Court.[1] Despite KPM's best efforts, Defendants have refused to agree to a meet and confer to discuss the proposed customer list. The timeline of the relevant events is as follows:

- April 5, 2024: KPM provided Defendants' counsel with a list of the customers that should be explicitly included in the permanent injunction, each with one or more references to trial exhibits, trial transcripts, ECF filings or, in a limited number of cases, documents produced in discovery that were not admitted at trial. Counsel said to Defendants, "Please let us know whether there are any customers on this list that the Defendants believe should be removed from the list, along with their reasoning."

- April 9, 2024: KPM provided to Defendants a draft pleading with KPM's position as to the scope of the permanent injunction, leaving a place for Defendants to insert their position. In that email, KPM's counsel wrote: "Because the clerk's email request to counsel

---

[1] *See* March 29, 2024 email from Clerk Burgos to counsel: "Once Defendants have had a chance to review and comment on the list that KPM will send them (described below), the parties are directed to send back to the Court a single document (with proposed customer names, citations to trial record, and counsel's comments) so that the Court can determine which customers would be affected by such an order."

2

  requested a single, joint submission, we have prepared the attached document setting forth KPM's position as to the list and scope of the permanent injunction and left a section at the end for the Defendants to put their position in….Please let us know your views and feel free to add your position to this document and return it."

- April 15, 2024: KPM provided a revised list of the same customers it had previously sent in which KPM replaced many of the citations to certain Bates numbers with citations to trial exhibits and added one deposition citation. That list included 17 documents produced in discovery by KPM with an Attorneys' Eyes Only designation.

- April 15, 2024: KPM confirmed that three of the 17 documents that were listed and previously designated attorneys' eyes only under the protective order by KPM, on which none of the individual defendants were copied, would be re-designated as confidential for purposes of conferring on the scope of the permanent injunction to allow counsel to share those KPM documents with his clients. KPM's counsel also explained that any other documents not admitted at trial but referenced in KPM's list of customers copied at least one of the Individual Defendants, which allows them to see it under the Court's protective order, notwithstanding any Attorneys' Eyes Only designation.

- April 19, 2024: in response to follow up from Defendants' counsel, KPM's counsel again explained that there were only 12 documents with an Attorneys' Eyes Only designation remaining. KPM's counsel explained that, "Out of the 12 remaining, Rob is listed on 10 of them and Arnold is listed on 3 (2 of the ones Arnold is on, Rob is also on) and 1 has Rachael on it. Paragraph 6.3(e) of the Stipulated Protective Order entered by the Court (ECF No. 59) allows AEO documents to be seen by 'the author of the document, the original source of the information, and others who had access to the document or information at the time it was created or made available, as determined on the face of the document in question.' Therefore, the relevant defendants with respect to each email may see them where they are on the face of the document in question. That should be sufficient for developing your clients' position, and you have provided no reason why that is not the case."

Defendants have never provided a position statement as to any of the specifically listed customers.

  Defendants claim that this modest dispute over twelve documents, which were cited simply to show that the Individual Defendants worked on the accounts of certain of KPM's customers while they were at KPM, creates a basis for delaying the hearing. However, the Defendants' counsel's emphasis on the import of permitting _all_ the Defendants to view these documents is misplaced, as the list of customers itself is not attorneys' eyes only. Therefore, there is nothing from stopping Defendants' counsel from asking his clients what involvement (or not) each of the Defendants had with each of the listed customers while they were KPM employees. The Motion

3

also does not address the fact that Gajewski, Eilert, and Glenister are allowed to see some or all of the disputed documents and are in fact Blue Sun employees.  An entity can only act through its employees and agents. Each of these three Defendants are employees of Blue Sun which is ultimately controlled by ITG, so there is no reason to believe that the Entity Defendants are genuinely deprived of any important information needed to determine whether the customers identified by KPM *for purposes of the meet and confer* that this Court required and that all Defendants have refused to participate in.  Defendants interestingly never say who else needs to see the documents.  That omission is telling that their request is not legitimate.

      Finally, KPM's desire to limit the number of people who have access to Attorneys' Eyes Only documents is justified by the Defendants' conduct from 2018 to the present.  This Court explained at length of the "treacherous opportunism" and willful and malicious misconduct that the Defendants engaged in.  ECF No. 297 at 21-30.  There is no reason to all of a sudden deem all of the Defendants trustworthy to see documents that they could then use to unlawfully hamper KPM's business further.

      This Court instructed the parties to engage in a meet and confer about the scope of the permanent injunction.  None of the Defendants have provided any substantive response about whether *any* of the customers identified by KPM weeks ago should be explicitly included in the permanent injunction, even in cases where the AEO designation is not at issue.  The Defendants' failure to engage in the meet and confer this Court required or to give a position as any of the customers should act as a waiver of their right to do so now.  The Defendants are bad actors. The jury concluded so.  The Court concluded so.  Their efforts to delay the entry of final judgment now by making specious claims of everyone needing access to documents that at least one can see is just another step in their effort to evade responsibility for their misconduct.  This Court should not

delay entry of final judgment over this manufactured issue. To the extent this Court needs to address the so-called AEO issue, it can do so at the same April 26, 2024 hearing, whether done in person or virtually.

WHEREFORE, Plaintiff requests that the Court deny Defendants' Motion. Alternatively, KPM requests that the Court permit Attorney Richie to attend the April 26, 2024 virtually.

**Dated:** April 23, 2024

Respectfully submitted,

**PLAINTIFF,**
**KPM Analytics North America, Corp.**

By its attorneys,

*/s/ Scott R. Magee*
Scott R. Magee (BBO# 664067)
Paige K. Zacharakis (BBO# 699108)
Morse, Barnes Brown, and Pendleton, P.C.
480 Totten Pond Road, 4th Floor
Waltham, MA 02451
(781) 622-5930
smagee@morse.law
pzacharakis@morse.law

Kevin R. Mosier (BBO# 703739)
Sunstein LLP
100 High Street
Boston, MA 02110
Tel: (617) 443-9292
kmosier@sunsteinlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 23rd day of April, 2024, a true and exact copy of the foregoing was served on all counsel of record through the Court's ECF system.

/s/ *Scott R. Magee*