UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| KPM ANALYTICS NORTH AMERICA CORPORATION, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action No.  4:21-cv-10572-MRG |
| BLUE SUN SCIENTIFIC, LLC, THE INNOVATIVE TECHNOLOGIES GROUP & CO., LTD., ARNOLD EILERT, MICHELLE GAJEWSKI, ROBERT GAJEWSKI, RACHAEL GLENISTER, GREGORY ISRAELSON, IRVIN LUCAS and PHILIP OSSOWSKI, | ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

**PROPOSED ENTRY OF JUDGMENT OF DEFENDANTS THE INNOVATIVE TECHNOLOGIES GROUP & CO., LTD, BLUE SUN SCIENTIFIC, LLC, ARNOLD EILERT, ROBERT GAJEWSKI, RACHAEL GLENISTER, AND IRVIN LUCAS**

WHEREFORE, this Court, having read and considered the submissions by the parties following the jury trial in this case which concluded on May 17, 2023, as well as arguments presented in open court, judgment in this case in entered on this _____ day of _____, 2024, as follows:

A. With respect to Plaintiffs' claims for trade secret misappropriation, judgment is entered against Defendant Blue Sun in the amount of $1,605,000[1]; against Defendant Arnold Eilert in the amount of $2,500; against Defendant Robert Gajewski in the amount of $22,500 ($15,000 in compensatory damages plus $7,500 in exemplary damages[2]);

---

[1] *See* Dkt. 250, 263, 271.

[2] *See* Dkt. 251.

against Rachael Glenister in the amount of $10,000; and against Defendant Irvin Lucas in the amount of $30,000 ($20,000 in compensatory damages plus $10,000 in exemplary damages).[3]

B.  With respect to Plaintiffs' claims for breach of contractual non-disclosure obligations, judgment is entered against Defendant Arnold Eilert in the amount of $0; against Defendant Robert Gajewski in the amount of $0; against Defendant Rachael Glenister in the amount of $0; and against Defendant Irvin Lucas in the amount of $0.[4]

C.  With respect to Plaintiffs' claims for tortious interference with contractual relations, judgment is entered against Defendant Blue Sun in the amount of $0, and against Defendant ITG in the amount of $1,248,127.[5]

D.  With respect to Plaintiffs' claims for unfair and deceptive trade practices (Chapter 93A), judgment is entered against Defendant Blue Sun in the amount of $0, and against Defendant ITG in the amount of $0.[6]

E.  With respect to the Individual Defendants' counterclaims against KPM, judgment is entered in favor of KPM.

F.  With respect to Plaintiffs' claims for awards of attorneys' fees, judgment is entered in favor of KPM in the amount of $0.[7]

G.  With respect to KPM's claims for imposition of joint and several liability as between Blue Sun and ITG, judgment is entered in favor of Blue Sun and ITG, and the Court

---

[3] *See* Dkt. 251; 270.
[4] *See* Dkt. 251; 270.
[5] *See* Dkt. 250; 271.
[6] *See* Dkt. 264.
[7] *See* Dkt. 266.

finds there is no joint and several liability between these parties for any amount of the

judgments reflected above.[8]

H.  With respect to KPM's request for permanent injunction, the Court enters a permanent

injunction against Defendants in the form submitted by email to the Court by KPM, but

with a modified paragraph 6, as shown on Ex. A hereto.[9]

It is hereby ORDERED by this Court that judgment shall be entered.

Dated:_____                                      _____

                                                           Hon. Margaret R. Guzman

---

[8] *See* Dkt. 306.

[9] Defendants do not waive their substantial arguments against the entry of a Permanent Injunction as reflected in Dkts. 267 and 291, including Defendants' arguments that Defendants have already labored under an injunction for more than three years, and that an injunction without any temporal limit is commercial and legally unreasonable. To the extent any injunction issues, it should be limited to a period of time no more than five years after the date of this Court's preliminary injunction, and this should expire on or before August 24, 2026.