# Exhibit 2

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

KPM ANALYTICS NORTH AMERICA CORPORATION,
*Plaintiff.*

v.

BLUE SUN SCIENTIFIC, LLC, THE INNOVATIVE TECHNOLOGIES GROUP & CO., LTD., ARNOLD EILERT, MICHELLE GAJEWSKI, ROBERT GAJEWSKI, RACHAEL GLENISTER, GREGORY ISRAELSON, IRVIN LUCAS, AND PHILIP OSSOWSKI,

*Defendants.*

Civil Action No. 21-10572-MRG

**[PROPOSED] FINAL JUDGMENT AND PERMANENT INJUNCTION**

This action came before the Court for a trial by jury and the issues have been tried. The jury has rendered its verdict, and the Court has issued a decision on (i) Plaintiff's motion for a finding on its Chapter 93A claim, (ii) Plaintiff's motion for a finding of willful and malicious conduct, (iii) Plaintiff's motion for attorneys' fees and costs, (iv) Plaintiff's motion for a permanent injunction, and (v) Defendants' motions to alter or amend the judgment, or in the alternative, for remittitur. It is hereby ORDERED, ADJUDGED, and DECREED that:

1. On Counts I and II of the Complaint, Defendants Blue Sun Scientific, LLC, Irvin Lucas, Robert Gajewski, Rachael Glenister, and Arnold Eilert misappropriated Plaintiff's trade secrets willfully and maliciously and judgment is hereby entered in favor of Plaintiff on Counts I and II of the Complaint against Defendants Blue Sun Scientific, LLC, Irvin Lucas, Robert Gajewski, Rachael Glenister, and Arnold Eilert by reason of the jury's May 17, 2023 verdict, including exemplary damages assessed against Defendants, Irvin Lucas and Robert Gajewski, in

an amount equal to 50% the compensatory damages awarded against each of them pursuant to 18 U.S.C., § 1836(b)(3)(C) and Mass. Gen. L. ch. 93, § 42B(b); **[ECF No. 297 at p. 21-32]**.

2. On Count III of the Complaint, Defendants Irvin Lucas, Robert Gajewski, Rachael Glenister, and Arnold Eilert breached their contracts with Plaintiff, and in addition to damages, Plaintiff is entitled to an award of attorneys' fees and costs pursuant to the fee shifting provisions of the contracts, and judgment is hereby entered in favor of Plaintiff on Count III of the Complaint against Defendants Irvin Lucas, Robert Gajewski, Rachael Glenister, and Arnold Eilert by reason of the jury's May 17, 2023 verdict; **[ECF No. 297 at p. 50]; [ECF No. 230 at p. 3-4].**

3. On Count IV of the Complaint, Defendants Irvin Lucas, Robert Gajewski, Rachael Glenister, and Arnold Eilert violated the covenant of good faith and fair dealing implied in their contracts with Plaintiff and judgment is hereby entered in favor of Plaintiff on Count IV of the Complaint against Defendants Irvin Lucas, Robert Gajewski, Rachael Glenister, and Arnold Eilert by reason of the jury's May 17, 2023 verdict; **[ECF No. 297 at p. 50]; [ECF No. 230 at p. 4].**

4. On Count V of the Complaint, judgment is hereby entered on behalf of Defendants Irvin Lucas, Robert Gajewski, Rachael Glenister, and Arnold Eilert by reason of the jury's May 17, 2023, verdict; **[ECF No. 230 at p. 5].**

5. Count VI of the Complaint against Defendants Rachael Glenister and Irvin Lucas was dismissed pursuant to Fed. R. Civ. P. 12(b)(6); **[ECF No. 64 at p. 57, 66].**

6. On Count VIII of the Complaint, Defendants Blue Sun Scientific, LLC, and the Innovative Technologies Group & Co., Ltd., tortiously interfered with Plaintiff's contractual relations and judgment is hereby entered in favor of Plaintiff on Count VIII of the Complaint against Defendants Blue Sun Scientific, LLC and The Innovative Technologies Group & Co., Ltd. by reason of the jury's May 17, 2023 verdict; **[ECF No. 297 at p. 5]; [ECF No. 230 at p. 6].**

7. Count VIII of the Complaint against Defendant Arnold Eilert was dismissed pursuant to Fed. R. Civ. P. 12(b)(6) and dismissed against the Defendants, Blue Sun Scientific, LLC, The Innovative Technology Group & Co., Ltd., Robert Gajewski, Rachael Glenister, and Irvin Lucas, voluntarily, as stated on the record at Trial Transcript Day 9, 112:11-13; **[ECF No. 64 at p. 50].**

8. Count IX of the Complaint against Defendants Blue Sun Scientific, LLC, The Innovative Technology Group & Co., Ltd., Robert Gajewski, Arnold Eilert, Rachael Glenister, and Irvin Lucas was dismissed pursuant to Fed. R. Civ. P. 12(b)(6); **[ECF No. 64 at p. 34, 41, 50, 58 and 67].**

