# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| KPM ANALYTICS NORTH AMERICA CORPORATION, | ) ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) ) ) |
| BLUE SUN SCIENTIFIC, LLC; THE INNOVATIVE TECHNOLOGIES GROUP & CO., LTD; ARNOLD EILERT; MICHELLE GAJEWSKI; ROBERT GAJEWSKI; RACHAEL GLENISTER; GREGORY ISRAELSON; IRVIN LUCAS; and PHILIP OSSOWSKI, | ) ) ) ) ) ) ) ) |
| Defendants. | ) ) |

Civil Action No. 4:21-cv-10572-MRG

## **INDIVIDUAL DEFENDANTS' MOTION FOR RELIEF FROM JUDGMENT**

Defendants Arnold Eilert, Robert Gajewski, Rachael Glenister, and Irvin Lucas (the "Individual Defendants") move, pursuant to Rule 60(a) of the Federal Rules of Civil Procedure, for an order correcting what appears to be a clerical mistake in the Court's February 7, 2025 Final Judgment and Permanent Injunction (ECF No. 317, the "Order"). Specifically, on page 5 of the Order, following the table detailing each Defendants' share of KPM's attorneys' fees and costs, the Order states that "[t]hese amounts shall be assessed jointly and severally" against all Defendants. The Individual Defendants believe that the Court intended for each Defendant to pay a proportionate share of KPM's fees and costs severally, but not jointly. In the Court's October 11, 2024 Memorandum & Order on KPM's motion for attorneys' fees and costs (ECF No. 315), the Court wrote that "[i]n keeping with the spirit of the Jury's assignment of different compensatory damages amounts . . . the Court will likewise structure [the Defendants'] required contributions towards the attorneys' fees and costs with Lucas paying the most, Gajewski paying

the second most, Glenister paying third most, and Eilert paying the least of the four." *Id.* at 26. The Individual Defendants understood that it was the Court's intent that they each be severally liable for their respective portion of the fees and costs.

Rule 60(a) permits the Court to "correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record." Page 5 of the Order contains such a mistake because it makes the Individual Defendants "jointly and severally" liable for the entire $1.8 million in fees and costs awarded to KPM, notwithstanding the Court's prior order that each Individual Defendant would only be severally liable for their share of the fees and costs. The Individual Defendants therefore request that the Court correct the mistake by striking the words "jointly and" from Page 5 of the Order.

Respectfully submitted,

ARNOLD EILERT, ROBERT GAJEWSKI, RACHAEL GLENISTER, AND IRVIN LUCAS

_____
William L. Prickett (BBO #555341)
wprickett@seyfarth.com
Dawn Mertineit (BBO # 669988)
dmertineit@seyfarth.com
Dallin R. Wilson (BBO #676662)
drwilson@seyfarth.com
SEYFARTH SHAW LLP
Two Seaport Lane, Suite 1200
Boston, MA 02210-2028
Tel: (617) 946-4800

Dated: March 5, 2025

**CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1**

I certify that on February 26, 2025, I conferred with Plaintiff's counsel by telephone, and in subsequent emails, in a good faith attempt to resolve or narrow the issues related to this motion.

_____
Dallin R. Wilson

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the CM/ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on March 5, 2025.

_____
Dallin R. Wilson