UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KPM ANALYTICS NORTH AMERICA CORPORATION,<br>                *Plaintiff.*<br><br>      V.<br><br>BLUE SUN SCIENTIFIC, LLC, THE INNOVATIVE TECHNOLOGIES GROUP & CO., LTD., ARNOLD EILERT, MICHELLE GAJEWSKI, ROBERT GAJEWSKI, RACHAEL GLENISTER, GREGORY ISRAELSON, IRVIN LUCAS, AND PHILIP OSSOWSKI,<br><br>                *Defendants.* | Civil Action No. 21-10572-MRG |

**PLAINTIFF'S APPLICATION FOR ISSUANCE OF WRITS OF EXECUTION**

"[T]he issuance of a writ of execution 'is a ministerial act' typically performed by the Clerk." *CCS Res., Inc. v. Noble Sys. Corp.*, No. CV 12-11156-RWZ, 2014 WL 12914395, at *8 (D. Mass. Jan. 27, 2014). On February 7, 2025, this Court entered a Final Judgment and Permanent Injunction on which Plaintiff KPM Analytics North America Corporation ("KPM") may now begin to execute. Accordingly, KPM respectfully requests that the Clerk issue Writs of Execution to collect judgment from each of the defendants against whom money judgment was entered: Blue Sun Scientific, LLC ("Blue Sun"), The Innovative Technologies Group & Co., Ltd. ("ITG"), Arnold Eilert, Robert Gajewski, Rachael Glenister, and Irvin Lucas.

As grounds for this request, KPM states:

1. The Court entered Final Judgment and Permanent Injunction on February 7, 2025. (ECF No. 317).

2.FRCP Rule 62(a), states: "execution on a judgment and proceedings to enforce it are stayed for 30 days after its entry, unless the court orders otherwise." Local Rule 62.2 requires that "A bond or other security staying execution of a money judgment shall be in the amount of the judgment plus 10% of the amount to cover interest and any award of damages for delay plus $500 to cover costs, unless the court directs otherwise."

3.Over thirty days have passed since that judgment, and none of the defendants have taken any steps to request for any further stay of such execution, nor have any of them posted any supersedeas bond in the amount required by Local Rule 62.2.

4.Accordingly, KPM requests that the Court issue Writs of Execution in the forms attached as Exhibits 1 through 6, as follows:[1]

    a.Blue Sun, **Exhibit 1**

    b.ITG, **Exhibit 2**

    c.Arnold Eilert, **Exhibit 3**

    d.Robert Gajewski, **Exhibit 4**

    e.Rachael Glenister, **Exhibit 5**

    f.Irvin Lucas, **Exhibit 6**

5.Fed. R. Civ. P. 69(a) provides, in relevant part, that "A money judgment is enforced by a writ of execution, unless the court directs otherwise." There is no other prerequisite for a writ

---

[1] There remains an unresolved Rule 60(a) motion filed by defendants Eilert, Gajewski, Glenister and Lucas. ECF No. 326. That motion seeks to resolve whether the Final Judgment and Permanent Injunction makes those four defendants jointly and severally liable for the attorneys' fees or just severally liable. The proposed Writs of Execution for Defendants Eilert, Gajewski, Glenister and Lucas reflect the undisputed minimum amount owed on the judgment, and should the Court deny the Individual Defendants' Rule 60(a) motion, KPM will be entitled to request modified Writs of Execution for the larger amount. See *CCS Res., Inc. v. Noble Sys. Corp.*, No. CV 12-11156-RWZ, 2014 WL 12914395, at *9 (D. Mass. Jan. 27, 2014) (modifying a writ of execution to conform to the judgment).

of execution being issued *immediately* by the clerk. *CCS Res., Inc. v. Noble Sys. Corp.*, No. CV 12-11156-RWZ, 2014 WL 12914395, at *8 (D. Mass. Jan. 27, 2014) ("the issuance of a writ of execution 'is a ministerial act' typically performed by the Clerk."); *see also, e.g., Dahua Tech. USA Inc. v. Zhang*, Civil Action No. 1:18-cv-11147-IT, 2024 WL 2804056, *1 (D. Mass. May 30, 2024) ("Contrary to Dahua's arguments, Zhang does have a legal and factual basis for obtaining a writ of execution: a money judgment is enforced by a writ of execution, see Fed. R. Civ. P. 69(a), and Zhang has obtained a money judgment of $16.9 million against Dahua. Dahua does not point to one case—and this court has not found any—for the proposition that the potential absence of assets in the judgment district is a reason to deny issuing a writ of execution.").

6. For avoidance of doubt, the fact that the individual defendants filed a Rule 60(a) motion (ECF No. 326) to correct the judgment does not stay in any way the issuance of the writ. Indeed, such a result is true as a matter of law. Fed. R. Civ. P. 60(c)(2) ("The motion does not affect the judgment's finality or suspend its operation."); *Pfizer Inc. v. Uprichard*, 422 F.3d 124, 130 (3rd Cir. 2005) ("a Rule 60(a) motion does not affect the finality of the original judgment…") (internal quotations omitted).

WHEREFORE, KPM respectfully requests that the clerk promptly issue Writs of Execution in the form attached hereto as Exhibits 1-6.

Dated: March 12, 2025

Respectfully submitted,

PLAINTIFF,

**KPM Analytics North America, Corp.**

By its attorneys,

*/s/ Scott R. Magee*
Scott R. Magee (BBO# 664067)
Paige K. Zacharakis (BBO# 699108)
Morse, Barnes Brown, and Pendleton, P.C.
480 Totten Pond Road, 4th Floor
Waltham, MA 02451
(781) 622-5930
smagee@morse.law
pzacharakis@morse.law

## LOCAL RULE 7.1 CERTIFICATION

The undersigned hereby certifies that I conferred with counsel for Arnold Eilert, Robert Gajewski, Rachael Glenister, and Irvin Lucas via telephone on March 10, 2025, and then counsel for Blue Sun Scientific LLC and The Innovative Technologies Group, & Co., Ltd. via telephone on March 11, 2025, in an effort to narrow the issues in dispute.

*/s/ Scott R. Magee*
Scott R. Magee

## CERTIFICATE OF SERVICE

I hereby certify that on this 12th day of March, 2025, a true and exact copy of the foregoing Application was served on all counsel of record through the Court's ECF system.

*/s/ Scott R. Magee*
Scott R. Magee

4922-0928-3366, v. 4