```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS
                          WESTERN SECTION


KPM ANALYTICS NORTH AMERICA      )
CORPORATION,                     )
            Plaintiff,           )
                                 )
vs.                              )    No. 4:21-CV-10572-MRG
                                 )
BLUE SUN SCIENTIFIC, LLC, THE    )
INNOVATIVE TECHNOLOGIES GROUP    )
& CO., LTD., ARNOLD EILERT,      )
MICHELLE GAJEWSKI, ROBERT        )
GAJEWSKI, RACHAEL GLENISTER,     )
GREGORY ISRAELSON, IRVIN         )
LUCAS, AND PHILIP OSSOWSKI,      )
            Defendants.          )



             Before the Honorable Margaret R. Guzman
                United States District Court Judge
              Status Conference via videoconference
                 Held on Tuesday, March 28, 2023
```

Leigh B. Gershowitz, RMR, CRR
Official Federal Court Reporter
United States Courthouse
300 State Street, Room 303D
Springfield, Massachusetts 01105

```
 1    APPEARANCES:

 2    On Behalf of the Plaintiff:

 3              SUNSTEIN LLP
                By:  John T. Gutkoski
 4              100 High Street
                Boston, Massachusetts 02110
 5              617-443-9292
                jgutkoski@sunsteinlaw.com
 6
                SUNSTEIN LLP
 7              By:  Kevin R. Mosier
                100 High Street
 8              Boston, Massachusetts 02110
                617-443-9292
 9              Kmosier@sunsteinlaw.com

10              MORSE BARNES-BROWN & PENDLETON, PC
                By:  Scott R. Magee
11              480 Totten Pond Road, 4th Floor
                Waltham, Massachusetts 02451
12              781-622-5930
                smagee@morse.law
13
                MORSE BARNES-BROWN & PENDLETON, PC
14              By:  Paige K. Zacharakis
                480 Totten Pond Road, 4th Floor
15              Waltham, Massachusetts 02451
                781-622-5930
16              Pzacharakis@morse.law

17     On Behalf of the Defendants, Blue Sun Scientific, LLC and The
       Innovative Technologies Group & Co., Ltd.:
18
                GORDON FEINBLATT LLC
19              By:  George Faulkner Ritchie, IV
                1001 Fleet Street, Suite 700
20              Baltimore, Maryland 21202
                410-576-4131
21              gritchie@gfrlaw.com

22              GORDON FEINBLATT LLC
                By:  Royal W. Craig
23              1001 Fleet Street, Suite 700
                Baltimore, Maryland 21202
24              410-576-4000
                Rcraig@gfrlaw.com
25
                          (Appearances continued to next page...)
```

1   <u>APPEARANCES</u> (continued):

2

     On Behalf of the Defendants, Arnold Eilert, Robert Gajewski,
3   Rachael Glenister, and Irvin Lucas:

4           SEYFARTH SHAW, LLP
            By:  William L. Prickett
5           Two Seaport Lane, Suite 1200
            Boston, Massachusetts 02210
6           617-946-4800
            wprickett@seyfarth.com
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

```
1                    P R O C E E D I N G S
2              (Status Conference commenced at 10:30 a.m.)
3              THE CLERK:  Case number 21-10572, KPM Analytics
4    North America Corporation vs. Blue Sun Scientific.
5              Counsel, please note your appearance for the record.
6              ATTORNEY GUTKOSKI:  On behalf of the plaintiff, this
7    is John Gutkoski of Sunstein.  With me is my associate, Kevin
8    Mosier, and co-counsel from Morse, Scott Magee and Paige
9    Zacharakis.
10             THE COURT:  All right.  Good morning, all.
11             ATTORNEY GUTKOSKI:  Good morning.
12             ATTORNEY PRICKETT:  Good morning, your Honor.
13   William Prickett from Seyfarth Shaw on behalf of the four
14   individual defendants.
15             THE COURT:  All right.
16             ATTORNEY RITCHIE:  And good morning. George Ritchie
17   from Gordon Feinblatt on behalf of the two corporate
18   defendants.
19             Your Honor, I apologize I'm not visible on the
20   screen.  I had a court appearance this morning and couldn't
21   get back in time, so I'm doing this on my phone.  And with me
22   also --
23             THE COURT:  That is fine.
24             ATTORNEY RITCHIE:  And with me also from my firm is
25   Royal Craig from the firm for the two entity defendants.
```

