UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KPM ANALYTICS NORTH AMERICA CORPORATION,<br>     *Plaintiff.*<br><br>   V.<br><br>BLUE SUN SCIENTIFIC, LLC, THE INNOVATIVE TECHNOLOGIES GROUP & CO., LTD., ARNOLD EILERT, MICHELLE GAJEWSKI, ROBERT GAJEWSKI, RACHAEL GLENISTER, GREGORY ISRAELSON, IRVIN LUCAS, AND PHILIP OSSOWSKI,<br><br>     *Defendants.* | Civil Action No. 21-10572-MRG |

**PLAINTIFF'S OPPOSITION TO IRVIN LUCAS'S MOTION FOR CLARIFICATION OF FINAL JUDGMENT**

   Plaintiff KPM Analytics North America Corporation ("KPM") opposes Irvin Lucas's Motion for Clarification of Final Judgment (ECF No. 359)[1] as duplicative of the Motion for Relief from Judgment filed by his counsel under Fed. R. Civ. P. 60(a) on March 5, 2025 (the "Individual Defendants' Motion for Relief from Judgment"). ECF No. 326. The Court DENIED the Individual Defendants' Motion for Relief from Judgment on June 3, 2025. ECF No. 348. There is no reason, and Mr. Lucas's Motion for Clarification of Final Judgment does not articulate a reason, why the Court should reevaluate its decision.

   The Court has already decided that Paragraph 12 of the Court's Final Judgment and Permanent Injunction (ECF No. 317) (the "Final Judgment") is clear and does not need to be

---

[1] KPM understands that the Court docketed ECF No. 359 as a "Letter/request (non-motion)." However, to the extent a response or opposition is permitted, KPM respectfully submits this written opposition for the Court's consideration.

corrected under Fed. R. Civ. P. 60(a). ECF. No. 348.  As explained in more detail in the Plaintiff's Supplemental Briefing on the Permanent Injunction, Attorneys' Fees, Joint and Several Liability, and Interest Calculation, liability for the attorneys' fee and costs should be assessed on a joint and several basis across all Defendants. *See*, ECF No. 299 at 12. This Court agreed. ECF No. 348.  Mr. Lucas's former counsel already moved for the exact remedy/clarification that Mr. Lucas now seeks, which the Court has already denied, and Mr. Lucas's present filing does not articulate any reason why the Court should change its position. See, e.g., *Clark v. Bassonette*, 58 Mass. App. Ct. 1104 (Mass. App. 2003) (stating, "the doctrine of res judicata bars the present motion…[t]here is no reason why the doctrine should not apply to successive motions under rule 60(b), at least where the motions raise the same claim.").

WHEREFORE, KPM respectfully requests that the Court promptly deny Mr. Lucas's Motion for Clarification of Final Judgment.

**Dated:** June 24, 2025

Respectfully submitted,

**PLAINTIFF,
KPM Analytics North America, Corp.**

By its attorneys,

*/s/ Paige K. Zacharakis*
Scott R. Magee (BBO# 664067)
Paige K. Zacharakis (BBO# 699108)
Morse, Barnes Brown, and Pendleton, P.C.
480 Totten Pond Road, 4th Floor
Waltham, MA 02451
(781) 622-5930
smagee@morse.law
pzacharakis@morse.law

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 24th day of June, 2025, a true and exact copy of the foregoing Opposition was served on all counsel of record through the Court's ECF system and on non represented parties remaining in the case, Robert Gajewski and Irvin Lucas, at their last known places of residence by first class mail as follows:

Irvin Lucas
6835 Laurel Canyon Blvd. Apt. 110
North Hollywood, CA 91605

Robert Gajewski
2728 Leonard Lane
North Aurora, IL 60542

                                              /s/ *Paige K. Zacharakis*
                                              Paige K. Zacharakis

4926-0669-9344, v. 1