# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

KPM ANALYTICS NORTH AMERICA
CORPORATION,

*Plaintiff.*

V.

Civil Action No. 21-10572-MRG

BLUE SUN SCIENTIFIC, LLC, THE
INNOVATIVE TECHNOLOGIES GROUP &
CO., LTD., ARNOLD EILERT, MICHELLE
GAJEWSKI, ROBERT GAJEWSKI,
RACHAEL GLENISTER, GREGORY
ISRAELSON, IRVIN LUCAS, AND PHILIP
OSSOWSKI,

*Defendants.*

## PLAINTIFF'S RESPONSE TO ORDER [ECF NO. 363] REGARDING WRITS OF EXECUTION

Plaintiff KPM Analytics North America Corporation ("KPM") submits this response to the

Court's June 25, 2025 order, which read, in relevant part, that the Court

> orders the Plaintiff to make clear how the Defendants Robert Gajewski and Irvin Lucas are
> individually, and joint and severally, liable to the Final Judgement and Permanent
> Injunction entered on February 07, 2025 [ECF 317]. The template order provided, attached
> to Plaintiff's Motion as Exhibits 1 and 2, conflates outstanding liability and thus is
> confusing.

ECF No. 363.  KPM's explanation proceeds in two steps.  First, it will show how the Final

Judgment that was entered on February 7, 2025 provides for Robert Gajewski and Irvin Lucas to

be jointly and severally liable for the attorneys' fees and costs awarded (but not any other

damages).  Second, KPM will break down the arithmetic for each entry on the proposed writs of

execution for Messrs. Gajewski and Lucas.  KPM's arithmetic outlined below includes a correction

that perhaps prompted the Court's order, where counsel inadvertently listed costs that were $9,000

too low on each previously proposed writ due to a clerical mistake.

**Joint and Several Liability for Attorneys' Fees and Costs Was
Awarded in the Final Judgment**

First, the Final Judgment makes all defendants jointly and severally liable for the attorneys' fees and costs.  ECF No. 317, ¶ 12.  The entirety of paragraph 12 of the Final Judgment is copied here:

12.  For the reasons explained in its detailed opinion [ECF No. 315] on KPM's motion for attorneys' fees and costs, the Court awards **Reasonable Attorneys' Fees and Reasonable Costs** against the following Defendants in the following amounts:

| Defendant | Amount of Reasonable Attorneys' Fees Owed | Amount of Reasonable Costs Owed |
|---|---|---|
| Blue Sun | $682,301.20 | $121,446 |
| ITG | $833,923.80 | $148,434 |
| Gajewski | $1,125 | $500 |
| Eilert | $200 | $100 |
| Glenister | $750 | $300 |
| Lucas | $1,500 | $750 |
| Total Due KPM | **$1,519,800** | **$271,530** |

These amounts shall be assessed jointly and severally against Defendants Blue Sun Scientific, LLC, The Innovative Technologies Group & Co., Ltd., Irvin Lucas, Robert Gajewski, Rachael Glenister, and Arnold Eilert;

The Court expressly entered judgment assessing Reasonable Attorneys' Fees and Reasonable Costs "jointly and severally against Defendants Blue Sun Scientific, LLC, The Innovative Technologies Group & Co., Ltd., Irvin Lucas, Robert Gajewski, Rachael Glenister, and Arnold Eilert."  In the Court's earlier October 11, 2024 Memorandum & Order issued in connection with KPM's motion for attorneys' fees and costs, ECF No. 315, the Court never used the words "joint and several" or "several" to describe the liability for the attorneys' fees and costs as between the

various defendants.  It did, however, provide the same allocation table as the Final Judgment, and indicated as a lead-in to the table that "the Individual Defendants and the Corporate Defendants shall be liable as follows…."  ECF No. 315 at 27.

