**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| KPM ANALYTICS NORTH AMERICA CORPORATION,<br>*Plaintiff.*<br><br>V.<br><br>BLUE SUN SCIENTIFIC, LLC, THE INNOVATIVE TECHNOLOGIES GROUP & CO., LTD., ARNOLD EILERT, MICHELLE GAJEWSKI, ROBERT GAJEWSKI, RACHAEL GLENISTER, GREGORY ISRAELSON, IRVIN LUCAS, AND PHILIP OSSOWSKI,<br><br>*Defendants.* | Civil Action No. 21-10572-MRG |

<u>**PLAINTIFF'S MOTION TO MODIFY OCTOBER 8, 2025 ORDER TO REMOVE STAY AS TO DEFENDANTS/JUDGMENT DEBTORS ROBERT GAJEWSKI AND IRVIN LUCAS**</u>

Plaintiff KPM Analytics North America Corporation ("KPM") respectfully requests that this Court enter an order establishing that the stay entered as a result of the bankruptcy filing of corporate defendants Blue Sun Scientific, LLC ("Blue Sun") and The Innovative Technologies Group & Co., Ltd. ("ITG") <u>does not apply</u> to individual defendants Robert Gajewski and Irvin Lucas, who have not filed bankruptcy.

In support of this motion, KPM states as follows:

1.      This Court entered its Final Judgment and Permanent Injunction on February 7, 2025 (ECF No. 317).

2.      On August 29, 2025, corporate defendants Blue Sun and ITG filed suggestions of bankruptcy, advising the Court that they had each filed bankruptcy on that date in the District of Maryland, and advising that the automatic stay provided for by 11 U.S.C. § 362(a) applies to stay

the action "as to" Blue Sun and ITG.  ECF No. 365 ("As a result of this petition commencing the Bankruptcy Case, and pursuant to 11 U.S.C. § 362(a), this action is stayed ___as to___ Blue Sun Scientific, LLC"); ECF No. 366 ("As a result of this petition commencing the Bankruptcy Case, and pursuant to 11 U.S.C. § 362(a), this action is stayed ___as to___ The Innovative Technologies Group & Co., Ltd.") (both emphases added).  Neither document proposed nor suggested that the case be stayed against any of the non-bankrupt defendants.

3.      On October 8, 2025, this Court entered a minute order, stating "ORDER entered. Case stayed." (the "October 8 Stay Order").  By its terms, this October 8 Stay Order stays the case in its entirety against all defendants, including the non-bankrupt defendants.

4.      Individual defendants Robert Gajewski and Irvin Lucas did not file and have not filed bankruptcy.  KPM's collection efforts against Defendants Gajewski and Lucas remain ongoing.

5.      To the extent the Court's October 8 Stay Order stayed the case against defendants other than ITG and Blue Sun, that order must be modified under controlling First Circuit precedent.

6.      The First Circuit unequivocally expressed that "the automatic stay provisions of 11 U.S.C. § 362(a) apply only to the bankrupt debtor." *Austin v. Unarco Indus., Inc.*, 705 F.2d 1, 4 (1st Cir. 1983).  The automatic stay does not apply to non-bankrupt codefendants. *See id.*; *F.D.I.C. v. Torrefaccion Cafe Cialitos, Inc.*, 62 F.3d 439, 443 (1st Cir. 1995) ("§ 362 automatically stays only suits filed against debtors and not suits against that debtor's co-debtors, guarantors, or sureties.").

7.      There is no basis for extending the automatic stay to Blue Sun's and ITG's codefendants Robert Gajewski and Irvin Lucas from whom KPM is still seeking to collect on the judgment.

4901-9318-2583, v. 1

WHEREFORE, Plaintiff KPM Analytics North America Corporation respectfully requests that this Court modify or amend its October 8 Stay Order to reflect that the case is stayed only as to Defendants Blue Sun and ITG and not to the non-bankrupt codefendants Robert Gajewski and Irvin Lucas.

**Dated:** November 17, 2025

Respectfully submitted,

PLAINTIFF,

**KPM Analytics North America Corporation**

By its attorneys,

*/s/ Scott R. Magee* _
Scott R. Magee (BBO# 664067)
Paige K. Zacharakis (BBO# 699108)
Morse, Barnes Brown, and Pendleton, P.C.
480 Totten Pond Road, 4th Floor
Waltham, MA 02451
(781) 622-5930
smagee@morse.law
pzacharakis@morse.law

3

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 17th day of November, 2025, a true and exact copy of the foregoing document was served on all counsel of record through the Court's ECF system and on unrepresented defendants Robert Gajewski and Irvin Lucas at their last known places of residence by first class mail as follows:

Irvin Lucas
6835 Laurel Canyon Blvd. Apt. 110
North Hollywood, CA 91605

Robert Gajewski
2728 Leonard Lane
North Aurora, IL 60542

/s/ *Scott R. Magee*
Scott R. Magee

4