9. On Count X, Defendants Blue Sun Scientific, LLC and The Innovative Technologies Group & Co., Ltd. engaged in knowing or willful violation of Mass. Gen. L. ch. 93A and judgment is hereby entered in favor of Plaintiff on Count X of the Complaint against Defendants Blue Sun Scientific, LLC and The Innovative Technologies Group & Co., Ltd., including an award of double damages and attorneys' fees; **[ECF No. 39-40]; [ECF No. 230 at p. 7].**

10. Judgment is hereby entered in favor of Plaintiff on all counts of the Counterclaims by reason of the jury's May 17, 2023 verdict; **[ECF No. 230 at p. 7-8].**

11. The Court awards monetary damages to Plaintiff in a total amount of $6,665,000.00, allocated against the following defendants in the following amounts:

a. $3,000,000.00 jointly and severally against Blue Sun Scientific, LLC and The Innovative Technologies Group & Co., Ltd.;

b. $3,600,000.00 severally against Defendant The Innovative Technologies Group & Co., Ltd.;

c. $30,000.00 severally against Defendant Irvin Lucas;

d. $22,500.00 severally against Defendant Robert Gajewski;

e. $10,000.00 severally against Defendant Rachael Glenister; and,

f. $2,500.00 severally against Defendant Arnold Eilert.

12. The Court awards prejudgment interest at the rate of 12% per annum on all actual damages in the full amount of $6,665,000.00, allocated against the following defendants in the following amounts: **[calculated through October 4, 2024 on compensatory damages only].**

a. $630,246.45 jointly and severally against Blue Sun Scientific, LLC and The Innovative Technologies Group & Co., Ltd.;

b. $756,295.74 severally against Defendant The Innovative Technologies Group & Co., Ltd.;

c. $8,404.14 severally against Defendant Irvin Lucas;

d. $6,302.19 severally against Defendant Robert Gajewski;

e. $4,202.07 severally against Defendant Rachael Glenister; and,

f. $1,050.06 severally against Defendant Arnold Eilert.

13. The Court awards Plaintiff its reasonable attorneys' fees and costs under Counts I, II, III and X in an amount of $4,138,940.45, which shall be assessed jointly and severally against Defendants Blue Sun Scientific, LLC, The Innovative Technologies Group & Co., Ltd., Irvin Lucas, Robert Gajewski, Rachael Glenister, and Arnold Eilert; **[$4,138,940.45 represents Plaintiff's attorney's fees and costs through June 2023, and not for its attorney's fees and costs from June 2023 – the present, which should go towards reasonableness].**

14. The Court awards post-judgment interest on the total award of $12,210,441.10 at a rate of 3.91%, pursuant to 28 U.S.C. § 1961(a).

15. The Court hereby further ORDERS entry of a permanent injunction as follows:

a. Defendants and their agents, officers, employees and anyone acting on their behalf are prohibited from using, divulging, disclosing, furnishing, or making available for their own benefit or anyone else's benefit any of the Plaintiff's "Confidential Information" and trade secrets. Confidential Information shall include Plaintiff's confidential and non-public information; documents and data concerning research and development activities; data sets and calibration data; application notes; source code; all copies of UCAL, USCAN or other software; technical specifications; show-how and know-how; marketing plans and strategies; pricing and costing policies; customer lists and information, and accounts and nonpublic financial information.

b. If they have not already done so, Defendants must account for and return any and all information and materials they are in possession of and which belong to the Plaintiff, including any and all Confidential Information and trade secrets. This includes, but is not limited to, any and all USB or other computer drives and any copies of the contents thereof containing KPM Confidential Information in the possession of Robert Gajewski, or any other Defendant, and any and all KPM/Unity Near Infra-Red instruments, materials, equipment, supplies, components, parts, calibrations, electronic files, or physical files in the possession of Arnold Eilert;

c. Defendants Arnold Eilert, Robert Gajewski, Rachael Glenister, and Irvin Lucas are required to comply with all of the terms of their non-disclosure agreements with KPM and are prohibited from using, for their own and anyone else's benefit, or disclosing to anyone, any of KPM's trade secrets and Confidential Information.

d. Defendants are prohibited from offering to provide or providing or offering to sell or selling to any party any services or products, including but not limited to any maintenance, hardware, software or data, related to any Near Infra-Red analyzer manufactured or sold by KPM

or its predecessors in interest, including but not limited to analyzers manufactured or sold by Unity Scientific or Process Sensors Corporation.

e. Defendants are prohibited from offering to sell or selling any Near-Infrared analyzer product to the customers listed on the attached Exhibit A, filed under seal herewith. Exhibit A to this Final Judgment and Permanent Injunction will remain under seal until such time as this Court lifts the seal. Nevertheless, Exhibit A will be made available to the parties and to any person or entity bound by this Paragraph 15 of the Final Judgment and Permanent Injunction.

16. The Permanent Injunction appearing at paragraph 15 herein is permanent and shall continue to be effective until such time as this Court issues a subsequent order revising or ending the above ORDER.

17. As prevailing parties, Plaintiff KPM Analytics North America Corporation is entitled to its costs under Fed. R. Civ. P. 54(d) and 28 U.S.C. § 1920.

18. The Court hereby ORDERS that the bond posted by Plaintiff in the amount of $70,000.00 shall be released by the Clerk of Courts.

So ORDERED: Dated:

______________________________ October ___, 2024

Hon. Margaret Guzman,
United States District Judge