1    THE COURT: All right. Thank you very much.
2    All right. So this matter, are we setting -- this
3 was a matter that had previously been in front of Judge
4 Sorokin. This matter is transferred back to us. Are we
5 looking to pick a new trial date on this case?
6    ATTORNEY GUTKOSKI: That's our understanding, your
7 Honor.
8    THE COURT: And have you all had some discussions
9 with some recommendations that you might wish to proffer?
10    ATTORNEY GUTKOSKI: We have not had discussions and
11 we're just working with Judge Sorokin's trial dates in May
12 and haven't spoken otherwise. I think everyone has got their
13 calendars, though, and we can probably come to -- come to a
14 date on this call.
15    THE COURT: All right. Well, we can accommodate you
16 in May. I'm pretty certain that we could. You all know your
17 case better -- much better and certainly understand if there
18 are any issues related to witness scheduling and things of
19 that nature that we need to take into account.
20    So I don't know whether or not you wish to offer a
21 date and we can see how it works with our calendar? We've
22 got a lot of attorneys and a lot of parties that we're
23 coordinating.
24    Do we anticipate expert witnesses that may have some
25 scheduling issues? Do we have other issues that we need to

1   be conscious of going forward regarding things that might --
2   you know, people coming from a great distance to testify,
3   things of that nature?
4            ATTORNEY GUTKOSKI:  Well, on behalf of the
5   plaintiff, we had prepared, both as counsel and as witnesses,
6   for the first two weeks of May.  And there have just been
7   some discussion with Judge Sorokin's chambers as to whether
8   that would begin May 1st or May 3rd.  That date did generate
9   some pretrial dates in April that.  When it was taken off
10  calendar, I think both sides probably stood down a bit.
11           And so if we were going to continue with the
12  dates -- with the trial beginning in the early part of May,
13  we may need to adjust slightly some of the April pretrial
14  dates that he had previously set just because we've had
15  this -- this brief hiatus as the case got transferred back to
16  your Honor.
17           I think a trial in early May still works for the
18  plaintiffs.  I guess my only question, your Honor, from our
19  side would be we had been looking at somewhere between five
20  and seven trial days under Judge Sorokin's approach which was
21  to try from 9:00 to 1:00.  What is your Honor's preference in
22  terms of trial dates and length of the day?
23           THE COURT:  If all of you have developed your trial
24  strategy with that expectation, I would be happy to adopt it.
25  I do not wish to -- I mean, you've all been with this case,

1   bringing it up to trial for a significant period of time.  So
2   I would say if that is something that works for all of the
3   parties, we can do that; we will do that.
4           I can also assure you that we will make ourselves
5   available for the early part of May and give this the
6   attention that it needs.  So we can meet that calendar.  If
7   you are all already to do it, we'll be there with you.
8           ATTORNEY PRICKETT:  Your Honor, on behalf of the
9   individual defendants, we would also strongly encourage an
10  early May trial date.  We also would -- to the extent your
11  Honor is able to do so and willing to do so, we would prefer
12  full trial days in order to reduce the number of days, if
13  that is something that the Court is willing to consider.
14          THE COURT:  Well, I have not yet reviewed all of
15  the -- I haven't reviewed the file.  Judge Sorokin and I have
16  talked back and forth regarding the matter being transferred.
17  And I have spoken -- we are prepared as a court to hold the
18  trial.
19          There is a possibility that if we had, I would say,
20  days where there were expert witnesses and the hope was that
21  we could finish that witness by the end of day, we could
22  extend the day for those particulars.  We have the
23  flexibility to do that and be as expeditious with particular
24  witnesses and also giving people time to get back to their
25  offices and prepare for next trial day, which may be a whole

1    sea change as far as testimony and flow.

2         I am happy to work with all of you regarding that.
3    I did many trials as a lawyer and also as a judge.  So I
4    have -- it won't be difficult to go, say, one day we do it
5    9:00 to 1:00 and the next day we work until 3:30 or 4:00.  So
6    we'll work with you to help you all come to a resolution on
7    this.

8         ATTORNEY PRICKETT:  Thank you, your Honor.

9         ATTORNEY GUTKOSKI:  Let me suggest this for both the
10   Court's consideration and also for George and Will on behalf
11   both groups of defendants:  We had been looking at May 1st.
12   Would it make sense to push that a week to May 8th and push
13   the pretrial dates that are beginning I think February -- I'm
14   sorry -- April 3rd, all off a week so that we can sort of get
15   back on track and head for a May 8th start?

16        ATTORNEY PRICKETT:  My -- on behalf of the
17   individual defendants, we do have a conflict beginning with
18   another trial beginning the week of the 15th.  So it would be
19   important to us to keep it as early in May as possible.  So
20   we can certainly move it from May 1st to May 3rd, let's say.
21   But I think going forward it pushes it too hard against our
22   other conflict.