The Individual Defendants (Lucas, Gajewski, Glenister and Eilert) viewed the October 11 Memorandum, ECF No. 315, which allocated the attorneys' fees and costs, as inconsistent with the Final Judgment, ECF No. 317, which nevertheless provided that such fees and costs "shall be assessed jointly and severally against Defendants Blue Sun Scientific, LLC, The Innovative Technologies Group & Co., Ltd., Irvin Lucas, Robert Gajewski, Rachael Glenister, and Arnold Eilert." The Individual Defendants filed a motion under Rule 60 to resolve precisely this alleged inconsistency, arguing "that the Court correct the mistake by striking the words "jointly and" from Page 5 of the [Final Judgment]."  ECF No. 326 at 2.  The Court *denied* the Individual Defendants' motion to strike "jointly and" from paragraph 12 of the Final Judgment on June 3, 2025. ECF No. 348.

Had the Court viewed the Defendants' liability "jointly and severally" as to the attorneys' fees and costs to be inconsistent with its prior memorandum, KPM expected it would have said so, as other courts have recognized.  *See Cassino v. JP Morgan Chase Bank Nat'l Ass'n*, No. 22-1049, 2022 WL 3012270, at *3 (10th Cir. July 29, 2022) ("Had the district court determined the final judgment to be inconsistent with its prior order, it surely would have said so rather than denying Cassino's Rule 60(a) motion."); *see also S. Texas Wildhorse Desert Invs., Inc. v. Texas Com. Bank-Rio Grande Valley, N.A.*, 314 B.R. 107, 117 (S.D. Tex. 2004) ("If the final judgment entered is inconsistent with the prior interlocutory summary judgment, the former will modify or nullify the latter depending on their respective terms.").  Because the Court did not change joint and several liability to simply several liability in the Final Judgment, KPM understood the Court as providing

3

for joint and several liability for the attorneys' fees and costs among *all* defendants in the Final Judgment, including Messrs. Gajewski and Lucas.  The proposed writs KPM filed for Gajewski and Lucas reflected this result.  *See* ECF Nos. 351-1 and 351-2.

### Calculations Concerning The Proposed Writs

The writs proposed by KPM for Defendants Gajewski and Lucas were filled out as follows. For ease of understanding, KPM provides a breakdown of each entry in the proposed writs, identifying each line by a capital red letter and providing the arithmetic and source of numbers for each line.  The proposed writs utilized the standard Writ of Execution form.  The proposed Gajewski writ states as follows (ECF No. 351-1):

WHEREAS KPM Analytics North America Corporation
has recovered judgment against Robert Gajewski
on the 7th day of February , 2025 , for the sum of $ $1,542,300.00 **A** , debt or damage, pre-judgment interest in the amount of $ $6,923.83 **B** and costs of this suit in the amount of $ $262,530.00 **C** ; as to us appears of record, whereof this First Execution remains to be done,
WE COMMAND YOU, therefore, that the goods and chattels or lands of the said Judgment Debtor, to cause to be paid and satisfied unto the said Judgment Creditor, at the value thereof in money, the aforesaid sums, being a total of $ $1,811,753.83 **D** in the whole, with interest thereon at the rate of 3.91 % from said day of rendition of said judgment; and thereof also to satisfy yourself for your own fees.
HEREOF FAIL NOT and make due return of this Writ with your doings thereon into the Clerk's Office of our said court, at Worcester , Massachusetts, within Twenty (20) years after the date of said judgment, or within Ten (10) days after this Writ has been satisfied or discharged.

- Line A is a sum of monetary damages awarded *severally* against Gajewski ($22,500, see ECF No. 317 ¶ 11(d)) and the reasonable attorneys' fees awarded *jointly and severally* against all defendants ($1,519,800, see ECF No. 317 ¶ 12) because that line calls for the "debt or damage," which must include the attorneys' fees that are not broken out separately as costs are in the form writ.

  o $22,500 + $1,519,800 = $1,542,300

- Line B is the prejudgment interest awarded *severally* against Gajewski ($6,923.83, see ECF No. 317 ¶ 13(d)), because the form calls for that line to state the "prejudgment interest".

- Line C is the costs awarded *jointly and severally* against all defendants because it expressly calls for "costs of this suit" to be inserted in that line.  The correct amount for that line

should be $271,530, per ECF No. 317 ¶ 12. Counsel inadvertently inserted $262,530, which is $9,000 too low.[1]

- Line D is the total of lines A, B and C because the form calls for that line to be filled in with "the aforesaid sums, being a total".

  - The sum was calculated as: $1,542,300 + $6,923.83 + $262,530 = $1,811,753.83.