23        ATTORNEY RITCHIE:  Your Honor, on behalf of the
24   entity defendants.  We are a little bit agnostic on the
25   issue.  We don't have a preference, but, obviously, as the

1  individuals have a conflict, we don't want to have that
2  become an issue.
3       THE COURT:  Well, how long have we been -- how long
4  has the May 1 date been floated around and discussed as a
5  likely start?
6       ATTORNEY RITCHIE:  I think --
7       ATTORNEY GUTKOSKI:  I think that was set by Judge
8  Sorokin at the end of February, was it?  A few weeks.  A few
9  weeks.  I don't -- on behalf of the plaintiffs, I don't have
10 a problem with a May 3rd -- I'm sorry.  Yeah, a May 3rd
11 start.  That is a Wednesday.
12      So if the Court is fine with doing that, that's fine
13 with us.  I would just ask that the pretrial dates for
14 exchange of exhibit lists and things like that get pushed
15 slightly.  I think the first date that we had was April 3rd
16 and so that would be next Monday.  It would be a little tight
17 to get that -- everything set for April 3rd.  And I'd ask
18 that to be pushed to the 10th and subsequent dates adjusted
19 accordingly.
20      But other than that, we can go forward and start the
21 trial on the 3rd if that's what the defendants prefer.
22      THE COURT:  And how do you feel about an impanelment
23 and then -- doing the impanelment on a separate day from the
24 start of the actual taking of testimony?
25      ATTORNEY GUTKOSKI:  I am fine with that.  We wanted

Case 4:21-cv-10572-MRG    Document 331    Filed 03/25/25    Page 10 of 13

10

1  to impanel on the 2nd and start on the 3rd, for example; that
2  would be workable.
3         I had the privilege of being called for jury duty
4  yesterday in Lawrence Superior Court and it took us until
5  after lunch to get to me and I was only juror 22.  So with
6  that recent experience hanging over my head, anything we can
7  do to get the impanelment done, I'm more than in favor of,
8  your Honor.
9         THE COURT:  Well, I can assure you, having a lot of
10 experience in the state court system, that the schedule of
11 this case for impanelment will be impanelling before morning
12 break.
13        They -- the jurors will come in; this will be the
14 case that they will be taking.  Unlike Boston, I don't have
15 to defer to the -- to any other judges in this case.
16        So we will -- if we set a date and we have that date
17 for our jurors, that's when we will do the impanelment and
18 hopefully we would have the impanelment done in a day, which
19 would give you all an opportunity to start out fresh the next
20 day for trial -- or two days later.  However, it is -- I know
21 the jurors check in on Fridays by phone.
22        Can we have them come on any particular date?
23        THE CLERK:  Yes, we can.
24        THE COURT:  All right.  So we will -- if -- then we
25 could start fresh on the 3rd for trial.

1        ATTORNEY GUTKOSKI:  Fine with the plaintiff, your
2   Honor.
3        ATTORNEY RITCHIE:  And the defendant as well.
4        THE COURT:  Excellent.  If there's no issue with
5   pushing that schedule, the pretrial schedule out for a week,
6   if there is no -- we don't need to be part of it, but unless
7   there's an objection to adding a few days toward the start of
8   those pretrial -- mention it at some other time, prior to the
9   trial date.
10        ATTORNEY GUTKOSKI:  Why don't we as plaintiff take
11   that pretrial schedule, adjust it by a week, as your Honor
12   just suggested, and send that to the defendants for
13   acknowledgement.  And then once we have that worked out, we
14   can send it to Mr. Castles for approval or information or
15   however involved the Court wants to be in it.
16        THE COURT:  Well, I would prefer to be very
17   involved.  As soon as we -- as soon as jurors start walking
18   in the courtroom and from that point on, we'll all be equal
19   participants.
20        The rest of it, this is a case that you all know
21   very well and will be taking care of the issues that you need
22   to.  You certainly are free to inform the Court, if you need
23   the Court's intervention for anything, even a scheduling
24   issue, just so we can do a video conference or even just an
25   audio conference at any time prior to the start of this case.

```
 1            So I think that we will mark -- we will adjust the
 2   filings that the April 10th date is the start.  Sort
 3   of -- sort of setting the standard for the pretrial things
 4   and then we'll mark this down for a May 2nd schedule for jury
 5   impanelment.
 6            ATTORNEY GUTKOSKI:  Very good.
 7            THE COURT:  All right.  Thank you all very much.
 8            ATTORNEY RITCHIE:  Thank you.
 9            ATTORNEY PRICKET:  Thank you, your Honor.
10    (Whereupon, the proceedings were concluded at 10:44 a.m.)
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

```
 1              CERTIFICATE OF OFFICIAL REPORTER
 2
 3
 4              I, Leigh B. Gershowitz, Registered Merit
 5   Reporter and Certified Realtime Reporter, in and for the
 6   United States District Court for the District of
 7   Massachusetts, do hereby certify that the foregoing
 8   transcript is a true and correct transcript of the
 9   stenographically-reported proceedings held in the
10   above-entitled matter, to the best of my knowledge and
11   ability.
12
13
14                          /s/ Leigh B. Gershowitz____
15                          Leigh B. Gershowitz, RMR, CRR
16
17
18
19
20
21
22
23
24
25
```