  - The sum in the revised writ, filed herewith, corrects the $9,000 undercounting and is calculated as: $1,542,300 + $6,923.83 + $271,530 = $1,820,753.83.

Calculations for the Irvin Lucas (ECF No. 351-2) follow the same pattern as the Gajewski writ.

WHEREAS KPM Analytics North America Corporation _____

has recovered judgment against Irvin Lucas _____

on the 7th day of February , 2025 , for the sum of $ 1,549,800.00 **A** , debt

or damage, pre-judgment interest in the amount of $ 9,231.78 **B** and costs of this suit in the amount

of $ 262,530.00 **C** ; as to us appears of record, whereof this First Execution remains to be done,

WE COMMAND YOU, therefore, that of the goods and chattels or lands of the said Judgment Debtor, to cause to be paid and satisfied unto the said Judgment Creditor, at the value thereof in money, the aforesaid sums, being a total of $ 1,821,561.78 **D** , in the whole, with interest thereon at the rate of 3.91 % from said day of rendition of said judgment; and thereof also to satisfy yourself for your own fees.

HEREOF FAIL NOT and make due return of this Writ with your doings thereon into the Clerk's Office of our said court, at Worcester _____ , Massachusetts, within Twenty (20) years after the date of said judgment, or within Ten (10) days after this Writ has been satisfied or discharged.

- Line A is a sum of monetary damages awarded *severally* against Lucas ($30,000, see ECF No. 317 ¶ 11(c)) and the reasonable attorneys' fees awarded *jointly and severally* against all defendants ($1,519,800, see ECF No. 317 ¶ 12) because that line calls for the "debt or damage," which must include the attorneys' fees that are not broken out separately as costs are in the form writ.

  - $30,000 + $1,519,800 = $1,549,800

- Line B is the prejudgment interest awarded *severally* against Lucas ($9,231.78, see ECF No. 317 ¶ 13(c)), because the form calls for that line to state the "prejudgment interest".

- Line C is the costs awarded *jointly and severally* against all defendants because it expressly calls for "costs of this suit" to be inserted in that line. The correct amount for that line should be $271,530, per ECF No. 317 ¶ 12.

---

[1] By way of further explanation, in a spreadsheet created by KPM's counsel to assist in calculating all of the costs and damages, counsel had transposed the second two digits under Blue Sun's costs, inserting $112,446 instead of $121,446, resulting in the incorrect figure. This carried through to the proposed writ for Irvin Lucas as well.

5

- Line D is the total of lines A, B and C because the form calls for that line to be filled in with "the aforesaid sums, being a total".

  - The sum was calculated as: $1,549,800 + $6,923.83 + $262,530 = $1,821,561.78.

  - The sum in the revised writ, filed herewith, corrects the $9,000 undercounting and is calculated as: $1,542,300 + $6,923.83 + $271,530 = $1,830,561.78

### New Proposed Writs

In light of the one clerical error leading to the $9,000 understatement as to costs for both Gajewski and Lucas, KPM submits herewith, as Exhibits 1 and 2, new proposed writs that correct that error and are in all other respects identical to the writs filed with ECF No. 351. KPM respectfully requests that the clerk issue these writs of execution forthwith.

**Dated:** July 9, 2025                    Respectfully submitted,

Plaintiff,

**KPM Analytics North America, Corp.**

By its attorneys,

*/s/ Scott R. Magee*
Scott R. Magee (BBO# 664067)
Paige K. Zacharakis (BBO# 699108)
Morse, Barnes Brown, and Pendleton, P.C.
480 Totten Pond Road, 4th Floor
Waltham, MA 02451
(781) 622-5930
smagee@morse.law
pzacharakis@morse.law

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 9th day of July, 2025, a true and exact copy of the foregoing Opposition was served on all counsel of record through the Court's ECF system and on non represented parties remaining in the case, Robert Gajewski and Irvin Lucas, at their last known places of residence by first class mail as follows:

Irvin Lucas
6835 Laurel Canyon Blvd. Apt. 110
North Hollywood, CA 91605

Robert Gajewski
2728 Leonard Lane
North Aurora, IL 60542

/s/ *Scott R. Magee*
Scott R. Magee

7

4932-1072-2386, v. 3